# COMPOSITE EXHIBIT D PART 3

|  |  |
|---|---|
| * * * * * * * * * * * * * *<br>* *<br><br>IN THE MATTER OF:<br><br>TAYLOR, BEAN & WHITAKER<br>MORTGAGE CORP.<br><br>   ("Respondent")<br><br><br>* * * * * * * * * * * * * *<br>* * | **TEMPORARY ORDER TO CEASE AND DESIST**<br><br>* **NOTICE OF INTENT TO**<br>* **REVOKE**<br>* **MORTGAGE LENDER**<br>* **LICENSES**<br>*<br>* **NOTICE OF INTENT TO**<br>* **ISSUE**<br>* **ORDER TO CEASE AND**<br>* **DESIST**<br>*<br>* **NOTICE OF INTENT TO**<br>* **IMPOSE**<br>* **CIVIL PENALTY**<br>*<br>*              **AND**<br><br>**NOTICE OF RIGHT TO HEARING** |

### I. LEGAL AUTHORITY AND JURISDICTION

The Banking Commissioner ("Commissioner") is charged with the administration of Part I of Chapter 668, Sections 36a-485 to 36a-534c, inclusive, of the Connecticut General Statutes, "Mortgage Lenders, Correspondent Lenders, Brokers and Loan Originators" and Sections 9 and 19 to 21, inclusive, of Public Act 09-209.

Pursuant to the authority granted by Section 36a-17 of the Connecticut General Statutes, the Commissioner, through the Consumer Credit Division ("Division") of the Department of Banking, has investigated the activities of Respondent to determine if it has violated, is violating or is about to violate the provisions of the Connecticut General Statutes within the jurisdiction of the Commissioner.

Section 36a-17(a) of the Connecticut General Statutes provides:

> The commissioner, in the commissioner's discretion, may make such public or private investigations or examinations within or outside this state, concerning any person subject to the jurisdiction of the commissioner, as the commissioner deems necessary to carry out the duties of the commissioner.

Section 36a-51 of the Connecticut General Statutes provides, in pertinent part:

> (a)  The commissioner may . . . revoke . . . any license issued by the commissioner under any provision of the general statutes by sending a notice to the licensee by registered or certified mail, return receipt requested, or by any express delivery carrier that provides a dated delivery receipt.  The notice shall be deemed received by the licensee on

the earlier of the date of actual receipt or seven days after mailing or sending. Any such notice shall include: (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the general statutes, regulations, rules or orders involved; (4) a short and plain statement of the matters asserted; and (5) a statement indicating that the licensee may file a written request for a hearing on the matters asserted within fourteen days of receipt of the notice. . . .

(b) If a hearing is requested within the time specified in the notice, the commissioner shall hold a hearing upon the matters asserted in the notice unless the licensee fails to appear at the hearing. After the hearing, the commissioner shall . . . revoke . . . the license for any reason set forth in the applicable licensing provisions of the general statutes if the commissioner finds sufficient grounds exist for such . . . revocation . . . . If the licensee does not request a hearing within the time specified in the notice or fails to appear at the hearing, the commissioner shall . . . revoke . . . the license. No such license shall be . . . revoked except in accordance with the provisions of chapter 54.

Section 36a-52 of the Connecticut General Statutes provides, in pertinent part:

(a) Whenever it appers to the commissioner that any person has violated, is violating or is about to violate any provision of the general statutes within the jurisdiction of the commissioner, . . . the commissioner may send a notice to such person by registered or certified mail, return receipt requested, or by any express delivery carrier that provides a dated delivery receipt. The notice shall be deemed received by the person on the earlier of the date of actual receipt, or seven days after mailing or sending. Any such notice shall include: (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the general statutes . . . alleged to have been violated; (4) a short and plain statement of the matters asserted; and (5) a statement indicating that such person may file a written request for a hearing on the matters asserted within fourteen days of receipt of the notice. If a hearing is requested within the time specified in the notice, the commissioner shall hold a hearing upon the matters asserted in the notice, unless the person fails to appear at the hearing. After the hearing, the commissioner shall determine whether an order to cease and desist should be issued against the person named in the notice. If the person does not request a hearing within the time specified in the notice or fails to appear at the hearing, the commissioner shall issue an order to cease and desist against the person. No such order shall be issued except in accordance with the provisions of chapter 54.

(b) If the commissioner finds that the public welfare requires immediate action, the commissioner may incorporate a finding to that effect in the notice sent in accordance with subsection (a) of this section and issue a temporary order requiring the person to cease and desist from the activity which constitutes such alleged violation and to take or refrain from taking such action as in the opinion of the commissioner will effectuate the purposes of this section. Such temporary order shall become effective on receipt and, unless set aside or modified by a court, shall remain in effect until the effective date of a permanent order or dismissal of the matters asserted in the notice.

Section 36a-50(a) of the Connecticut General Statutes provides, in pertinent part:

> (1) Whenever the commissioner finds as the result of an investigation that any person has violated any provision of the general statutes within the jurisdiction of the commissioner, . . . the commissioner may send a notice to such person by registered or certified mail, return receipt requested, or by any express delivery carrier that provides a dated delivery receipt. The notice shall be deemed received by the person on the earlier of the date of actual receipt or seven days after mailing or sending. Any such notice shall include: (A) A statement of the time, place, and nature of the hearing; (B) a statement of the legal authority and jurisdiction under which the hearing is to be held; (C) a reference to the particular sections of the general statutes . . . alleged to have been violated; (D) a short and plain statement of the matters asserted; (E) the maximum penalty that may be imposed for such violation; and (F) a statement indicating that such person may file a written request for a hearing on the matters asserted within fourteen days of receipt of the notice.
>
> (2) If a hearing is requested within the time specified in the notice, the commissioner shall hold a hearing upon the matters asserted in the notice unless such person fails to appear at the hearing. After the hearing, if the commissioner finds that the person has violated any such provision, . . . the commissioner may, in the commissioner's discretion and in addition to any other remedy authorized by law, order that a civil penalty not exceeding one hundred thousand dollars per violation be imposed upon such person. If such person does not request a hearing within the time specified in the notice or fails to appear at the hearing, the commissioner may, as the facts require, order that a civil penalty not exceeding one hundred thousand dollars per violation be imposed upon such person.
>
> (3) Each action undertaken by the commissioner under this subsection shall be in accordance with the provisions of chapter 54.

## II. MATTERS ASSERTED

1. Respondent is a Florida corporation with its main office at 315 NE 14th Street, Ocala, Florida.
2. Respondent currently holds mortgage lender licenses for its main office (No. 9867) and for seven (7) branch offices in Connecticut (Nos. 12597, 13010, 13011, 13012, 13013, 14563 and ML-BCH-41560) under Part I of Chapter 668 of the Connecticut General Statutes.
3. During the period from August 3 to August 6, 2009, Respondent failed to fund at least 15 residential mortgage loans secured by first mortgages on residential property located in Connecticut.
4. During the period from April 1 to August 6, 2009, Respondent failed to pay the loan proceeds for 110 residential mortgage loans secured by first mortgages on residential property located in Connecticut to the mortgagor, to the mortgagor's

attorney, to the mortgagee's attorney or to any other person specified in any settlement statement at the time of consummation of such loans or at the termination of any right to rescind such loans.

5. On August 4, 2009, the Division became aware through a press release issued by the Department of Housing and Urban Development ("HUD") ("Press Release") that the Federal Housing Administration ("FHA") had suspended Respondent from originating and underwriting new FHA-insured mortgages.

6. The Press Release further stated that Government National Mortgage Association ("Ginnie Mae") was defaulting and terminating Respondent as an issuer in Ginnie Mae's mortgage-backed securities program and would be terminating Respondent's ability to continue servicing Ginnie Mae securities.

7. The Press Release stated that FHA and Ginnie Mae were imposing the actions referred to in paragraphs 5 and 6 above due to Respondent's failure to submit a required annual financial report along with failure to report certain irregular transactions.

8. In a press release issued by Respondent on August 5, 2009, Respondent stated that is was ceasing all mortgage loan origination operations effective immediately and that it would not close or fund mortgage loans currently pending in its pipeline.

### III. STATUTORY BASIS FOR REVOCATION OF MORTGAGE LENDER LICENSES, ORDER TO CEASE AND DESIST AND IMPOSITION OF CIVIL PENALTY

Section 36a-494(a) of the Connecticut General Statutes, as amended by Public Act 09-209, provides, in pertinent part:

> (a) (1) The commissioner may . . . revoke . . . any mortgage lender . . . license or take any other action, in accordance with the provisions of section 36a-51, for any reason which would be sufficient grounds for the commissioner to deny an application for such license under sections 36a-485 to 36a-498c, inclusive, . . . sections 36a-534a and 36a-534b . . . and sections 9 and 19 to 21, inclusive, of . . . [public act 09-209], or if the commissioner finds that the licensee, any control person of the licensee, the qualified individual or branch manager with supervisory authority, trustee, employee or agent of such licensee has done any of the following: . . . (C) violated any of the provisions of this title or of any regulations adopted pursuant thereto, or any other law or regulation applicable to the conduct of its business; or (D) failed to perform any agreement with a licensee or a borrower.

Section 36a-494(b) of the Connecticut General Statutes, as amended by Public

Act 09-209, provides, in pertinent part:

> Whenever it appears to the commissioner that . . . any licensee has failed to perform any agreement with a borrower, . . . the commissioner may take action against such . . . licensee . . . in accordance with sections 36a-50 and 36a-52.

Section 36a-758 of the Connecticut General Statutes provides, in pertinent part:

> Any person who makes any first mortgage loan, as defined in section 36a-485, . . . shall, at the time of consummation of such loan or at the termination of any right to rescind the loan transaction under 12 CFR 226, as amended from time to time, whichever is later, pay the loan proceeds to the mortgagor, to the mortgagor's attorney, to the mortgagee's attorney or to any other person specified in any settlement statement, any written agreement between the mortgagor and the mortgagee or any written instruction of the mortgagor, by a certified, bank treasurer's or cashier's check or by means of wire transfer.

1. Respondent's failure to fund at least 15 residential mortgage loans, as more fully described in paragraph 3 of the Matters Asserted, constitutes a failure to perform an agreement with borrowers within the meaning of Sections 36a-494(a)(1)(D) and 36a-494(b) of the Connecticut General Statutes, as amended. Such conduct constitutes grounds for the Commissioner to revoke Respondent's mortgage lender licenses pursuant to Section 36a-494(a)(1)(D) of the Connecticut General Statutes, as amended, and Section 36a-51 of the Connecticut General Statutes, and forms the basis to issue an order to cease and desist pursuant to Section 36a-494(b) of the Connecticut General Statutes, as amended, and Section 36a-52(a) of the Connecticut General Statutes and impose a civil penalty pursuant to Section 36a-494(b) of the Connecticut General Statutes, as amended, and Section 36a-50(a) of the Connecticut General Statutes. Section 36a-50(a) of the Connecticut General Statutes authorizes the Commissioner to impose a civil penalty upon Respondent in an amount not to exceed One Hundred Thousand Dollars ($100,000) per violation. The Commissioner intends to impose a civil penalty upon Respondent not to exceed Three Hundred Thousand Dollars ($300,000), subject to Respondent's right to a hearing on the allegations set forth above.

2. Respondent's failure to pay the loan proceeds for at least 110 residential mortgage loans, as more fully described in paragraph 4 of the Matters Asserted, constitutes violations of Section 36a-758 of the Connecticut General Statutes. Such conduct constitutes grounds for the Commissioner to revoke Respondent's mortgage lender licenses pursuant to Section

36a-494(a)(1)(C) of the Connecticut General Statutes, as amended, and Section 36a-51 of the Connecticut General Statutes, and forms the basis to issue an order to cease and desist pursuant to Section 36a-52(a) of the Connecticut General Statutes and impose a civil penalty pursuant to Section 36a-50(a) of the Connecticut General Statutes. Section 36a-50(a) of the Connecticut General Statutes authorizes the Commissioner to impose a civil penalty upon Respondent in an amount not to exceed One Hundred Thousand Dollars ($100,000) per violation. The Commissioner intends to impose a civil penalty upon Respondent not to exceed Three Hundred Thousand Dollars ($300,000), subject to Respondent's right to a hearing on the allegations set forth above.

### IV. FINDING AND STATUTORY BASIS FOR TEMPORARY ORDER TO CEASE AND DESIST

The Commissioner finds that public welfare requires immediate action to issue a temporary order requiring Respondent to cease and desist from violating Section 36a-758 of the Connecticut General Statutes pursuant to Section 36a-52(b) of the Connecticut General Statutes, in that the affected borrowers are currently being financially harmed by Respondent's failure to perform agreements with borrowers and failure to pay the loan proceeds for mortgage loans, and additional persons may be financially harmed by such failures.

### V. TEMPORARY ORDER TO CEASE AND DESIST, NOTICE OF INTENT TO REVOKE MORTGAGE LENDER LICENSES, NOTICE OF INTENT TO ISSUE ORDER TO CEASE AND DESIST, NOTICE OF INTENT TO IMPOSE CIVIL PENALTY AND NOTICE OF RIGHT TO HEARING

**WHEREAS,** the Commissioner has reason to believe that Respondent has engaged in acts or conduct which constitutes sufficient grounds for the Commissioner to revoke Respondent's mortgage lender licenses in Connecticut pursuant to Sections 36a-494(a)(1)(C) and 36a-494(a)(1)(D) of the Connecticut General Statutes, as amended, and Section 36a-51 of the Connecticut General Statutes, and forms a basis to issue an order to cease and desist against Respondent pursuant to Section 36a-494(b) of the Connecticut General Statutes, as amended, and Section 36a-52(a) of the Connecticut General Statutes and to impose a civil penalty against Respondent for each violation pursuant to Section 36a-494(b) of the Connecticut General Statutes, as amended, and Section 36a-50(a) of the Connecticut General Statutes.

**THE COMMISSIONER THEREFORE ORDERS,** pursuant to the authority granted in Section 36a-52(b) of the Connecticut General Statutes, that Taylor, Bean & Whitaker Mortgage Corp., immediately **CEASE AND DESIST** from violating Section 36a-758 of the Connecticut General Statutes. This Temporary Order shall become effective upon receipt by Taylor, Bean & Whitaker Mortgage Corp., and, unless set aside or modified by a court, shall remain in effect until the effective date of a permanent order or dismissal of the matters asserted in this Temporary Order.

**THE COMMISSIONER FURTHER ORDERS,** pursuant to Section 36a-52(b) of

the Connecticut General Statutes, that:

1. Upon the effective date of this Temporary Order, Respondent, and any and all officers, members, managers, qualified individuals or branch managers with supervisory authority at any office of Respondent, employees, independent contractors or agents operating on behalf of Respondent and their successors or assigns, shall immediately cease and desist from accepting applications and soliciting or advertising for its wholesale or retail businesses in Connecticut or to Connecticut consumers.

2. Respondent submit to Alan J. Cicchetti, Deputy Commissioner, by e-mail at alan.cicchetti@ct.gov, within the time frames specified below, a detailed record, prepared as of the date of submission, of all of Respondent's pending residential mortgage loan applications on property located in Connecticut.

    (a) As soon as possible, but not later than five (5) days after the effective date of this Temporary Order, all information on file as of the date of submission regarding Respondent's portfolio of mortgage loans that were closed by Respondent but remain as yet unfunded. Such information shall include, but is not limited to, the following:
    
    (i) the names of all individuals for whom Respondent has processed an application and closed the residential mortgage loan, but failed to fund;
    
    (ii) the applicants' addresses and telephone numbers;
    
    (iii) the loan number;
    
    (iv) the amount of all prepaid loan fees submitted by the customer;
    
    (v) the amount of each loan;
    
    (vi) the loan terms;
    
    (vii) the current funding status;
    
    (viii) the actual closing dates;
    
    (ix) the name and telephone numbers of any mortgage broker who originated the loan;
    
    (x) the loan purpose (*i.e.*, purchase or refinance);
    
    (xi) the name and telephone numbers of the applicable lender with whom each application will be placed; and
    
    (xii) the name, address and telephone numbers of each settlement or closing agent.

    (b) As soon as possible, but not later than five (5) days after the effective date of this Temporary Order, all information on file as of the date of submission regarding Respondent's pipeline of pending mortgage loan applications. Such information shall include, but not limited to, the following:

        (i) the names of all individuals from whom Respondent has accepted an application for a residential mortgage loan;

        (ii) the applicants' addresses and telephone numbers; the loan number;

        (iii) the amount of all prepaid loan fees submitted by the customer;

        (iv) rate lock status;

        (v) the amount of each loan;

        (vi) application status (*i.e.*, filed, submitted to lenders, cleared to close, etc.);

        (vii) loan terms, if approved;

        (viii) scheduled closing dates; the loan purpose (*i.e.*, purchase or refinance); and

        (ix) dentification of the applicable lender with whom each application will be placed; and

    (c) On each Friday, by 5 p.m. Eastern Standard Time after the effective date of this Temporary Order, an updated, written status report of the mortgage loan applications identified above under subparagraphs 1(a) and 1(b). The status report shall include the categories of information required under subparagraphs 1(a) and 1(b), and shall indicate the final disposition of each loan application and include the final terms under which each approved loan is closed. The reporting requirement shall continue until each of the approved applications is funded by Respondent, placed with another mortgage broker or mortgage lender or withdrawn by the applicant(s).

3. As soon as possible, but not later than five (5) days after the effective date of this Temporary Order, Respondent shall submit to the Division a balance sheet and year-to-date income statement, prepared as of the date of submission, and attested to by a duly authorized officer of Respondent. The balance sheet should indicate bank account numbers as well as Respondent's cash position at each of its depository banks. Such balance sheet and income statement shall be

submitted to Alan J. Cicchetti, Deputy Commissioner, by e-mail at alan.cicchetti@ct.gov.

4. Upon the effective date of this Temporary Order, Respondent shall release any liens filed on any real property located in Connecticut or filed on property owned by Connecticut consumers as a result of a residential mortgage loan closing with Respondent, which loan has not yet been funded. In the event that the loan is subsequently funded, Respondent may file a lien against the property at that time.

5. Respondent shall immediately place any fees previously collected from Connecticut consumers relative to any pending mortgage loan applications in a separate escrow account maintained at a federally-insured bank located in Connecticut. Not later than five (5) days after the effective date of this Temporary Order, Respondent shall provide the Commissioner with proof that the fees have been placed in an escrow account maintained at a federally-insured bank. Such proof shall be submitted to Alan J. Cicchetti, Deputy Commissioner, by e-mail at alan.cicchetti@ct.gov.

6. Respondent shall immediately place with one or more qualified lender(s) or broker(s) as appropriate, based on the status of the application and with no loss to applicants, the following: (a) Respondent's entire portfolio of Connecticut residential mortgage loans which were closed by Respondent, and remain unfunded as of the effective date of this Temporary Order; and (b) Respondent's entire pending application lists of Connecticut residential mortgage loans. "No loss to the applicant" shall mean that any loan, which may have been closed by Respondent and remains unfunded, as well as any pending application which has been approved by Respondent but has not yet closed, shall be placed with a lender willing to fund or close the mortgage loan under the same terms and conditions extended by Respondent. In the event that no such placement can be made, Respondent shall either independently fund the mortgage loan under the same terms and conditions extended by Respondent, or buy down the mortgage loan offered by the lender so that the applicant does not incur a loss as a result of such placement. Respondent shall obtain the prior approval of the Commissioner before placing such applications with the qualified lender(s) or broker(s).

7. Respondent shall reimburse each Connecticut consumer the amount necessary to put the consumer in the same position as if Respondent had funded the mortgage loan under the terms and conditions agreed upon for the scheduled closing of the loan, in any instance in which Respondent failed to fund a loan under such terms and conditions agreed upon for

   the closing.

8. Respondent shall reimburse each settlement or closing agent the amount necessary to put the settlement or closing agent in the same position as if Respondent had funded the mortgage loan under the terms and conditions agreed upon for the scheduled closing of the loan, in any instance in which Respondent failed to fund a loan under such terms and conditions agreed upon for the closing.

9. Respondent shall immediately secure all pending Connecticut mortgage loan application files and, to the extent that any original documents are forwarded to the relevant lender or broker, a copy of such document, correspondence or paper relating to the mortgage loan shall be retained in Respondent's books and records, and shall be available to the Division, in their entirety, immediately upon request on the date and time specified by the Division. Respondent shall provide the Division with the name and telephone numbers of the keeper of the records. Such information shall be submitted to Alan J. Cicchetti, Deputy Commissioner, by e-mail at alan.cicchetti@ct.gov.

10. Respondent shall not pay or declare any dividend, salary or bonus, nor otherwise authorize any other material distribution of Respondent's assets to any officer, director or owner of Respondent without the prior written approval of the Commissioner. Upon the effective date of this Temporary Order, Respondent shall implement or revise its practices and procedures, as necessary, to ensure that Respondent's financial books and records are accurately maintained, in a manner illustrating compliance with the provisions of this paragraph, and available for review by the Division's examiners upon request.

11. Upon the effective date of this Temporary Order, Respondent shall provide to the Commissioner contact information for an employee of Respondent that Department of Banking employees may contact with questions as well as contact information for an employee of Respondent that consumers and mortgage brokers may contact with questions. Such contact information shall be submitted to Alan J. Cicchetti, Deputy Commissioner, by e-mail at alan.cicchetti@ct.gov.

12. Nothing in this Temporary Order shall prevent Respondent from selling or assigning a residential mortgage loan to another entity, servicing closed mortgage loans or engaging in other activity not prohibited by Sections 36a-485 to 36a-498c, inclusive, Sections 36a-534a and 36a-534b of the Connecticut General Statutes, Sections 9 and 19 to 21, inclusive, of Public Act 09-209 or this Temporary Order.

**FURTHER,** notice is hereby given to Respondent that the Commissioner intends to **REVOKE** Respondent's licenses to engage in the business of making mortgage loans in Connecticut, issue an order requiring Respondent to **CEASE AND DESIST** from violating Section 36a-758 of the Connecticut General Statutes and failing to perform any agreement with borrowers, and impose a **CIVIL PENALTY** upon Respondent as set forth herein, subject to Respondent's right to a hearing on the allegations set forth above.

A hearing will be granted to Respondent if a written request for a hearing is received by the Department of Banking, Consumer Credit Division, 260 Constitution Plaza, Hartford, Connecticut 06103-1800 within fourteen (14) days following its receipt of this Temporary Order to Cease and Desist, Notice of Intent to Revoke Mortgage Lender Licenses, Notice of Intent to Issue Order to Cease and Desist, Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing as set forth in Sections 36a-51, 36a-52(a) and 36a-50(a) of the Connecticut General Statutes. This Temporary Order to Cease and Desist, Notice of Intent to Revoke Mortgage Lender Licenses, Notice of Intent to Issue Order to Cease and Desist, Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing shall be deemed received on the earlier of the date of actual receipt, or seven days after mailing or sending. The enclosed Appearance and Request for Hearing Form must be completed and mailed to the above address. If Respondent will not be represented by an attorney at the hearing, please complete the Appearance and Request for Hearing Form as "pro se". Once a written request for a hearing is received, the Commissioner may issue a notification of hearing and designation of hearing officer that acknowledges receipt of a request for a hearing, designates a hearing officer and sets the date of the hearing in accordance with Section 4-177 of the Connecticut General Statutes and Section 36a-1-21 of the Regulations of Connecticut State Agencies. If a hearing is requested, the hearing will be held on October 29, 2009, at 10 a.m., at the Department of Banking, 260 Constitution Plaza, Hartford, Connecticut.

The hearing will be held in accordance with the provisions of Chapter 54 of the Connecticut General Statutes, unless Respondent fails to appear at the requested hearing. At such hearing, Respondent will have the right to appear and present evidence, rebuttal evidence and argument on all issues of fact and law to be considered by the Commissioner.

If Respondent does not request a hearing within the time prescribed, the Commissioner will issue an order revoking Respondent's licenses to engage in the business of making mortgage loans in Connecticut, issue an order that Respondent cease and desist from violating Section 36a-758 of the Connecticut General Statutes and failing to perform agreements with borrowers, and may order a civil penalty in an amount not to exceed Six Hundred Thousand Dollars ($600,000) be imposed upon Respondent.

So ordered at Hartford, Connecticut
this <u>10th</u> day of August 2009.            _____/s/_____
                                                 Howard F. Pitkin
                                                 Banking Commissioner

## CERTIFICATION

I hereby certify that on this <u>10th</u> day of August 2009, the foregoing Temporary Order to Cease and Desist, Notice of Intent to Revoke Mortgage Lender

Licenses, Notice of Intent to Issue Order to Cease and Desist, Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing was sent by registered mail, return receipt requested to Jeffery W. Cavender, General Counsel, Taylor, Bean & Whitaker Mortgage Corp., 5150 Stilesboro Road, Building 500, Suite 500, Kennesaw, Georgia 30152, registered mail no. RB027869047US; and via facsimile to 678-742-4933.

_____/s/_____
Doniel Kitt
Prosecuting Attorney