# COMPOSITE EXHIBIT D PART 4

The Official Website of the Office of Consumer Affairs & Business Regulation (OCABR)

Mass.Gov

# Consumer Affairs and Business Regulation

Home > Business > Banking Industry Services > Banking Legal Resources > Enforcement Actions > 2009 Enforcement Actions >

**RELATED LINKS**

Division of Banks

Federal Deposit Insurance Corporation (FDIC)

### Taylor, Bean, and Whitaker Corp., Ocala, FL - Temporary Order to Cease and Desist

By the Division of Banks

### COMMONWEALTH OF MASSACHUSETTS

**Suffolk, SS.**

**COMMISSIONER OF BANKS**
**MORTGAGE LENDER**
**LICENSING**
**Docket No. 2009-115**

**FINDINGS OF FACT AND TEMPORARY**
**ORDER TO CEASE AND DESIST**

**In the Matter of**
**TAYLOR, BEAN, AND WHITAKER**
**MORTGAGE CORP.**
**Ocala, Florida**

**Mortgage Lender License No(s). ML1897** *et al.*

The Commissioner of Banks ("Commissioner") having determined that TAYLOR, BEAN & WHITAKER MORTGAGE CORP., ("Taylor, Bean & Whitaker" or the "Corporation"), located at 315 NE 14th Street, Ocala, Florida has engaged in, or is engaging in, or is about to engage in, acts or practices constituting violations of Massachusetts General Laws chapter 255E and applicable regulations found at 209 CMR 42.00 *et seq.*, hereby issues the following FINDINGS OF FACT AND TEMPORARY ORDER TO CEASE AND DESIST ("Temporary Order") pursuant to General Laws chapter 255E, section 7(b) and chapter 255F, section 8(b).

### FINDINGS OF FACT

1. The Division of Banks ("Division"), through the Commissioner, has jurisdiction over the licensing and regulation of persons and entities engaged in the business of a mortgage lender in Massachusetts pursuant to Massachusetts General Laws chapter 255E, section 2.
2. The Division, through the Commissioner, also has jurisdiction over the licensing and regulation of persons engaged in the business of a mortgage loan originator in Massachusetts pursuant to Massachusetts General Laws chapter 255F, section 2.
3. Taylor, Bean & Whitaker is, and at all relevant times, has been a foreign corporation conducting business in the Commonwealth of Massachusetts. Taylor, Bean & Whitaker's main office is located at 315 NE 14th Street, Ocala, Florida.
4. Taylor, Bean & Whitaker is licensed by the Commissioner as a mortgage lender under Massachusetts General Laws chapter 255E, section 2. According to records maintained on file with the Division, the Commissioner initially issued mortgage lender license number ML1897 to Taylor, Bean & Whitaker to engage in the business of a mortgage lender at 315 NE 14th Street, Ocala, Florida on or about September 7, 2001.
5. Taylor, Bean & Whitaker maintains additional office locations from which the Corporation conducts its mortgage lender business. According to records maintained on file with the Division, Taylor, Bean & Whitaker currently possesses eight (8) additional mortgage lender licenses from the Commissioner for one location operating in Massachusetts, as well as locations operating outside the Commonwealth.

    **A. Failure to Fund Certain Residential Loan Obligations in the Commonwealth and Uncertainty of Taylor, Bean & Whitaker's Maintenance of the Minimum Financial**

**Requirements for Holding a Mortgage Lender License in Massachusetts**

*i. Failure to Fund Certain Residential Loan Obligations in the Commonwealth*

6. On August 5, 2009, a licensed Massachusetts mortgage broker ("Mortgage Broker A") notified the Division that Taylor, Bean & Whitaker, had failed to timely disburse loan proceeds in a refinance mortgage loan transaction involving a residential property in Massachusetts which Mortgage Broker A had placed with Taylor, Bean & Whitaker. Mortgage Broker A informed the Division that the mortgage loan had closed on July 30, 2009 and was scheduled to fund on August 4, 2009. As of August 6, 2009, the mortgage loan remains unfunded.

7. On August 5, 2009, the Division was notified via an e-mail forwarded by a licensed mortgage broker ("Mortgage Broker B") that Corporation had ceased all origination operations effective immediately. Mortgage Broker B notified the Division that Taylor, Bean & Whitaker had e-mailed the mortgage broker a press release that stated in part:

   Taylor, Bean & Whitaker Mortgage Corp., ("TBW") received notification on August 4, 2009 from the U.S. Department of Housing and Urban Development, Freddie Mac, and Ginnie Mae (the "Agencies") that it was being terminated and/or suspended as an approved seller and/or servicer for each of those respective agencies...As a result of these actions, TBW must cease all origination operations effectively immediately...TBW will not be able to close or fund any mortgage loans currently pending in its pipeline.

8. Massachusetts General Laws chapter 93A, section 2(a) states:

   Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

9. The Division's regulation 209 CMR 42.12(1)(e) states in part:

   A Licensee shall notify the Commissioner immediately, and in writing within one business day, of the occurrence of any of the following significant developments...expiration, termination or default, technical or otherwise, of any existing line of credit or warehouse credit agreement.

10. The Division's regulation at 209 CMR 42.13(2) states:

    Licensees shall provide thirty days prior written notice of any change or closing of a Massachusetts location to the Commissioner and shall contain such other information as the Commissioner may require.

11. Based upon information and belief, the loan referenced in Paragraph 6 has not yet funded as of the effective date of this Temporary Order.

12. As of the issuance of this Temporary Order, Taylor, Bean & Whitaker has not notified the Division of the facts and circumstances set forth above.

*ii. Uncertainty of Taylor, Bean & Whitaker's Maintenance of the Minimum Financial Requirements for Holding a Mortgage Lender License in Massachusetts*

13. The Division's regulation at 209 CMR 42.04(2)(b)3 pertaining to the licensing of mortgage lenders states in part:

    The Commissioner may also deny such an application if the Applicant has: conducted, or will conduct, its business in an unsafe and unsound manner...

14. The Division's regulation at 209 CMR 42.03(2)(c) states in part:

    An Applicant shall be required to submit detailed information supporting the following general requirements:

    Character and Fitness. An Applicant shall submit information demonstrating that the Applicant possesses the character, reputation, integrity and fitness to engage in the business of a mortgage lender in an honest, fair, sound and efficient manner.

15. On or around August 5, 2009 the Division became aware that Taylor, Bean & Whitaker had ceased all origination operations and would be unable to close or fund any mortgage loans pending in the Corporation's pipeline by an e-mail forwarded by the Corporation to a Massachusetts licensed mortgage broker, Mortgage Broker B. The e-mail stated in part:

    TBW must cease all origination operations effectively immediately...TBW will not be able to close or fund any mortgage loans currently pending in its pipeline.

**B. Failure to Provide Notice of Suspension of Relationship with the Government National Mortgage Association**

16. The Division's regulation at 209 CMR 42.12(1)(f) states in part:

    (1) A Licensee shall notify the Commissioner immediately, and in writing within one business day, of the occurrence of any of the following significant developments: . . . (f) Suspension or termination of the Licensee's status as an approved seller or seller/servicer by the Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association or an investor approved under *209 CMR 42.11A(1)(a)*.

17. On August 4, 2009, the Division became aware through a press release issued by the Department of Housing and Urban Development ("HUD") that the Federal Housing Administration ("FHA") had suspended Taylor, Bean & Whitaker from making loans insured by FHA. The press release further stated that the Government National Mortgage Association ("Ginnie Mae") was defaulting and terminating Taylor, Bean & Whitaker as an issuer in Ginnie Mae's mortgage backed security program and would be terminating Taylor, Bean & Whitaker's ability to continue servicing Ginnie Mae securities.

18. As of the issuance of this Temporary Order, Taylor, Bean & Whitaker has not notified the Division of the aforementioned events.

## CONCLUSIONS OF LAW

19. Based upon the information contained in Paragraphs 1 through 18, Taylor, Bean & Whitaker's acts or practices of contracting with consumer(s), through the underwriting and subsequent execution of mortgage loan closing documents relating to Massachusetts residential property, and thereafter failing to fund the mortgage loan(s) may constitute unfair and/or deceptive acts or practices in violation of Massachusetts General Laws chapter 93A, section 2.

20. Based upon the information contained in Paragraphs 1 through 18, due to the delay in funding contractual mortgage loan obligations Taylor, Bean & Whitaker has harmed a consumer, mortgage broker, and other parties in at least one residential mortgage loan transaction in the Commonwealth by engaging in acts or practices which may be unfair and/or deceptive in violation of Massachusetts General Laws chapter 93A, section 2.

21. Based upon the information contained in Paragraphs 1 through 18, by contracting to originate mortgage loan(s) that Taylor, Bean & Whitaker did not have sufficient warehouse funds available to fund, or any other available alternative source of funds, Taylor, Bean & Whitaker has engaged in unsafe or unsound practices in violation of the Division's regulation 209 CMR 42.04(2)(b)3.

22. Based upon the information contained in Paragraphs 1 through 18, Taylor, Bean & Whitaker failed to notify the Commissioner within one business day of the termination of the Corporation's relationship with the Federal National Mortgage Association and the Government National Mortgage Association in violation of 209 CMR 42.12(1)(f).

23. Based upon the information contained in Paragraphs 1 through 18, Taylor, Bean & Whitaker failed to provide the Commissioner with thirty days prior written notice of the Corporation's intention to cease business operations in violation of 209 CMR 42.13(2).

24. Based upon the information contained in Paragraphs 1 through 18, Taylor, Bean & Whitaker has failed to demonstrate the financial responsibility, character, reputation, integrity, and general fitness that would warrant the belief that the business will be operated honestly, fairly, and soundly in the public interest in violation of Massachusetts General Laws chapter 255E, section 4 and the Division's regulation 209 CMR 42.03(2)(c).

25. Based upon the information contained in Paragraphs 1 through 18, the public interest will be harmed by delay in issuing an Order to Cease and Desist under General Laws chapter 255E, section 7(a) because, upon information and belief, Taylor, Bean & Whitaker has a portfolio of Massachusetts mortgage loan applications in various stages of processing, underwriting, and funding which require immediate action to protect the interests of the affected Massachusetts consumers. Contrary to these interests, Taylor, Bean & Whitaker has announced its intention to cease all origination operations immediately and has already begun failing to fund residential mortgage loan transaction(s) which were scheduled to fund prior to the effective date of this Temporary Order.

26. Based upon the information contained in Paragraphs 1 through 18, the Commissioner has determined that:

    a.  Taylor, Bean & Whitaker has engaged in, or is about to engage in, acts or practices which

  warrant the belief that it is not operating honestly, fairly, soundly and efficiently in the public interest in violation of standards governing the licensing and conduct of a mortgage lender including, but not limited to, the provisions of the Division's regulations at 209 CMR 42.00 *et seq.*; and
  b. The public interest will be irreparably harmed by delay in issuing an ORDER TO CEASE AND DESIST to Taylor, Bean & Whitaker.
27. Based upon the information contained in Paragraphs 1 through 18, had the facts and conditions found therein existed at the time of Taylor, Bean & Whitaker's original mortgage lender license application, the Commissioner would have been warranted in refusing to issue such license. Further, the facts and conditions set forth in Paragraphs 1 through 18 present sufficient grounds for the revocation of Taylor, Bean & Whitaker's mortgage lender license pursuant to Massachusetts General Laws chapter 255E, section 6 and the Division's regulation at 209 CMR 42.04(2)(b).

### ORDER TO CEASE AND DESIST

After taking into consideration the FINDINGS OF FACT and CONCLUSIONS OF LAW stated herein, it is hereby:

28. ORDERED that Taylor, Bean & Whitaker and any and all officers, directors, managers, employees, independent contractors or agents operating on behalf of Taylor, Bean & Whitaker, and their successors or assigns, shall immediately cease engaging in the activities of: (a) a mortgage lender, as those activities are defined under Massachusetts General Laws chapter 255E, section 1, and (b) a mortgage loan originator, as those activities are defined under Massachusetts General Laws chapter 255F, section 1, relative to any residential property in Massachusetts, not otherwise expressly permitted by the terms of this Temporary Order. Therefore, Taylor, Bean & Whitaker is ordered to immediately cease soliciting or accepting, either directly or indirectly, any residential mortgage loan applications from consumers for residential property located in Massachusetts.
29. IT IS FURTHER ORDERED that Taylor, Bean & Whitaker, shall immediately place any fees previously collected from Massachusetts consumers relative to any pending mortgage loan applications in a separate escrow account maintained at a federally insured bank.
30. IT IS FURTHER ORDERED that Taylor, Bean & Whitaker shall immediately place with one or more qualified broker(s) or lender(s), with no loss to applicants, the following: (a) Taylor, Bean & Whitaker's entire portfolio of Massachusetts residential mortgage loans which were closed by Taylor, Bean & Whitaker, and remain unfunded as of the issuance of this Temporary Order; and (b) Taylor, Bean & Whitaker's entire pending application list of Massachusetts residential mortgage loans. It being understood that "no loss to the applicant" shall mean that any loan which was closed by Taylor, Bean & Whitaker, as well as any application which was approved by Taylor, Bean & Whitaker, shall be placed to a lender willing to fund, or close, the mortgage loan under the same terms and conditions extended by Taylor, Bean & Whitaker. In the event that no such placement can be made, Taylor, Bean & Whitaker shall either independently fund the mortgage loan under such terms and conditions or buy down the mortgage loan offered by the lender so that the applicant does not incur a loss as a result of such placement. Taylor, Bean & Whitaker shall obtain the prior approval of the Commissioner before placing such applications to the qualified lender(s) or broker(s) as appropriate.
31. IT IS FURTHER ORDERED that in any instance in which Taylor, Bean & Whitaker failed to fund a closed loan and in which the consumer, prior to the effective date of this Temporary Order, obtained funding through an alternate lender, Taylor, Bean & Whitaker shall reimburse each consumer the amount necessary to put the consumer in the same position as if Taylor, Bean & Whitaker had funded the mortgage loan under the terms and conditions agreed upon at the closing of the loan.
32. IT IS FURTHER ORDERED that Taylor, Bean & Whitaker shall submit to the Commissioner a detailed record, prepared as of the date of submission, of all of the Corporation's pending residential mortgage loan applications on property located in Massachusetts. The records to be produced shall include all information on file regarding the Corporation's Massachusetts mortgage loan portfolio, including but not necessarily limited to, the following:
    a. Within one (1) day of the effective date of this TEMPORARY ORDER, Taylor, Bean & Whitaker shall submit to the Commissioner all information on file as of the date of submission regarding the Corporation's portfolio of mortgage loans that were closed by Taylor, Bean & Whitaker prior to the effective date of this TEMPORARY ORDER, but

remain as yet unfunded. Such information shall include, but is not limited to, the following: The names of all individuals from whom Taylor, Bean & Whitaker processed an application and closed the residential mortgage loan, but failed to fund; the applicants' addresses and telephone numbers; the loan number; the amount of all prepaid loan fees submitted by the customer; the amount of each loan; the loan terms; the current funding status; the actual closing dates; the loan purpose (i.e. purchase or refinance); and identification of the applicable lender with whom each application will be placed. The record should include telephone numbers of contact persons at each lender who is familiar with the Corporation's submitted loans;

b. As soon as possible, but not later than five (5) days after the effective date of this TEMPORARY ORDER, Taylor, Bean & Whitaker shall submit to the Commissioner all information on file as of the date of submission regarding the Corporation's pipeline of pending mortgage loan applications including but not limited to, the following: The names of all individuals from whom Taylor, Bean & Whitaker has accepted an application for a residential mortgage loan; the applicants' addresses and telephone numbers; the loan number; the amount of all prepaid loan fees submitted by the customer; rate lock status; the amount of each loan; application status (i.e. filed, submitted to lenders, cleared to close, etc.); loan terms, if approved; scheduled closing dates; the loan purpose (i.e. purchase or refinance); and identification of the applicable lender or broker with whom each application will be placed. The record should include telephone numbers of contact persons at each lender or broker who is familiar with the Corporation's submitted loans;

c. On the last business day of each subsequent week after the effective date of this TEMPORARY ORDER, Taylor, Bean & Whitaker shall provide the Commissioner with an updated, written status report of the mortgage loan applications identified above under subparagraphs 32(a) and 32(b). The form of the status report shall follow the format of the initial submission under subparagraphs 32(a) and 32(b) and shall indicate the final disposition of the loan application and include the final terms under which each approved loan is closed. The reporting requirement shall continue until each of the approved applications is placed with a lender and funded, funded by Taylor, Bean & Whitaker, or withdrawn by the applicant(s); and

d. Within one (1) day of the effective date of this TEMPORARY ORDER, Taylor, Bean & Whitaker shall submit to the Commissioner Taylor, Bean & Whitaker's balance sheet and year-to-date income statement, prepared as of the date of submission, and attested by a duly authorized officer of the Corporation. The balance sheet shall indicate Taylor, Bean & Whitaker's cash position at each of its depository banks as well as Taylor, Bean & Whitaker's bank account numbers.

33. IT IS FURTHER ORDERED that Taylor, Bean & Whitaker shall not pay or declare a dividend, nor otherwise authorize or execute any financial transaction, either singular or structured, in excess of two hundred and fifty thousand dollars ($250,000.00), except for wages and salaries paid to employees, contractors, officers, or other members of Taylor, Bean & Whitaker's management in the normal course of their business, without the prior written approval of the Commissioner. Upon the effective date of this Temporary Order, Taylor, Bean & Whitaker shall implement or revise its practices and procedures, as necessary, to ensure that their financial books and records are accurately maintained, in a manner illustrating compliance with the provisions of this Paragraph, and available for review by the Division's examiners upon request.

34. IT IS FURTHER ORDERED that Taylor, Bean & Whitaker shall immediately secure all pending mortgage loan application files and, to the extent that any original documents must be forwarded to the relevant mortgage lender(s) and or mortgage broker(s) pursuant to Paragraph 30 of this TEMPORARY ORDER, a copy of such document, correspondence, or paper relating to the mortgage loan shall be retained in Taylor, Bean & Whitaker's books and records and shall be available to the Commissioner, in their entirety, upon request.

35. IT IS FURTHER ORDERED that this Temporary Order shall become effective immediately and shall remain in effect unless set aside, limited, or suspended by the Commissioner or upon court order after review under Massachusetts General Laws chapter 30A.

36. IT IS FURTHER ORDERED that a hearing will be scheduled on this matter to determine whether or not such Temporary Order shall become permanent and final only upon receipt of a written request for such a hearing from Taylor, Bean & Whitaker within twenty (20) days of the effective date of this Temporary Order. If no hearing is requested within this twenty (20) day period, this Temporary Order shall become permanent and final until it is modified or vacated by the

Commissioner.

BY ORDER AND DIRECTION OF THE COMMISSIONER OF BANKS.

Dated at Boston, Massachusetts, this 6th day of August, 2009

By: Steven L. Antonakes
Commissioner of Banks
Commonwealth of Massachusetts

© 2009 Commonwealth of Massachusetts