COMPOSITE EXHIBIT D PART 5

STATE OF MICHIGAN
DEPARTMENT OF ENERGY, LABOR & ECONOMIC GROWTH
OFFICE OF FINANCIAL AND INSURANCE REGULATION

Before the Commissioner of the Office of Financial and Insurance Regulation

In the Matter of:

Taylor, Bean & Whitaker Mortgage Corp.  Enforcement Case No. 09-7388
315 NE 14th Street                      *First Amended Order*
Ocala, Florida 34470,

    License No. FR – 0872
    Registration No. SR – 1121

Lee B. Farkas, Chairman of the Board,

                Respondent.
_____/

Issued and Entered,
This 11th day of August, 2009,
By Ken Ross,
Commissioner

ORDER TO CEASE AND DESIST FROM VIOLATING THE
MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT,
and
NOTICE OF OPPORTUNITY FOR ADMINISTRATIVE HEARING

I.
ORDER TO CEASE AND DESIST FROM VIOLATING THE MORTGAGE BROKERS,
LENDERS, AND SERVICERS LICENSING ACT

The Commissioner of the Office of Financial and Insurance Regulation ("Commissioner") having been statutorily charged with the responsibility and authority to administer and enforce the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), 1987 PA 187, as amended, MCL 445.1651 *et seq.*, and the Secondary Mortgage Loan Act ("SMLA"), 1981 PA 125, as amended, MCL 493.51 *et seq.*, pursuant to provisions therein; and,

The Commissioner having been granted general supervisory power and control over all mortgage brokers, mortgage lenders, and mortgage servicers doing business in the State of Michigan pursuant to provisions of the MBLSLA or SMLA; and,

Taylor, Bean & Whitaker Mortgage Corp. ("Respondent") having been granted a first mortgage lender and servicer registration by the commissioner on October 3, 2000, pursuant to Section 6(1)(a) and (b) of the MBLSLA, MCL 445.1656(1)(a)-(b), and Respondent having been granted a secondary mortgage lender and servicer registration by the commissioner on March 3, 2003, pursuant to Section 3a(a)-(c) of the SMLA, MCL 493.53a(a)-(c); and,

Respondent's first mortgage lender and servicer registration having been granted based upon its approved status as a seller or servicer of the Federal Home Loan Mortgage Corporation ("Freddie Mac") or as an issuer or servicer of Government National Mortgage Association ("Ginnie Mae"); and,

Respondent's qualification to continue to be registered and operate as a mortgage lender or mortgage servicer under the MBLSLA having been dependent upon Respondent continuing to maintain its status as an approved Freddie Mac seller or servicer and as a Ginnie Mae issuer or servicer; and,

The Commissioner having received information from the Respondent, other regulatory agencies, and from media reports that the Respondent's approvals as a Freddie Mac seller or servicer and as a Ginnie Mae issuer or servicer have been terminated; and,

The Commissioner having conducted a full and thorough investigation pursuant to Section 13(1) of the MBLSLA, MCL 445.1663(1); and,

The Commissioner having made the following FINDINGS and CONCLUSIONS from such investigation:

1. On or about August 4, 2009, the Federal Housing Administration ("FHA") suspended Respondent's approval to make FHA loans.
2. On or about August 4, 2009, Ginnie Mae defaulted and terminated Respondent as an issuer and servicer of its mortgage-backed securities.
3. On August 6, 2009, Office of Financial and Insurance Regulation staff ("OFIR Staff") contacted Respondent's General Counsel in relation to the investigation and learned from Respondent's General Counsel that Respondent is no longer approved as a Freddie Mac seller or servicer or as a Ginnie Mae issuer or servicer.
4. Respondent is presently acting as a mortgage lender or mortgage servicer in the State of Michigan.

5. Section 2(1) of the MBLSLA, MCL 445.1652(1), provides that "[a] person shall not act as a mortgage broker, mortgage lender, or mortgage servicer without first obtaining a license under this act or registering under section 6…"

6. Section 6 of the MBLSLA, MCL 445.1656, provides as follows:

> (1) The following shall register with the commissioner on a form prescribed by the commissioner:
>
> (a) A mortgage broker, mortgage lender, or mortgage servicer approved as a seller or servicer by the federal national mortgage association or the federal home loan mortgage corporation.
>
> (b) A mortgage broker, mortgage lender, or mortgage servicer approved as an issuer or servicer by the government national mortgage association.
>
> (c) A real estate broker or real estate salesperson licensed under article 25 of the occupational code, 1980 PA 299, MCL 339.2501 to 339.2518, who acts as a mortgage broker for not more than 1 licensee or 1 registrant, or who acts as a mortgage broker, mortgage lender, or mortgage servicer only in connection with real estate sales in which the real estate broker or salesperson affiliated with the real estate broker is engaged and who receives for those services additional compensation beyond the customary commission on real estate sales.
>
> (d) A mortgage broker, mortgage lender, or mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a depository financial institution holding company if the depository institution does not maintain a main office or a branch office in this state.
>
> (2) A registrant is not required to comply with section 3, 4, or 5 and is not subject to annual examination by the commissioner.
>
> (3) A mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution is not subject to section 29(1)(b) or (c).
>
> (4) Notwithstanding section 25(m), a mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution may register

  and become subject to the provisions of the act applicable to registrants.

  (5) If a real estate broker or real estate salesperson acts as a mortgage broker, mortgage lender, or mortgage servicer not in connection with real estate sales in which the real estate broker or real estate salesperson affiliated with the real estate broker is engaged, the real estate broker or real estate salesperson shall be licensed or registered as otherwise required under this act.

  (6) A real estate broker or real estate salesperson, in connection with real estate sales in which the real estate broker or real estate salesperson affiliated with the real estate broker is engaged, who acts as a mortgage broker on 10 or fewer mortgage loans in any 12-month period from January 1 to December 31 and who receives for such services additional compensation beyond the customary commission on real estate sales shall be exempt from the registration or licensing requirements of this act for that 12-month period. If the broker and all real estate salespersons affiliated with the broker in aggregate brokered more than 30 mortgage loans as described in this subsection in the same 12-month period from January 1 to December 31, then that broker shall obtain a license or shall register as required by this act.

  (7) A registration accepted by the commissioner under this section does not approve the use of or indemnify the registrant against claims for the improper use of the business name stated in the registration.

7. It is a violation of the MBLSLA for a licensee or registrant to fail to comply with the law or the MBLSLA.

8. Respondent's failure to maintain approval as a Freddie Mac seller or servicer or as a Ginnie Mae issuer or servicer renders it ineligible to register as a mortgage broker, mortgage lender, or mortgage servicer under the MBLSLA.

9. Respondent's failure to maintain approval as a Freddie Mac seller or servicer or as a Ginnie Mae issuer or servicer renders it ineligible to hold a registration as a mortgage broker, mortgage lender, or mortgage servicer under the MBLSLA or to continue to act as such in the State of Michigan.

10. Section 16(1) of the MBLSLA, MCL 445.1666(1), provides as follows:

> (1) After an investigation has been conducted pursuant to section 13, and prior to holding a hearing under section 18, the commissioner may order a person to cease and desist from a violation of this or a rule promulgated or an order issued under this act.

11. The Commissioner is authorized pursuant to Section 16(1) of the MBLSLA, MCL 445.1661(1), to order a person to cease and desist from a violation of the MBLSLA.

The Commissioner having concluded and determined from his investigation of the Respondent and all relevant facts and circumstances thereof, that Respondent violated Sections 2(1) and 6 of the MBLSLA and, therefore, Respondent shall be ordered to 1) CEASE AND DESIST from violating the MBLSLA and 2) file a special report with the commissioner.

The Commissioner being fully advised in the premises; NOW THEREFORE,

IT IS ORDERED that, subject to Section 19 of the MBLSLA, MCL 445.1669, Respondent shall immediately CEASE AND DESIST from violating the MBLSLA as set forth above.

IT IS FURTHER ORDERED that within seven (7) days of the effective date of this ORDER, Respondent shall file with the Commissioner a Special Report which, at a minimum, provides, the name, address, and telephone number of each Michigan consumer that closed a residential mortgage with Respondent following the time at which Respondent failed to be approved as a Freddie Mac seller or servicer or as a Ginnie Mae issuer or servicer. In addition, Respondent shall file with the commissioner a Special Report which, at a minimum, provides the name, mailing address, property address, and telephone number of each consumer that holds a Michigan residential property that Respondent is servicing.

IT IS FURTHER ORDERED that an administrative hearing shall be scheduled in this matter only if Respondent timely requests an administrative hearing in accordance with the instructions set forth in Section II of this ORDER entitled Notice of Opportunity for an Administrative Hearing. If no administrative hearing is requested within 30 days of the effective date of this ORDER, Respondent's right to an administrative hearing shall be deemed waived and relinquished.

IT IS FURTHER ORDERED that this ORDER shall be and is effective immediately upon the date in which it is entered as shown in the caption hereof, and shall remain in effect unless terminated, modified, set aside, or suspended in writing by the commissioner or by order of the court.

The Commissioner specifically retains jurisdiction of the matter contained herein to issue such further order or orders as she may deem just, necessary, or appropriate to assure compliance with the law and protect the public interest.

IT IS SO ORDERED.

Ken Ross
Commissioner

II.

NOTICE OF OPPORTUNITY FOR AN ADMINISTRATIVE HEARING

Section 16(2) of the MBLSLA, MCL 445.1666(2), provides as follows:

> (2) A person ordered to cease and desist shall be entitled to a hearing before the commissioner if a written request for a hearing is filed with the commissioner not more than thirty days after the effective date of the order. A hearing shall be conducted in accordance with the provisions of the Administrative Procedures Act of 1969, Act No. 306 of the Public Acts of 1969, being sections 24.201 – 24.328 of the Michigan Compiled Laws.

Within thirty (30) days after the effective date of this Order, you must file a written request for a hearing if you desire to contest the Order. If you send this request for hearing by U. S. Postal Service, it must be sent to:

> Michigan Office of Financial and Insurance Regulation
> Office of General Counsel
> Attn: Dawn Kobus, Hearings Coordinator
> P.O. Box 30220
> Lansing, Michigan 48909

If you send the request for hearing by an alternate mail service that requires an address other than a P.O. Box, or if you wish to deliver the request for hearing personally, it must be sent, or delivered, to:

> Michigan Office of Financial and Insurance Regulation

> Office of General Counsel
> Attn: Dawn Kobus, Hearings Coordinator
> 611 West Ottawa Street, Third Floor
> Lansing, Michigan 48933

If you fail to timely file a request for a hearing, your right to a hearing under Section 16(2) will be deemed waived and relinquished.