COMPOSITE EXHIBIT D PART 6



# DEPARTMENT OF BANKING AND INSURANCE
## DIVISION OF BANKING

ORDER No. E09-7929

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| TAYLOR, BEAN, & WHITAKER | ) |
| MORTGAGE CORPORATION, | ) ORDER |
| Ref. No. 0626328 | ) TO CEASE AND DESIST |
| MICHAEL PAUL STEC, | ) AND |
| Ref. No. 8601716 | ) TO TAKE CERTAIN ACTIONS |
| RAYMOND E. BOWMAN, President | ) & |
| SHERRY D. DICKINSON, Director | ) ORDER |
| PAUL R. ALLEN, Chief Executive Officer | ) TO SHOW CAUSE |
| LEE B. FARKAS, Chairman of the Board | ) WHY LICENSES SHOULD |
| | ) NOT BE REVOKED, |
| | ) CERTAIN PERSONS BARRED |
| | ) AND |
| | ) PENALTIES IMPOSED |
| | ) |

TO:  TAYLOR BEAN & WHITAKER CORPORATION
Park 80 West
Plaza II – Suite 200
Saddle Brook, New Jersey 07663-5836

TAYLOR BEAN & WHITAKER CORPORATION
315 NE 14th Street
Ocala, Florida 34470

MICHAEL PAUL STEC
Taylor Bean & Whitaker Corporation
Park 80 West
Plaza II – Suite 200
Saddle Brook, New Jersey 07663-5836

RAYMOND E. BOWMAN, President
4999 SW 2nd Street
Ocala, Florida 34474

SHERRY D. DICKINSON, Director
10699 SW 110th Avenue
Dunellen, Florida 34476

PAUL R. ALLEN, Chief Executive Officer
Taylor Bean & Whitaker Corporation
315 NE 14th Street
Ocala, Florida 34470

LEE B. FARKAS, Chairman of the Board
480 SW 87th Place
Ocala, Florida 34476

JEFFREY W. CAVENDER, Esq.
Attorney for Taylor Bean & Whitaker Corporation
5150 Stilesborough Road
Suite 500, Building 500
Kennesaw, Georgia 30152

**THIS MATTER** having been opened by the Commissioner ("Commissioner") of the New Jersey Department of Banking and Insurance ("Department"), upon information that Taylor Bean and Whitaker Corporation ("TBW"), licensed with mortgage banker authority pursuant to the New Jersey Licensed Lenders Act ("LLA"), N.J.S.A. 17:11C-1 et seq., and Michael Paul Stec ("Stec"), at all times relevant hereto the individual officer and/or principal licensee of TBW, have engaged in conduct in violation of the LLA; and

**WHEREAS** Raymond E. Bowman, Sherry D. Dickinson, and Lee B. Farkas are on record with the Department as TBW's president, director, and Chairman of the Board, respectively, and Paul R. Allen is also known to the Department as TBW's chief executive officer (collectively, "TBW Officers"); and

**WHEREAS**, under the LLA and its implementing rules, the Commissioner has the authority to issue this Order to Cease and Desist and to Take Certain Actions and Order to Show Cause Why Licenses should not be Revoked, Certain Persons Barred, and Penalties Imposed ("Order"); and

**WHEREAS** TBW and Mr. Paul R. Allen on behalf of the TBW Officers entered into a binding Settlement Agreement with the state regulatory agencies in New Jersey and thirteen other states, effective June 22, 2009 (the "Settlement Agreement"); and

**WHEREAS** under paragraph 21 of the Settlement Agreement its provisions shall be enforceable by any of the participating states and, thus, the Settlement Agreement has the same force and effect in this state as an order issued by the Commissioner pursuant to the LLA; and

**WHEREAS** the Settlement Agreement resolved certain compliance violations (labeled "compliance exceptions" in the Settlement Agreement) discovered during a joint regulatory examination performed by the participating states jointly and, in New Jersey's case, also performed separately; and

**WHEREAS** under the terms of the Settlement Agreement, TBW was required to make payments to the participating states, totaling $4.5 million in the aggregate; and

**WHEREAS** TBW forwarded a payment to the Department in the amount of $321,428.00, which was duly deposited into the State's general fund on or about July 8, 2009; and

**WHEREAS** under the terms of the Settlement Agreement, TBW was required to make a payment to the Nationwide Mortgage Licensing System and Registry ("NMLS&R") in the amount of $4.5 million, equal shares of which amount were credited by the NMLS&R to each of the fourteen states participating in the Settlement Agreement; and

**WHEREAS** TBW made a payment to the NMLS&R on or about July 1, 2009 in accordance with the Settlement Agreement, and New Jersey was credited by the NMLS&R in the amount of $321,428.00; and

2

**WHEREAS** the Settlement Agreement imposed continuing, post-settlement responsibilities upon TBW with respect to development and implementation of policies and procedures to effectuate internal controls, a comprehensive loan review process and report, and implementation of a loan modification program with respect to TBW's loan servicing portfolio (collectively, the "Remedial Actions"); and

**WHEREAS**, on August 4, 2009, the Department became aware through a press release issued by the Department of Housing and Urban Development ("HUD") (the "HUD Press Release") that the Federal Housing Administration ("FHA") had suspended TBW from making loans insured by FHA; and

**WHEREAS**, the HUD Press Release further stated that the Government National Mortgage Association ("Ginnie Mae") was terminating TBW as an issuer in Ginnie Mae's mortgage back security program and would be terminating TBW's ability to continue servicing Ginnie Mae securities; and

**WHEREAS**, the HUD Press Release states that the suspension was issued as a result of TBW's failure to submit required annual financial reports along with failure to report certain irregular transactions; and

**WHEREAS** a press release by TBW issued on August 5, 2009 advised that TBW ceasing all mortgage loan origination operations effective immediately and that it would not close or fund mortgage loans in the "pipeline;" and

## COUNT ONE

**IT APPEARING** that, effective on or about August 3, 2009, TBW and Stec shut down operations in New Jersey without appropriate notice to the Commissioner or other interested parties, in a manner and as a result of actions by other parties that have demonstrated unworthiness, incompetence and bad faith in the transaction of business as a licensee in violation of N.J.S.A. 17:11C-18a(5); and

## COUNT TWO

**IT APPEARING** that, beginning on or about August 3, 2009, TBW and Stec ceased to disburse funds on an unknown number of mortgage loans closed and/or approved for closing as required by an unknown number of agreements they had entered into with New Jersey resident mortgage loan borrowers, in violation of N.J.S.A. 17:11C-22h, with each such failure to disburse representing a separate violation of N.J.S.A. 17:11C-22h; and

## COUNT THREE

**IT FURTHER APPEARING** that, beginning on or about August 3, 2009, TBW and Stec failed to deliver mortgage loan proceeds funds within the required time after a mortgage loan closing with respect to an unknown number of agreements TBW had entered into with New Jersey resident mortgage loan borrowers, in violation of N.J.S.A. 17:11C-22i, with each such failure to disburse representing a separate violation of N.J.S.A. 17:11C-22i; and

## COUNT FOUR

**IT FURTHER APPEARING** that, prior to August 3, 2009, TBW and Stec took an unknown number of pending mortgage loan applications from New Jersey borrowers that have not closed (hereinafter referred to as the "Loans in the Pipeline") and that TBW and Stec knew or should have known they would be unable to process through to closing and funding in accordance with the mortgage agreements, thereby misrepresenting or concealing a material particular of the transaction in

violation of N.J.S.A. 17:11C-22g, with each such misrepresentation or concealment representing a separate violation of N.J.S.A. 17:11C-22g; and

## COUNT FIVE

**IT FURTHER APPEARING** that TBW's termination of business, which appears to include termination of the Remedial Actions required under the Settlement Agreement, constitutes a material breach of the provisions of the Settlement Agreement, and thus a violation of an Order of the Commissioner, in violation of N.J.S.A. 17:11C-18(a)1; and

## COUNT SIX

**IT FURTHER APPEARING** that TBW has failed to maintain the required net worth or become insolvent, in violation of N.J.S.A. 17:11C-14 and N.J.S.A. 17:11C-18a(4);

## ORDER

**NOW, THEREFORE**, in accordance with regulatory and police powers of this State, and under the authority provided in the LLA and at N.J.S.A. 17:1-15g, it is on this 6th day of August 2009, **ORDERED** as follows:

A. **ORDER TO CEASE AND DESIST**

1. TBW, Stec, TBW Officers, and all other TBW principals, officers, directors, employees, agents, solicitors, and representatives of any kind shall immediately **CEASE AND DESIST** from closing residential mortgage loans without available funding, for New Jersey mortgage loan borrowers.

2. TBW, Stec, TBW Officers, and all other TBW principals, officers, directors, employees, agents, solicitors, and representatives of any kind shall immediately **CEASE AND DESIST** from taking any new mortgage loan applications from New Jersey borrowers to be secured by New Jersey residential real estate until further notice from the Commissioner.

B. **ORDER TO TAKE CERTAIN ACTIONS**

3. TBW, TBW Officers, and Stec shall immediately **TAKE ACTION** to fund those loans of New Jersey borrower that have closed without funding or to redirect such loans to a viable alternative funding source.

4. TBW, TBW Officers, and Stec shall immediately **TAKE ACTION** to secure a viable funding source for the Loans in the Pipeline before proceeding any further with such loans or to redirect the Loans in the Pipeline to a viable alternative lender;

5. TBW, TBW Officers, and Stec shall immediately **TAKE ACTION** to provide to the Commissioner a report on a daily basis or on such other periodic basis as the Commissioner may direct, in electronic format, with all such information as the Commissioner may require detailing the status of all loans closed but not funded, including, where appropriate, proof of funding (by Federal ID Wire Number).

6. TBW, TBW Officers, and Stec shall immediately **TAKE ACTION**, on a daily basis, to provide to the Commissioner a daily report, in electronic format, with all such information as the Commissioner may require, detailing the status of the Loans in the Pipeline.

7. TBW, TBW Officers, and Stec shall immediately **TAKE ACTION** to make available for examination any and all other books, accounts, records and documents pertaining to its New Jersey business as the Commissioner may request.

8. TBW, TBW Officers, and Stec shall immediately **TAKE ACTION** to place into escrow until further order of the Commissioner all monies representing fees of any kind paid by New Jersey borrowers for a loan that has not been funded.

## C. ORDER TO SHOW CAUSE - LICENSE REVOCATION

9. TBW and Stec shall appear and show cause why their licensed lenders licenses should not be **REVOKED** pursuant to and N.J.S.A. 17:11C-18a(1) for such violations.

## D. ORDER TO SHOW CAUSE - BAR

10. The TBW Officers shall appear and show cause why they should not be **BARRED** for a period of ten years from acting as a licensee, a stockholder, a partner or other owner, or an employee of a licensee, an officer of a licensee, a director of a licensee or in any other capacity under the LLA, pursuant to N.J.S.A. 17:11C-48b for such violations.

## E. ORDER TO SHOW CAUSE - PENALTIES

11. TBW and the TBW Officers shall appear and show cause why they should not be jointly and severally liable for administrative **PENALTIES** for such violations of the Act pursuant to N.J.S.A. 17:11C-48a, including, but not limited to joint and several liability for payment of any portion of the amount paid to New Jersey under the Settlement Agreement ordered returned to TBW's estate in the event of bankruptcy proceedings and for payment of any portion of the amount paid to the NMLS&R under the Settlement Agreement and credited to New Jersey ordered returned to TBW's estate in the event of bankruptcy proceedings.

## HEARING

**IT IS PROVIDED** that TBW, Stec, and the TBW Officers shall have the right to request an administrative hearing pursuant to the Administrative Procedures Act, N.J.S.A. 52:14B-1 et seq., as to the terms of this Order; and

**IT IS FURTHER PROVIDED** that unless a request for a hearing on this Order is received within twenty (20) days of receipt of this Order with respect to any person named in this Order, the right to a hearing in this matter shall be deemed to have been waived by such person(s), and the Commissioner may dispose of this matter as to such person(s) by issuing a final order pursuant to law.

A hearing may be requested by mailing the request to:

Thomas M. Hunt, Assistant Division Director
Office of Consumer Finance
Department of Banking and Insurance
P.O. Box 040
Trenton, New Jersey 08625-0040

The request shall contain:

(1) The person's name, address and daytime telephone number;

(2) A copy of this Order;

(3) A statement requesting a hearing;

(4) A specific admission or denial of each fact alleged in this Order. Where the licensee has no specific knowledge regarding a fact alleged in the Order, a statement to that effect must be contained in the hearing request. Allegations of this Order not answered in the manner set forth above shall be deemed to have been admitted; and

(5) A concise statement identifying any factual or legal defense intended to be asserted in response to each charge in this Order. Where the defense relies on facts not contained in the Order, those specific facts must be stated.

NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE

_____
NEIL N. JASEY, COMMISSIONER