

COMPOSITE EXHIBIT D PART 7

**STATE OF TENNESSEE**
**DEPARTMENT OF FINANCIAL INSTITUTIONS**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | **TDFI No. 09-97-C** |
| **TAYLOR, BEAN & WHITAKER** | ) | |
| **MORTGAGE CORPORATION** | ) | |

---

## EMERGENCY CEASE AND DESIST ORDER

---

The Commissioner of the Tennessee Department of Financial Institutions (the "Commissioner"), having determined that he has reason to believe that Taylor, Bean & Whitaker Mortgage Corporation (hereinafter referred to as the "Respondent") has violated and is violating the Tennessee Residential Lending, Brokerage and Servicing Act of 1988, Tenn. Code Ann. §§ 45-13-101, *et seq.* (the "Act"), and that circumstances warrant immediate action, hereby issues the following EMERGENCY CEASE AND DESIST ORDER pursuant to Tenn. Code Ann. §§ 45-1-107(a)(4) and (c), and Tenn. Code Ann. § 45-13-405(a).

## JURISDICTION AND IDENTIFICATION OF THE PARTIES

1. Pursuant to Tenn. Code Ann. § 45-1-104, the Tennessee Department of Financial Institutions (the "Department") is charged with the execution of all laws relative to persons doing or engaged in a banking or other business as provided in Title 45 of the Tennessee Code.

2. Tenn. Code Ann. § 45-1-107(a)(4) provides that, in addition to other powers conferred by Title 45 of the Tennessee Code, the Commissioner has the power to

order any person to cease violating a provision of Title 45 of the Tennessee Code or lawful regulation issued thereunder, and Tenn. Code Ann. § 45-13-405(a) provides that if, after notice and opportunity for a hearing, the Commissioner finds that a person has violated the Act or administrative rule issued pursuant to the Act, the Commissioner may take any or all of certain actions, one of which is to order the person to cease and desist violating the Act or any administrative rule issued pursuant to the Act.

3. Under Tenn. Code Ann. §§ 45-1-107(c), notice and opportunity for a hearing shall be provided in advance of the Commissioner issuing such an order, except that in cases involving extraordinary circumstances requiring immediate action, the Commissioner may take such action but shall promptly afford a subsequent hearing upon application to rescind the action taken.

4. Respondent is a Florida for-profit corporation, authorized to do business in Tennessee, with its principal office located at 315 NE 14TH Street, Ocala, Florida 34470. Its registered agent for service of process is C. T. Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

5. Since November 20, 2001, and at all times relevant hereto, Respondent has been authorized to conduct business in this state as a mortgage lender and a mortgage loan servicer under the Act, having been issued certificate of registration number 1571 by the Department.

## FACTUAL ALLEGATIONS

6. The factual allegations contained herein are based upon information that the Department has learned and gathered through media reports, public filings by the

Respondent, communications of other federal and state regulatory agencies, and other sources.

7. Upon information and belief, on August 4, 2009, the United States Department of Housing and Urban Development, through its Mortgagee Review Board, issued an immediate suspension of HUD/FHA loan origination and underwriting approval authority for the Respondent.

8. Upon information and belief, on August 5, 2009, Respondent issued a press release captioned "Taylor Bean Must Cease All Origination Operations Effective Immediately."

9. In said press release, Respondent stated "...TBW must cease all origination operations effective immediately. Regrettably, TBW will not be able to close or fund any mortgage loans currently pending in its pipeline."

10. On August 5, 2009, multiple media outlets reported that Respondent had its HUD/FHA privileges suspended on August 4, 2009, and that Respondent would be ceasing all loan origination activity immediately.

11. Pursuant to a spreadsheet listing provided by the Respondent on August 6, 2009, Respondent has a minimum combined total of approximately twenty-seven (27) mortgage loans involving Tennessee consumers and/or Tennessee residential real property in some stage of processing (so-called loans in the "pipeline"), including at least one (1) loan where the closing documents were executed and the loan not funded as promised by the Respondent.

12. Upon information and belief, the spreadsheet listing of outstanding loans provided by the Respondent is not complete, and other Tennessee consumers and/or

Tennessee residential real property may be involved in various stages of the mortgage loan process with the Respondent.

## CAUSES OF ACTION

13. Tenn. Code Ann. § 45-13-405(b) provides that the Commissioner may suspend or revoke any license or registration issued under the Act if the Commissioner finds that the licensee or registrant fails to maintain the requirements for licensure.

14. Pursuant to Tenn. Code Ann. § 45-13-401(5), failure to comply with this chapter, or any of the rules or regulations promulgated under this chapter, shall constitute a violation of the Act, and Tenn. Code Ann. § 45-13-203(a) requires, among other things, that in order for an applicant to qualify for a license or registration under the Act, the Commissioner must find that the applicant has the financial responsibility to warrant the belief that the business of the applicant will be operated lawfully and within the purposes of the Act. The factual allegations demonstrate that the required financial responsibility of the Respondent is lacking.

15. Pursuant to Tenn. Code Ann. § 45-13-401(11), failure to disburse funds in accordance with a written agreement is a violation of the Act. The failure of Respondent to have funded a closed loan is thus a violation of the Act.

16. The likelihood exists that persons dealing with the Respondent may suffer irreparable harm, in that the Respondent does not have the current ability to fund any mortgage loans; therefore, these extraordinary circumstances require immediate action by the Department.

## EMERGENCY ORDER

Having considered the factual allegations and the causes of action, the Commissioner has determined that the Respondent has violated and is violating the Act, and that circumstances warrant immediate action.

17. **IT IS THEREFORE ORDERED** that Respondent, and any and all of its officers, directors, managers, employees, independent contractors, agents, successors and/or assigns, shall immediately cease and desist from soliciting or accepting, either directly or indirectly, any residential mortgage loan application, on a wholesale and/or retail basis, either as a mortgage lender or mortgage loan broker, with respect to any Tennessee consumer(s) and/or on residential real property located in Tennessee, except as expressly provided herein, until such time as the Respondent is able to satisfactorily demonstrate to the Commissioner that it is able to engage in business lawfully and within the purposes of the Act.

18. **IT IS FURTHER ORDERED** that Respondent shall, by close of business on Monday, August 10, 2009, provide a pipeline report which shall reflect the following categories of loans and loan applications in a similar format to the report previously provided by the Respondent:

a. loans that have closed but have not yet funded;

b. loans that have been approved but that have not yet closed; and

c. loan applications that have been originated, solicited or received, in any stage of review, underwriting or approval.

19. **IT IS FURTHER ORDERED** that Respondent shall immediately place any fees previously collected from any Tennessee consumer(s) and/or related to

residential real property located in Tennessee relative to any pending mortgage loan application in a separate escrow account maintained at a federally insured bank, and shall immediately provided an accounting of said funds to the Department.

20. **IT IS FURTHER ORDERED** that Respondent shall comply with all the obligations to each individual who has a mortgage loan currently pending, approved or closed but not funded, including, but not limited to, making every reasonable effort, at no cost or loss to any of such individuals, to cause such loans to be placed with another authorized mortgage lender or mortgage loan broker so the transaction may be completed. Respondent shall additionally notify the Department of all such efforts and when said loans have been placed.

21. **IT IS FURTHER ORDERED** that Respondent, upon the effective date of this Order, shall release any liens filed on any Tennessee real property or filed on property owned by Tennessee consumers, as a result of a residential mortgage loan closing with Respondent that was not funded. In the event the loan is subsequently funded, Respondent may file a lien against the property at that time.

22. **IT IS FURTHER ORDERED** that the Respondent shall fully comply with all of the obligations to each consumer who has a mortgage loan currently pending, approved, or closed but not funded, with the Respondent.

23. NOTHING in this Order shall prevent Respondent from selling or assigning residential mortgage loans to another entity, servicing closed mortgage loans or engaging in other activity not prohibited by the Act or this Order.

24. NOTHING in this Order shall prevent the Department from taking any further administrative action under the authority of the Act.

25. The provisions of this ORDER shall remain in full force and effect unless and until such time as any provision shall have been modified, terminated, suspended or set aside by the Commissioner, an administrative judge or any court having jurisdiction over the matters addressed herein.

**RIGHTS OF THE RESPONDENT**

26. The Respondent has the right to a hearing for the purpose of contesting and obtaining rescission of this ORDER. If a separate hearing is timely requested by the Respondent, any such hearing shall be conducted in accordance with the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-101, *et seq.*, and Chapter 0180-6 of the Rules of the Department.

27. In order to request a hearing, the Respondent must file a written request within twenty (20) days from receipt of this ORDER. If no such written request is timely filed, then this EMERGENCY CEASE AND DESIST ORDER will be deemed final for all purposes. Any written request for a hearing must be filed with the Commissioner, Tennessee Department of Financial Institutions, 414 Union Street – Suite 1000, Nashville, Tennessee 37219.

ISSUED this 7th day of August, 2009.

Greg Gonzales, Commissioner
Tennessee Department of Financial Institutions

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Emergency Cease and Desist Order" has been scanned and sent electronically to Jeffrey W. Cavender, General Counsel of Respondent, at j.cavender@taylorbean.com, sent by facsimile to Jeffrey W. Cavender at (678) 742-4933, and deposited with the United States Postal Service ("USPS") to be sent *via* USPS certified mail, return receipt requested, to the Respondent and the Respondent's registered agent as follows:

Jeffrey W. Cavender, General Counsel
Taylor, Bean & Whitaker Mortgage Corp
515 Stilesboro Road
Suite 500, Bldg 500
Kennesaw, Georgia 30152

Taylor, Bean & Whitaker Mortgage Corp
C/O C. T. Corporation System
800 South Gay Street – Suite 2021
Knoxville, Tennessee 37929-9710

On this, the 7th day of August, 2009.

Eric E. Rogers, (BPR #18870)
Staff Attorney, TDFI