COMPOSITE EXHIBIT D PART 8

# COMMONWEALTH OF KENTUCKY
# PUBLIC PROTECTION CABINET
# DEPARTMENT OF FINANCIAL INSTITUTIONS
# ADMINISTRATIVE AGENCY ACTION NO. 2009-AH-53

DEPARTMENT OF FINANCIAL INSTITUTIONS     COMPLAINANT

vs.

## ORDER TO CEASE AND DESIST

TAYLOR BEAN & WHITAKER MORTGAGE CORPORATION     RESPONDENT

Comes now the Commonwealth of Kentucky, by and through the Commissioner of the Department of Financial Institutions ("DFI"), and hereby enters this **Order** directing Taylor Bean & Whitaker Mortgage Corporation ("TBW") to immediately **CEASE AND DESIST** from engaging in all mortgage loan activities in Kentucky except as specifically set forth herein.

## STATEMENT OF FACTS

1. The DFI is responsible for regulating and licensing mortgage loan companies and mortgage loan brokers doing business in Kentucky in accordance with the provisions of Kentucky Revised Statutes (KRS) Chapter 286.8, the Mortgage Loan Company and Mortgage Loan Broker Act (the "Act").

2. On February 1, 2007, TBW was issued a mortgage company license by DFI for the purpose of engaging in the mortgage company business in the Commonwealth of Kentucky with its principal place of business located at 315 N.E. 14th Street, Ocala, Florida, 34470.

3. On August 4, 2009, the Mortgagee Review Board of the U.S. Department of Housing and Urban Development ("HUD") suspended the "HUD/FHA origination and underwriting approval" of TBW effective immediately. The suspension was based upon evidence of violations of HUD requirements under 24 C.F.R. §25.6 by: "(1) failing to timely submit the required annual audit report of its financial condition; (2) submitting a false certification and/or misleading information to Ginnie Mae; (3) failing to report irregularities in connection with its FY 2008 Audit; (4) failing to report irregularities in connection with its loan origination practices; (5) failing to comply with HUD's approval requirements; and (6) submitting false certifications to HUD on TBW's Yearly Verification Report ("YVR")."

4. On August 4, 2009, the Government National Mortgage Association ("Ginnie Mae") provided a "Notice of Default" to TBW regarding certain mortgage-backed securities pools established under Guaranty Agreements between Ginnie Mae and TBW. The default was based upon the following: (1) suspension of TBW FHA approval; (2) TBW's failure to file annual audited financial statements; and (3) TBW making false statements to Ginnie Mae.

5. On August 4, 2009, the Federal Home Loan Mortgage Corporation ("Freddie Mac") terminated TBW's seller and servicer eligibility, with cause, effective immediately, based upon the following determinations: (1) TBW experienced a significant weakness or notable change in its financial or organizational status that could adversely affect Freddie Mac; (2) TBW failed to meet Freddie Mac eligibility requirements as a Seller or Servicer; (3) TBW had been placed on probation or had its activities restricted by a state or federal government agency; (4) TBW had a judgment,

order, finding or regulatory action which could affect its ability to comply with conditions of the Purchase Documents between it and Freddie Mac; (5) TBW's warranty obligations were disproportionate to its capital or assets; and (6) TBW failed to comply or observe terms or provision of the Purchase Documents between it and Freddie Mac.

6. On August 4, 2009, HUD issued a Notice of Proposed Debarment to TBW officers based upon false certifications provided to HUD in TBW's March 31, 2009 YVR, including but not limited to the fact that the YVR failed to disclose enforcement action taken by the DFI in 2008, as well as TBW being the subject of a multi-state examination.

7. On August 5, 2009, TBW issued a press release indicating that "[a]s a result of the [federal administrative] actions, TBW must cease all origination operations effective immediately. Regrettably, TBW will not be able to close or fund any mortgage loans currently pending in its pipeline."

8. TBW has approximately 800 loans unfunded and outstanding relative to Kentucky borrowers or residential properties.

9. Between August 5, 2009 and the date of this Order, several states have issued administrative Cease and Desist Orders against TBW based on the foregoing. Those states include, but are not limited to: Michigan, Tennessee, Maryland, Connecticut, North Carolina, New Jersey, Pennsylvania, Massachusetts, Washington, and Mississippi.

10. In a conference call between TBW and a number of state regulatory agencies, including DFI, TBW advised that all its depository and servicing bank accounts had been frozen indefinitely.

11. As of the issuance of this Order, TBW has not notified DFI specifically of the aforementioned events.

## STATUTORY AUTHORITY

1. Pursuant to KRS 286.8-036(5), every licensed mortgage loan company "shall notify the executive director, in writing, within ten (10) days of the closing of any licensed office or registered Kentucky branch."

2. Pursuant to KRS 286.8-090(1)(a), the Commissioner may issue a cease and desist order upon a finding that the licensee "has failed to comply with the requirements of this subtitle."

3. Pursuant to KRS 286.8-090(1)(b), the Commissioner may issue a cease and desist order upon a finding that the licensee "is unfit through lack of financial responsibility or experience to conduct the business of a mortgage loan company...."

4. Pursuant to KRS 286.8-090(1)(e), the Commissioner may issue a cease and desist order upon a finding that the licensee "is in such a financial condition that he cannot continue in business with safety to his customers."

5. Pursuant to KRS 286.8-090(1)(f), the Commissioner may issue a cease and desist order upon a finding that the licensee "is the subject of an administrative cease and desist order or similar order."

6. Pursuant to KRS 286.8-090(7), the cease and desist order is in addition to any other penalties or remedies which may be available under the Act, including fines, restitution, revocation, or suspension.

## CONCLUSIONS

Based upon the foregoing, the Commissioner has determined as follows:

1. TBW did not have sufficient warehouse funds available to fund, or any other available source of funds for loans relating to approximately 800 Kentucky residential properties or borrowers.

2. TBW is the subject of at least ten (10) administrative cease and desist orders.

3. TBW has no ability to access its depository or servicing accounts at its banking institution because those accounts are frozen; therefore, TBW is unable to transact business effectively for the benefit of Kentucky consumers.

4. TBW failed to notify the Commissioner, in writing, within ten (10) days of closing its operations.

5. Because of the foregoing, and except as specifically provided herein, the Commissioner has determined that it is necessary to order TBW to immediately cease and desist from engaging in mortgage loan activity as defined by the Act.

## ORDER

Based upon the foregoing Statement of Facts, Statutory Authority and Conclusions, the Commissioner **hereby ORDERS** as follows:

1. Except as otherwise provided herein, TBW and any and all officers, directors, managers, employees, independent contractors, or agents operating on its behalf, as well as any successors or assigns, shall immediately **CEASE AND DESIST** engaging in all mortgage loan activities as defined by the Act, which limitation shall include the solicitation, advertisement, or accepting of such activities, either directly or indirectly;

2. TBW shall immediately place any fees previously collected from Kentucky consumers relative to any pending mortgage loan applications in a separate escrow account maintained at a federally insured bank. TBW shall transfer to any new lender all

fees paid by Kentucky consumers whose loans are placed with other lenders. TBW shall return all fees paid by Kentucky consumers whose loans are not placed with other lenders. Within five (5) days of the issuance of this Order, TBW shall provide proof of same to Kathy Stewart, Director of Financial Institutions at kathy.stewart@ky.gov. TBW shall remain under an ongoing obligation to provided updated information to Director Stewart on a weekly basis until all loans relative to Kentucky consumers and residential property have been funded, transferred to a new lender or broker, or withdrawn by the applicant;

3. TBW shall immediately provide a pipeline report for the following categories of loans:

    a.    loans that have closed, but have not yet funded;

    b.    loans that have been approved but that have not closed;

    c.    applications that have been received, but no decision has been made on approving the applications;

    d.    applications that are in the initial stages of review and document gathering; and

The pipeline report shall include the following information:

    a.    the name, address and telephone number of the applicant consumer;

    b    the loan number;

    c.    the rate-lock and expiration date of rate-lock;

    d.    the amount of all prepaid loan fees submitted by the applicant consumer;

  e. the amount of each loan;

  f. the status of the loan;

  g. the purpose of the loan (i.e. purchase or refinance);

  h. contact information for the broker who referred the loan to TBW (if applicable);

  i. status of what is being done with the loan (funded by TBW, referred to another broker/lender, returned to broker, withdrawn by the applicant); and

  j. contact information for the broker/lender where the loan is placed, should TBW not fund the loan itself.

This Pipeline Report shall be updated every Monday at 9:00 a.m. EST and shall be sent to Kathy Stewart, Director of Financial Institutions at kathy.stewart@ky.gov. TBW shall continue to update the Pipeline Report until all of the loans have been funded, placed with another broker or lender, or withdrawn by the applicant;

4. TBW shall immediately provide a Servicing Report for all loans serviced by TBW, and the Servicing report shall include the following information:

  a. the name, address and telephone number of the applicant consumer;

  b the loan number;

  c. the amount of each loan;

  c. the status of the loan; and

  d. any escrow account held by TBW for the benefit of any borrower (e.g., name of financial institutions, account number, balance, and transaction history).

7

This Servicing Report shall be updated every Monday at 9:00 a.m. EST and shall be sent to Kathy Stewart, Director of Financial Institutions at kathy.stewart@ky.gov. TBW shall continue to update the Servicing Report until all of the loans have been funded, placed with another broker or lender, or withdrawn by the applicant;

5. TBW shall comply fully with all the obligations to each consumer who has a mortgage loan currently pending, approved or closed but not funded, including, but not limited to, making every reasonable effort, at no cost or loss to any such consumer, to cause such loans to be placed with another authorized lender or broker so the transaction may be completed;

6. In the event a loan is placed with another broker or lender, TBW shall ensure that the consumer is in the same position with the new lender or broker as the consumer would have been if the loan had been funded with TBW. This includes customers with a rate-lock. TBW shall be responsible to the consumer for any difference or financial loss suffered by the consumer;

7. TBW shall immediately cease and desist from commencing or proceeding with any foreclosure proceedings relative to any Kentucky real property;

8. TBW shall release any liens filed on any Kentucky real property or filed on property owned by Kentucky consumers as a result of a residential mortgage loan closing with TBW but not being funded. In the event that the loan is subsequently funded, TBW may file a lien against the property at that time;

9. TBW shall maintain all required records at its Corporate Office, and allow the Department free access to examine the records as required under the Act;

10. TBW shall provide contact information for an employee of TBW that the DFI may contact with questions as well as contact information for an employee of TBW that consumers and mortgage brokers may contact with questions. This information shall be provided to Kathy Stewart, Director of Financial Institutions at kathy.stewart@ky.gov;

11. Nothing in this Order shall prevent TBW from selling or assigning residential mortgage loans to another entity, servicing mortgage loans, or engaging in other activity not prohibited by the Act or this Order;

12. Within five (5) days of the issuance of this Order, TBW shall submit to the DFI a balance sheet and year-to-date income statement, prepared as of the date of submission, and attested by a duly authorized officer of TBW. This information shall be provided to Kathy Stewart, Director of Financial Institutions at kathy.stewart@ky.gov;

13. Nothing in this Order shall prevent the DFI or any other authority from taking any further administrative or enforcement action under the Act or any other applicable law; and

14. This **ORDER** shall become effective upon receipt.

### NOTICE OF APPEAL RIGHTS

1. You are hereby notified that you have a right to request a hearing in this matter, in writing, within twenty (20) days of the entry date of this Order. If requested, an administrative hearing shall be held pursuant to the provisions of KRS Chapter 13B and 808 KAR 12:030. If a request for a hearing is not filed with DFI within twenty (20) days after the certified mailing of this Order, it shall be made final and shall remain in effect until withdrawn by the Commissioner or terminated by a court order.

2. You are hereby advised that you have a right to legal counsel at all stages of these proceedings, including but not limited to preliminary matters, and including a hearing, if one is requested.

3. You are advised that all parties to these proceedings have a right to examine, at least five (5) days prior to any hearing in this matter, a list of witnesses the parties, including DFI, expect to call at the hearing, any evidence to be used at the hearing, and any exculpatory information in the possession of DFI. The time limits established herein shall accrue from the actual date of the hearing once that date is established. However, no hearing will be set if the parties fail to timely request a hearing.

4. You are advised that any party who fails to attend or participate as required at any stage of the administrative hearing process may be held in default and the proceedings may be determined against the defaulting party.

**IT IS SO ORDERED** on this the 17th day of August, 2009

Charles A. Vice
Commissioner
Department of Financial Institutions

## Certificate of Service

I hereby certify that a copy of the foregoing **Order to Cease and Desist** was sent by certified mail, return receipt requested, on this the 18 day of August, 2009, to the following:

Jeffrey W. Cavender
General Counsel
Taylor Bean & Whitaker Mortgage Corporation
5150 Stilesboro Road
Building 500, Suite 500
Kennesaw, GA 30152

_____
Christine Lewis
Legal Counsel
Department of Financial Institutions
1025 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
(502) 573-3390 Ext. 240
(502) 573-2183 (facsimile)