# COMPOSITE EXHIBIT D PART 10



COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF BANKING

FILED
2009 AUG -6 PM 3:45
PA DEPT OF BANKING

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF BANKING, BUREAU OF COMPLIANCE, INVESTIGATION AND LICENSING<br><br>v.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP. | Docket No.: 09 0148 (ENF-ORD) |

# ORDER

WHEREAS, the Department of Banking ("Department") is the Commonwealth of Pennsylvania's administrative agency authorized and empowered to administer and enforce 7 Pa. C.S. § 6101 et seq. (the "Mortgage Act") and the Proper Conduct of Lending and Brokering in the Mortgage Loan Business Regulation (the "Proper Conduct Reg"), 10 Pa. Code § 46.1 et seq.; and

WHEREAS, the Bureau of Compliance, Investigation and Licensing (the "Bureau") is primarily responsible for administering and enforcing the Mortgage Act for the Department; and

WHEREAS, Taylor Bean is currently licensed as a Mortgage Lender, license no. 23392 under the Mortgage Act; and

WHEREAS, Taylor Bean maintains a corporate location of 315 NE 14th Street, Ocala, FL 34470 (the "Corporate Office") and various branch locations throughout the United States, including 755 Business Center Drive, Suite 150 Horsham, PA 19044; and

WHEREAS, on August 4, 2009, the Bureau became aware through a press release issued by the Department of Housing and Urban Development ("HUD") (the "Press Release") that the

3

Federal Housing Administration ("FHA") had suspended Taylor, Bean & Whitaker from making loans insured by FHA (see attachment A); and

WHEREAS, the Press Release further stated that Government National Mortgage Association ("Ginnie Mae") was defaulting and terminating Taylor, Bean & Whitaker as an issuer in Ginnie Mae's mortgage back security program and would be terminating Taylor, Bean & Whitaker's ability to continue servicing Ginnie Mae securities; and

WHEREAS, the Press Release states that the suspension was issued as a result of Taylor Bean's failure to submit required annual financial reports along with failure to report certain irregular transactions; and

WHEREAS, as of the date of this Order, Taylor Bean has not provided the Department with written notice that it is closing its business; and

WHEREAS, according to a press release by Taylor Bean on August 5, 2009, it was disclosed that the corporation was ceasing all mortgage loan origination operations effective immediately and that it would not close or fund mortgage loans in the pipeline (see attachment B); and

WHEREAS, by not funding mortgage loans in the current pipeline that Taylor Bean had committed to closing, there is a substantial likelihood that Pennsylvania consumers will be harmed; and

WHEREAS, Section 46.2(k)(1) of the Proper Conduct Reg provides that "[a] licensee lender may not refuse or fail to fund a consummated loan. . . ." 10 Pa. Code § 46.2(k)(1); and

WHEREAS, Section 46.3(a) of the Proper Conduct Reg provides that a violation of the Proper Conduct Reg is a violation of the Mortgage Act. 10 Pa. Code § 46.3(a); and

WHEREAS, Section 6138(a)(4) of the Mortgage Act provides the Department with authority to issue orders as may be necessary for the proper conduct of the mortgage loan business and for the enforcement of the Mortgage Act. 7 Pa. C.S. § 6138(a)(4); and

WHEREAS, Section 6131(b) of the Mortgage Act provides that a licensee must provide the Department written notice of any change in information that would be contained in a licensing application within 10 days of becoming aware of the change; and

WHEREAS, Section 6139(a)(3) of the Mortgage Act authorizes the Department to suspend, revoke or refuse to renew a license issued under the Mortgage Act if the licensee has "[e]ngaged in dishonest, fraudulent or illegal practices or conduct in a business or unfair or unethical practices or conduct in connection with the mortgage loan business." 7 Pa. C.S. § 6139(a)(3); and

WHEREAS, Section 6140(b) of the Mortgage Act provides, in relevant part, that "[a] person licensed under this chapter or director, officer, owner, partner, employee or agent of a licensee who violates a provision of this chapter or who commits any action which would subject the licensee to suspension, revocation or nonrenewal under section 6139 may be fined by the department up to $10,000 for each offense." 7 Pa. C.S. § 6140(b); and

WHEREAS, Taylor Bean engaged in dishonest, fraudulent, illegal, unfair and/or unethical business practices by failing to complete and/or fund loans in its pipeline that it has committed to close; and

WHEREAS, Taylor Bean engaged in improper conduct by failing to complete and/or fund loans in its pipeline that it has committed to close; and

AND NOW THEREFORE, since Taylor Bean was not engaged in the proper conduct of a mortgage lender when it refused to complete the pipeline and/or fund loans it has committed to

close, the Bureau, pursuant to its authority referenced above hereby imposes the following Order:

1. <u>Loan Origination</u>. Upon the Effective Date of this Order, Taylor Bean and any and all officers, members, managers, employees, independent contractors, or agents, operating on behalf of Taylor Bean and their successors or assigns, shall immediately cease and desist from accepting applications, soliciting and/or advertising for its wholesale and/or retail businesses in Pennsylvania or to Pennsylvania consumers.

2. <u>Escrow Fees</u>. Upon the Effective Date of this Order, Taylor Bean shall immediately place any fees previously collected from Pennsylvania consumers relative to any pending mortgage loan applications in a separate escrow account maintained at a federally insured bank. Within five days of the Effective date of this Order, Taylor Bean shall provide proof that the fees have been placed in an escrow account maintained at a federally insured bank to Linda Zang, Chief Consumers Services Division at lzang@state.pa.us.

3. <u>Pipeline Reports</u>. Upon the Effective Date of this Order, Taylor Bean shall provide a pipeline report for the following categories of loans:

   a. loans that have closed, but have not yet funded;

   b. loans that have been approved but that have not closed;

   c. applications that have been received, but no decision has been made on approving the applications; and

   d. applications that are in the initial stages of review and document gathering.

The pipeline report shall include the following information:

   i. the name, address and telephone number of the applicant consumer;

    ii.    the loan number;

    iii.    the amount of all prepaid loan fees submitted by the applicant consumer;

    iv.    the amount of each loan;

    v.    the status of the loan;

    vi.    the purpose of the loan (i.e. purchase or refinance);

    vii.    contact information for the broker who referred the loan to Taylor Bean (if applicable); a

    viii.    status of what is being done with the loan (funded by Taylor Bean, referred to another broker/lender, returned to broker, withdrawn by the applicant); and

    ix.    contact information for the broker/lender where the loan is placed, should Taylor Bean not fund the loan itself.

This Pipeline Report shall be updated every Monday at 9:00 A.M. Eastern Time and shall be sent to Linda Zang, Chief Consumer Services Division at lzang@state.pa.us. Taylor Bean shall continue to update the Pipeline Report until all of the loans have been funded, placed with another broker or lender, or withdrawn by the applicant. Taylor Bean shall ensure that the consumer is in the same position with the new lender or broker as the consumer would have been if the loan had been funded with Taylor Bean.

    4.    <u>Liens</u>. Upon the Effective Date of this Order, Taylor Bean shall release any liens filed on any Pennsylvania real property or filed on property owned by Pennsylvania consumers as a result of a residential mortgage loan closing with Taylor Bean but not being funded. In the event that the loan is subsequently funded, Taylor Bean may file a lien against the property at that time.

5. <u>Recordkeeping</u>. Upon the Effective Date of this Order, Taylor Bean shall maintain all required records at its Corporate Office, and allow the Department free access to examine the records as required under Section 6135(a)(2) of the Mortgage Act.

6. <u>Contact Information</u>. Upon the Effective Date of this Order, Taylor Bean shall provide contact information for an employee of Taylor Bean that Department employees may contact with questions as well as contact information for an employee of Taylor Bean that consumers and mortgage brokers may contact with questions. This information shall be provided to Linda Zang, Chief Consumer Services Division at lzang@state.pa.us.

7. <u>Non-Prohibited Conduct</u>. Nothing in this Order shall prevent Taylor Bean from selling or assigning residential mortgage loans to another entity, servicing closed mortgage loans or engaging in other activity not prohibited by the Mortgage Act or this Order.

8. <u>Financials</u>. Within five (5) days of the Effective Date of this Order, Taylor Bean shall submit to the Department Taylor Bean's balance sheet and year-to-date income statement, prepared as of the date of submission, and attested by a duly authorized officer of the Corporation. The balance sheet shall indicate Taylor Bean cash position at each of its depository banks as well as Taylor Bean's bank account information. The balance sheet and year-to-date statement shall be sent to Linda Zang, Chief Consumer Services Division at lzang@state.pa.us.

9. <u>Reservation of Rights</u>. Nothing in this Order shall prevent the Bureau from taking any further administrative action under the authority of the Mortgage Act.

IT IS SO ORDERED.

_____
Ryan Walsh, Administrator
Department of Banking,
Bureau of Compliance, Investigation and Licensing

_August 6, 2009_
(Date)

ATTACHMENT A



# News Release

- Information by State
- Esta página en español
- Print version

HUD No. 09-145
Brian Sullivan
(202) 708-0685
www.hud.gov/news/

For Release
Tuesday
August 4, 2009

## FHA SUSPENDS TAYLOR, BEAN & WHITAKER MORTGAGE CORP. AND PROPOSES TO SANCTION TWO TOP OFFICIALS
*Ginnie Mae Issues Default Notice and Transfers Portfolio*

WASHINGTON - The Federal Housing Administration (FHA) today suspended Taylor, Bean and Whitaker Mortgage Corporation (TBW) of Ocala, Florida, thereby preventing the Company from originating and underwriting new FHA-insured mortgages. The Government National Mortgage Association (Ginnie Mae) is also defaulting and terminating TBW as an issuer in its Mortgage-Backed Securities (MBS) program and is ending TBW's ability to continue to service Ginnie Mae securities. This means that, effective immediately, TBW will not be able to issue Ginnie Mae securities, and Ginnie Mae will take control of TBW's nearly $25 billion Ginnie Mae portfolio.

FHA and Ginnie Mae are imposing these actions because TBW failed to submit a required annual financial report and misrepresented that there were no unresolved issues with its independent auditor even though the auditor ceased its financial examination after discovering certain irregular transactions that raised concerns of fraud. FHA's suspension is also based on TBW's failure to disclose, and its false certifications concealing, that it was the subject of two examinations into its business practices in the past year.

"Today, we suspend one company but there is a very clear message that should be heard throughout the FHA lending world - operate within our standards or we won't do business with you," said HUD Secretary Shaun Donovan.

FHA Commissioner David Stevens said, "TBW failed to provide FHA with financial records that help us to protect the integrity of our insurance fund and our ability to continue a 75-year track record of promoting, preserving and protecting the American Dream. We were also troubled that the Company not only failed to disclose it was a target of a multi-state examination and a separate action by the Commonwealth of Kentucky, but then falsely certified that it had not been sanctioned by any state. FHA won't tolerate irresponsible lending practices."

Ginnie Mae President Joseph Murin said, "I would like to reassure TBW's customers whose loans serve as collateral for Ginnie Mae securities that, although this action will result in a new servicer, the transition will be seamless for them."

TBW's immediate suspension is for a temporary period pending the completion of an investigation by HUD's Office of Inspector General, an ongoing review by the Department's Office of Housing, and any legal proceedings that may ensue. TBW is the third largest direct endorsement lender of FHA-insured loans and the eighth largest issuer of Ginnie Mae mortgage-backed securities. FHA decided that TBW's immediate suspension is in the best interest of the public and is necessary to protect the financial interests of the Department.

TBW may appeal its immediate suspension by submitting a written request for a hearing before an Administrative Law Judge within 30 days. Such a request will not delay the action FHA is announcing today.

In conjunction with TBW's suspension, HUD sent notices of proposed debarment to TBW's Chief Executive Officer, Paul R. Allen, and TBW's President, Ray Bowman. Mr. Allen's proposed debarment alleges that he submitted false and/or misleading information to Ginnie Mae regarding TBW's delay in submitting its audited financial reports for fiscal year ending on March 31, 2009. Mr. Bowman's proposed debarment alleges that he submitted two false certifications to HUD on TBW's Yearly Verification Report. Mr. Allen and Mr. Bowman have thirty days to contest the proposed debarments.

###

*HUD is the nation's housing agency committed to sustaining homeownership; creating affordable housing opportunities for low-income Americans; and supporting the homeless, elderly, people with disabilities and people living with AIDS. The Department also promotes economic and community development and enforces the nation's fair housing laws.*

*Ginnie Mae is a wholly-owned government corporation within the U.S. Department of Housing and Urban Development. Ginnie Mae pioneered the mortgage-backed security (MBS), guaranteeing the very first security in 1971. An MBS enables a mortgage lender to aggregate and sell mortgage loans as a security to investors. Ginnie Mae securities carry the full faith and credit of the United States Government, which means that, even in difficult times, an investment in Ginnie Mae is one of the safest an investor can make.*

*More information about HUD and Ginnie Mae is available on the Internet at www.hud.gov, espanol.hud.gov and www.ginniemae.gov.*

U.S. Department of Housing and Urban Development
451 7th Street, S.W., Washington, DC 20410
Telephone: (202) 708-1112 Find the address of a HUD office near you

ATTACHMENT B



PRESS RELEASE

August 5, 2009

# TAYLOR BEAN MUST CEASE ALL ORIGINATION OPERATIONS EFFECTIVE IMMEDIATETLY

OCALA, FLORIDA – TAYLOR, BEAN & WHITAKER MORTGAGE CORP. ("TBW") RECEIVED NOTIFICATION ON AUGUST 4, 2009 FROM THE U.S DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, FREDDIE MAC AND GINNIE MAE (THE "AGENCIES") THAT IT WAS BEING TERMINATED AND/OR SUSPENDED AS AN APPROVED SELLER AND/OR SERVICER FOR EACH OF THOSE RESPECTIVE FEDERAL AGENCIES. TBW HAS UNSUCCESSFULLY SOUGHT TO HAVE THE TERMINATION/SUSPENSION DECISIONS OF EACH OF THOSE AGENCIES REVERSED. AS A RESULT OF THESE ACTIONS, TBW MUST CEASE ALL ORIGINATION OPERATIONS EFFECTIVE IMMEDIATELY. REGRETTABLY, TBW WILL NOT BE ABLE TO CLOSE OR FUND ANY MORTGAGE LOANS CURRENTLY PENDING IN ITS PIPELINE. TBW IS COOPERATING WITH EACH OF THE AGENCIES WITH RESPECT TO ITS SERVICING OPERATIONS AND EXPECTS TO CONTINUE TO SERVICE MORTGAGE LOANS AS IT RESTRUCTURES ITS BUSINESS IN THE WAKE OF THESE EVENTS. WE UNDERSTAND THAT THIS COULD HAVE A SIGNIFICANT IMPACT ON OUR VALUED EMPLOYEES, CUSTOMERS AND COUNTERPARTIES, AND ARE VERY DISAPPOINTED THAT A LESS DRASTIC OPTION IS UNAVAILABLE.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF BANKING, BUREAU OF COMPLIANCE, INVESTIGATION AND LICENSING<br><br>v.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP. | Docket No.: 09 0148 (ENF-ORD) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Order upon the parties below, who constitute the only parties of record in this proceeding, in accordance with the requirements of 1 Pa. Code § 33.37:

### BY CERTIFIED AND FIRST CLASS MAIL AND FASCIMILE

Jeffery W. Cavender, General Counsel
Taylor, Bean & Whitaker Mortgage Corp.
5150 Stilesboro Road
Building 500, Suite 500
Kennesaw, GA 30152
Facsimile (678)742-4933

Dated this 6th day of August, 2009.

Lauren A. Sassani
Assistant Counsel
Attorney I.D. # 203016
FOR: Commonwealth of Pennsylvania
Department of Banking
17 North Second Street, Suite 1300
Harrisburg, PA 17101
(717) 787-1471