UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER                  Case No. 3:09-bk-07047-JAF
MORTGAGE CORP.,
                                         Chapter 11
          Debtor.

_____/

### MOTION OF SOVEREIGN BANK, AS AGENT, FOR ADEQUATE PROTECTION OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

Sovereign Bank, in its capacity as agent (in such capacity, "**Sovereign**") for various lenders under a pre-petition Servicing Facility Agreement (as defined below) with Taylor, Bean & Whitaker Mortgage Corp. (the "**Debtor**"), hereby moves the Court for entry of an order providing adequate protection of Sovereign's secured claims related to its Collateral (as defined below), pursuant to Sections 105 and 361 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").  Alternatively, if the Debtor does not or cannot provide Sovereign with adequate protection, Sovereign requests that the Court grant it relief from the automatic stay, pursuant to Section 362 of the Bankruptcy Code, to enforce such rights and remedies under the Servicing Facility Agreement that it deems appropriate, including, without limitation, the ability to sell the rights to service the mortgage loans. In support hereof, Sovereign respectfully represents as follows:

### Background

1.      Sovereign is the agent under that certain Sixth Amended and Restated Servicing Facility Loan and Security Agreement dated as of May 15, 2009 by and among the Debtor, the lenders party thereto and their successors (the "**Lenders**") and Sovereign, as

Agent (the "**Servicing Facility Agreement**").  A copy of the Servicing Facility Agreement (without exhibits) is attached hereto as <u>Exhibit A</u>. Pursuant to previous versions of the Servicing Facility Agreement, the Lenders established a servicing line of credit for the Debtor, whereby each Lender advanced (the "**Advances**") proceeds to the Debtor based on receivables due to the Debtor as servicer for certain mortgage loans.

2.      As of the date of the commencement of this case, the Debtor owed the Lenders approximately $164.9 million under the Servicing Facility Agreement.   The Debtor's obligations under the Servicing Facility Agreement are secured by liens on substantially all of the Debtor's assets deriving from its servicing contracts and agreements and servicing rights (the "**Collateral**").  A copy of the Uniform Commercial Code Financing Statements evidencing the liens are attached hereto as <u>Composite Exhibit B</u>.

3.      Until very recently, the Debtor was the largest independent (i.e., non-depository owned) mortgage lender in the United States.   Its business consisted of (a) originating, underwriting, processing, and funding conforming conventional and government-insured residential mortgage loans; (b) selling mortgage loans into the secondary market to government-sponsored enterprises such as the Federal Home Loan Mortgage Corporation ("**Freddie Mac**") and the Governmental National Mortgage Association ("**Ginnie Mae**"), as well as to certain private investors; and (c) servicing payments on mortgage loans.  It is those payments for servicing mortgage loans (the "**Servicing Fees**") that constitute the Collateral.  Upon information and belief, cash flows from the Servicing Fees constitute approximately 75% of the Debtor's revenue.  The Servicing Fees are derived from pools of mortgages owned by the Ginnie Mae, Freddie Mac, and private investors.

Upon information and belief, the outstanding balance of the pools of mortgages owned by (a) Ginnie Mae is approximately $26 billion, (b) Freddie Mac is approximately $15-16 billion, and (c) private investors is approximately $3 billion.

4.      On August 4, 2009, the United States Department of Housing and Urban Development sent a letter informing the Debtor that its HUD/FHA origination and underwriting approval had been suspended.  On that same day, Ginnie Mae and Freddie Mac each sent a letter terminating the Debtor's eligibility to sell and service mortgage loans under their respective agreements.

5.      On August 7, 2009, Sovereign sent a letter notifying the Debtor that it was in default under the Servicing Facility Agreement and declaring the entire outstanding amount owed under the Servicing Facility Agreement to be immediately due and payable (the "**Default Letter**").

6.      Since receiving the Default Letter, the Debtor has failed to make any payments to Sovereign, as agent for the Lenders.

<u>**Relief Requested and the Reasons Therefor**</u>

7.      Sovereign requests that the Court enter an order pursuant to Sections 105 and 361 of the Bankruptcy Code authorizing and directing the Debtor to (a) protect Sovereign's interest in the Collateral to avoid any diminution in value of the Collateral and (b) account for the Service Fees and segregate proceeds thereof for the benefit of Sovereign.

8.      Alternatively, if the Debtor does not or cannot provide Sovereign with adequate protection, Sovereign requests that the Court grant it relief from the automatic stay under section 362 of the Bankruptcy Code to enforce such rights and remedies under the

3

Servicing Facility Agreement as it deems appropriate including, without limitation, the ability to sell the rights to service the mortgage loans.

9.      The Debtor's offices were shut down over three weeks ago.  Sovereign has not received any information with respect to the actions, if any, the Debtor has taken to protect Sovereign's interest in the Collateral.  Therefore, the Debtor must account for any proceeds of Collateral received and segregate such proceeds for the benefit of Sovereign.

10.     If the Debtor is not able to protect, maintain, and preserve Sovereign's interest in the Collateral, Sovereign is entitled to relief under Section 362(d)(1) of the Bankruptcy Code.  While the Debtor maintains possession of and control over the Collateral, the Collateral cannot be sold and the full value of the Collateral cannot be realized by Sovereign. Such a sale would benefit the Debtor's estate by reducing the amount it owes under the Servicing Facility Agreement.

11.     Upon information and belief, Freddie Mac and Ginnie Mae have taken the position that the Debtor and its estate no longer has a property interest in the Collateral.  If that turns out to be true, Sovereign requests that it be granted relief from the automatic stay to take whatever actions it deems necessary to protect its interests in the Collateral for the benefit of the Lenders.

4

WHEREFORE, Sovereign requests that the Court enter an order authorizing and directing the Debtor to protect Sovereign's interest in the Collateral and segregate and account for Servicing Fees.  In the alternative, Sovereign requests the entry of an order granting Sovereign relief from the automatic stay to enforce its rights under the Servicing Facility Agreement and for such other and further relief as is just.

Dated:  August 26, 2009                              Respectfully submitted,


 /s/ Robert A. Soriano            
Robert A. Soriano (FBN 445002)
E-mail: sorianor@gtlaw.com
GREENBERG TRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone:  (813) 318-5700
Facsimile:   (813) 318-5900
*Attorneys for Sovereign Bank, as Agent*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion of Sovereign Bank for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay has been served this 26th day of August, 2009 to all parties participating in CM/ECF Electronic Noticing and by U.S. Mail to:

> Taylor, Bean & Whitaker Mortgage Corp.
> 315 N.E. 14th Street
> Ocala, FL  34470
>
> Edward J. Peterson, III
> Stichter, Riedel, Blain & Prosser, P.A.
> 110 East Madison Street, Suite 200
> Tampa, FL  33602
>
> United States Trustee - JAX
> 135 West Central Boulevard, Suite 620
> Orlando, FL  32801

and the 1007D list of unsecured creditors and parties listed on the attached matrix.

_/s/ Robert A. Soriano_____
Attorney

6

TPA511,300,517