UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Case No. 3:09−bk−07047−JAF
Chapter 11

Taylor, Bean & Whitaker Mortgage Corp.

_____Debtor(s)_____/

ORDER AUTHORIZING DEBTOR−IN−POSSESSION TO OPERATE BUSINESS

Pursuant to Section 1108 of the Fed. R. Bank. P. and Local Rule 2081−1 of the Middle District of Florida the debtor−in−possession is entitled to operate its business during the pendency of the case. It appears to be appropriate, in order to safeguard the estate, to impose certain specific terms and conditions. It is

ORDERED:

1. The debtor shall continue in possession and control of its property and, as debtor−in−possession, is authorized to operate its business and manage its property, and shall have the powers of a trustee as provided by Section 1108 of the Bankruptcy Code.

2. The debtor−in−possession is authorized, subject to the control of the Court, to operate its business and manage its property, and to employ, discharge, fix the salaries and compensations of all managers, agents, and employees, except salaries and compensation of the debtor or its attorneys, officers, directors, and stockholders, whose compensation shall be determined by the Court; however, the debtor−in−possession may separately request authorization to pay its employees wages for the pay period immediately preceding the petition.

3. Subject to the provisions of Section 363 and Section 365 of the Bankruptcy Code and the notice requirements of the Fed. R. Bank. P. 2002, the debtor−in−possession may use, sell or lease property of the estate.

4. The debtor−in−possession is authorized to pay all necessary and current expenses of operating its business, including taxes incurred in the operation of the business or imposed on its property, to the extent that such payments are necessary to preserve the assets or operate the business; however, unless ordered by the Court or authorized herein, such payments may only be made for post−petition obligations.

5. Unless otherwise ordered by the Court, the debtor−in−possession, consistent with Section 345 of the Bankruptcy Code, is authorized to open and maintain bank accounts for the deposit, investments, and disbursement of monies of the estate.

6. Unless otherwise ordered by the Court, the debtor−in−possession is directed to segregate all monies withheld from employees or collected for taxes, to deposit these monies in a separate bank account, and to pay them over to the proper authorities when due.

7. Unless otherwise ordered by the Court, the debtor−in−possession shall close its present books of account and shall open and maintain new books of account as of the date of the petition, showing all earnings, expenses, receipts and disbursements of the debtor subsequent to such date, and shall preserve proper voucher for all payments.

8. The debtor–in–possession may institute, defend, intervene, and subject to the notice provisions of the Fed. R. Bank. P. 2002, compromise any action or legal proceeding on behalf of or against the estate.

9. The debtor–in–possession shall file with the Court by the twentieth day of the month succeeding the reporting period:

    a. a monthly cash flow statement reflecting all income and all expenses paid during the month of the report;

    b. a monthly accounts receivable, aging, and reconciliation report;

    c. a monthly outstanding accounts payable and current indebtedness report;

    d. a monthly inventory report;

    e. a monthly bank account reconciliation report showing for each account, the account number, opening balance at the beginning of the month, amount disbursed, amount deposited, and the closing balance. This pertains to payroll accounts as well. The report shall also include a list of all checks by number, date written, name of payee, consideration and amount;

    f. verification of Federal Tax Deposit;

    g. executive officer compensation and personnel report;

    h. confirmation of Worker's Compensation insurance and other insurance;

    i. a personal property inventory and disposition report;

    j. statement under penalty of perjury signed by the debtor.

10. These conditions and the limitations imposed on the debtor–in–possession by the Bankruptcy Code Section 704(7) and the Fed. R. Bank. P. 2015(3) shall remain in full force and effect unless vacated or modified by the Court, the plan is confirmed, the case is dismissed or converted, and the Court retains jurisdiction to alter, modify, amend, revoke, enforce and impose sanctions with respect to each provision of this Order.

Dated August 25, 2009.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:
Debtor(s)
Debtor(s)' Attorney
United States Trustee

# CERTIFICATE OF NOTICE

```
District/off: 113A-3        User: hnancy           Page 1 of 1              Date Rcvd: Aug 25, 2009
Case: 09-07047              Form ID: 31603         Total Noticed: 1
```

The following entities were noticed by first class mail on Aug 27, 2009.
```
db           +Taylor, Bean & Whitaker Mortgage Corp.,   315 N.E. 14th St.,   Ocala, FL 34470-4112
```
The following entities were noticed by electronic transmission.
NONE.                                                                                    TOTAL: 0

   ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 27, 2009**              **Signature:**        *Joseph Speetjens*