Exhibit 1 - Trusts

Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("CSAB 2007-1")

Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-4 ("CSMC 2007-4")

Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-6 ("CSMC 2007-6")

Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-7 ("CSMC 2007-7")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2006-1 ("TBW 2006-1")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2006-2 ("TBW 2006-2")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2006-3 ("TBW 2006-3")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2006-4 ("TBW 2006-4")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2006-5 ("TBW 2006-5")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2006-6 ("TBW 2006-6")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2007-1 ("TBW 2007-1")

TBW Mortgage-Backed Trust, Mortgage Pass-Through Certificates, Series 2007-2 ("TBW 2007-2")

Exhibit 2 – List of Pooling Agreements

**TBW MORTGAGE-BACKED TRUST 2006-1,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-1**
Pooling and Servicing Agreement, dated as of March 1, 2006, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, Taylor, Bean & Whitaker Mortgage Corp., as servicer, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST 2006-2,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-2**
Pooling and Servicing Agreement, dated as of April 1, 2006, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, Taylor, Bean & Whitaker Mortgage Corp., as servicer, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST 2006-3,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-3**
Trust Agreement, dated as of June 1, 2006, by and among Structured Asset Securities Corporation, as depositor, Wells Fargo Bank, N.A., as master servicer and securities administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST 2006-4,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-4**
Pooling and Servicing Agreement dated as of August 1, 2006, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, Taylor, Bean & Whitaker Mortgage Corp., as servicer, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST SERIES 2006-5,**
**MORTGAGE-BACKED PASSTHROUGH CERTIFICATES, SERIES 2006-5**
Pooling and Servicing Agreement, dated as of October 1, 2006, by and among BNP Paribas Mortgage Securities LLC, as depositor, Wells Fargo Bank, N.A., as master servicer and securities administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST 2006-6,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-6**
Pooling and Servicing Agreement, dated as of December 1, 2006, by and among Mortgage Asset Securitization Transactions, Inc., as depositor, UBS Real Estate Securities Inc., as transferor, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST 2007-1,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1**
Pooling and Servicing Agreement, dated as of February 1, 2007, by and among Mortgage Asset Securitization Transactions, Inc., as depositor, UBS Real Estate Securities Inc., as transferor, Wells Fargo Bank, N.A., as master servicer and trust administrator, and The Bank of New York, as trustee.

**TBW MORTGAGE-BACKED TRUST 2007-2,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2**
Pooling and Servicing Agreement, dated as of May 1, 2007, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, Taylor, Bean & Whitaker Mortgage Corp., as servicer, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSAB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, 2007-1**
Pooling and Servicing Agreement dated as of April 1, 2007, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as servicer, master servicer and trust administrator, Universal Master Servicing, LLC, as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-4**
Pooling and Servicing Agreement dated as of May 1, 2007, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as servicer, master servicer and trust administrator, Universal Master Servicing, LLC, as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-6**
Series Supplement to the Standard Terms of Pooling and Servicing Agreement, dated as of September 1, 2007, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as servicer, master servicer and trust administrator, Bank of America, National Association, as servicer, Universal Master Servicing, LLC, as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-7**

Pooling and Servicing Agreement dated as of November 1, 2007, *as amended*, by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as servicer, master servicer and trust administrator, Universal Master Servicing, LLC, as servicer, Banco Popular de Puerto Rico, as servicer and back-up servicer, Greenpoint Mortgage Funding, Inc., as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee.

Exhibit 4 – List of Servicing Agreements

**TBW MORTGAGE-BACKED TRUST SERIES 2006-1,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-1**
Securitization Servicing Agreement, dated as of March 1, 2006, among Taylor, Bean & Whitaker Mortgage Corp., as servicer, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST SERIES 2006-2,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-2**
Securitization Servicing Agreement, dated as of April 1, 2006, among Taylor, Bean & Whitaker Mortgage Corp., as servicer, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST SERIES 2006-3,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-3**
Securitization Servicing Agreement, dated as of June 1, 2006, among Taylor, Bean & Whitaker Mortgage Corp., as servicer, Lehman Brothers Holdings Inc., as seller, Wells Fargo, as master servicer and securities administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST SERIES 2006-4,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-4**
Securitization Servicing Agreement dated as of August 1, 2006, by and among Taylor, Bean & Whitaker Mortgage Corp., as servicer, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**TBW MORTGAGE-BACKED TRUST SERIES 2006-5,**
**MORTGAGE-BACKED PASSTHROUGH CERTIFICATES, SERIES 2006-5**
Master Mortgage Loan Purchase and Servicing Agreement, dated as of October 1, 2006, by and between Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, and BNP Paribas Mortgage Corp., as initial purchaser, *as modified by* that certain Assignment, Assumption and Recognition Agreement, dated as of October 26, 2006, by and among BNP Paribas Mortgage Corp., as assignor, BNP Paribas Mortgage Securities LLC, as assignee, and Taylor, Bean & Whitaker Mortgage Corp., as the company.

**TBW MORTGAGE-BACKED TRUST 2006-6,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-6**
Mortgage Loan Purchase and Servicing Agreement, dated as of December 1, 2006, by and between UBS Real Estate Securities Inc. as purchaser, and Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, *as modified by* that certain Reconstituted Servicing Agreement, dated as of December 1, 2006, by and between Mortgage Asset Securitization Transactions, Inc., as depositor, and Taylor, Bean & Whitaker Mortgage Corp., as company and servicer.

**TBW MORTGAGE-BACKED TRUST 2007-1,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1**
Mortgage Loan Purchase and Servicing Agreement, dated as of February 1, 2007, by and between UBS Real Estate Securities Inc. as purchaser, and Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, *as modified by* that certain Reconstituted Servicing Agreement, dated as of February 27, 2007, by and between Mortgage Asset Securitization Transactions, Inc., as depositor, and Taylor, Bean & Whitaker, Mortgage Corp., as company and servicer.

**TBW MORTGAGE-BACKED TRUST SERIES 2007-2,**
**MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2**
Securitization Servicing Agreement, dated as of May 1, 2007, by and among Taylor, Bean & Whitaker Mortgage Corp., as servicer, DLJ Mortgage Capital, Inc., as seller, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSAB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, 2007-1**
Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007, by and between DLJ Mortgage Capital, Inc., as purchaser, and Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, *as modified by* that certain Reconstituted Servicing Agreement, dated as of April 1, 2007, by and among DLJ Mortgage Capital, Inc., Taylor, Bean & Whitaker Mortgage Corp., as servicer, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-4**
Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007, by and between DLJ Mortgage Capital, Inc., as purchaser, and Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, *as modified by* that certain Reconstituted Servicing Agreement, dated as of May 1, 2007, by and among DLJ Mortgage Capital, Inc., Taylor, Bean & Whitaker Mortgage Corp., as servicer, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-6**
Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007, by and between DLJ Mortgage Capital, Inc., as purchaser, and Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, *as modified by* that certain Reconstituted Servicing Agreement, dated as of September 1, 2007, by and among DLJ Mortgage Capital, Inc., Taylor, Bean & Whitaker Mortgage Corp., as servicer, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,**
**CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-7**

Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007, by and between DLJ Mortgage Capital, Inc., as purchaser, and Taylor, Bean & Whitaker Mortgage Corp., as seller and servicer, *as modified by* that certain Reconstituted Servicing Agreement, dated as of November 1, 2007, by and among DLJ Mortgage Capital Inc., Taylor, Bean & Whitaker Mortgage Corp., as servicer, Wells Fargo Bank, N.A., as master servicer and trust administrator, and U.S. Bank National Association, as trustee.

Exhibit 9 – Notices of Event of Default and Termination dated August 13, 2009



Wells Fargo Bank, National Association
Sixth and Marquette
MAC N9311-161
Minneapolis, Minnesota 55479

To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,
CSAB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of April 1, 2007 (the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo, as servicer, Master Servicer and Trust Administrator, Universal Master Servicing, LLC, as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Designated Servicer (in such capacity, the "Designated Servicer") for the above-referenced transaction pursuant to the Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007 (the "Underlying Servicing Agreement"), by and between DLJ Mortgage Capital, Inc., as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of April 1, 2007 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and among DLJ Mortgage Capital Inc., TBW, as servicer, Wells Fargo, as Master Servicer and Trust Administrator, and U.S. Bank National Association, as trustee. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

**I.    Designated Servicer Event of Default: Failure to Meet Freddie Mac Qualifications and Maintain Status as HUD-approved Mortgagee**

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. Also on such date, the U.S. Department of Housing and Urban Development ("HUD") issued a press release announcing the suspension of TBW by the Federal Housing Administration ("FHA") from originating and underwriting new FHA insured mortgages. In response to such action of Freddie Mac and HUD, the Master Servicer hereby provides notice that an Event of Default with respect to the Designated Servicer exists under Section 8.01(ix) of

the Underlying Servicing Agreement, as modified by Paragraph 8(E) of the RSA, which provides that an Event of Default shall occur if the Designated Servicer, in its capacity as Seller, ceases to meet the eligibility criteria set forth in the second paragraph of Section 7.02 of the Underlying Servicing Agreement, which section requires, *inter alia,* the Designated Servicer shall be a HUD-approved mortgagee whose primary business is in origination and servicing of first lien mortgage loans, and a Freddie Mac approved seller/servicer in good standing.

## III.  Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Underlying Servicing Agreement, the Master Servicer, by this notice does hereby terminate all rights and obligations of the Designated Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Designated Servicer under the Servicing Agreement, whether with respect to the Serviced Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as a Designated Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 11.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Designated Servicer from the date of this notice until the date of the appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Sections 8.01 and 11.01 of the Servicing Agreement, the Master Servicer hereby requests that the Designated Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Designated Servicer's sole expense:

(a)  prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(b)  place in such successor servicer's possession all Servicing Files;

(c)  do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Serviced Mortgage Loans and related documents, at the Designated Servicer's sole expense;

(d)  cooperate with the Master Servicer as successor servicer in effecting the termination of the Designated Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Designated Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Serviced Mortgage Loans or any REO Property; and

LEGAL02/31463487v1

(e)     shall account for all funds.

Please note that pursuant to Section 7.01 of the Servicing Agreement, TBW as Designated Servicer is obligated to reimburse Wells Fargo as Master Servicer for, including but not limited to, all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.


Dated:  August 13, 2009                    WELLS FARGO BANK, N.A.
                                           as Master Servicer

                                           By:    _Mary L. Sohlberg_
                                           Name:  _Mary L. Sohlberg_
                                           Title: _Vice President_

LEGAL02/31463487v1

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Ray Bowman, President

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

LEGAL02/31463487v1



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,
CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-4

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of May 1, 2007 (the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo, as servicer, Master Servicer and Trust Administrator, Universal Master Servicing, LLC, as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Designated Servicer (in such capacity, the "Designated Servicer") for the above-referenced transaction pursuant to the Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007 (the "Underlying Servicing Agreement"), by and between DLJ Mortgage Capital, Inc., as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of May 1, 2007 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and among DLJ Mortgage Capital Inc., TBW, as servicer, Wells Fargo, as Master Servicer and Trust Administrator, and U.S. Bank National Association, as trustee. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

## I. Designated Servicer Event of Default: Failure to Meet Freddie Mac Qualifications and Maintain Status as HUD-approved Mortgagee

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. Also on such date, the U.S. Department of Housing and Urban Development ("HUD") issued a press release announcing the suspension of TBW by the Federal Housing Administration ("FHA") from originating and underwriting new FHA insured mortgages. In response to such action of Freddie Mac and HUD, the Master Servicer hereby provides notice that an Event of Default with respect to the Designated Servicer exists under Section 8.01(ix) of

the Underlying Servicing Agreement, as modified by Paragraph 8(E) of the RSA, which provides that an Event of Default shall occur if the Designated Servicer, in its capacity as Seller, ceases to meet the eligibility criteria set forth in the second paragraph of Section 7.02 of the Underlying Servicing Agreement, which section requires, *inter alia*, the Designated Servicer shall be a HUD-approved mortgagee whose primary business is in origination and servicing of first lien mortgage loans, and a Freddie Mac approved seller/servicer in good standing.

## III. Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Underlying Servicing Agreement, the Master Servicer, by this notice does hereby terminate all rights and obligations of the Designated Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Designated Servicer under the Servicing Agreement, whether with respect to the Serviced Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as a Designated Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 11.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Designated Servicer from the date of this notice until the date of the appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Sections 8.01 and 11.01 of the Servicing Agreement, the Master Servicer hereby requests that the Designated Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Designated Servicer's sole expense:

    (a)    prepare, execute and deliver to the successor servicer any and all documents and other instruments;

    (b)    place in such successor servicer's possession all Servicing Files;

    (c)    do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Serviced Mortgage Loans and related documents, at the Designated Servicer's sole expense;

    (d)    cooperate with the Master Servicer as successor servicer in effecting the termination of the Designated Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Designated Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Serviced Mortgage Loans or any REO Property; and

- 2 -

(e)     shall account for all funds.

Please note that pursuant to Section 7.01 of the Servicing Agreement, TBW as Designated Servicer is obligated to reimburse Wells Fargo as Master Servicer for, including but not limited to, all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009               WELLS FARGO BANK, N.A.
                                      as Master Servicer

                                      By: _Mary L. Sohlberg_
                                      Name: _Mary L. Sohlberg_
                                      Title: _Vice President_

LEGAL02/31463500v1

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Ray Bowman, President

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration



Wells Fargo Bank, National Association
Sixth and Marquette
MAC N9311-161
Minneapolis, Minnesota 55479

To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,
CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-6

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to the Series Supplement to the Standard Terms of Pooling and Servicing Agreement, dated as of September 1, 2007 (collectively, the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo, as servicer, Master Servicer and Trust Administrator, Bank of America, National Association, as servicer, Universal Master Servicing, LLC, as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Designated Servicer (in such capacity, the "Designated Servicer") for the above-referenced transaction pursuant to the Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007 (the "Underlying Servicing Agreement"), by and between DLJ Mortgage Capital, Inc., as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of September 1, 2007 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and among DLJ Mortgage Capital Inc., TBW, as servicer, Wells Fargo, as Master Servicer and Trust Administrator, and U.S. Bank National Association, as trustee. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

I.  **Designated Servicer Event of Default: Failure to Meet Freddie Mac Qualifications and Maintain Status as HUD-approved Mortgagee**

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. Also on such date, the U.S. Department of Housing and Urban Development ("HUD") issued a press release announcing the suspension of TBW by the Federal Housing Administration ("FHA") from originating and underwriting new FHA insured mortgages. In response to

such action of Freddie Mac and HUD, the Master Servicer hereby provides notice that an Event of Default with respect to the Designated Servicer exists under Section 8.01(ix) of the Underlying Servicing Agreement, as modified by Paragraph 8(H) of the RSA, which provides that an Event of Default shall occur if the Designated Servicer, in its capacity as Seller, ceases to meet the eligibility criteria set forth in the clauses enumerated (i) – (iii) in the second paragraph of Section 7.02 of the Underlying Servicing Agreement, which section requires, *inter alia*, the Designated Servicer shall be a HUD-approved mortgagee whose primary business is in origination and servicing of first lien mortgage loans, and a Freddie Mac approved seller/servicer in good standing.

## III.  Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Underlying Servicing Agreement, the Master Servicer, by this notice does hereby terminate all rights and obligations of the Designated Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Designated Servicer under the Servicing Agreement, whether with respect to the Serviced Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer.  Notwithstanding the termination of TBW as a Designated Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 11.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Designated Servicer from the date of this notice until the date of the appointment of a successor servicer.  Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Sections 8.01 and 11.01 of the Servicing Agreement, the Master Servicer hereby requests that the Designated Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Designated Servicer's sole expense:

(a) prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(b) place in such successor servicer's possession all Servicing Files;

(c) do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Serviced Mortgage Loans and related documents, at the Designated Servicer's sole expense;

(d) cooperate with the Master Servicer as successor servicer in effecting the termination of the Designated Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Designated Servicer to the Custodial Account or

- 2 -

Escrow Account or thereafter received with respect to the Serviced Mortgage Loans or any REO Property; and

(e)      shall account for all funds.

Please note that pursuant to Section 7.01 of the Servicing Agreement, TBW as Designated Servicer is obligated to reimburse Wells Fargo as Master Servicer for, including but not limited to, all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:   August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: _Mary L. Sohlberg_
Name: _Mary L. Sohlberg_
Title: _Vice President_

LEGAL02/31463504v1

# SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Ray Bowman, President

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

LEGAL02/31463504v1



Wells Fargo Bank, National Association
Sixth and Marquette
MAC N9311-161
Minneapolis, Minnesota 55479

To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,
CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-7

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of November 1, 2007 (as amended, the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as depositor, DLJ Mortgage Capital, Inc., as seller, Wells Fargo, as servicer, Master Servicer and Trust Administrator, Universal Master Servicing, LLC, as servicer, Banco Popular de Puerto Rico, as servicer and back-up servicer, Greenpoint Mortgage Funding, Inc., as servicer, Select Portfolio Servicing, Inc., as servicer, special servicer, and modification oversight agent, and U.S. Bank National Association, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Designated Servicer (in such capacity, the "Designated Servicer") for the above-referenced transaction pursuant to the Seller's Purchase, Warranties and Servicing Agreement, dated as of February 1, 2007 (the "Underlying Servicing Agreement"), by and between DLJ Mortgage Capital, Inc., as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of November 1, 2007 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and among DLJ Mortgage Capital Inc., TBW, as servicer, Wells Fargo, as Master Servicer and Trust Administrator, and U.S. Bank National Association, as trustee. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

I.   **Designated Servicer Event of Default: Failure to Meet Freddie Mac Qualifications and Maintain Status as HUD-approved Mortgagee**

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. Also on such date, the U.S. Department of Housing and Urban Development ("HUD") issued a press release announcing the suspension of TBW by the Federal Housing Administration ("FHA") from originating and underwriting new FHA insured mortgages. In response to

such action of Freddie Mac and HUD, the Master Servicer hereby provides notice that an Event of Default with respect to the Designated Servicer exists under Section 8.01(ix) of the Underlying Servicing Agreement, as modified by Paragraph 8(H) of the RSA, which provides that an Event of Default shall occur if the Designated Servicer, in its capacity as Seller, ceases to meet the eligibility criteria set forth in the clauses enumerated (i) – (iii) of the second paragraph of Section 7.02 of the Underlying Servicing Agreement, which section requires, *inter alia*, the Designated Servicer shall be a HUD-approved mortgagee whose primary business is in origination and servicing of first lien mortgage loans, and a Freddie Mac approved seller/servicer in good standing.

### III.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Underlying Servicing Agreement, the Master Servicer, by this notice does hereby terminate all rights and obligations of the Designated Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Designated Servicer under the Servicing Agreement, whether with respect to the Serviced Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as a Designated Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 11.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Designated Servicer from the date of this notice until the date of the appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Sections 8.01 and 11.01 of the Servicing Agreement, the Master Servicer hereby requests that the Designated Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Designated Servicer's sole expense:

(a)    prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(b)    place in such successor servicer's possession all Servicing Files;

(c)    do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Serviced Mortgage Loans and related documents, at the Designated Servicer's sole expense;

(d)    cooperate with the Master Servicer as successor servicer in effecting the termination of the Designated Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Designated Servicer to the Custodial Account or

- 2 -

Escrow Account or thereafter received with respect to the Serviced Mortgage Loans or any REO Property; and

(e)     shall account for all funds.


Please note that pursuant to Section 7.01 of the Servicing Agreement, TBW as Designated Servicer is obligated to reimburse Wells Fargo as Master Servicer for, including but not limited to, all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.


Dated:   August 13, 2009                     WELLS FARGO BANK, N.A.
                                             as Master Servicer

                                             By:     _Mary L. Sohlberg_
                                             Name:   _Mary L. Sohlberg_
                                             Title:  _Vice President_

- 3 -

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Ray Bowman, President

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1

Wells Fargo Bank, N.A. ("Wells Fargo"), serves as Master Servicer (the "Master Servicer") and Trust Administrator (the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of March 1, 2006 (the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as Depositor, DLJ Mortgage Capital, Inc., as Seller, Wells Fargo as Master Servicer and Trust Administrator, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), as Servicer (in such capacity, the "Servicer"), and U.S. Bank National Association, as Trustee. TBW serves as Servicer for the above-referenced transaction pursuant to the Pooling Agreement and a Securitization Servicing Agreement dated as of March 1, 2006 (the "Servicing Agreement" and together with the Pooling Agreement, the "Agreements") by and among the Servicer, the Seller, the Master Servicer, the Trust Administrator, and the Trustee. Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed thereto in the Agreements.

## I.     Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 8.01(a)(xii) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to meet the eligibility criteria set forth in Section 7.01, which section requires, *inter alia*, that the Servicer shall be a Freddie Mac-approved servicer in good standing.

## III.     Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 9.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 8.01 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)    place in such successor servicer's possession all Servicing Files;

(b)    prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(c)    do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Mortgage Loans and related documents; and,

(d)    cooperate with the Master Servicer as successor servicer in effecting the termination of the Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Mortgage Loans.

Please note that pursuant to Section 9.02 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated: August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: _Mary L. Sohlberg_
Name: _Mary L. Sohlberg_
Title: _Vice President_

LEGAL02/31463529v1

# SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Nathan J. Sands, Vice President of Loan Administration

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attention: Structured Finance – TBW 2006-1

Fitch Ratings
One State Street Plaza
New York, New York 10004

Standard & Poor's Ratings Services
55 Water Street
New York, New York 10041
Attention: Residential Mortgages

Credit Suisse First Boston Mortgage Securities Corp.
11 Madison Avenue
4th Floor
New York, New York 10010
Attention: Kari Roberts and Bruce Kaiserman

LEGAL02/31463529v1



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2

Wells Fargo Bank, N.A. ("Wells Fargo"), serves as Master Servicer (the "Master Servicer") and Trust Administrator (the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of April 1, 2006 (the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as Depositor, DLJ Mortgage Capital, Inc., as Seller, Wells Fargo as Master Servicer and Trust Administrator, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), as Servicer (in such capacity, the "Servicer"), and U.S. Bank National Association, as Trustee. TBW serves as Servicer for the above-referenced transaction pursuant to the Pooling Agreement and a Securitization Servicing Agreement dated as of April 1, 2006 (the "Servicing Agreement" and together with the Pooling Agreement, the "Agreements") by and among the Servicer, the Seller, the Master Servicer, the Trust Administrator, and the Trustee. Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed thereto in the Agreements.

### I.    Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 8.01(a)(xii) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to meet the eligibility criteria set forth in Section 7.01, which section requires, *inter alia*, that the Servicer shall be a Freddie Mac-approved servicer in good standing.

### III.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 9.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 8.01 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)     place in such successor servicer's possession all Servicing Files;

(b)     prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(c)     do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Mortgage Loans and related documents; and,

(d)     cooperate with the Master Servicer as successor servicer in effecting the termination of the Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Mortgage Loans.

Please note that pursuant to Section 9.02 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: _Mary L Sohlberg_
Name: _MARY L Sohlberg_
Title: _Vice President_

- 2 -

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Nathan J. Sands, Vice President of Loan Administration

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attention: Structured Finance – TBW 2006-2

Fitch Ratings
One State Street Plaza
New York, New York 10004

Standard & Poor's Ratings Services
55 Water Street
New York, New York 10041
Attention: Residential Mortgages

Credit Suisse First Boston Mortgage Securities Corp.
11 Madison Avenue
4th Floor
New York, New York 10010
Attention: Peter Sack and Bruce Kaiserman

LEGAL02/3146343\v1



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3

Wells Fargo Bank, N.A. ("Wells Fargo"), serves as Master Servicer (the "Master Servicer") and Securities Administrator (the "Securities Administrator") for the above-referenced securitization pursuant to a Trust Agreement dated as of June 1, 2006 (the "Trust Agreement"), by and among Structured Asset Securities Corporation, as Depositor, Wells Fargo as Master Servicer and Securities Administrator, and U.S. Bank National Association, as Trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as Servicer (in such capacity, the "Servicer") for the above-referenced transaction pursuant to a Securitization Servicing Agreement dated as of June 1, 2006 (the "Servicing Agreement" and together with the Trust Agreement, the "Agreements") by and among the Servicer, the Master Servicer, the Securities Administrator, the Trustee and Lehman Brothers Holdings Inc., as Seller. Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed thereto in the Agreements.

### I.    Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 8.01(a)(xii) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to meet the eligibility criteria set forth in Section 7.01, which section requires, *inter alia*, that the Servicer shall be a Freddie Mac-approved servicer in good standing.

### III.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 9.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 8.01 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)     place in such successor servicer's possession all Servicing Files;

(b)     prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(c)     do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Mortgage Loans and related documents; and,

(d)     cooperate with the Master Servicer as successor servicer in effecting the termination of the Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Mortgage Loans.

Please note that pursuant to Section 9.02 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: _Mary L. Sohlberg_
Name: _Mary L. Sohlberg_
Title: _Vice President_

- 2 -

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attention: Structured Finance – TBW 2006-3

Moody's Investors Service, Inc.
99 Church Street
New York, New York 10007
Attention: Residential Mortgages

Standard & Poor's Ratings Services
55 Water Street
New York, New York 10041
Attention: Residential Mortgages

Structured Asset Securities Corporation
745 Seventh Avenue
7th Floor
New York, New York 10019
Attention: Mortgage Finance TBW 2006-3



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
TBW MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4

Wells Fargo Bank, N.A. ("Wells Fargo"), serves as Master Servicer (the "Master Servicer") and Trust Administrator (the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of August 1, 2006 (the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as Depositor, DLJ Mortgage Capital, Inc., as Seller, Wells Fargo as Master Servicer and Trust Administrator, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), as Servicer (in such capacity, the "Servicer"), and U.S. Bank National Association, as Trustee. TBW serves as Servicer for the above-referenced transaction pursuant to the Pooling Agreement and a Securitization Servicing Agreement dated as of August 1, 2006 (the "Servicing Agreement" and together with the Pooling Agreement, the "Agreements") by and among the Servicer, the Seller, the Master Servicer, the Trust Administrator, and the Trustee. Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed thereto in the Agreements.

## I.      Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 8.01(a)(xii) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to meet the eligibility criteria set forth in Section 7.01, which section requires, *inter alia*, that the Servicer shall be a Freddie Mac-approved servicer in good standing.

## III.      Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 9.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 8.01 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)     place in such successor servicer's possession all Servicing Files;

(b)     prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(c)     do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Mortgage Loans and related documents; and,

(d)     cooperate with the Master Servicer as successor servicer in effecting the termination of the Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Mortgage Loans.

Please note that pursuant to Section 9.02 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By:     _Mary L. Sohlberg_
Name:  _MARY L. Sohlberg_
Title:   _Vice President_

LEGAL02/31463668v1

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Nathan J. Sands, Vice President of Loan Administration

Taylor, Bean & Whitaker Mortgage Corp.
Attention: Jeffery W. Cavendar
1690 Stone Village Lane, No. 102
Kennesaw, Georgia 30152

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attention: Structured Finance – TBW 2006-4

Moody's Investors Service, Inc.
99 Church Street
New York, New York 10007
Attention: Residential Mortgages

Standard & Poor's Ratings Services
55 Water Street
New York, New York 10041
Attention: Residential Mortgages

Credit Suisse First Boston Mortgage Securities Corp.
11 Madison Avenue
4th Floor
New York, New York 10010
Attention: Peter Sack and Bruce Kaiserman

LEGAL02/31463668v1



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST SERIES 2006-5,
MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-5

Wells Fargo Bank, N.A. ("Wells Fargo"), serves as Master Servicer (the "Master Servicer") and Securities Administrator (the "Securities Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of October 1, 2006 (the "Pooling Agreement"), by and among BNP Paribas Mortgage Securities LLC, as Depositor, Wells Fargo as Master Servicer and Securities Administrator, and U.S. Bank National Association, as Trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as seller and servicer (in such capacity, the "Servicer") for the above-referenced transaction pursuant to that certain Master Mortgage Loan Purchase and Servicing Agreement, dated as of October 1, 2006 (the "MMLPSA"), by and between TBW, as seller and servicer and BNP Paribas Mortgage Corp., as initial purchaser, as modified by that certain Assignment, Assumption and Recognition Agreement, dated as of October 26, 2006 (the "AAR" and together with the MMLPSA, the "Servicing Agreement" and the Servicing Agreement together with the Pooling Agreement, the "Agreements"), by and among BNP Paribas Mortgage Corp., as assignor, the Depositor, as assignee and TBW, as the company. Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed thereto in the Agreements.

## I.     Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 14.01(vii) of the MMLPSA, which provides that an Event of Default shall occur if the Servicer ceases to meet the qualifications of a Freddie Mac seller/servicer.

## III.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 14.01 of the MMLPSA, the Master Servicer, by this notice, does hereby terminate

all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 16 of the MMLPSA, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 14.01 of the MMLPSA, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)    place in such successor servicer's possession all Servicing Files;

(b)    prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(c)    do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Mortgage Loans and related documents; and,

(d)    cooperate with the Master Servicer as successor servicer in effecting the termination of the Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Servicer to the Custodial Account, REO Account or Escrow Account or thereafter received with respect to the Mortgage Loans.

Please note that pursuant to Section 3.03(c) of the Pooling Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By:  _Mary L. Sohlberg_
Name:  _MARY L. Sohlberg_
Title:  _Vice President_

LEGAL02/31463436v1

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: President

Jeffrey Cavender, Esquire
General Counsel
1690 Stone Village Lane
No. 102
Kennesaw, GA 30152

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attention: Trust Administration – TBW 2006-5

Moody's Investors Service, Inc.
99 Church Street
New York, New York 10007
Attention: Residential Mortgage Monitoring Department

Standard & Poor's Ratings Services
55 Water Street
New York, New York 10041
Attention: Asset Backed Survelliance Department

BNP Paribas Mortgage Securities LLC
538 787 Seventh Avenue
7th Floor
New York, New York 10019
Attention: Mortgage Trading



Wells Fargo Bank, National Association
Sixth and Marquette
MAC N9311-161
Minneapolis, Minnesota 55479

To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of December 1, 2006 (the "Pooling Agreement"), by and among Mortgage Asset Securitization Transactions, Inc., as depositor, UBS Real Estate Securities Inc., as transferor, Wells Fargo, as Master Servicer and Trust Administrator, and U.S. Bank National Association, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Servicer (in such capacity, the "Servicer") for the above-referenced transaction pursuant to the Mortgage Loan Purchase and Servicing Agreement, dated as of December 1, 2006 (the "Underlying Servicing Agreement"), by and between UBS Real Estate Securities Inc. as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of December 1, 2006 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and between Mortgage Asset Securitization Transactions, Inc., as depositor and TBW, as company and Servicer. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

## I.    Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 14.01(a)(g) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to be approved by Freddie Mac as a seller or servicer.

## II.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 14.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 16 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 16 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)    timely deliver to the successor the funds in the Custodial Account and the Escrow Account and the Loan Files and related documents and statements held by it;

(b)    account for all funds; and

(c)    execute and deliver such instruments and do such other things as may reasonably be required to more fully and definitely vest and confirm in the successor all such rights, powers, duties, responsibilities, obligations and liabilities of the Seller as servicer.

Please note that pursuant to Section 3.02 of the Pooling Agreement and Section 13.01 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for, including but not limited to, all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

- 2 -

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: *Mary L. Sohlberg*
Name: *Mary L. Sohlberg*
Title: *Vice President*

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Chief Executive Officer

Jeffrey W. Cavender, Esq.
General Counsel
1690 Stone Village Lane, No. 102
Kennesaw, Georgia 30152

Mortgage Asset Securitization Transactions, Inc.
1285 Avenue of the Americas
New York, New York 10019
Attn: Legal Department

MBIA Insurance Corporation
113 King Street
Armonk, New York 10504
Attn: Insured Portfolio Management – Structured Finance (TBW 2006-6)

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attn: Structured Finance – TBW Mortgage-Backed Trust 2006-6

Wells Fargo Bank, N.A.
9062 Old Annapolis Road
Columbia, Maryland 21045
Attn: Client Manager – TBW 2006-6

- 4 -



Wells Fargo Bank, National Association
Sixth and Marquette
MAC N9311-161
Minneapolis, Minnesota 55479

To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1

     Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of February 1, 2007 (the "Pooling Agreement"), by and among Mortgage Asset Securitization Transactions, Inc., as depositor, UBS Real Estate Securities Inc., as transferor, Wells Fargo, as Master Servicer and Trust Administrator, and The Bank of New York, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Servicer (in such capacity, the "Servicer") for the above-referenced transaction pursuant to the Mortgage Loan Purchase and Servicing Agreement, dated as of February 1, 2007 (the "Underlying Servicing Agreement"), by and between UBS Real Estate Securities Inc. as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of February 27, 2007 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and between Mortgage Asset Securitization Transactions, Inc., as depositor and TBW, as company and Servicer. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

## I.    Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

     On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 14.01(a)(g) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to be approved by Freddie Mac as a seller or servicer.

## II.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 14.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 16 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 16 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)    timely deliver to the successor the funds in the Custodial Account and the Escrow Account and the Loan Files and related documents and statements held by it;

(b)    account for all funds; and

(c)    execute and deliver such instruments and do such other things as may reasonably be required to more fully and definitely vest and confirm in the successor all such rights, powers, duties, responsibilities, obligations and liabilities of the Seller as servicer.

Please note that pursuant to Section 3.02 of the Pooling Agreement and Section 13.01 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for, including but not limited to, all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: _Mary L. Sohlberg_
Name: _MARY L. SOHLBERG_
Title: _Vice President_

LEGAL02/31463511v1

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Chief Executive Officer

Jeffrey W. Cavender, Esq.
General Counsel
1690 Stone Village Lane, No. 102
Kennesaw, Georgia 30152

Mortgage Asset Securitization Transactions, Inc.
1285 Avenue of the Americas
New York, New York 10019
Attn: Legal Department

MBIA Insurance Corporation
113 King Street
Armonk, New York 10504
Attn: Insured Portfolio Management – Structured Finance (TBW 2007-1)

The Bank of New York
101 Barclay Street, 4W
New York, New York 10286
Attn: Structured Finance – TBW Mortgage-Backed Trust 2007-1

Wells Fargo Bank, N.A.
9062 Old Annapolis Road
Columbia, Maryland 21045
Attn: Client Manager – TBW 2007-1



To the Persons Listed on
Schedule A attached hereto

NOTICE OF TERMINATION
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2

Wells Fargo Bank, N.A. ("Wells Fargo"), serves as Master Servicer (the "Master Servicer") and Trust Administrator (the "Trust Administrator") for the above-referenced securitization pursuant to an Amended and Restated Pooling and Servicing Agreement dated as of May 1, 2007 (the "Pooling Agreement"), by and among Credit Suisse First Boston Mortgage Securities Corp., as Depositor, DLJ Mortgage Capital, Inc., as Seller, Wells Fargo as Master Servicer and Trust Administrator, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), as Servicer (in such capacity, the "Servicer"), and U.S. Bank National Association, as Trustee. TBW serves as Servicer for the above-referenced transaction pursuant to the Pooling Agreement and a Securitization Servicing Agreement dated as of May 1, 2007 (the "Servicing Agreement" and together with the Pooling Agreement, the "Agreements") by and among the Servicer, the Seller, the Master Servicer, the Trust Administrator, and the Trustee. Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed thereto in the Agreements.

### I.     Servicer Event of Default: Failure to Meet Freddie Mac Qualifications

On August 4, 2009, Freddie Mac notified TBW that TBW's eligibility as a Freddie Mac seller and servicer was terminated for cause effective immediately. In response to such action of Freddie Mac, the Master Servicer hereby provides notice that an Event of Default with respect to the Servicer exists under Section 8.01(a)(xii) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to meet the eligibility criteria set forth in Section 7.01, which section requires, *inter alia*, that the Servicer shall be a Freddie Mac-approved servicer in good standing.

### III.    Servicer Termination

In consequence of the foregoing unremedied Event of Default, and pursuant to Section 8.01 of the Servicing Agreement, the Master Servicer, by this notice, does hereby terminate all rights and obligations of the Servicer under the Servicing Agreement, and in and to the servicing contract established thereby and the proceeds thereof.

Upon receipt of this notice, all authority and power of the Servicer under the Servicing Agreement, whether with respect to the Mortgage Loans or otherwise, shall pass to and be vested in a successor servicer appointed by the Master Servicer. Notwithstanding the termination of TBW as Servicer pursuant to this notice, please note that TBW is obligated, pursuant to Section 9.01 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer from the date of this notice until the date of appointment of a successor servicer. Wells Fargo will provide TBW with notice promptly following the appointment of such successor servicer.

In accordance with Section 8.01 of the Servicing Agreement, the Master Servicer hereby requests that the Servicer, upon instruction from the successor servicer, be prepared to do the following, in each case at the Servicer's sole expense:

(a)     place in such successor servicer's possession all Servicing Files;

(b)     prepare, execute and deliver to the successor servicer any and all documents and other instruments;

(c)     do or cause to be done all other acts or things necessary or appropriate to effect the purposes of this notice of termination, including but not limited to the transfer and endorsement or assignment of the Mortgage Loans and related documents; and,

(d)     cooperate with the Master Servicer as successor servicer in effecting the termination of the Servicer's responsibilities and rights hereunder, including without limitation the transfer to such successor servicer for administration by it of all cash amounts which were at the time credited by the Servicer to the Custodial Account or Escrow Account or thereafter received with respect to the Mortgage Loans.

Please note that pursuant to Section 9.02 of the Servicing Agreement, TBW as Servicer is obligated to reimburse Wells Fargo as Master Servicer for all costs incurred by Wells Fargo in connection with the transfer of servicing to a successor servicer.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 13, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By:     _Mary L. Sohlberg_
Name:   _MARY L. Sohlberg_
Title:  _Vice President_

# SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Avenue
Ocala, Florida 34475
Attn: Nathan J. Sands, Vice President of Loan Administration

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Nathan J. Sands, Vice President of Loan Administration
Attn: Paul Allen

Taylor, Bean & Whitaker Mortgage Corp.
Attention: Jeffery W. Cavendar
1690 Stone Village Lane, No. 102
Kennesaw, Georgia 30152

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attention: Structured Finance – TBW 2007-2

Moody's Investors Service, Inc.
99 Church Street
New York, New York 10007
Attention: Residential Mortgages

Standard & Poor's Ratings Services
55 Water Street
New York, New York 10041
Attention: Residential Mortgages

Credit Suisse First Boston Mortgage Securities Corp.
11 Madison Avenue
4th Floor
New York, New York 10010
Attention: Peter Sack and Bruce Kaiserman

- 3 -

Exhibit 10 – Amounts Due on Remittance Date

| Transaction | Expected Servicer Remittance |
|---|---|
| CSAB 2007-1 | $ 13,176.13 |
| CSMC 2007-4 | $ 88,272.81 |
| CSMC 2007-6 | $ 963,837.48 |
| CSMC 2007-7 | $ 445,050.22 |
| TBW 2006-1 | $ 3,957,700.36 |
| TBW 2006-2 | $ 5,689,164.77 |
| TBW 2006-3 | $ 5,625,960.40 |
| TBW 2006-4 | $ 3,601,723.10 |
| TBW 2006-5 | $ 5,452,946.05 |
| TBW 2006-6 | $ 7,921,459.60 |
| TBW 2007-1 | $ 6,200,502.49 |
| TBW 2007-2 | $ 7,762,730.83 |
| **Total for all Trusts:** | **$ 47,722,524.24** |

Exhibit 12 - Notices of Additional Events of Default dated August 20, 2009 relating to TBW 2006-6 and TBW 2007-1



To the Persons Listed on
Schedule A attached hereto

### NOTICE OF OCCURENCE OF ADDITIONAL EVENT OF DEFAULT
### TBW MORTGAGE-BACKED TRUST,
### MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of December 1, 2006 (the "Pooling Agreement"), by and among Mortgage Asset Securitization Transactions, Inc., as depositor, UBS Real Estate Securities Inc., as transferor, Wells Fargo, as Master Servicer and Trust Administrator, and U.S. Bank National Association, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Servicer (in such capacity, the "Servicer") for the above-referenced transaction pursuant to the Mortgage Loan Purchase and Servicing Agreement, dated as of December 1, 2006 (the "Underlying Servicing Agreement"), by and between UBS Real Estate Securities Inc. as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of December 1, 2006 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and between Mortgage Asset Securitization Transactions, Inc., as depositor and TBW, as company and Servicer. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

**I.** **Event of Default has already occurred and continues to occur under the Agreements**

On August 13, 2009, TBW was notified of the occurrence of an Event of Default under Section 14.01(g) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to be approved by Freddie Mac as a seller or servicer. Pursuant to such notice, attached hereto as Exhibit A, and acting pursuant to the authority granted to it under the Servicing Agreement, the Master Servicer terminated all rights and obligations of TBW as Servicer under the Agreements as of such date.

## II. Additional Event of Default: Failure to Remit Funds Due under the Servicing Agreement

On August 18, 2009, TBW was required to remit to the Master Servicer all amounts credited to the Custodial Account as of the close of business on the preceding Determination Date in accordance with Section 11.14 of the Servicing Addendum to the Servicing Agreement. As of the date hereof, TBW has failed to remit such amounts owed under the Servicing Agreement. In response, the Master Servicer hereby provides notice that an additional Event of Default with respect to the Servicer has occurred under Section 14.01(a) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer fails to remit to the Master Servicer when due any payment to be made under the terms of the Servicing Agreement.

**\*\*\* The Master Servicer hereby directs TBW to immediately remit all funds owed under the Agreements and which were due on August 18, 2009 as described in the preceding paragraph. Wells Fargo, as Master Servicer, hereby reserves any and all rights it may have at law or equity to damages, including injunctive relief and specific performance to enforce the performance of the Servicer of such obligations under the Agreements. \*\*\***

## III. Servicer Termination Effective as of August 13, 2009

The occurrence of the Event of Default described in this notice is in addition to and not in replacement of the notice of Event of Default and Notice of Termination that was previously delivered to you on August 13, 2009. Delivery of this notice in no way diminishes the efficacy of the earlier notice of termination delivered to you and TBW's rights as Servicer are considered terminated as of August 13, 2009. Notwithstanding TBW's termination as Servicer on August 13, 2009, please note that TBW is still obligated, pursuant to Section 16 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer until the date of appointment of a successor servicer.

Wells Fargo hereby reserves any and all rights it has under the Agreements or at law.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated: August 20, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By: _____
Name: Mary L. Sohlberg
Title: Vice President

LEGAL02/31475139v1

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Chief Executive Officer

Jeffrey W. Cavender, Esq.
General Counsel
1690 Stone Village Lane, No. 102
Kennesaw, Georgia 30152

Mortgage Asset Securitization Transactions, Inc.
1285 Avenue of the Americas
New York, New York 10019
Attn: Legal Department

MBIA Insurance Corporation
113 King Street
Armonk, New York 10504
Attn: Insured Portfolio Management – Structured Finance (TBW 2006-6)

U.S. Bank National Association
EP-MN-WS3D
60 Livingston Avenue
St. Paul, Minnesota 55107
Attn: Structured Finance – TBW Mortgage-Backed Trust 2006-6

Wells Fargo Bank, N.A.
9062 Old Annapolis Road
Columbia, Maryland 21045
Attn: Client Manager – TBW 2006-6

# EXHIBIT A

[See attached]



To the Persons Listed on
Schedule A attached hereto

NOTICE OF OCCURENCE OF ADDITIONAL EVENT OF DEFAULT
TBW MORTGAGE-BACKED TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1

Wells Fargo Bank, National Association ("Wells Fargo"), serves as Master Servicer and Trust Administrator (respectively, the "Master Servicer" and the "Trust Administrator") for the above-referenced securitization pursuant to a Pooling and Servicing Agreement dated as of February 1, 2007 (the "Pooling Agreement"), by and among Mortgage Asset Securitization Transactions, Inc., as depositor, UBS Real Estate Securities Inc., as transferor, Wells Fargo, as Master Servicer and Trust Administrator, and The Bank of New York, as trustee. Taylor, Bean & Whitaker Mortgage Corp. ("TBW") serves as a Servicer (in such capacity, the "Servicer") for the above-referenced transaction pursuant to the Mortgage Loan Purchase and Servicing Agreement, dated as of February 1, 2007 (the "Underlying Servicing Agreement"), by and between UBS Real Estate Securities Inc. as purchaser, and TBW, as seller and servicer, as modified by that certain Reconstituted Servicing Agreement, dated as of February 27, 2007 (the "RSA" and together with the Underlying Servicing Agreement, the "Servicing Agreement", and collectively with the Pooling Agreement, the "Agreements"), by and between Mortgage Asset Securitization Transactions, Inc., as depositor and TBW, as company and Servicer. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Agreements.

I.    **Event of Default has already occurred and continues to occur under the Agreements**

On August 13, 2009, TBW was notified of the occurrence of an Event of Default under Section 14.01(a)(g) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer ceases to be approved by Freddie Mac as a seller or servicer. Pursuant to such notice, attached hereto as Exhibit A, and acting pursuant to the authority granted to it under the Servicing Agreement, the Master Servicer terminated all rights and obligations of TBW as Servicer under the Agreements as of such date.

## II. Additional Event of Default: Failure to Remit Funds Due under the Servicing Agreement

On August 18, 2009, TBW was required to remit to the Master Servicer all amounts credited to the Custodial Account as of the close of business on the preceding Determination Date in accordance with Section 11.14 of the Servicing Addendum to the Servicing Agreement. As of the date hereof, TBW has failed to remit such amounts owed under the Servicing Agreement. In response, the Master Servicer hereby provides notice that an additional Event of Default with respect to the Servicer has occurred under Section 14.01(a) of the Servicing Agreement, which provides that an Event of Default shall occur if the Servicer fails to remit to the Master Servicer when due any payment to be made under the terms of the Servicing Agreement.

**\*\*\* The Master Servicer hereby directs TBW to immediately remit all funds owed under the Agreements and which were due on August 18, 2009 as described in the preceding paragraph. Wells Fargo, as Master Servicer, hereby reserves any and all rights it may have at law or equity to damages, including injunctive relief and specific performance to enforce the performance of the Servicer of such obligations under the Agreements. \*\*\***

## III. Servicer Termination Effective as of August 13, 2009

The occurrence of the Event of Default described in this notice is in addition to and not in replacement of the notice of Event of Default and Notice of Termination that was previously delivered to you on August 13, 2009. Delivery of this notice in no way diminishes the efficacy of the earlier notice of termination delivered to you and TBW's rights as Servicer are considered terminated as of August 13, 2009. Notwithstanding TBW's termination as Servicer on August 13, 2009, please note that TBW is still obligated, pursuant to Section 16 of the Servicing Agreement, to continue to discharge its duties and responsibilities as Servicer until the date of appointment of a successor servicer.

Wells Fargo hereby reserves any and all rights it has under the Agreements or at law.

Questions regarding the matters addressed in this notice may be directed to the Master Servicer by contacting Mary Sohlberg via (1) facsimile at (612) 667-3464, or (2) mail addressed to Wells Fargo Bank, N.A., Sixth and Marquette, MAC N9311-161, Minneapolis, Minnesota 55479, Attn: Corporate Trust Servicer—Mary Sohlberg, Vice President.

Dated:  August 20, 2009

WELLS FARGO BANK, N.A.
as Master Servicer

By:  *[signature]*
Name: Mary L. Sohlberg
Title:  Vice President

## SCHEDULE A

Taylor, Bean & Whitaker Mortgage Corp.
101 NE 2nd Street
Ocala, Florida 34470
Attn: Chief Executive Officer

Jeffrey W. Cavender, Esq.
General Counsel
1690 Stone Village Lane, No. 102
Kennesaw, Georgia 30152

Mortgage Asset Securitization Transactions, Inc.
1285 Avenue of the Americas
New York, New York 10019
Attn: Legal Department

MBIA Insurance Corporation
113 King Street
Armonk, New York 10504
Attn: Insured Portfolio Management – Structured Finance (TBW 2007-1)

The Bank of New York
101 Barclay Street, 4W
New York, New York 10286
Attn: Structured Finance – TBW Mortgage-Backed Trust 2007-1

Wells Fargo Bank, N.A.
9062 Old Annapolis Road
Columbia, Maryland 21045
Attn: Client Manager – TBW 2007-1

## EXHIBIT A

[See attached]