UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Chapter 11

TAYLOR BEAN & WHITAKER  Case No. 3:09-bk-07047-JAF
MORTGAGE CORP.,

    Debtor.
_____/

**AGREED ORDER APPROVING PROCEDURE
FOR TRANSFER OF RESIDENTIAL CONSUMER
LOAN MORTGAGE PORTFOLIOS TO U.S. BANK
NATIONAL ASSOCIATION AS TRUSTEE, MANUFACTURERS
AND TRADERS TRUST CO., AND BAYVIEW LOAN SERVICING, LLC**

THIS CASE came before the Court for consideration of the (i) *Emergency Joint Motion of U.S. Bank National Association as Trustee, Manufacturers and Traders Trust Co., and Bayview Loan Servicing, LLC* (collectively "the Movants") *to Compel Post Termination Transfer of Those Residential Consumer Loan Mortgage Portfolios Previously Serviced by the Debtor* (Doc. No. 44); (ii) *Local Rule Certificate of Necessity For Emergency Hearing on the Joint Motion of U.S. Bank National Association as Trustee Manufacturers and Traders Trust Co., and Bayview Loan Servicing, LLC to Compel Post Termination Transfer of Those Residential Consumer Loan Mortgage Portfolios Previously Serviced by Debtor* (Doc. No. 45) and (iii) *Notice of Filing Exhibits* (Doc. No. 46) (collectively the "Emergency Motion"). The Court has considered the various filings and notes the agreement of the Movants and Taylor, Bean & Whitaker Mortgage Corp. (the "Debtor," and together with the Movants, the "Parties") to the terms

of the agreement contained in this Agreed Order, with notice given and the Court having dispensed with the opportunity for a hearing and with cause existing for approval of this agreement as set forth in this Agreed Order. It is therefore

ORDERED:

1. The Emergency Motion is granted to the extent set forth in this Agreed Order.

2. The Debtor shall comply with all post-termination obligations under the Servicing Agreements.[1]

3. M&T is acknowledged as the respective successor servicer and Bayview as the subservicer with respect to six transactions, and Bayview is acknowledged as the respective successor servicer with respect to two transactions, all as more fully described in Footnotes 11 and 12 to the Emergency Motion.

4. The Debtor shall transfer all servicing of the Loan Portfolios pursuant to the instructions and timetable contained in this Agreed Order and in Exhibit "A" attached to and incorporated in this Agreed Order.

5. M&T, in its capacity as successor servicer with respect to the six transactions referenced in Paragraph 3 of this Agreed Order, shall remit to the Debtor the aggregate sum of $1,000,000 (the "Early Reimbursement Amount") as an advance against future reimbursement obligations of M&T for servicing advances made by the Debtor (which advance by M&T is an inducement to the Debtor, intended to assist with

---

[1] All capitalized terms used and not defined in this Agreed Order have the meaning set forth in the Emergency Motion. Nothing contained in this Agreed Order shall be deemed to be an admission as to the validity of termination of the Servicing Agreements.

the costs of transition of servicing on the terms and timetable set forth in this Agreed Order), and pursuant to and subject to the terms and conditions of this Agreed Order. All payments of the Early Reimbursement Amount, as set forth in this Agreed Order, shall be made by wire transfer and shall be credited dollar-for-dollar for the entire $1,000,000 against the first advance reimbursements that otherwise would become due and owing by M&T as successor servicer to the Debtor under the servicing agreements.

6. On or before the close of business on Wednesday, September 2, 2009, the Debtor agrees to deliver to Bayview (i) all electronic data files in a customary format as used in the loan servicing industry and all of the other items listed in Part 1 of Exhibit "A" attached and made a part of this Agreed Order, and (ii) fully executed Real Estate Settlement Procedures Act ("RESPA") change of servicer letters (the so-called "goodbye" letters) executed by the Debtor, in a form mutually agreed upon by Bayview and the Debtor, which agreement will not unreasonably be withheld. Within two business days following the confirmation of receipt by the Movants of such items, M&T shall pay to the Debtor the sum of $400,000 toward the Early Reimbursement Amount.

7. On or before the close of business on Wednesday, September 30, 2009, the Debtor agrees to deliver to Bayview all other files, including without limitation cash reconciliation schedules, and all other items relating to servicing of the loans under the Servicing Agreements, as set forth in Part 2 of Exhibit "A" attached to and made a part of this Agreed Order. Within two business days following the confirmation of receipt by Bayview of such items, M&T shall pay to the Debtor the sum of $200,000 toward the Early Reimbursement Amount.

8. Beginning one week after the $400,000 payment referenced in Paragraph 6 has become due and payable, and continuing on each of the next seven successive Fridays, M&T shall pay to the Debtor the sum of $50,000 per week, in exchange for and contingent upon the Debtor's continued cooperation with respect to the deliverables set forth above and continued cooperation with the transfer of servicing, as required under the termination provisions of the Servicing Agreements.

9. The Parties will use commercially reasonable efforts to effectuate this Agreed Order. Any attendant delay in meeting any deadlines set forth in this Agreed Order shall not excuse or preclude any party from demanding performance under this Agreed Order, including without limitation requiring payment of the amounts set forth in this Agreed Order, so long as the party with the unfinished items can subsequently satisfy the requirements and has used its commercially reasonable efforts to meet the agreed deadlines set forth in this Agreed Order in all material respects.

10. The Debtor shall turn over to Bayview all money received, or to be received, with respect to the Loan Portfolios on or after Monday, August 31, 2009, as well as all prior funds received that have yet to be negotiated. On or before the close of business, on Friday, September 4, 2009, the Debtor shall account for the funds turned over pursuant to this paragraph. All future accountings shall be provided simultaneously with the required prospective turnover upon receipt by the Debtor of such funds.

11. The Parties reserve all rights in connection with matters not specifically addressed in this Agreed Order, including without limitation, whether or not the servicing

agreements were validly terminated and whether or not the Debtor retains rights, if any, to mortgage servicing rights related to the Loan Portfolios.

12. Except as expressly set forth herein, this Agreed Order shall not affect the rights and obligations of the Parties under the documents governing the transactions, more fully described in Footnotes 11 and 12 of the Emergency Motion.

13. This Agreed Order shall be effective immediately, and the requirements of Bankruptcy Rule 4001(a)(3) are hereby waived.

14. This Agreed Order is binding on the Debtor, and all successors in interest, including without limitation any receiver, subsequently appointed Chapter 7 or Chapter 11 Trustee, or examiner.

15. The Parties agree to effectuate and implement this Agreed Order immediately upon execution below by their respective counsel, while the Agreed Order is pending court approval.

16. The Debtor acknowledges that this Agreed Order does not resolve all the emergency issues raised by the Movants. Should the Parties fail to achieve an immediate consensual resolution of the remaining issues, the Movants reserve the right to request a further hearing on the balance of the relief sought in the Emergency Motion.

17. Upon the execution of this Agreed Order, the hearing scheduled for August 31, 2009, at 11:00 a.m. shall be cancelled.

DONE AND ORDERED on *August 31, 2009*.

JERRY A. FUNK
United States Bankruptcy Judge

AGREED AS TO CONTENT AND FORM:

| /s/ Roy S. Kobert | /s/ Russell M. Blain |
|---|---|
| Roy S. Kobert, P.A. | Russell M. Blain |
| Broad and Cassel | Stichter, Riedel, Blain & Prosser, P.A. |
| 390 North Orange Avenue, 14th Floor | 110 East Madison Street, Suite 200 |
| Orlando, Florida 32801 | Tampa, Florida 33602 |
| Phone: (407) 839-4269 | Phone: (813) 229-0144 |
| Fax: (407) 650-0927 | Fax: (813) 229-1811 |
| E-mail: rkobert@broadandcassel.com | E-mail: rblain@srbp.com |
| Florida Counsel for U.S. Bank National Association as Trustee, Manufacturers and Traders Trust Co., and Bayview Loan Servicing, LLC | Attorneys for Debtor |

Copies furnished to:

Roy S. Kobert, P.A. and Nicolette C. Vilmos, Esq., (Florida Counsel to U.S. Bank National Association as Trustee, Manufacturers and Traders Trust Co., and Bayview Loan Servicing, LLC) Broad and Cassel, P.O. Box 4961, Orlando, Florida 32802-4961

Jeffrey R. Waxman, Esq., (co-counsel to Manufacturers and Traders Trust Co.), Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801-1494

Kathleen LaManna, Esq., Ira Goldman, Esq. and Corrine Burnick, Esq., (co-counsel to U.S. Bank National Association as Trustee), Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103

Edward J. Peterson, III, Esq. and Russell M. Blain, Esq. (Counsel to the Debtor), Stichter, Riedel, Blain & Prosser, P.A., 110 East Madison Street, Suite 200, Tampa, FL 33602

Debtor: Taylor Bean & Whitaker Mortgage Corp., 315 N.E. 14th Street, Ocala, FL 34470

Elena Escamilla, Esquire, Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

Roy S. Kobert shall serve a copy of this Order on the list of 20 Largest Unsecured Creditors and the Local Rule 1007-2 mailing matrix and file a Certificate of Service.

# EXHIBIT A

## PART I

$400,000 Payment

In exchange for 1 and 2 below in a form reasonably satisfactory to Bayview and consistent with the terms of the Order:

1. Data File: With the following information for each mortgage loan:

    (a) Loan Number
    (b) Investor Loan Number
    (c) Principal Balance
    (d) P & I Payment
    (e) T & I Payment
    (f) Escrow Balance
    (g) Suspense Balance
    (h) Holdback/Draw Balance
    (i) Replacement Reserve Balance
    (j) Assistance/Buy-down Funds
    (k) Restricted Escrow Balance (Loss Draft Funds)
    (l) Late Charge Balance
    (m) Corporate Advance Balance (All Invoices and/or reports substantiating these balances are required)
    (n) Due Date
    (o) Interest Rate
    (p) Interest Method (Arrears, Advance, Daily Simple Interest, Interest Only)
    (q) DSI Accrual Dates and Balances
    (r) Loan Type (Conventional, FHA, VA, FMHA)
    (s) Borrower's and Co-Borrower's Home and Work Telephone Numbers
    (t) Borrower's and Co-Borrower's Social Security Numbers/Tin Numbers
    (u) Complete Mailing Address
    (v) On Second Mortgages provide all available information, on first liens (balance of 1st, due date, lien holder contact info)
    (w) Legal Status (Bankruptcy, Foreclosure, REO, Eviction)
    (y) Demand Letter Sent Date
    (x) Contact Information Foreclosure Attorney
    (z) Bankruptcy case number
    (aa) Bankruptcy chapter filing
    (bb) Bankruptcy lawyer contact information
    (cc) Debtor's discharge date
    (dd) Pending loss mitigation
    (ee) ARM Plan Code Definitions
    (ff) ARM Index Code Definitions
    (gg) Pay Histories through transfer date (transaction codes)
    (kk) Escrow Master File List – (Tax, Hazard, Flood and all other Insurance products)

    (ll) List of Taxes due 30 Days or Less from Transfer Date on Escrowed Loans
    (mm) List of Loans with Multiple Tax Parcels
    (nn) List of Loans with Restricted Escrow Funds
    (oo) List of Loans with Pending MI Claims (provide your file)
    (pp) List of Loans with Filed MI/Partial MI Claims
    (qq) Last Escrow Analysis Date
    (rr) List of Loans with Loss Draft Balances (provide your file)

(ss) Open Items report for Taxes, Insurance (Hazard, Flood, Windstorm, FHA/PMI, and Force Placed Coverage)
(tt) List of Loans with Force Placed Coverage

(uu) Date of REO property sale
(vv) Date of liquidation
(ww) Realtor's contact information--REO
(xx) MLS Listing number--REO
(yy) The Debtor's MERS number

2. RESPA ("Goodbye") Letter executed by the Debtor and in a form satisfactory to Bayview.

   **Goodbye Letter Information Is As Follows:**

   Customer Service Telephone and Hours of Operation:
   Toll free: (800) 457-5105 8:00a.m. - 7:00p.m. EST; Monday-Friday

   Customer Service Address:
   Bayview Loan Servicing, LLC
   Attention: Customer Service Department
   4425 Ponce de Leon Blvd.
   5th Floor Mailroom
   Coral Gables, Florida 33146

   Payment Address:
   Bayview Loan Servicing, LLC
   P.O. Box 3042
   Milwaukee, WI 53201-3042

# PART II

$200,000.00 Payment

In exchange for 1 through 17 below in a form reasonably satisfactory to Bayview and consistent with the terms of the Order:

1. Information re: Custodial Accounts, Escrow Accounts, and other Servicing Accounts:
   (a) Location of Accounts:
   (b) Holder/Name on Accounts:
   (c) Balances in Accounts:
   (d) Bank Name:
   (e) Account Numbers:
2. ARM/Rate and Payment Change Histories and/or Notices to borrowers must be provided.
3. Deeds for each REO to IB Property Holdings, LLC.
4. Power of Attorney from the Debtor to Bayview to effect the Debtor's signature on documents necessary to the servicing transfer.
5. Assignments of mortgage from last mortgagee of record to blank
6. Servicing Files
7. All loan documents (including, without limitation, modifications)
8. foreclosure files
9. bankruptcy files
10. REO files
11. Litigation files
12. Escrow transfer letters to appropriate parties
13. Escrow analysis statements
14. List of all pending assumptions, partial release and modifications
15. Default Administration Information (Foreclosure, Bankruptcy, REO, and evictions)
16. Notification to foreclosure, bankruptcy, REO, and eviction attorneys that Bayview is the successor servicer or subservicer, as appropriate.
17. Any and all other records relating to the mortgage loans in the possession on the Debtor.