UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.

Case No. 3:09-BK-07047-JAF
Chapter 11

    Debtor.

_____/

## MOTION FOR RELIEF FROM STAY, FOR ADEQUATE PROTECTION AND FOR OTHER RELIEF

RBC BANK (USA), Successor By Merger to FLORIDA CHOICE BANK ("RBC"), as Secured Creditor, and an interested party in these proceedings, files this Motion for Relief From Stay, or in the alternative, for Adequate Protection and other relief, and states as follows:

### BACKGROUND

1.    RBC is the successor by merger to the interests of Florida Choice Bank, which entity entered into a Loan Agreement ("Loan Agreement") and related Commercial Line of Credit Demand Note for Business and Commercial Loans on or about August 31, 2005, with the Debtor ("LOC Note"). A true and correct copy of said Loan Agreement is attached hereto as Exhibit "A" and of said LOC Note is attached hereto as Exhibit "B", and are incorporated herein by reference.

1

2. Pursuant to the terms of the Loan Agreement and LOC Note, which incorporated a security agreement thereunder, the Debtor granted RBC's predecessor a security interest in certain of its assets, which interest was perfected by the filing of a UCC-1, filed on about October 26, 2005, having file number 200501018385 ("UCC"). A true and correct copy of said UCC filing is attached hereto as Exhibit "C."

3. Under this facility, the Debtor made use of the related funding in order to finance the origination of single-family residential construction-to-permanent mortgage loans. The primary secured collateral generated by such fundings, which would flow back to RBC in connection with this business relationship, was the assignment of the underlying construction loan notes and related mortgage instruments.

4. In addition to this set of obligations, RBC acquired the interest of Georgia State Bank, which entity had an ongoing Loan Servicing Agreement in place with the Debtor, dated October 28, 1997 ("LSA"). A true copy of said LSA is attached hereto as Exhibit "D".

5. Under this LSA, the Debtor acted as servicer for other underlying loans and mortgages held by RBC's predecessor, Georgia State Bank.

6. As described in the Case Summary Report of the Debtor, at the time of the filing of the Petition, the Debtor owed RBC approximately Seven Hundred Thousand Dollars ($700,000.00), under the Loan Agreement, LOC Note and LSA relationships. The Debtor's obligations under these instruments are secured by liens on the underlying construction loan notes and mortgages, as well as all cash and related proceeds being generated from those instruments (the "Collateral").

7. On or about August 19, 2009, RBC sent a letter to the Debtor ("Termination/Demand Letter") informing them that the credit facility reflected under the LOC Note had been closed, advising them to cease drawing upon that line, and further advising them that all remaining sums due under the LOC Note were then due and payable at the highest rate allowed by law. A true and correct copy of said Termination/Demand Letter is attached hereto as Exhibit "E".

8. On August 24, 2009, the Debtor filed its voluntary petition ("Petition") for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its property as a Debtor-in-Possession. No trustee or examiner has been appointed in this case, and no official committee has been appointed pursuant to Section 1102 of the Bankruptcy Code.

<u>LOAN AGREEMENT AND LOC NOTE SECURITY- WAFFENSMITH LOAN</u>

9. As of the Petition Date, the Debtor and RBC had only three (3) sub-borrower loans in place under the terms and provisions of the Loan Agreement and LOC Note, as follows: a mortgage loan with Steven and Jill Waffensmith ("Waffensmith Loan"); a mortgage loan with John Dowles, Jr. ("Dowles Loan"); and a mortgage loan with Thomas and Lisa Sieren ("Sieren Loan").

10. Pre-petition, the Debtor and RBC agreed to allow the Debtor to administer to and service the loans associated with the Loan Agreement and LOC Note, with the net monthly loan payments of sub-borrowers being transmitted to RBC upon clearance of said funds from the Debtor's accounts at Colonial Bank. When sub-borrowers would request payoff data as to their subject collateral loans, as a result of refinancings or

property sales, the Debtor would provide such payoff data to the sub-borrowers, and then seek RBC to re-assign the collateral back to the Debtor to tender at closing, which would be done in conjunction with RBC receiving the net loan proceeds.

11. On or about August 5, 2009, the Waffensmith Loan was to be paid off as a result of such a refinancing, and the closing proceeds from that transaction were paid to the Debtor, who deposited the related check into its account at Colonial Bank. True copies of the documents reflecting this transaction on the Waffensmith Loan are attached hereto as Composite Exhibit "F".

12. However, prior to the Debtor transferring these sums to RBC, the related accounts of the Debtor at Colonial Bank were frozen, and the refinancing closing proceeds for the Waffensmith Loan were not paid to RBC, who still has possession and control of the sub-borrower's original note and mortgage.

13. The sums relate to the Waffensmith Loan are thus still under the auspices of this Court, although upon information and belief, secured creditor, FDIC, as Receiver for Colonial Bank, has sought stay relief designed, in part, to permit it to continue the flow of funds on deposit to their intended destinations, including without limitation, the Waffensmith Loan refinancing proceeds. RBC thus joins in seeking the relief from stay associated with the release of such funds to RBC, so that RBC may satisfy and release said Waffensmith Loan obligations of record, and allow that sub-borrower to have finality to their loan relationship.

LOAN AGREEMENT AND LOC NOTE SECURITY- DOWLES AND SIREN LOANS

14. As indicated above, RBC is also secured to the Dowles Loan and the Sieren Loan under the Loan Agreement and LOC Note.

15. As described above, the secured Dowles Loan and secured Sieren Loan both are subject to servicing administration by the Debtor as to the on-going monthly payments due. However, the Debtor, it is believed by RBC, has not adequately addressed the fact that the Dowles Loan matures by its terms on September 18, 2009, such that a notice of maturity should have been provided to the sub-borrower. The Sieren Loan itself also matures by its terms on December 5, 2009.

16. RBC, as secured creditor, holds a right of setoff against any sums of the Debtor on deposit at RBC, as to the obligations arising under the Loan Agreement and LOC Note, pursuant to the specific terms of the LOC Note. RBC was in the midst of exercising these setoff rights just prior the Petition Date, and maintains its right to exercise such setoff in order to assure its realization on its collateral, given the extremely uncertain nature of the Estate, and the Debtor's capacity or desire to effect its obligation under the Loan Agreement and LOC Note. Thus, RBC seeks the Court's approval of RBC's exercise of setoff, and re-assign the two (2) notes and mortgages to the Estate, whereby the Debtor can take the two (2) remaining mortgages described herein and continue to service them internally, and possibly generate revenue for the Estate by refinancing these obligations.

17. Given the huge volume of loans that have to be attended to, and the relatively insignificant size of these loan relationships and the costs to the Estate in administering to the loans which are collateral for a loan balance owed by the Debtor that is only growing in size, day by day (along with the related costs and fees associated with being part of this Estate on an on-going basis), and further given the pending maturity of the Dowles Loan and the Sieren Loan, it seems most reasonable to afford

RBC the right to set off the sums on deposit to pay these loans off and assign them to the Estate.

18. Alternatively, RBC suggests that the Court grant relief that dictates that any servicing responsibility under these loan relationships is severed, such that RBC can directly administer to them on an on-going basis, with the proviso that any sums received into the Estate prior to such relief remain as secured claims of RBC in the Estate.

LOAN SERVICING AGREEMENT- SMITH AND WEAVER LOANS

19. In a similar vein, RBC is successor to Georgia State Bank, which entity had a loan servicing agreement ("LSA") with the Debtor, as described above.

20. Pursuant to the LSA, the Debtor had been servicing only two loans, whose principal collective balance was approximately seventy-thousand dollars ($70,000), as follows: a mortgage loan with Nancy A. Smith ("Smith Loan"); and a mortgage loan with Alan W. Weaver ("Weaver Loan").

21. In line with the rationale expressed above, and based upon the overwhelming volume of end-loans that are subject to being serviced by the Debtor, these two loan relationships should similarly be offset against funds held at RBC, and the loans assigned to the Estate, or, in the alternative, be returned to RBC's control and authority to administer on its own, in order to promote the most effective and meaningful administration of said loan relationships, and to benefit the Estate.

WHEREFORE, RBC requests this Court provide stay relief which allows RBC to setoff its loan balances due from the Debtor, assign the related secured loans back to the Estate, or to Order that the Debtor's estate no longer has any right or interest in

administering to the sub-loans or otherwise having any further involvement with those loan relationships, or for any other relief deemed proper by the Court.

Dated: September 1, 2009

                                        ANGELO & BANTA, P.A.
                                      Attorneys for RBC BANK
                                      515 East Las Olas Boulevard
                                      Suite 850
                                      Fort Lauderdale, FL 33301
                                      Tel: 954-766-9930
                                      Fax: 954-766-9937
                                      Email: jwc@angelolaw.com

                                      By: /s/ James W. Carpenter
                                           JAMES W. CARPENTER, ESQ.
                                         Fla. Bar. No.: 654256

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail to the following parties, this 1st day of September, 2009.

| **Debtor** | **Debtor's Attorneys** |
|---|---|
| **Taylor, Bean & Whitaker** | **Amy Denton Harris** |
| **Mortgage Corp.** | **Edward J. Peterson, III** |
| 315 N.E. 14th Street | **Russell M Blain** |
| Ocala, FL 34470 | Sticher, Riedel, Blain & Prosser, P.A. |
| | 110 E Madison Street, Suite 200 |
| ***U.S. Trustee*** | Tampa, FL 33602 |
| **Elena L Escamilla TB** | |
| 135 W. Central Blvd, Suite 620 | ***Local Rule 1007-2 Parties in Interest*** |
| Orlando, FL 32801 | See attached mailing matrix |

                                      /s/ James W. Carpenter
                                      JAMES W. CARPENTER, ESQ.
                                      Fla. Bar. No.: 654256

Label Matrix for local noticing
113A-3
Case 3:09-bk-07047-JAF
Middle District of Florida
Jacksonville

AT&T Universal Biller
P.O. Box 13148
Newark, NJ 07101-5648

American International Company
22427 Network Place
Chicago, IL 60673-1224

Cadwalader, Wickersham & Taft
General Post Office
P.O. Box 5929
New York, NY 10087-5929

DLA Piper LLP (US)
Counsel for FDIC as Receiver for Colonia
100 North Tampa Street, Suite 2200
Tampa, FL 33602-5809
Attn.: Philip V. Martino, Esq.

Deutsche Bank Securities, Inc.
60 Wall St., 19th Floor
New York, NY 10005-2836

Dimension Data
P.O. Box 403667
Atlanta, GA 30384-3667

Federal Deposit Insurance Corp.
as receiver for Colonial Bank, N.A.
c/o Thomas R. Califano & Jeremy Johnson
1251 Avenue of the Americas
New York, New York 10020-1104

Federal Deposit Insurance Corporation as Rec
c/o DLA Piper LLP (US)
100 No. Tampa Street, Ste. 2200
Attn.: Philip V. Martino, Esq.
Tampa, FL 33602-5809

Federal Deposit Insurance Corporation,
receiver for Colonial Bank, Mont., Ala
c/o Philip V. Martino
100 North Tampa St., Ste 2200
Tampa, FL 33602-5809

Fidelity National Title
3007 N.DELTA HWY # 206
EUGENE, OR 97408-7119

First American
2490 PASEO VERDE PKWY SUITE 10
HENDERSON, NV 89074-7120

First American CoreLogic
P.O. Box 847239
Dallas, TX 75284-7239

First American Real Estate Tax
Service
PO BOX 200079
Dallas, TX 75320-0079

First National Bank of Layton
136 W 12300 S Ste 201
Draper, UT 84020-8368

Hadlock Title Services, Inc.
679 Worcester Road
Natick, MA 01760-1824

Iron Mountain Information Management, Inc.
c/o Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110-1610

James G. Hicks
950 Grayson Highway
Lawrenceville, GA 30046-6340

Lamb & Browne
531 Concord Street
Holliston, MA 01746-3312

LandAmerica Tax and Flood
1123 S Parkview Drive
Accounting Department
Covina, CA 91724-3748

Locke Lord Bissell & Liddell LLP
111 S. Wacker Dr.
Chicago, IL 60606-4302

McKenna Long & Aldridge, LLP
P.O. Box 116573
Atlanta, GA 30368-6573

NDS USA LLC
406 E Silver Springs Blvd
Ocala, FL 34470-5828

RBC Bank successor
to Florida Choice Bank
c/o James W. Carpenter
515 East Las Olas Blvd., Ste 850
Fort Lauderdale, FL 33301-2277

RBC Capital Markets
One Liberty Plaza
165 Broadway
New York, NY 10006-1428

Sam Solutions
11511 Abercorn Box 285
Savannah, GA 31419-1901

Sovereign Bank
c/o Robert Soriano, Esq.
625 E. Twiggs St., #100
Tampa, FL 33602-3925

TN Dept. of Financial Institutions
c/o Gill Geldreich, Asst. Atty. General
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-4015

Tennessee Dept. of Financial Instutions
Attn: Gill Geldreich
c/o TN Atty General's Office, Bankruptcy
PO Box 20207
Nashville, Tennessee 37202-4015

United States Trustee - Jax
135 W Central Blvd, Suite 620
Orlando, FL 32801-2440

Wright Express Financial
33548 Treasury Center
Chicago, IL 60694-3500

End of Label Matrix
Mailable recipients    30
Bypassed recipients     0
Total                  30