IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Chapter 11

TAYLOR, BEAN & WHITAKER                                   Case No. 3:09-bk-07047-JAF
MORTGAGE CORP.,

        Debtor                                       *Emergency Relief Requested*

_____/

**DEBTOR'S EMERGENCY MOTION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11
CASES PURSUANT TO BANKRUPTCY RULE 1015(b)**

Debtor, TAYLOR, BEAN & WHITAKER MORTGAGE CORP. (the "**Debtor**" or "**TBW**"), by and through its undersigned attorneys, hereby files its Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the **"Motion"**)[1] and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with a related Chapter 11 case pending before this Court. In support of its Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28

---

[1] An identical copy of this Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) is being simultaneously filed in the Chapter 11 cases of REO Specialists, LLC and Home America Mortgage, Inc. pending before this Court.

U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. No request for the relief requested herein has been made to this Court or any other court.

## Background

4. On November 25, 2009, REO Specialists, LLC ("**REO**") and Home America Mortgage, Inc. ("**HAM**") each filed Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. REO and HAM are each affiliates of TBW (collectively, the "**Debtors**"). On August 24, 2009, TBW filed its Voluntary Petition for Relief under the Bankruptcy Code.

6. The Debtor is operating its business and managing its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee or examiner has been appointed in this cases. An Unsecured Creditors Committee has been appointed pursuant to § 1102 of the Bankruptcy Code.

## Relief Requested and Grounds for Relief

8. REO and HAM are both wholly owned subsidiaries of TBW.

9. By this Motion, the Debtor requests the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing, for procedural purposes

only, the joint administration of the Chapter 11 cases of REO and HAM with its pending Chapter 11 case under Case No. 3:09-bk-07047-JAF.

10. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> (b) **Cases involving two or more related debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

11. As set forth above, REO and HAM are affiliates of TBW within the meaning of §101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Therefore, this Court may order a joint administration of the Chapter 11 cases of REO and HAM with the pending Chapter 11 case of TBW.

12. The Debtors request that all pleadings in all Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                 Chapter 11

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,                                        Case No. 3:09-bk-07047-JAF
REO SPECIALISTS, LLC, and                          Case No. 3:09-bk-10022-JAF
HOME AMERICA MORTGAGE, INC.              Case No. 3:09-bk-10023-JAF

     Debtors.                                                     Jointly Administered Under
                                                                          Case No. 3:09-bk-07047-JAF

_____/


The Debtor further requests that all pleadings in the Debtors' Chapter 11 case be filed

and maintained under the TBW case number.

      13.     The Debtor submits that unnecessary and expensive duplication can be

avoided by jointly administering the Chapter 11 cases of TBW, REO and HAM pursuant

to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

> (a) To expedite the administration of their Chapter 11 cases, the Debtors will be filing pleadings affecting all Debtors. Absent joint administration, the Debtors will need to file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and expense.
>
> (b) Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving several sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint

administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

14. According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the debtors' estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "<u>that may aid in expediting the cases and rendering the process less costly</u>." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

15. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. Moreover, each creditor may still file its claim against a particular estate.

16. The Debtors do not believe that any of the relief herein requested would create a conflict of interest between creditors of the three estates.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting this Motion, (ii) directing, for procedural purposes only, the joint administration of the

5

Chapter 11 cases of REO and HAM with the case of TBW under Case No. 3:09-bk-07047-JAF, and (iii) providing for such other and further relief as is just and proper.

DATED: December 4, 2009.

      /s/ Edward J. Peterson, III
      Edward J. Peterson, III (FBN 014612)
      epeterson@srbp.com
      Russell M. Blain (FBN 236314)
      rblain@srbp.com
      **Stichter, Riedel, Blain & Prosser P.A.**
      110 East Madison Street, Suite 200
      Tampa, Florida 33602
      Telephone: (813) 229-0144
      Facsimile: (813) 229-1811
      Attorneys for Debtors