UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| Debtor. | |

## SUPPLEMENTAL ORDER APPROVING THE DEBTOR'S SALE OF CERTAIN REO ASSETS AND GRANTING RELATED RELIEF

This case previously came before the Court on December 15, 2009 on the motion (the "**Sale Motion**") of Taylor, Bean & Whitaker Mortgage Corp. (the "**Debtor**") (Docket No. 495), seeking, *inter alia*, entry of an order (a) approving the Real Estate Purchase and Sale Agreement dated October 21, 2009 and the First Amendment to Real Estate Purchase and Sale Agreement (the "First Amendment") dated December 11, 2009 (as amended pursuant to the Sale Order, the "Agreement"),[1] which represented the highest and best bid received by Debtor in connection with a sale process and auction, free and clear of liens, claims and encumbrances, to Selene RMOF REO Acquisition II LLC ("Purchaser"), and (b) granting related relief. In paragraph 19 of its Order Approving the Debtor's Sale of Certain REO Assets and Granting Related Relief dated December 17, 2009 [Docket No. 802] (the "**Sale Order**"), the Court retained jurisdiction to further consider the Sale Motion only as to objections to the Sale Motion filed by holders of Interests who were not served prior to the Sale Hearing with the Notice Materials (as that term is defined in paragraph 10(a) of the Bid Procedures Order) as provided in paragraph 10(a), (b), or (c) of the Bid Procedures Order. In paragraph 23 of the Sale Order, the Court ordered that a

---

[1] Capitalized terms used but not defined in this Order shall have the meanings given to such terms in the Agreement, a copy of which was filed with this Court on October 21, 2009. (A copy of the First Amendment was filed with the Court on December 14, 2009 as an exhibit to the Debtor's Report of Auction [Docket No. 766].)

2134945v2

Supplemental Sale Hearing be held to consider any objections filed by Supplemental Notice Parties. The Sale Motion and notice of the Supplemental Sale Hearing having been served on (i) the Supplemental Notice Parties as evidenced by a Certificate of Service on file with the Court (Docket No. 825), (ii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (iii) all entities having requested notices pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, and (iv) the Office of United States Trustee, and the appearances of all interested parties and all responses and objections to the Sale Motion having been duly noted in the record of the Supplemental Sale Hearing; and the Supplemental Sale Hearing having been held on January 8, 2010; and upon the record of the Supplemental Sale Hearing and all other pleadings and proceedings in this case, including the Sale Motion and the record of the December 15, 2009 hearing on the Sale Motion (collectively, the "**Sale Hearing Record**"); and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND:**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.

B.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.  The Court has jurisdiction over the Sale Motion and the Transaction contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408.

2134945v2

D. The statutory predicates for the relief sought in the Motion are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

E. This Court entered an Order approving an auction and bid procedures on November 10, 2009 (the "Bid Procedures Order") (Docket No. 621). Due, proper, timely, adequate, and sufficient notice of the Bid Procedures (as defined in the Bid Procedures Order) has been given in accordance with the provisions of Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

F. The Auction was conducted on December 11, 2009. At the conclusion of the Auction, the Agreement was determined to be the highest and best bid for the Properties. A list of the Properties that were the subject of the Auction and which are to be sold pursuant to the Agreement is attached hereto as Exhibit A.

G. As evidenced by the certificates of service previously filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the Supplemental Sale Hearing, the sale of the Properties, the terms and conditions of the Agreement, and the Transaction was provided to the Supplemental Notice Parties in accordance with Sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and the local rules of this Court, (ii) such notice was good, sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Sale Motion, the Supplemental Sale Hearing, the sale of the Properties is or shall be required.

H. As demonstrated by (i) the testimony and other evidence proffered or adduced on the Sale Hearing Record, and (ii) the representations of counsel made on the Sale Hearing Record, Debtor and its professionals have marketed the Properties and conducted the sale

3

process with respect thereto in compliance with the Bid Procedures and the Bid Procedures Order.

I.  Through marketing efforts and a competitive sale process, including (i) the marketing of the Properties prior to the entry of the Bid Procedures Order, and (ii) seeking competing offers for the Properties through notice of the Sale Motion and pursuant to the Bid Procedures set forth in the Bid Procedures Order, Debtor and its professionals afforded interested potential purchasers a full, fair, and reasonable opportunity to make an offer to purchase the Properties.

J.  Debtor (i) has full corporate power and authority to execute the Agreement and the Seller's Closing Documents, and the sale of the Properties by Debtor has been duly and validly authorized by all necessary corporate action, (ii) has all of the corporate power and authority necessary to consummate the Transaction, (iii) has taken all corporate action necessary to authorize and approve the Agreement and the consummation by Debtor of the Transaction contemplated thereby, and (iv) no consents or approvals, other than as expressly provided for in the Agreement, are required for Debtor to consummate the Transaction.

K.  Debtor has demonstrated and proven to the satisfaction of this Court good, sufficient, and sound business purposes and justifications for the sale of the Properties and consummation of the Transaction pursuant to Section 363(b) of the Bankruptcy Code. Entry into the Agreement and consummation of the Transaction constitute the exercise by Debtor of sound business judgment and such acts are in the best interests of Debtor, its estate, and its creditors. The business reasons justifying the sale of the Properties include, but are not limited to, the facts that (a) the Agreement constitutes the highest and best offer for the Properties; and (b) the

Agreement and the Closing of the Transaction will present the best opportunity to realize the value of the Properties.

L. The Agreement must be approved and consummated promptly because there is a significant risk that the value of the Properties will deteriorate and the Properties are a continuing drain on the resources of the Debtor.

M. The Agreement and the Transaction were negotiated and have been and are undertaken by Debtor and Purchaser at arm's length, without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, Debtor and Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code. Neither Debtor nor Purchaser has engaged in any conduct that would cause or permit the Agreement or any of Seller's Closing Documents to be avoided under Section 363(n) of the Bankruptcy Code. Purchaser has not otherwise violated Section 363(n) by any action or inaction.

N. The aggregate consideration provided by Purchaser for the Properties pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Properties, and (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative. The terms and conditions of the Agreement are fair and reasonable. Therefore, the sale contemplated by the Agreement is in the best interests of the Debtor and its estate, creditors, and other parties in interest and is an exercise of its sound business judgment. In addition, the relief requested in the Motion (including, without limitation, the sale of the Properties) is a necessary and appropriate step toward enabling the Debtor to successfully conclude this Chapter 11 case and is otherwise in the best interests of the Debtor, its creditors, its estate, and all other parties in interest in this case.

2134945v2

O.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to the Supplemental Notice Parties.

P.  The transfer of the Properties to Purchaser will be a legal, valid, and effective transfer of the Properties and, except as otherwise set forth in the Seller's Closing Documents, will vest Purchaser with all right, title, and interest of Debtor in and to the Properties free and clear of all liens, claims and interests, including (but not limited to) (i) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, leases, pledges, liens, judgments, demands, encumbrances, or charges of any kind or nature, including, but not limited to, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership, and (ii) all debts arising in any way in connection with any agreements, acts, or failures to act, of Debtor or Debtor's predecessors or affiliates, claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise, including (but not limited to) claims otherwise arising under doctrines of successor liability (collectively, "Interests"), other than the Permitted Exceptions.

Q.  Purchaser would not have entered into the Agreement and would not consummate the Transaction contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Properties to Purchaser was not free and clear of all Interests of any kind or nature whatsoever (other than as set forth in the Agreement), or if Purchaser would, or in the future could, be liable for any of the Interests.

2134945v2

R. Debtor may sell the Properties free and clear of all Interests of any kind or nature whatsoever (except for the Permitted Exceptions) because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Specifically, each entity with a security interest in any of the Properties has consented to the sale, is deemed to have consented to their sale, or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest, or the sale of the Properties otherwise satisfies the requirements of Section 363(f) of the Bankruptcy Code. To that end, the Supplemental Notice Parties with Interests in the Properties who did not object, or who withdrew their objections, to the Agreement or the Motion are deemed to have consented to such sale pursuant to Section 363(f)(2) of the Bankruptcy Code.

S. Only one objection was filed by a Supplemental Notice Party, that being "Movant Joe Johnson's Objection to Debtor's Sale of Certain REO Assets" (Docket No. 831). In his objection (the "**Johnson Objection**"), Mr. Johnson claims a "financial interest" in one of the Properties that was the subject of the Auction—5822 North Holly Springs Drive, No. 1-6, Capitol Heights, Maryland 20743 (the "**Holly Springs Property**"). After due consideration of the argument presented by Mr. Johnson at the Supplemental Sale Hearing, and the response and evidence presented by counsel for the Debtor at the Supplemental Sale Hearing, the Court finds that Mr. Johnson's alleged interest in the Holly Springs Property is subject to bona fide dispute within the meaning of Section 363(f)(4) of the Bankruptcy Code and that Mr. Johnson could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of his alleged interest in the Holly Springs Property within the meaning of Section 363(f)(5) of the Bankruptcy Code. Moreover, Mr. Johnson's alleged interest in the Holly Springs Property is adequately protected by having his interest, if any, attach to the cash proceeds of the Transaction ultimately

7

attributable to the Holly Springs Property with the same validity, force, and effect which it now has, subject to any claims and defenses Debtor, the Committee and/or other parties in interest possess with respect thereto.

T. Approval of the Agreement and consummation of the sale of the Properties at this time are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

U. Time is of the essence in closing the Transaction, and Debtor and Purchaser intend to close the sale of the Properties and the other Transaction as soon as possible.

For all of the foregoing and after due deliberation, **IT IS HEREBY ORDERED:**

### General Provisions

1. Any and all objections and responses concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the Sale Hearing Record. To the extent any such objections or responses were not otherwise withdrawn, waived, or settled, all such objections, including without limitation the Johnson Objection, and all reservations of rights or relief requested therein, are hereby overruled on the merits and denied with prejudice.

### Approval of the Sale Documents

2. Pursuant to the Agreement, the sale of the Properties is hereby approved in all respects.

3. Pursuant to Section 363(b) of the Bankruptcy Code, Debtor is authorized to perform its obligations under, and comply with the terms of, the Agreement, and to consummate the sale of the Properties and the Transaction pursuant to, and in accordance with, the terms and conditions of the Agreement.

4. Debtor is authorized to execute, deliver, perform under, consummate, and implement the Agreement and Seller's Closing Documents, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the

8

Agreement and is authorized to take any and all further actions as may be reasonably requested by Purchaser and provided for in the Agreement for the purpose of assigning, transferring, granting, conveying, and conferring to Purchaser or reducing to possession, the Properties, or as may be necessary, desirable or appropriate in connection with the performance by Debtor of its obligations under the Agreement.

5. This Order, the Agreement and Seller's Closing Documents shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all nondebtor parties who claim an interest in the Properties, Purchaser and all of its affiliates, subsidiaries, successors and assigns, the Debtor, and its affiliates and subsidiaries, and any subsequent trustee(s) appointed in any of the Debtor's Chapter 11 case or upon a conversion thereof to Chapter 7 of the Bankruptcy Code and shall not be subject to rejection. Nothing contained in any Chapter 11 plan confirmed in this bankruptcy case or in any Order of the Court confirming any such Chapter 11 plan shall conflict with or modify the rights of the Purchaser pursuant to the provisions of the Agreement, Seller's Closing Documents or this Order.

6. The Agreement, Seller's Closing Documents and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court.

### Transfer of the Properties

7. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, at the Closing and upon consummation of the Transaction, Purchaser shall acquire good and marketable title in and to each of the Properties, free and clear of all Interests of any kind or nature whatsoever, except for the Permitted Exceptions, with all such Interests of any kind or nature whatsoever (except for the Permitted Exceptions) to attach to the net proceeds of the sale

9

2134945v2

in the order of their priority, with the same validity, force, and effect which they now have as against the Properties, subject to any claims and defenses Debtor, the Committee or any other party in interest may possess with respect thereto.

8. Except as expressly permitted or otherwise specifically provided by the Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, employees, and other creditors, holding Interests of any kind or nature whatsoever (except for the Permitted Exceptions) against or in the Debtor or the Properties (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non- contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Properties, the operation of the Debtor's business prior to the Closing, or the transfer of the Properties to Purchaser, are forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, its property, or the Properties, such persons' or entities' Interests.

9. The transfer of the Properties to Purchaser pursuant to the Agreement does not require any consents other than as specifically provided for in the Agreement and constitutes a legal, valid, and effective transfer of the Properties, and shall vest Purchaser with all right, title, and interest of Debtor in and to the Properties free and clear of all Interests of any kind or nature whatsoever (except for the Permitted Exceptions).

10. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests in the Properties shall not have delivered to Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests

which the person or entity has with respect to the Properties, then (a) Debtor is authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Properties, and (b) Purchaser is authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Properties of any kind or nature whatsoever (except for the Permitted Exceptions).

## Additional Provisions

11. The consideration provided by Purchaser for the Properties under the Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

12. The consideration provided by Purchaser for the Properties under the Agreement is fair and reasonable, and the Transaction may not be avoided under Section 363(n) of the Bankruptcy Code.

13. Prior to the Closing of the sale of the Properties, each of Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release effective as of the Closing its Interests (other than the Permitted Exceptions) in the Properties, if any, as such Interests may have been recorded or may otherwise exist.

14. This Order (a) shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Properties prior to the Closing have been unconditionally released, discharged, and terminated (other than the Permitted Exceptions), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local

officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Properties.

15. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the Transaction contemplated by the Agreement.

16. All entities that are presently, or on the Closing Date may be, in possession of any or all of the Properties are directed to surrender possession of the Properties to Purchaser on the Closing Date. Purchaser may, at its option, seek to enforce this paragraph 16 by making an appropriate application to this Court and/or any other court with jurisdiction over an entity in possession of any of the Properties. Debtor shall cooperate with any efforts by Purchaser to enforce this paragraph 16.

17. Except for the Permitted Exceptions or as expressly permitted or otherwise specifically provided for in the Agreement, Seller's Closing Documents or this Order, Purchaser shall have no liability or responsibility for any liability or other obligation of Debtor arising under or related to the Properties other than the Permitted Exceptions. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement or Seller's Closing Documents, to the maximum extent allowed by law, Purchaser shall not be liable for any claims against Debtor or any of its predecessors or affiliates, and Purchaser shall have no successor or vicarious liabilities of any kind or character including, but not limited to, any such liability that may be imposed by statute (*e.g.*, under so-called "bulk sale" laws) or any theory of antitrust, environmental, successor or transferee liability, labor law, de

2134945v2

facto merger, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to Debtor or any obligations of Debtor arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Properties prior to the Closing.

18. Under no circumstances shall Purchaser be deemed a successor of or to Debtor for any Interests (other than the Permitted Exceptions) against or in Debtor or the Properties of any kind or nature whatsoever other than as provided for in the Agreement, Seller's Closing Documents or this Order. Except as otherwise provided in the Agreement or this Order, the sale, transfer, assignment and delivery of the Properties shall not be subject to any Interests, other than the Permitted Exceptions. Except as otherwise provided in the Agreement or this Order, all persons holding Interests against or in the Properties of any kind or nature whatsoever other than the Permitted Exceptions shall be, and are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature whatsoever against Purchaser, its property, its successors and assigns, or the Properties, as an alleged successor or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has, or may have against Debtor, its estate, officers, directors, shareholders, or the Properties. Following the Closing, no holder of an Interest in Debtor other than the Permitted Exceptions shall interfere with Purchaser's title to or use and enjoyment of the Properties based on or related to such Interest, or any actions that Debtor may take in its Chapter 11 case.

19. This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement and Seller's Closing Documents, all amendments thereto, any waivers and

13

consents thereunder, in all respects, including, but not limited to, retaining jurisdiction to (a) subject to the terms and conditions of the Agreement, compel delivery of the Properties to Purchaser or performance of other obligations of Debtor under the Agreement, (b) compel delivery of the purchase price by Purchaser or performance of other obligations of Purchaser contained in the Agreement, including owed to Debtor or to other parties pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement or Seller's Closing Documents, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Order, and (e) protect Purchaser against any Interests in the Properties (other than the Permitted Exceptions), of any kind or nature whatsoever; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Agreement, Seller's Closing Documents or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

20. The Transaction contemplated by the Agreement are undertaken by Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Properties to Purchaser, unless such authorization is duly stayed pending such appeal. Purchaser is a purchaser in good faith of the Properties and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

21. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

2134945v2

22. Time is of the essence in closing the Transaction. Accordingly, the stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(h) shall not apply to this Order, and this Order is immediately effective and enforceable.

DATED this \_\_11\_\_ day of January 2010, in Jacksonville, Florida.

_____
JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:
Local Rule 1007-2 Parties in Interest List