UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Chapter 11

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,                                           Case No. 3:09-bk-07047-JAF

       Debtor.
_____/

**STEWART TITLE GUARANTY COMPANY'S AND CAROLYN C. PRESGRAVES'
MOTION TO MODIFY THE AUTOMATIC STAY OR FOR
ADEQUATE PROTECTION OR, IN THE ALTERNATIVE,
TO ABANDON THE ESTATE'S INTEREST AND CONSENT
<u>TO A LIFTING OF THE STAY</u>**

STEWART TITLE GUARANTY COMPANY, ("Stewart Title") by its undersigned attorneys, hereby moves the Court to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1), or, in the alternative, moves the Court for adequate protection or abandonment of the subject property, and states:

1. TAYLOR, BEAN & WHITAKER MORTGAGE CORP., Debtor, filed a petition under Chapter 11 of the Bankruptcy Code on or about August 24, 2009.

2. On or about July 21, 2009, CAROLYN C. PRESGRAVES ("Borrower") executed and delivered to Debtor a note in the principal amount of $373,000.00 (the "Note"). The Note is secured by a Mortgage on real property located in Anderson County, South Carolina (the "Property"). A copy of the Note and Mortgage are attached hereto as **Composite Exhibit "A."**

3. The Note was a refinance of a loan entered into by the Borrower and Community South Bank & Trust on July 18, 2008, (the 2008 Loan") in the amount of $365,000.00.

4. Proceeds of the 2009 Note were to have paid in full the 2008 Loan.

5. Debtor failed to record a satisfaction of mortgage for the original mortgage recorded on July 25, 2008 (the 2008 Mortgage"), in Official Records Book 08772, pages 00246. A true and correct copy of the 2008 Mortgage and Note is attached hereto as **Composite Exhibit "B."**

6. On or about October 14, 2009, Stewart Title was notified by Borrower's attorney that a satisfaction of record had not been recorded for the 2008 Mortgage. Borrower's attorney informed Stewart Title that the 2008 Loan had been transferred to Cenlar Corporation 16 days before the closing on the 2009 Loan, and that the funds are "sitting in an account that cannot be released until authorized by the Chapter 11 Bankruptcy Trustee." A true and correct copy of the Borrower's letter is attached hereto as **Exhibit "C."** A true and correct copy of the closing statement is attached hereto as **Exhibit "D."**

7. On or about October 20, 2009, Stewart Title wrote a letter to Debtor's attorney stating that the title policy naming Debtor as the insured would be canceled if the Debtor does not record a satisfaction of mortgage for the 2008 Mortgage. A true and correct copy of the letter is attached hereto as **Exhibit "E."** To date, the satisfaction of mortgage has not been recorded in the Public Records of Anderson County, South Carolina.

8. Stewart Title has employed the undersigned attorneys and agreed to pay them a reasonable fee for their services rendered in connection herewith.

9. All conditions precedent to the relief demanded herein have been performed or have occurred.

**WHEREFORE**, Stewart Title requests the Court to: (1) lift the automatic stay for cause, pursuant to 11 U.S.C. § 362(d)(1), to allow it to proceed to take all necessary action to protect its interest in the Property, including (a) proceeding in state court to force the Debtor to satisfy the first mortgage using the set-aside funds earmarked for this purpose; or (b) to cancel the new loan policy and file a lis pendens; (2) determine the rights of Stewart Title versus Bank of America,

now trying to collect on the old Debtor's loan; or (3) in the alternative, Stewart Title requests that the Chapter 11 trustee abandon the estate's interest in the Property and in the earmarked funds and consent to an immediate lifting of the automatic stay.

/s/ William Knight Zewadski
WILLIAM KNIGHT ZEWADSKI
Florida Bar No. 121746
Z@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
Post Office Box 1102
Tampa, Florida 33601
Phone: (813) 223-7474/Fax: (813) 229-6553
Attorneys for Stewart Title Guaranty Company and
Carolyn C. Presgraves

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via CM/ECF electronic system or by regular U.S. Mail furnished on January 12, 2010, to:

**Bean & Whitaker Mortgage Corp.**
315 N.E. 14th Street
Ocala, FL 34470

**Amy Denton Harris, Esquire**
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4700

**Edward J. Peterson, III**, **Esquire**
Stichter, Riedel, Blain & Prosser, PA
110 East Madison Street, Suite 200
Tampa, FL 33602

**Jeffrey W Kelley, Esquire**
Troutman Sanders LLP
600 Peachtree Street, Suite 5200
Atlanta, GA 30308-2216

**Richard C. Prosser, Esquire**
Stichter, Riedel, Blain & Prosser PA
110 East Madison Street, Suite 200
Tampa, FL 33602

**Russell M Blain**
Stichter, Riedel, Blain & Prosser
110 East Madison Street, Suite 200
Tampa, FL 33602

| | |
|---|---|
| **Elena L Escamilla, Esquire**<br>United States Trustee<br>135 W Central Blvd,  Suite 620<br>Orlando, FL 32806 | **Arthur J Spector, Esquire**<br>Berger Singerman PA<br>350 East Las Olas Blvd, Suite 1000<br>Fort Lauderdale, FL 33301 |
| **Paul S Singerman, Esquire**<br>Berger Singerman PA<br>200 South Biscayne Boulevard, Suite 1000<br>Miami, FL 33131<br>**All parties of record on the attached 1007-2 matrix** | **Steven M. Yon, Esquire**<br>606 East Calhoun Street<br>Anderson, SC 29621 |

 

              /s/ William Knight Zewadski
                   Attorney