UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,

Case No.: 3:09-bk-07047-JAF

Chapter 11

Debtor.
_____/

### SUPPLEMENT TO OBJECTION OF FREDDIE MAC TO DEBTOR'S MOTION FOR EXTENSION OF EXCLUSIVITY

Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through its undersigned counsel, supplements its prior *Objection of Freddie Mac to Debtor's Motion for Extension of Exclusivity* (the "Objection") (Doc. No.: 919), and states:

1. On December 22, 2009, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"), REO Specialists, LLC ("REO Specialists") and Home America Mortgage, Inc. ("Home," and, together with TBW and REO Specialists, the "Debtors"), as Debtors and as Debtors in possession in the jointly administered Chapter 11 cases (Case No.: 3:09-bk-07047-JAF, Case No.: 3:09-bk-10022-JAF, and Case No.: 3:09-bk-10023-JAF) filed *Debtor's Motion for Extension of Exclusivity* (the "Motion") (Doc. No.: 819).

2. On January 19, 2010, Freddie Mac filed the Objection.

3. In support of the Objection, Freddie Mac provided a summary of the total amount of fees and expenses billed by Navigant Capital Advisors, LLC ("Navigant") pursuant to an agreement TBW entered into with Navigant to provide services of Neil F. Luria to TBW as its Chief Restructuring Officer and Edward Casas, as well as the

services of other Navigant employees based on fifteen (15) invoices provided by Navigant.

4. Prior to the filing of the Objection, TBW's counsel did not serve copies of Navigant's invoices to the various required parties, for the period from September 28, 2009 through October 18, 2009 (the weeks ending October 4, October 11 and October 18, 2009) (the "Missing Invoices").

5. The undersigned counsel diligently searched his own records and made no less than three written requests of TBW's counsel to produce copies of the Missing Invoices. However, TBW's counsel did not timely provide the Missing Invoices. As a result, Freddie Mac was forced to proceed with the filing of the Objection.

6. On January 20, 2010, one day after the filing of the Objection, TBW's counsel provided Freddie Mac with copies of the Missing Invoices. True copies of the Missing Invoices are attached hereto as Composite Exhibit "A".

7. Accordingly, to account for the fees and expenses billed by Navigant in the Missing Invoices, the amounts for Navigant's fees and expenses referenced in paragraphs 17, 18, 19 and 21 shall be updated as follows:

|  | Amount Referenced in Objection | Updated Amount |
|---|---|---|
| **Total Fees and Expenses: 8/24/2009 - 12/31/2010** | | |
| Total Hours | 10,953.15 | 14,062.60 |
|  |  |  |
| Total Fees (without monthly flat fee) | $4,407,873.00 | $5,617,072.25 |
| Total Monthly Flat Fee of $250,000.00 per month | $1,000,000.00 | $1,000,000.00 |
| Total Expenses | $364,621.83 | $474,291.07 |
| Total Fees and Expenses | $5,772,494.83 | $7,091,363.32 |
|  |  |  |
| **Averages of Fees and Expenses** | | |
| Average Hourly Rate | $402.43 | $399.43 |

| | | |
|---|---:|---:|
| Average Weekly Fees (without including $250,000.00 monthly flat fee for Luria and Casas) | $293,858.20 | $312,059.57 |
| Average Weekly Expenses | $24,308.12 | $26,349.50 |
| | | |
| **Fees and Expenses as %<br>of TBW's Unencumbered Cash** | 74% | 92% |
| | | |
| **Estimated Fees:<br>1/24/2010 through 6/10/2010** | | |
| | | |
| Total Fees (without monthly flat fee) | $5,583,305.80 | $5,929,131.82 |
| Total Monthly Flat Fee of $250,000.00 per month | $1,500,000.00 | $1,500,000.00 |
| Total Expenses | $461,854.28 | $500,640.57 |
| Total Estimated Fees and Expenses | $7,545,160.08 | $7,929,772.39 |

8. Paragraph 17 of the Objection shall be deleted in its entirety and replaced with the following:

A summary of the amounts due included in the Invoices are as follows:

| Week | Hours | Fees | Monthly Fee | Expenses | Total |
|---|---:|---:|---:|---:|---:|
| 08/24/09 - 08/31/09 | 369.30 | $186,597.50 | $250,000.00 | $15,271.98 | $451,869.48 |
| 09/01/09 - 09/06/09 | 270.00 | $140,540.00 | $0.00 | $10,028.32 | $150,568.32 |
| 09/07/09 - 09/13/09 | 382.50 | $174,972.50 | $0.00 | $12,360.63 | $187,333.13 |
| 09/14/09 - 09/20/09 | 531.75 | $254,391.50 | $0.00 | $19,212.03 | $273,603.53 |
| 09/21/09 - 09/27/09 | 606.65 | $285,653.25 | $250,000.00 | $32,119.83 | $567,773.08 |
| 09/28/09 - 10/04/09 | 806.60 | $345,381.00 | $0.00 | $12,838.02 | $358,219.02 |
| 10/05/09 - 10/11/09 | 1,049.60 | $404,176.00 | $0.00 | $33,442.53 | $437,618.53 |
| 10/12/09 - 10/18/09 | 1,253.25 | $459,642.25 | $0.00 | $63,388.69 | $523,030.94 |
| 10/19/09 - 10/25/09 | 1,033.60 | $381,287.50 | $0.00 | $48,922.96 | $430,210.46 |
| 10/26/09 - 11/01/09 | 980.60 | $383,606.00 | $250,000.00 | $41,956.35 | $675,562.35 |
| 11/02/09 - 11/08/09 | 823.90 | $330,256.00 | $0.00 | $24,698.24 | $354,954.24 |
| 11/09/09 - 11/15/09 | 1,171.80 | $414,384.50 | $0.00 | $46,850.12 | $461,234.62 |
| 11/16/09 - 11/22/09 | 929.40 | $359,093.00 | $0.00 | $30,559.06 | $389,652.06 |
| 11/23/09 - 11/29/09 | 526.70 | $200,551.00 | $250,000.00 | $13,879.33 | $464,430.33 |
| 11/30/09 - 12/06/09 | 972.40 | $376,495.50 | $0.00 | $19,972.74 | $396,468.24 |
| 12/07/09 - 12/13/09 | 912.65 | $355,527.75 | $0.00 | $19,528.75 | $375,056.50 |
| 12/14/09 - 12/20/09 | 790.90 | $302,529.00 | $0.00 | $22,711.62 | $325,240.62 |
| 12/21/09 - 12/31/09 | 651.00 | $261,988.00 | $0.00 | $6,549.87 | $268,537.87 |
| | | | | | |
| **Total** | **14,062.60** | **$5,617,072.25** | **$1,000,000.00** | **$474,291.07** | **$7,091,363.32** |

| | |
|---|---:|
| **Average Hourly Rate (based on full 18 weeks)** | **$399.43** |
| **Average Weekly Fees (without including $250,000.00 monthly flat fee for Luria and Casas; based on full 18 weeks)** | **$312,059.57** |
| **Average Weekly Expenses (based on full 18 weeks)** | **$26,349.50** |

9. Paragraph 18 of the Objection shall be deleted in its entirety and replaced with the following:

> The Invoices reflect an effective average hourly rate billed by Navigant to TBW of approximately $399.43. Navigant seems to be utilizing many of its highest paid employees in activities reflected in the Invoices. The effective hourly rate charged to TBW is excessive.

10. Paragraph 19 of the Objection shall be deleted in its entirety and replaced with the following:

> The Invoices reflect that in the almost nineteen weeks from August 24, 2009 through December 31, 2009, Navigant's employees billed TBW for 14,062.60 hours, valued at approximately $5,617,072.25 and $474,291.07 for expenses. In addition, Navigant is also receiving a flat fee of a $250,000.00 a month for services of Chief Restructuring Officer Neil F. Luria and Edward Casas.[1] Thus, in the first almost nineteen weeks of this case, TBW has incurred total fees and expenses to Navigant of approximately $7,091,363.32[2] This represents approximately ninety-two percent (92%) of the total approximately $7,736,000.00 of TBW's alleged unencumbered cash balance as of November 30, 2009. See *Financial Reports for the Period November 1, 2009 to November 30, 2009* (Doc. No.: 813).

11. Paragraph 21 of the Objection shall be deleted in its entirety and replaced with the following:

> If the Court is nevertheless willing to hear the Debtor's Motion on the merits, then it should be denied. At the current burn rate, the granting of the requested extension of the exclusivity period through June 10, 2010, would ensure that another approximately

---

[1] In addition to these fees, Navigant is due as-yet undetermined Deferred Restructuring Fee Payments in accordance with the terms of the approved engagement letter that was attached to the emergency application to employ Navigant. Though these Deferred Restructuring Fee Payments are still yet to be determined, they will no doubt be substantial. By way of example and not limitation, Navigant is due 0.25% of the overall proceeds of the bulk sale of REO assets recently approved by this Court.

[2] This does not include, of course, professional fees for: (i) Stichter, Riedel, Blain & Prosser, P.A. (Fees: $634,659.50; Expenses: $19,767.67), counsel to the Debtor; (ii) Troutman Sanders, LLP (Fee: $2,102,826.00; Expenses: $44022.89), special counsel to the Debtor; and (iii) Berger Singerman, P.A. (Fees: $627,230.50; Expenses: $20,025.66), counsel to the Official Committee of Unsecured Creditors; all of which have recently filed fee applications aggregating Three Million Three Hundred Sixty-Four Thousand Seven Hundred Sixteen and No/100 Dollars ($3,364,716.00) in fees and Eighty-Three Thousand Eight Hundred Sixteen and 22/100 Dollars ($83,816.22) in expenses.

$7,929,772.39 of the Debtors' funds will be expended to pay Navigant prior to the time the TBW files a proposed Plan, representing approximately $5,929,131.82 (average weekly fees of $312,059.57 for nineteen weeks from January 24, 2010 through June 10, 2010) for Navigant's fees, plus approximately $500,640.57 (average weekly expenses of $26,349.50 for nineteen weeks) for Navigant's expenses, plus the monthly flat fee for services of Chief Restructuring Officer Neil F. Luria and Edward Casas in the aggregate amount of $1,500,000 (plus as-yet undetermined additional Deferred Restructuring Fee Payments). An extension of the exclusivity period will only serve to further severely dilute, if not wholly eliminate, the value of Debtors' bankruptcy estates.

12. The updated amounts for Navigant's fees and expenses further support a denial of the Motion because an extension of the exclusivity period will only serve to further severely dilute, if not wholly eliminate, the value of Debtors' bankruptcy estates.

WHEREFORE, Freddie Mac respectfully requests that this Court enter an Order denying the Motion.

Respectfully submitted,

/s/ Jason Ward Johnson
Gary R. Soles
Florida Bar No.: 0616149
Jason Ward Johnson
Florida Bar No.: 0186538
**LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.**
450 South Orange Avenue, Suite 800
Orlando, Florida 32803
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
e-mail: jason.johnson@lowndes-law.com

and

/s/ George Kielman
George Kielman, Managing Associate General Counsel
Kenton W. Hambrick, Associate General Counsel

Soha Mody, Associate General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive - MS 202
McLean, Virginia  22102
Telephone: (703) 903-2640
Facsimile: (703) 903-3691

Attorneys for Federal Home Loan Mortgage Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 20th day of January, 2010, I electronically filed the foregoing *Supplement to Objection Of Freddie Mac To Debtor's Motion for Extension of Exclusivity* with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, Federal Rules of Civil Procedure, made applicable by Rule 7005, *Federal Rules of Bankruptcy Procedure*, to all parties indicated on the electronic filing receipt.

/s/ Jason Ward Johnson
Jason Ward Johnson