UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

*F I L E D*
*JACKSONVILLE, FLORIDA*
*APR 6 2010*
*CLERK, U.S. BANKRUPTCY COURT*
*MIDDLE DISTRICT OF FLORIDA*

| | |
|---|---|
| IN RE: ) | FILED *EX PARTE* |
| ) | AND UNDER SEAL |
| HOME AMERICA MORTGAGE, INC.. ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Case No. 3:09-BK-10023-JAF |
| ) | |

EXPEDITED *EX PARTE* MOTION FILED PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018 FOR AN ORDER AUTHORIZING THE GOVERNMENT TO FILE PROOFS OF CLAIM ON BEHALF OF CERTAIN THIRD PARTIES UNDER SEAL

The United States (the "Government") hereby asks the Court to authorize it to file sealed proofs of claim in the above-captioned cases on behalf of the relators-claimants, Comfort Friddle and Stephanie Kennedy, in a sealed civil action currently pending in the United States District Court for the Northern District of Georgia.

<u>BACKGROUND</u>

1.   On November 25, 2009 (the "Petition Date"), debtor Home America Mortgage, Inc., ("Debtor" or "HAM") filed a voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court") [Docket No. 1].

2.   By Notice entered November 30, 2009, a deadline of April 6, 2010, has been set for the filing of proofs of claim by all

1

creditors except a governmental unit and a deadline of May 25, 2010, has been set for the filing of proofs of claim by a governmental unit. [Docket No. 6].

3.   By Order entered January 19, 2010, the Court entered an order authorizing the joint administration of the Debtor's Chapter 11 bankruptcy case, for purposes of procedural administration only, with: the Chapter 11 bankruptcy case commenced by debtor Taylor, Bean, Whitaker, Inc. ("TBW"), which is docketed as Bankruptcy Case No. 3:09-bk-07047-JAF with this Court; and the Chapter 11 bankruptcy case commenced by debtor REO Specialists, LLC, which is docketed as Bankruptcy Case No. 3:09-bk-10022-JAF with this Court. [Docket No. 35].

4.   Before the Petition Date, an action brought under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "FCA"), captioned <u>United States *ex rel.* Comfort Friddle and Stephanie Kennedy v. Taylor, Bean, Whitaker Mortgage Corp. *et al.*</u>, docketed as Civil Action No. 1:06-cv-3023-JEC was commenced by certain relators against, among other parties, Debtor HAM (the "Pending Action"), in the United States District Court for the Northern District of Georgia (the "District Court"). Pursuant to the FCA, the District Court has held the Pending Action under seal, prohibiting the parties thereto from divulging any information related to the Pending Action, including the nature of the claims asserted (the "Seal Order").

2

5.   The District Court did, however, enter an Order dated March 31, 2010, permitting the United States to disclose "any allegations in this action and ... provide a copy of the Complaint filed by *qui tam* Relators Comfort Friddle and Stephanie Kennedy, any amendment thereof, and this Order" to:

(1)   debtor-defendant Home America Mortgage, Inc., and its counsel;

(2)   the U.S. Bankruptcy Court for the Middle District of Florida before which the Chapter 11 bankruptcy case commenced on November 25, 2009, by debtor-defendant Home America Mortgage, Inc., docketed as Bankruptcy Case Number 3:09-BK-10023-JAF, is pending;

(3)   the United States Trustee and the Assistant United States Trustee(s) administering, for the United States Trustee's Office, the Chapter 11 bankruptcy case commenced on November 25, 2009, by debtor-defendant Home America Mortgage, Inc., which is docketed as Bankruptcy Case Number 3:09-BK-10023-JAF in the U.S. Bankruptcy Court for the Middle District of Florida; and

(4)   any other entities, together with their respective counsel, including, but not limited to, the Unsecured Creditors' Committee, having an interest

3

in the Chapter 11 bankruptcy case commenced on November 25, 2009, by debtor-defendant Home America Mortgage, Inc., which is docketed as Bankruptcy Case Number 3:09-BK-10023-JAF in the U.S. Bankruptcy Court for the Middle District of Florida.

By that Order, the District Court further has authorized the Government to file relators' proofs of claim in this bankruptcy case, under seal, with this Court.

A copy of that Order is attached hereto as Exhibit A.

## JURISDICTION

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein 11 U.S.C. §§ 105 and 107 and Bankruptcy Rule 9018.

## RELIEF REQUESTED

7. By this Motion, the Government seeks entry of an order by this Court substantially in the form of the order filed herewith, for leave to file the relators' proofs of claim under seal pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Bankruptcy Rule 9018. Moreover, pursuant to Bankruptcy Rule 9006(b)(1), the Government requests that the period during which proofs of claim may be filed on behalf of relators be enlarged, to the extent necessary, and the

4

bar date extended beyond its current date of April 6, 2010, in order that relators' proofs of claim may be filed after the Court grants leave for those proofs of claim to be filed under seal.

8.   The relators' claims in the Pending Action are subject to the Seal Order, which prevents them from disclosing any information relating to the Pending Action, including the nature of their claims.   The District Court has, however, by its Order entered March 31, 2010, authorized the United States to disclose to this Court and to counsel for the Debtor the allegations in the Pending Action which are the basis for the proof of claim which the Government seeks to file, under seal, on behalf of relators Friddle and Kennedy.

9.   Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. And Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under § 107(b). Specifically, Bankruptcy Rule 9018 provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . (3) to protect governmental matters that are made confidential by statute or regulation."

10.   Courts have recognized that proofs of claim may be filed under seal pursuant to Bankruptcy Rule 9018 where the claim itself is subject to a seal order. See Grayson v. Worldcom, Inc. (In re

<u>Worldcom, Inc.</u>), No. 05 Civ. 5701 RPP, 2006 WL 2270379, at *1-*2 (S.D.N.Y. 2006) ("the Bankruptcy Code and Federal Rules of Bankruptcy Procedure provide a process for protecting confidentiality of documents filed with the Bankruptcy Court, and [the relator may seek] leave to file his proof of claim in the Bankruptcy Court under seal"); <u>United States ex. rel. Gebert v. Transport Admin. Servs.</u>, 260 F.3d 909, 918-19 (8th Cir. 2001) ("Rule 9018 . . . approaches the confidentiality issue from the government's perspective, which is the entity most likely to be harmed from the public disclosure of a qui tam claim before it is filed").

11.   The Seal Order, as modified by the Order entered by the Court on March 31, 2010, permits the allegations in the Pending Action to be disclosed by the Government, under seal, to this Court and counsel for the Debtor, among others.   As stated above, 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 provide a mechanism whereby the Government may file the relators' proofs of claim under seal to protect their interests while maintaining the confidentiality required by the Seal Order.   Consequently, this Court should grant the Government leave to file the relators' proofs of claim under seal.

12.   The Government seeks expedited review of this Motion because the Non-Governmental Bar Date is rapidly approaching.

13.   Counsel for the Debtor has indicated that the Debtor does

not oppose this Motion.

CONCLUSION

For the foregoing reasons, the Court should grant leave for the Government to file sealed proofs of claim in the above-captioned bankruptcy on behalf of the relators in the Pending Action.

Respectfully submitted,

TONY WEST
Assistant Attorney General

SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia

DANIEL A. CALDWELL
Assistant U.S. Attorney
Northern District of Georgia
Georgia Bar No. 102510
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W.
Atlanta, Georgia 30303

Telephone: (404) 581-6224
Facsimile: (404) 581-6181
E-mail: dan.caldwell@usdoj.gov

JOYCE R. BRANDA
RENEE BROOKER
REBECCA A. FORD
Attorneys, Department of Justice
Civil Division
601 D Street N.W., 9th Floor
Washington, D.C. 20004
Tel: (202) 514-1511
Fax: (202) 305-4117

Attorneys for the United States
of America

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the **UNITED STATES' EXPEDITED *EX PARTE* MOTION TO FILE PROOFS OF CLAIM UNDER SEAL and PROPOSED ORDER** were served by first-class, United States mail, postage prepaid, upon the following:

Russell M. Blain
Stichter, Riedel, Blain & Prosser
110 East Madison Street
Suite 200
Tampa FL 33602

Mike Bothwell, Esq.
Julie Bracker, Esq.
Bothwell Bracker & Vann
304 Macy Drive
Roswell GA 30076

This ___6th___ day of April, 2010.

DANIEL A. CALDWELL
Assistant U.S. Attorney

# EXHIBIT A

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 30 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

COPY

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 31 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA     :
*ex rel.* COMFORT FRIDDLE     :
and STEPHANIE KENNEDY,     :
    :
        Plaintiff,     :
    :
    v.     :
    :
TAYLOR, BEAN & WHITAKER     :
MORTGAGE CORPORATION;     :
HOME AMERICA MORTGAGE, INC.;     :
GREGORY HICKS; DENNIS MOSELEY;     :
CARL WRIGHT; AND JOHN DOE,     :
    :
        Defendants.     :

CIVIL ACTION NO.

1:06-CV-3023-JEC

FILED *EX PARTE*
AND UNDER SEAL

## ORDER

The Court having considered the application by the United States to partially lift the seal upon the Complaint filed by *qui tam* Relators Comfort Friddle and Stephanie Kennedy, with good cause having been shown,

IT IS HEREBY ORDERED that the seal in this case is partially lifted so that, at the discretion of the United States, the United States may disclose any allegations in this action and may provide a copy of the Complaint filed by *qui tam* Relators Comfort Friddle and Stephanie Kennedy, any amendment thereof, and this Order to:

1

(1)    debtor-defendant Home America Mortgage, Inc., and its counsel;

(2)    the U.S. Bankruptcy Court for the Middle District of Florida before which the Chapter 11 bankruptcy case commenced by debtor-defendant Home America Mortgage, Inc., which is docketed as Bankruptcy Case Number 3:09-BK-10023-JAF, is pending;

(3)    the United States Trustee and the Assistant United States Trustee(s) administering, for the United States Trustee's Office, the Chapter 11 bankruptcy case commenced by debtor-defendant Home America Mortgage, Inc., which is docketed as Bankruptcy Case Number 3:09-BK-10023-JAF in the U.S. Bankruptcy Court for the Middle District of Florida; and

(4)    any other entities, together with their respective counsel, including, but not limited to, the Unsecured Creditors' Committee, having an interest in the Chapter 11 bankruptcy case commenced by debtor-defendant Home America Mortgage, Inc., which is docketed as Bankruptcy Case Number 3:09-BK-10023-JAF in the U.S. Bankruptcy Court for the Middle District of Florida; and

2

IT IS FURTHER ORDERED that the United States is authorized to file a proof of claim on behalf of *qui tam* relators Comfort Friddle and Stephanie Kennedy, under seal, in the Chapter 11 bankruptcy case commenced by debtor-defendant Home America Mortgage, Inc., which is docketed as Bankruptcy Case Number 3:09-BK-10023-JAF in the U.S. Bankruptcy Court for the Middle District of Florida; and

IT IS FURTHER ORDERED that the Complaint and all other filings shall remain under seal subject to any other Order of this Court that may lift the seal upon this case; and

IT IS FURTHER ORDERED that this case shall remain ADMINISTRATIVELY TERMINATED pending further Order of the Court.

SO ORDERED this 3/ day of _____, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

DANIEL A. CALDWELL
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 102510

3

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | FILED *EX PARTE* |
| | ) | |
| HOME AMERICA MORTGAGE, INC.. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 3:09-BK-10023-JAF |
| | ) | |
| | ) | |

ORDER AUTHORIZING THE GOVERNMENT TO FILE
THE PROOFS OF CLAIM OF CERTAIN THIRD PARTIES UNDER SEAL

Upon the Government's motion dated April 6, 2010 (the "Motion"), for entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Federal Rule of Bankruptcy Procedure 9018, authorizing it to file, under seal, the proofs of claim of unnamed third parties (the "Proofs of Claim"); and it appearing that no notice of the Motion need be provided; and after due deliberation and due and sufficient cause appearing therefor, it is

ORDERED, that the Motion is granted; and it is further

ORDERED, that pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018, the Government is authorized to file the Proofs of Claim under seal with the Clerk of the Court; and it is further

ORDERED, that any pleadings filed in these cases that reference or disclose any information contained in the Proofs of Claim shall be filed under seal and notice thereof shall be sent to the United Staces Attorney for the Middle District of Florida and

1

the United States Attorney for the Northern District of Georgia; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and decide any dispute related to or arising from this Order.

SO ORDERED this _____ day of _____, 2010.

_____
JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE

2