UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,

Debtor.

Chapter 11

Case No. 3:09-bk-07047-JAF

## ORDER APPROVING THE DEBTOR'S SALE OF
## CERTAIN MORTGAGE-BACKED SECURITIES AND
## GRANTING RELATED RELIEF

This case came before the Court on April 27, 2010 on the motion (the "**Motion**") of Taylor, Bean & Whitaker Mortgage Corp. (the "**Debtor**"), for the entry of an order (i) approving proposed bidding procedures and terms of an auction for the sale of certain of the Debtor's mortgage-backed securities (as defined in the Motion) free and clear of all liens, claims, encumbrances and interests, and approving certain bid protections in connection therewith; (ii) setting a hearing date for approval of the sale of the Acquired Securities (the "**Sale Hearing**"); (iii) fixing a deadline for objecting to the proposed sale; and (iv) approving the form and manner of the notice of the Motion and the Sale Hearing (Docket No. 1265), seeking, *inter alia*, entry of an order (a) approving the Purchase and Sale Agreement dated April 6, 2010, as amended on April 22, 2010),[1] which represents the highest or best bid received by Debtor in connection with a sale process and auction, free and clear of liens, claims and encumbrances, to AG Mortgage Value Partners Master Fund, L.P. (the "**Purchaser**"), and (b) granting related relief; and the Motion and notice of the final hearing regarding the Motion (the "**Sale Hearing**") having been served on (i) all parties who previously expressed serious interest in acquiring all of

---

[1] Capitalized terms used but not defined in this Order shall have the meanings given to such terms in the Agreement, a copy of which was filed with this Court on April 6, 2010 (Docket No. 1265, Ex. B).

2156930v4

the Acquired Securities, (ii) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), (iii) all entities having requested notices pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, (iv) the Office of United States Trustee, and (v) each third-party, if any, known to Debtor that asserts a valid, enforceable lien in any of the Acquired Securities, and the appearances of all interested parties and all responses and objections to the Motion having been duly noted in the record of the Sale Hearing; and the Sale Hearing having been held on April 27, 2010; and upon the record of the Sale Hearing and all other pleadings and proceedings in this case, including the Motion; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND:**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.

B.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.  The Court has jurisdiction over the Motion and the Transaction contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408.

D.  The statutory predicates for the relief sought in the Motion are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

E.  This Court entered an Order approving an auction and bid procedures on April 20, 2010 (the "**Bid Procedures Order**") (Docket No. 1302). Due, proper, timely, adequate, and

sufficient notice of the Bid Procedures (as defined in the Bid Procedures Order) has been given in accordance with the provisions of Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004. No other or further notice of the Bid Procedures is or shall be required.

F. Debtor and its professionals complied in all material respects with the Bid Procedures Order. The Auction was conducted on April 22, 2010. At the conclusion of the Auction, the Agreement was determined to be the highest and best bid for the Acquired Securities. A list of the Acquired Securities that were the subject of the Auction and which are to be sold pursuant to the Agreement is attached hereto as **Exhibit A**.

G. Proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the sale of the Acquired Securities, the terms and conditions of the Agreement, and the Transaction was provided in accordance with Sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and the local rules of this Court. Such notice was good, sufficient, and appropriate under the particular circumstances. Except as otherwise set forth in this Order, no other or further notice of the Motion, the Sale Hearing, the sale of the Acquired Securities is or shall be required.

H. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, Debtor and its professionals have marketed the Acquired Securities and conducted the sale process with respect thereto in compliance with the Bid Procedures and the Bid Procedures Order.

I. Through marketing efforts and a competitive sale process, including (i) the marketing of the Acquired Securities prior to the entry of the Bid Procedures Order, and (ii)

seeking competing offers for the Acquired Securities through notice of the Motion and pursuant to the Bid Procedures set forth in the Bid Procedures Order, Debtor and its professionals afforded interested potential purchasers a full, fair, and reasonable opportunity to make an offer to purchase the Acquired Securities.

J. Debtor (i) has full corporate power and authority to execute the Agreement, and the sale of the Acquired Securities by Debtor has been duly and validly authorized by all necessary corporate action, (ii) has all of the corporate power and authority necessary to consummate the Transaction, (iii) has taken all corporate action necessary to authorize and approve the Agreement and the consummation by Debtor of the Transaction contemplated thereby, and (iv) no consents or approvals, other than as expressly provided for in the Agreement, are required for Debtor to consummate the Transaction.

K. Debtor has demonstrated and proven to the satisfaction of this Court good, sufficient, and sound business purposes and justifications for the sale of the Acquired Securities and consummation of the Transaction pursuant to Section 363(b) of the Bankruptcy Code. Entry into the Agreement and consummation of the Transaction constitute the exercise by Debtor of sound business judgment and such acts are in the best interests of Debtor, its estate, and its creditors. The business reasons justifying the sale of the Acquired Securities include, but are not limited to, the facts that (a) the Agreement constitutes the highest and best offer for the Acquired Securities; and (b) the Agreement and the Closing of the Transaction will present the best opportunity to realize the value of the Acquired Securities.

L. The Agreement must be approved and consummated promptly because there is a risk that the value of the Acquired Securities will deteriorate.

M. The Agreement and the Transaction were negotiated and have been and are undertaken by Debtor and Purchaser at arm's length, without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, Debtor and Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code. Neither Debtor nor Purchaser has engaged in any conduct that would cause or permit the Agreement to be avoided under Section 363(n) of the Bankruptcy Code. Purchaser has not otherwise violated Section 363(n) by any action or inaction.

N. The aggregate consideration provided by Purchaser for the Acquired Securities pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Acquired Securities, and (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative. The terms and conditions of the Agreement are fair and reasonable. Therefore, the sale contemplated by the Agreement is in the best interests of the Debtor and its estate, creditors, and other parties in interest and is an exercise of its sound business judgment. In addition, the relief requested in the Motion (including, without limitation, the sale of the Acquired Securities) is a necessary and appropriate step toward enabling the Debtor to successfully conclude this Chapter 11 case and is otherwise in the best interests of the Debtor, its creditors, its estate, and all other parties in interest in this case.

O. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

P. The transfer of the Acquired Securities to Purchaser will be a legal, valid, and effective transfer of the Acquired Securities and will vest Purchaser with all right, title, and interest of Debtor in and to the Acquired Securities free and clear of all liens, claims and interests, including (but not limited to) (i) all security interests, pledges, liens, judgments,

demands, encumbrances, or charges of any kind or nature, including, but not limited to, any restriction on the use, transfer, or other exercise of any attributes of ownership, and (ii) all debts arising in any way in connection with any agreements, acts, or failures to act, of Debtor or Debtor's predecessors or affiliates, claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise, including (but not limited to) claims otherwise arising under doctrines of successor liability (collectively, "**Interests**").

Q. Purchaser would not have entered into the Agreement and would not consummate the Transaction contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Acquired Securities to Purchaser was not free and clear of all Interests of any kind or nature whatsoever (other than as set forth in the Agreement), or if Purchaser would, or in the future could, be liable for any of the Interests.

R. Debtor may sell the Acquired Securities free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Specifically, each entity with a security interest in any of the Acquired Securities has consented to the sale, is deemed to have consented to their sale, or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest, or the sale of the Acquired Securities otherwise satisfies the requirements of Section 363(f) of the Bankruptcy Code. To that end, those nondebtor parties with Interests in the Acquired Securities who did not object to the Agreement or the Motion are deemed to have consented to such sale pursuant to Section 363(f)(2) of the Bankruptcy Code.

Those nondebtor parties, if any, with Interests in the Acquired Securities who did object fall within one or more of the other subsections of Section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests, if any, attach to the cash proceeds of the Transaction ultimately attributable to the property against or in which they assert an Interest with the same validity, force, and effect which they now have, subject to any claims and defenses Debtor, the Committee and/or other parties in interest possess with respect thereto.

S. Approval of the Agreement and consummation of the sale of the Acquired Securities at this time are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

T. Time is of the essence in closing the Transaction, and Debtor and Purchaser intend to close the sale of the Acquired Securities as soon as possible.

For all of the foregoing and after due deliberation, **IT IS HEREBY ORDERED:**

General Provisions

1. Any and all objections and responses concerning the Motion are resolved in accordance with the terms of this Order. To the extent any such objections or responses were not otherwise withdrawn, waived, or settled, all such objections, and all reservations of rights or relief requested therein, are hereby overruled on the merits and denied with prejudice.

Approval of the Sale Documents

2. The sale of the Acquired Securities pursuant to the Agreement is hereby approved in all respects.

3. Pursuant to Section 363(b) of the Bankruptcy Code, Debtor is authorized to perform its obligations under, and comply with the terms of, the Agreement, and to consummate

the sale of the Acquired Securities pursuant to, and in accordance with, the terms and conditions of the Agreement.

4. Debtor is authorized to execute, deliver, perform under, consummate, and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and is authorized to take any and all further actions as may be reasonably requested by Purchaser and provided for in the Agreement for the purpose of assigning, transferring, granting, conveying, and conferring to Purchaser or reducing to possession, the Acquired Securities, or as may be necessary, desirable or appropriate in connection with the performance by Debtor of its obligations under the Agreement.

5. This Order and the Agreement shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all nondebtor parties who claim an interest in the Acquired Securities, Purchaser and all of its affiliates, subsidiaries, successors and assigns, the Debtor, and its affiliates and subsidiaries, and any subsequent trustee(s) appointed in any of the Debtor's Chapter 11 case or upon a conversion thereof to Chapter 7 of the Bankruptcy Code and shall not be subject to rejection. Nothing contained in any Chapter 11 plan confirmed in this bankruptcy case or in any Order of the Court confirming any such Chapter 11 plan shall conflict with or modify the rights of the Purchaser pursuant to the provisions of the Agreement or this Order.

6. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court.

## Transfer of the Acquired Securities

7. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, at the Closing and upon consummation of the Transaction, Purchaser shall acquire good and marketable title in and to each of the Acquired Securities, free and clear of all Interests of any kind or nature whatsoever with all such Interests of any kind or nature whatsoever to attach to the net proceeds of the sale in the order of their priority, with the same validity, force, and effect which they now have as against the Acquired Securities, subject to any claims and defenses Debtor, the Committee or any other party in interest may possess with respect thereto.

8. Except as expressly permitted or otherwise specifically provided by the Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, employees, and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor or the Acquired Securities (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non- contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Acquired Securities, the operation of the Debtor's business prior to the Closing, or the transfer of the Acquired Securities to Purchaser, are forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, its property, or the Acquired Securities, such persons' or entities' Interests.

9. The transfer of the Acquired Securities to Purchaser pursuant to the Agreement does not require any consents other than as specifically provided for in the Agreement and constitutes a legal, valid, and effective transfer of the Acquired Securities, and shall vest Purchaser with all right, title, and interest of Debtor in and to the Acquired Securities free and clear of all Interests of any kind or nature whatsoever.

10. If any person or entity that has filed financing statements or other documents or agreements evidencing Interests in the Acquired Securities shall not have delivered to Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Acquired Securities, then (a) Debtor is authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Securities, and (b) Purchaser is authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Acquired Securities of any kind or nature whatsoever.

## Additional Provisions

11. The consideration provided by Purchaser for the Acquired Securities under the Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

12. The consideration provided by Purchaser for the Acquired Securities under the Agreement is fair and reasonable, and the Transaction may not be avoided under Section 363(n) of the Bankruptcy Code.

13. Prior to the Closing of the sale of the Acquired Securities, each of Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release effective as of the Closing its Interests in the Acquired Securities, if any, as such Interests may have been recorded or may otherwise exist.

14. This Order (a) shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Acquired Securities prior to the Closing have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Securities.

15. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the Transaction contemplated by the Agreement.

16. All entities that are presently, or on the Closing Date may be, in possession of any or all of the Acquired Securities are directed to surrender possession of the Acquired Securities to Purchaser on the Closing Date.

17. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Order, Purchaser shall have no liability or responsibility for any liability or other obligation of Debtor arising under or related to the Acquired Securities. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, to the maximum extent allowed by law, Purchaser shall not be liable for any claims against Debtor or any of its predecessors or affiliates, and Purchaser shall have no successor or vicarious liabilities of any kind or character including, but not limited to, any such liability that

may be imposed by statute or any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to Debtor or any obligations of Debtor arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Acquired Securities prior to the Closing.

18. Under no circumstances shall Purchaser be deemed a successor of or to Debtor for any Interests against or in Debtor or the Acquired Securities of any kind or nature whatsoever other than as provided for in the Agreement or this Order. Except as otherwise provided in the Agreement or this Order, the sale, transfer, assignment and delivery of the Acquired Securities shall not be subject to any Interests. Except as otherwise provided in the Agreement or this Order, all persons holding Interests against or in the Acquired Securities of any kind or nature whatsoever shall be, and are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature whatsoever against Purchaser, its property, its successors and assigns, or the Acquired Securities, as an alleged successor or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has, or may have against Debtor, its estate, officers, directors, shareholders, or the Acquired Securities. Following the Closing, no holder of an Interest in Debtor shall interfere with Purchaser's title to or use and enjoyment of the Acquired Securities based on or related to such Interest, or any actions that Debtor may take in its Chapter 11 case.

19. This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement all amendments thereto, any waivers and consents thereunder, in all respects, including, but not limited to, retaining jurisdiction to (a) subject to the terms and conditions of

the Agreement, compel delivery of the Acquired Securities to Purchaser or performance of other obligations of Debtor under the Agreement, (b) compel delivery of the purchase price by Purchaser or performance of other obligations of Purchaser contained in the Agreement, including owed to Debtor or to other parties pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Order, and (e) protect Purchaser against any Interests in the Acquired Securities of any kind or nature whatsoever, attaching to the proceeds of the sale; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Agreement or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

20. The Transaction contemplated by the Agreement are undertaken by Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Acquired Properties to Purchaser, unless such authorization is duly stayed pending such appeal. Purchaser is a purchaser in good faith of the Acquired Securities and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

21. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

22. Time is of the essence in closing the Transaction. Accordingly, the stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(h) shall not apply to this Order, and this Order is immediately effective and enforceable.

23. Nothing in this Order, the Agreement or any other similar agreement with any other party shall relieve or excuse the Debtor, the Purchaser, or any other party from complying with any and all applicable federal securities laws or rules and regulations thereunder with respect to the offer, sale, purchase or distribution of the Acquired Securities.

DATED this 27 day of APRIL 2010, in Jacksonville, Florida.

JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:
Local Rule 1007-2 Parties in Interest List

# Exhibit A

## Acquired Securities

| Ticker | Cusip | Original Face Amount |
|---|---|---|
| TBW 06-4 A7 | 872224AH3 | 8,392,000.00 |
| TBW 07-2 A2B | 872227AD5 | 7,930,000.00 |
| TBW 07-2 A3B | 872227AF0 | 1,525,000.00 |
| TBW 07-2 A5 | 872227AJ2 | 9,794,000.00 |
| CSMC 07-5R A2 | 12640QAB9 | 5,000,000.00 |
| TBW 07-2 X | 872227AT0 | (1) |
| TBW 06-4 X | 872224AP5 | (1) |

[1] Original Face Amount is a notional amount that is equal to the entire original collateral balance of the respective deal.