UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| REO SPECIALISTS, LLC, and | Case No. 3:09-bk-10022-JAF |
| HOME AMERICA MORTGAGE, INC. | Case No. 3:09-bk-10023-JAF |
| Debtors. / | |
| <u>APPLICABLE DEBTOR</u> | Jointly Administered Under Case No. 3:09-bk-07047-JAF |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP. / | |

**DEBTOR'S SECOND MOTION FOR
ORDER APPROVING ABANDONMENT OF
<u>CERTAIN REAL ESTATE OWNED PROPERTY</u>**

TAYLOR, BEAN & WHITAKER MORTGAGE CORP., as debtor and debtor-in-possession ("**TBW**" or the "**Debtor**"), by and through its undersigned attorneys, hereby files this Second Motion for Order Approving Abandonment of Certain Real Estate Owned Property (the "**Motion**"). In support of the Motion, the Debtor respectfully represents as follows:

**<u>Jurisdiction and Venue</u>**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. The predicates for the relief requested herein are Bankruptcy Code Sections 363 and 554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure.

## Background

### A. Chapter 11 Filing

3. On August 24, 2009, (the "**Petition Date**"), TBW filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. TBW continues to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this case. On September 11, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.

### B. Company Background

6. Until prior to the Petition Date, TBW was the largest independent (i.e. non-depository owned) mortgage lender in the United States. Headquartered in Ocala, Florida, TBW employed approximately 2,400 people across the country. The largest offices were in Ocala, Florida; Atlanta, Georgia; and Tampa, Florida. TBW's principal business was comprised of:

- Origination, underwriting, processing and funding of conforming conventional and Government-insured residential mortgage loans;

- Sale of mortgage loans into the "secondary market" to government-sponsored enterprises such as the Federal Home Loan Mortgage Corporation or the Government National Mortgage Association; and

- Mortgage payment processing and loan servicing.

7. For a detailed description of the Debtor's business operations and the reasons for this bankruptcy filing, please see the description contained in the Debtor's Emergency Motion For Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to 11 U.S.C. §§ 105(a), 361, 363, 541 and 552 and Bankruptcy Rule 4001 (Docket No. 5).

8. Prior to the Petition Date, TBW appointed a new board of directors. The new board appointed an independent Chief Restructuring Officer to manage the business operations of TBW, and members of prior management resigned[1].

## Real Estate Owned Assets

9. In connection with its mortgage originations and servicing business, TBW holds title to an extensive portfolio of foreclosed real property assets ("**REO Assets**") throughout the United States. On or about October 22, 2009, the Debtor filed a motion for authority to sell a large majority of the REO Assets to Selene RMO REO Acquisition II LLC pursuant to a proposed real estate purchase and sale agreement. In addition, the Debtor has continued to sell its remaining REO portfolio in the ordinary course. In connection with such ordinary course sales, the Debtor has determined that certain of the remaining REO Assets have very little value, if any, and are burdensome for the Debtor to administer. On July 9, 2010, the Debtor filed a Motion for Order Approving Abandonment of Certain Real Estate Owned Property (Docket No. 1669). On August 16, 2010, the Court entered an Order Granting Debtor's Motion for Order Approving Abandonment of Certain Real Estate Owned Property (Docket No. 1818). The Debtor

---

[1] TBW's General Counsel has been retained by the CRO.

files this Motion for authority to abandon certain of the remaining REO Assets, as further discussed below.

### Proposed Abandonment of REO Assets Listed on Exhibit A

10.     In order to reduce costs and preserve the assets of the Debtor's estate, TBW requests authority to abandon certain REO Assets, as set forth on Exhibit A. The Debtor has determined in its business judgment that the REO Assets on Exhibit A cost more to administer than the benefits they provide to the estate. Indeed, as further set forth on Exhibit A, it is anticipated that the expenses associated with preserving the REO Assets on Exhibit A will exceed the estimated recoveries from such assets by approximately $83,000.00.

11.     In an abundance of caution, TBW seeks an order from this Court approving the abandonment of the REO Assets listed on Exhibit A. Abandoning the non-essential REO Assets will result in substantial cost savings to the estate.

### Basis for Relief

12.     Rule 6007 of the Federal Rules of Bankruptcy Procedure authorizes TBW, without a hearing or order of the Court, to abandon the non-essential REO Assets listed on Exhibit A upon notice to the United States Trustee, indenture trustees, all creditors, and committees if no party in interest files an objection.

13.     Moreover, Section 554 of the Bankruptcy Code authorizes the Debtor, after notice and a hearing, to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate." The primary concern in a request

for abandonment is whether the proposed abandonment is in the best interests of creditors. *See In re Wilson*, 94 B.R. 886 (Bankr. E.D. Va. 1989).

14. TBW files the instant motion in an abundance of caution and seeks the entry of an order approving its proposed abandonment of the REO Assets listed on Exhibit A. As further discussed above, the REO Assets on Exhibit A are burdensome and are of inconsequential value to the estate. It is in the best interests of creditors that the Debtor abandon burdensome and costly REO Assets such as the ones on Exhibit A. Accordingly, this Court should authorize the abandonment of the REO Assets on Exhibit A.

WHEREFORE, TBW respectfully requests the Court enter an order granting this Motion; approving TBW's proposed abandonment of the non-essential REO Assets listed on Exhibit A; authorizing TBW to take any and all actions with respect to the REO Assets which are consistent with the provisions of Rule 6007 of the Federal Rules of Bankruptcy Procedure; and granting such other and further relief as may be just and proper.

Dated this 15th day of September, 2010.

*/s/ Edward J. Peterson, III*
Russell M. Blain (FBN 236314)
rblain@srbp.com
Edward J. Peterson, III (FBN 014612)
epeterson@srbp.com
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811

**Further Abandonments**

| | Address | City | State | County | Zip | Est. Gross Sales Proceeds [1] | Est. NTM Cost of Carry [2] | Estimated Proceeds |
|---|---|---|---|---|---|---|---|---|
| 1. | 1225 Fulton Ave | Birmingham | AL | Jefferson | 35217 | $2,380 | $1,800 | $580 |
| 2. | 239 47th Pl | North Birmingham | AL | Jefferson | 35212 | $3,400 | $2,800 | $600 |
| 3. | 2163 Dove St | Macon | GA | Bibb | 31204 | $3,400 | $32,800 | ($29,400) |
| 4. | 11828 S Lafayette Ave | Chicago | IL | Cook | 60628 | $3,400 | $1,800 | $1,600 |
| 5. | 5214 S Loomis | Chicago | IL | Cook | 60609 | $4,760 | $6,800 | ($2,040) |
| 6. | 2137 W 54th Pl | Chicago | IL | Cook | 60609 | $4,080 | $23,900 | ($19,820) |
| 7. | 315 E Congress Ave | Fort Wayne | IN | Allen | 46806 | $3,400 | $1,800 | $1,600 |
| 8. | 10075 Elmira St | Detroit | MI | Wayne | 48204 | $510 | $3,764 | ($3,254) |
| 9. | 15217 Evanston St | Detroit | MI | Wayne | 48224 | $1,020 | $8,277 | ($7,257) |
| 10. | 19203 Glastonbury | Detroit | MI | Wayne | 48219 | $1,700 | $7,410 | ($5,710) |
| 11. | 1433 Bennett Ave | Flint | MI | Genesee | 48506 | $3,381 | $12,800 | ($9,419) |
| 12. | 711 Westmont St | Jackson | MS | Hinds | 39209 | $2,040 | $1,800 | $240 |
| 13. | 430 1/2 Eureka St | Jackson | MS | Hinds | 39209 | $2,676 | $1,800 | $876 |
| 14. | 5003 Deneen Dr | Memphis | TN | Shelby | 38109 | $3,400 | $11,800 | ($8,400) |
| 15. | 1420 Aspen St | Danville | VA | Danville City | 24540 | $1,700 | $5,400 | ($3,700) |
| | **Total** | | | | | **$41,246** | **$124,751** | **($83,504)** |

[1] Estimates of gross proceeds are based on 20% discount from estimated contract prices to reflect closing costs. Estimated contract prices are based on 85% of BPO for those properties for which a BPO is available. For properties missing BPO, contract prices are estimated by 25% of UPB.

[2] Estimated cost of carry for properties include tax and insurance, normal course property maintenance expenditures, repair costs, fines and penalties levied on the properties, and costs associated with evictions for occupied properties. All costs are estimates and the Debtor reserves all rights, claims and remedies.

EXHIBIT "A"