# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| Taylor, Bean & Whitaker Mortgage Corp., | : | Case No. 3:09-bk-07047-JAF |
| Debtor. | : |  |

## JOINT MOTION OF DEBTOR AND THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF COLONIAL BANK, FOR ORDER AUTHORIZING DEBTOR TO (I) EXECUTE MORTGAGE LOAN ASSIGNMENT AND SERVICING AGREEMENT TO EFFECTUATE THE TRANSFER OF COLB LOANS AND (II) TO AMEND SETTLEMENT AGREEMENT

Taylor, Bean & Whitaker Mortgage Corp., debtor and debtor in possession herein ("Debtor") and the Federal Deposit Insurance Corporation, as receiver of Colonial Bank, Montgomery, Alabama, N.A. (the "FDIC-R"), hereby file this motion ("Motion") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing the Debtor to (i) enter into the Mortgage Loan Assignment and Servicing Agreement ("MLASA") with the FDIC-R to effectuate the transfer of the COLB Loans to the FDIC-R[1] (a copy of the MLASA is attached hereto as Exhibit A, and a list of the COLB Loans is attached to the MLASA as Schedule A), and (ii) amend the settlement agreement ("Settlement Agreement") by and among the Debtor, the FDIC-R, and the Official Committee of Unsecured Creditors ("Committee") to require that the transfer of the COLB Loans occur prior to the Effective Date (a copy of the Third Amendment to Settlement Agreement ('Third Amendment"}is attached

---

[1] Capitalized terms used and not defined herein shall have the meaning ascribed to them in the Settlement Agreement.

2240841v2

hereto as Exhibit B). In support of the Motion, the Debtor and the FDIC-R respectfully represent as follows:

**Background**

1. On August 24, 2009 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").

2. The Debtor continues to manage its property as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On September 11, 2009, the Office of the United States Trustee appointed the Committee.

4. No trustee or examiner has been appointed in this case.

5. Prior to the Petition Date, the Debtor had an extensive banking relationship with Colonial Bank, Montgomery, Alabama, N.A. ("Colonial Bank"). The Debtor maintained operating accounts at Colonial Bank, as well as numerous custodial accounts necessary to operate its mortgage servicing operations. Colonial Bank also provided financing to the Debtor for its mortgage origination business.

6. On August 14, 2009, the Alabama State Banking Department closed Colonial Bank and appointed the FDIC-R as its receiver.

7. By operation of law, the FDIC-R succeeded to all rights, title, powers and privileges of Colonial Bank and of any stockholder, member, accountholder, depositor, officer, or director of Colonial Bank with respect to such institution and the assets of such institution pursuant to 12 U.S.C. § 1821(d)(2)(A)(i).

2240841v2

8. On or about September 10, 2009, the FDIC-R and the Debtor entered into a stipulation (the "FDIC Stipulation") [Docket Nos. 202 and 222] to resolve issues raised in the Debtor's bankruptcy case as a result of the Debtor's close relationship with Colonial Bank. The FDIC Stipulation was approved by the Bankruptcy Court by orders entered on September 29, 2009 and October 16, 2009 [Docket Nos. 348 and 468].

9. In accordance with the FDIC Stipulation, the Debtor performed a servicing and asset Reconciliation (the "Reconciliation"), the results of which are set forth in the Debtor's Final Reconciliation Report, filed on July 1, 2010 [Doc. No. 1644].

10. On August 11, 2010, the Debtor, the FDIC-R and the Committee entered into the Settlement Agreement to resolve issues presented during the Reconciliation. The Settlement Agreement, as amended on August 31, 2010, was approved by the Bankruptcy Court by order entered on September 14, 2010 [Docket No. 1936]. (The Settlement Agreement was further amended on December 22, 2010 to extend the Termination Date from January 31, 2011 to April 30, 2011.)

11. On September 21, 2010, the Debtor filed its Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (as amended to date, the "Plan") [Docket No. 1966] and accompanying disclosure statement [Docket No. 1968].

12. The First Amended and Restated Disclosure Statement was filed on November 4, 2010, and approved at a hearing on November 5, 2010, as reflected in the Order Approving First Amended and Restated Disclosure Statement entered on November 10, 2010 [Doc. No. 2136]. The Second Amended and Restated Disclosure Statement was filed on November 12, 2010, and approved at a hearing on November 19, 2010, as reflected in the Order Approving Second Amended and Restated Disclosure Statement entered on November 23, 2010 [Doc. No. 2190].

2240841v2

13. On November 30, 2010, the Debtor filed a Motion to Approve Debtor's Allocation of Disputed Loans and Related Assets [Docket No. 2201] in order to resolve issues regarding the ownership of 1,952 loans that are the subject of the Settlement Agreement.

14. On December 13, 2010, the Debtor filed its Amended Motion to Approve Debtor's Allocation of Disputed Loans and Related Assets ("Allocation Motion") [Docket No. 2265] which reduced the number of allocated loans from 1,952 to 1,728. The Bankruptcy Court approved the Allocation Motion by order entered on December 21, 2010 [Docket No. 2340] ("Allocation Order").

15. The hearing regarding confirmation of the Plan is currently scheduled for January 19, 2011 [Doc. No. 2190].

## Jurisdiction

16. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Relief Requested

17. The Debtor seeks authority pursuant to Bankruptcy Code section 363 and Bankruptcy Rule 6004 to enter into the MLASA with the FDIC-R to effectuate the transfer of the COLB Loans and to enter into the Third Amendment to provide that the transfer of the COLB Loans occur prior to the Effective Date of the Settlement Agreement.

18. Pursuant to Section 1.2 of the Settlement Agreement, the Debtor agreed to assign each COLB Loan and all servicing rights with respect to the COLB Loans to the FDIC-R free and clear of all liens, claims and encumbrances pursuant to Section 363 of the Bankruptcy Code and to seek a good faith finding pursuant to Section 363(m) of the Bankruptcy Code. In

4

exchange for the transfer, the Debtor is entitled to receive one percent (1%) of the net proceeds from the FDIC-R's disposition of the COLB Loans. The Settlement Agreement provides that the Debtor and FDIC-R "shall enter into appropriate mutually acceptable written agreements evidencing the transfer of the COLB Loans to the FDIC-R."

19. The Settlement Agreement also provides that the FDIC-R will have the right to "sell, securitize, syndicate or otherwise dispose of the COLB Loans" as of the Effective Date of the Settlement Agreement, i.e. upon Plan confirmation.

20. Although the Plan confirmation hearing has been scheduled for January 19, 2011, the Debtor intends, with the approval of the Court, to adjourn the confirmation hearing in light of its ongoing settlement negotiations with other major constituencies. The FDIC-R, however, does not want to delay the transfer of the COLB Loans until the Plan is confirmed because time is of the essence to realize the full value of the COLB Loans.

21. All parties in interest have been on notice for over a month that the Debtor would seek authority to transfer the COLB Loans to the FDIC-R free and clear of liens, claims and encumbrances pursuant to the Settlement Agreement at the January 19, 2011 hearing. Therefore, the Debtor and the FDIC-R request that the Court approve at the already-scheduled January 19, 2011 hearing the Debtor's entry into the Third Amendment and the MLASA so that the Debtor may effectuate the transfer of the COLB Loans prior to Plan confirmation.

**Basis for Relief**

22. Ample justification exists for approval of the proposed transfer of the Debtor's assets. Bankruptcy Code section 363(b) provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In addition, Bankruptcy Code section 105(a) provides in pertinent part that
5

"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

23. To approve a use, sale or lease of property outside of the ordinary course of business, the Bankruptcy Court must find "some articulated business justification." Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2nd Cir. 1983); see also In re Abbots Dairies of Pa., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification test of Lionel Corp. and requiring show of good faith); In re Delaware & Hudson R. Co., 124 B.R. 169, 176 (D. Del. 1991) (concluding that the Third Circuit adopted the "sound business purpose" test after the Abbots Dairies decision); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991) (same).

24. Pursuant to the exercise of its business judgment, the Debtor has determined that the immediate transfer of the COLB Loans to the FDIC-R is in the best interests of its estate because it maximizes the value of the COLB Loans.

25. Also, there is no harm in effectuating the transfer prior to confirmation. All disputes relating to loans that are the subject of the Settlement Agreement have been resolved pursuant to the Allocation Order. Further, any party asserting a competing interest in the COLB Loans would have asserted its rights prior to the Plan confirmation, however, no parties have asserted any rights to the COLB Loans.

26. Moreover, as more fully set forth in the Third Amendment, any funds collected by the FDIC-R relating to the COLB Loans will be placed into escrow by the FDIC-R and will only be distributed upon Plan confirmation, agreement of the Settling Parties or other order. Therefore, the Debtor's rights with respect to the COLB Loans are fully protected.

2240841v2

27. Upon information and belief, the Committee supports the relief requested in this Motion.

28. Pursuant to Bankruptcy Code section 363(f), a debtor in possession may sell all or any part of its property free and clear of any and all liens on such property if (i) such a sale is permitted under applicable non-bankruptcy law, (ii) the party asserting such a lien consents to such sale, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (iv) the lien is the subject of a bona fide dispute, or (v) the party asserting the lien could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. See 11 U.S.C. § 363(f).

29. Consistent with the Bankruptcy Court's finding that the Settlement Agreement is fair and reasonable, the transfer complies with Bankruptcy Code section 363(f) such that the transfer should be free and clear of any liens and interests.

30. Further, Bankruptcy Code section 363(m) provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith . . . " 11 U.S.C. § 363(m). Due to the substantial contribution of the FDIC-R in the Debtor's bankruptcy case and the Bankruptcy Court's approval of the Settlement Agreement, the Debtor requests that the Bankruptcy Court determine that the FDIC-R be has acted in good faith and is entitled to the protections of a good faith purchaser within the meaning of Bankruptcy Code section 363(m). See, e.g., In re United Press Int'l, Inc., 1992 U.S. Bankr. LEXIS 842, at *3 (Bankr. S.D.N.Y. 1992).

31. Bankruptcy Rule 6004(h) provides than an "order authorizing the use, sale or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the

2240841v2

court orders otherwise." Fed. R. Bankr. P. 6004(h). The Debtor requests that the Bankruptcy Court rule that the 14 day stay pursuant to Bankruptcy Rule 6004(h) does not apply, such that an order granting the Motion will be immediately effective.

### **Notice**

32. Notice of this Motion will be provided to the Office of the United States Trustee, parties that have filed requests for service of documents in these cases, the Local Rule 1007(d) Parties in Interest List, and all creditors and equity security holders of the Debtor. In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

**WHEREFORE**, the Debtor and the FDIC-R respectfully request that the Bankruptcy Court enter an order: (a) granting this Motion, (b) authorizing the Debtor to enter into the Third Amendment and the MLASA, (c) authorizing the transfer of the COLB Loans to the FDIC-R free and clear of any liens, claims, and encumbrances, (c) providing that the FDIC-R is a good faith purchaser within the meaning of Bankruptcy Code section 363(m), (d) vacating the fourteen (14) day stay provided for in Bankruptcy Rule 6004(h), (e) retaining jurisdiction to resolve any disputes associated with the transfer, and (g) granting such other relief as is just and proper.

Dated: January 14, 2011

/s/ *Jeffrey W. Kelley*
Jeffrey W. Kelley (GA Bar No. 412296)
jeff.kelley@troutmansanders.com
J. David Dantzler, Jr. (Ga. Bar No. 205125)
david.dantzler@troutmansanders.com
Troutman Sanders LLP
Bank of America Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308
Telephone No: 404-885-3358
Facsimile No.: 404-885-3995

**SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

Russell M. Blain (FBN 236314)
rblain@srbp.com
Edward J. Peterson, III (FBN 014612)
epeterson@srbp.com
Amy Denton Harris (FBN 0634506)
aharris@srbp.com
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811

**ATTORNEYS FOR DEBTOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.**

DLA PIPER LLP (US)

By: /s/ Lonnie Simpson
    Lonnie Simpson

100 North Tampa Street, Suite 2200
Tampa, FL 33602-5809
Phone: (813) 229-2111
Fax: (813) 229-1447

and

Thomas R. Califano
John J. Clarke, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 335-4500
Fax: (212) 335-4501

Attorneys for the
Federal Deposit Insurance Corporation, as
Receiver for Colonial Bank

2240841v2