UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>TAYLOR, BEAN & WHITAKER<br>MORTGAGE CORP.,<br>REO SPECIALISTS, LLC, and<br>HOME AMERICA MORTGAGE, INC.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF<br><br>*Jointly Administered Under*<br>*Case No. 3:09-bk-07047-JAF* |
| *This Motion relates to all three Debtors.* | |

**DEBTORS' MOTION FOR THIRD ADJOURNMENT,
CONTINUANCE, AND RESCHEDULING OF HEARING
ON PLAN CONFIRMATION AND RELATED MATTERS**

TAYLOR, BEAN & WHITAKER MORTGAGE CORP. (the "**Debtor**" or "**TBW**"), REO SPECIALISTS, LLC ("**REO Specialists**"), and HOME AMERICA MORTGAGE, INC. ("**HAM**" and, together with TBW and REO Specialists, the "**Debtors**"), as Debtors and Debtors in Possession in these jointly administered Chapter 11 cases, respectfully request that the Court further adjourn and continue the hearing on confirmation of the plan of liquidation of the Debtors and other matters related to confirmation and reschedule that hearing for a later date. The Debtors have continued diligently to work with their major constituencies to overcome the remaining hurdles to a consensual confirmation. Significant progress has been made, and the

Debtors in good faith believe that a further adjournment of confirmation will provide the time that is needed to reach resolution of the remaining issues in order to achieve a consensual confirmation.

The plan confirmation hearing, having previously been adjourned from January 19, 2011, and March 4, 2011, is presently scheduled for April 8, 2011, at 10:00 a.m. The Debtors do not request cancellation of that hearing but propose to utilize the scheduled hearing time to apprise the Court of the status of the resolution of confirmation issues, to discuss and determine the timing of a rescheduled confirmation hearing, and to conduct a hearing on calendared matters that are unrelated to confirmation.

The grounds for the proposed adjournment, continuance, and rescheduling are as follows:

1. On August 24, 2009, TBW filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 25, 2009, REO Specialists and HAM filed voluntary petitions for relief under Chapter 11. The cases are being jointly administered pursuant to order of the Court. The Debtors have continued to manage their properties and assets as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code and orders of this Court.

2. By notice dated September 1, 2009, the United States Trustee in the TBW case appointed the members of the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to § 1102 of the Bankruptcy Code (Doc. No. 203) and amended its appointment by notice dated December 11, 2009 (Doc. No. 761).

3. No trustee or examiner has been appointed in any of these three cases.

4. The Debtors and the Committee (together, the "**Joint Plan Proponents**") initially filed their *Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* and their accompanying *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code*. The Joint Plan Proponents subsequently filed their *Second Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (Doc. No. 2143) (the "**Plan**") and their *Second Amended and Restated Disclosure Statement* (Doc. No. 2144) (the "**Disclosure Statement**").

5. After notice and a hearing, the Court entered its order approving the Disclosure Statement, fixing the time for filing acceptances or rejections of the Plan, and scheduling an initial hearing on confirmation for January 19, 2011 (Doc. No. 2190). The Court also entered its order approving procedures for the solicitation and tabulation of ballots, related notice and objection procedures, and other matters relative to confirmation (Doc. No. 2137).

6. Following approval of the Disclosure Statement, the Debtors diligently undertook the solicitation of acceptances of the Plan. At the direction of the Debtors, copies of the Plan, the Disclosure Statement, and the Court's approval order, together with ballots, were furnished to all creditors and parties in interest. Numerous parties completed and submitted ballots.

7. Prior to the initial January 19 confirmation hearing, negotiations with the major constituencies had begun to move in a positive direction but had not yet resulted in

complete resolutions, leading the Debtors to file their first motion seeking to adjourn, continue, and reschedule the hearing on confirmation and related matters (Doc. No. 2481). That motion was added to the calendar and presented to the Court without opposition at the January 19 hearing. The Court granted the motion and adjourned and continued the confirmation hearing. The hearing was rescheduled and noticed for March 4, 2011 (Doc. No. 2523).

8. By the time of the rescheduled March 4 hearing, the Debtors had made further progress toward resolution of confirmation issues, but certain issues remained to be resolved. The Debtors reported on the status of those developments in their second adjournment motion (Doc. No. 2747), which was filed prior to the hearing, placed onto the March 4 calendar, and discussed in open court at the hearing, again without opposition. The Court granted the motion and adjourned and continued the confirmation hearing. The hearing was rescheduled and noticed for April 8, 2011, at 10:00 a.m. (Doc. No. 2787).

9. Since the March 4 hearing, the Debtors, the Creditors' Committee, and the major constituencies have continued to negotiate the complex issues in these cases. In an effort to avoid protracted and time-consuming litigation of otherwise inevitable confirmation objections, the Debtors, through their Chief Restructuring Officer, financial advisors, and counsel, have worked steadily, diligently, and expeditiously, with the goal of handling these matters consensually, resolving confirmation issues, and achieving a consensual confirmation.

10. In connection with these negotiations, the Debtors have been in ongoing

discussions with the various constituencies in these cases and believe that these constituencies are aware of the benefits that would be achieved from adjourning and rescheduling confirmation. The Debtors have consulted with those constituencies and are apprised of no objection or opposition to a proposed further adjournment and continuance and to a rescheduling of the hearing on plan confirmation.

11. Notwithstanding the complexities and complications of these cases, the confirmation process, from the filing of the initial plan and disclosure statement to the present, has proceeded deliberately and expeditiously. A further adjournment and rescheduling of confirmation will not unduly delay administration. The Debtors seek a further adjournment and rescheduling with the good-faith intention of seeking confirmation of the Plan and not in any way for purposes of delaying the administration of these cases.

12. The Debtors and the Committee, as Joint Plan Proponents, have agreed that they will not seek any further adjournment of confirmation and related objection and deadline dates except upon their mutual consent.

WHEREFORE, the Debtors respectfully request that the Court grant this motion; further adjourn and continue the hearing on confirmation; reschedule the hearing on confirmation for a future date to be determined subject to availability of time on the Court's calendar and in consultation with the constituencies in these cases; correspondingly reschedule the dates for the Joint Plan Proponents to take various actions with respect to confirmation; concurrently reschedule all other matters on the calendar that track with and are appropriately to be considered in conjunction with confirmation;

and provide such other and further relief as is just and proper.

    */s/ Russell M. Blain*
Russell M. Blain (Fla. Bar No. 236314)
rblain@srbp.com
Edward J. Peterson, III (Fla. Bar No. 14612)
epeterson@srbp.com
**STICHTER, RIEDEL, BLAIN & PROSSER, P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
**ATTORNEYS FOR DEBTOR**

—AND—

Ezra H. Cohen (Ga. Bar No. 173800)
ezra.cohen@troutmansanders.com
Jeffrey W. Kelley (Ga. Bar No. 412296)
jeffrey.kelley@troutmansanders.com
J. David Dantzler, Jr. (Ga. Bar No. 205125)
j.dantzler@troutmansanders.com
**TROUTMAN SANDERS LLP**
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
**SPECIAL COUNSEL TO DEBTORS**