IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC, and HOME AMERICA MORTGAGE, INC.,<br><br>Debtors.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,<br><br>Applicable Debtor. | Chapter 11<br><br>Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF<br><br>Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENTS RELATED TO MORTGAGE POOLS HELD BY 12 SEPARATE MORTGAGE BACKED SECURITIES TRUSTS WITH RESPECT TO WHICH THE DEBTOR, TAYLOR, BEAN & WHITAKER MORTGAGE CORP., SERVED AS SERVICER AND WELLS FARGO BANK, N. A. SERVED AS MASTER SERVICER

This matter came before the Court for hearing on July 13, 2011, on the Motion to Approve Settlement Agreement Related to Mortgage Pools Held by 12 Separate Mortgage Backed Securities Trusts with Respect to Which the Debtor, Taylor Bean & Whitaker Mortgage Corp., Served as Servicer and Wells Fargo Bank, N.A. Served as Master Servicer, filed on November 17, 2010 [Docket No. 2157] (the "**Motion**"). The Motion seeks approval of 12 Settlement Agreements (collectively the "**REMIC Settlement Agreements**"), each of which pertains to one of the 12 mortgage backed securities trusts (the "Trusts").

### Overview

The REMIC Settlement Agreements resolve, among other things, TBW's claims to recover servicing advances and servicing fees from the Trusts and the Trusts' claims to recover

2294526v1

damages for TBW's failure to perform under its agreements with the Trusts. Collectively, in this regard, the REMIC Settlement Agreements provide for recognition of TBW's claims in the amount of $101,350,000 and offsetting damages claims to be recouped in the amount of $10,150,060. Each Settlement Agreement also provides for releases and injunctions. Under one set of releases the parties granting the releases include TBW, its estate, the Creditors' Committee and all of the TBW's creditors. Under the second set of releases the holders (the "**Certificateholders**") of certificates issued by the Trusts grant releases.

### Parties to the REMIC Settlement Agreements

Parties ("**REMIC Settlement Parties**") to the REMIC Settlement Agreements are Taylor Bean & Whitaker Mortgage Corp. ("**TBW**"), The Official Committee of Unsecured Creditors (the "**Creditors Committee**") and Wells Fargo Bank, N.A. ("**Wells Fargo**"], U.S. Bank National Association, Bank of New York Mellon, MBIA Insurance Corporation, and Assured Guaranteed Corporation. TBW, the Creditors' Committee and Wells Fargo are parties to each of the 12 REMIC Agreements.

U.S. Bank National Association, which served as trustee of 11 of the Trusts, is a party to the 11 REMIC Settlement Agreements pertaining to those trusts. Bank of New York Mellon, which serves as trustee of the remaining Trust, is a party to the REMIC Settlement pertaining to that Trust.

MBIA Insurance Corporation, which is an insurer with respect to two of the Trusts, is a party to the two REMIC Settlement Agreements pertaining to those two Trusts. Assured Guaranty Corporation, which is an insurer with respect to another Trust, is a party to the REMIC Settlement Agreement pertaining to that Trust.

The Certificateholders are not parties to the REMIC Settlement Agreements, but they are parties which will be released from claims and which will release claims, as set forth in the REMIC Settlement Agreement. The Certificateholders have been notified of the terms of the REMIC Settlement Agreements, including the release terms, and have not objected.

### Objections to the REMIC Settlement Agreements

Three objections have been filed and all have been withdrawn. These are objections filed by Ace American Insurance Company, Federal Home Loan Mortgage Corporation ("**Freddie Mac**") and Bank of America, N.A. ("**BofA**")

On July 11, 2011 Ace American Insurance Company filed its Notice of Withdrawal of Ace American Insurance Company's Limited Objection to the Joint Plan of Liquidation of the Debtor, Taylor Bean & Whitaker Mortgage Co., and the Official Committee of Unsecured Creditors [Docket No. 3328]. This was a withdrawal of Ace American Insurance Company's Limited Objection of Ace American Insurance Company to Motion to Approve Settlement Agreement Related to Mortgage Pools Held by 12 Separate Mortgage Backed Securities Trusts with Respect to Which the Debtor, Taylor Bean & Whitaker Mortgage Corp., Served as Servicer and Wells Fargo Bank, N.A. Served as Master Servicer, filed December 15, 2010 [Docket No. 2285].

At the hearing on the Motion, counsel for Freddie Mac announced that its objection is being withdrawn as a consequence of approval today of the Motion to Approve Settlement Agreement by and among Taylor, Bean, and Whitaker Mortgage Corp., Federal Home Loan Mortgage Corporation, and the Official Committee of Unsecured Creditors filed June 22, 2011 [Docket No.3237]. This was a withdrawal of Federal Home Loan Mortgage Corporation's Objection to Debtor's Motion to Approve Settlement Agreements Related to Mortgage Pools

Held by 12 Separate Mortgage Backed Securities Trust, filed December 17, 2010 [Docket No. 2303].

Likewise, at the hearing on the Motion, counsel for BofA announced that its objection was being withdrawn as a consequence of the approval of the Motion to Approve Settlement Agreement by and among Taylor, Bean & Whitaker Mortgage Corp., the Official Committee of Unsecured Creditors, and Bank of America, N.A., filed July 6, 2011[Docket No. 3300]. This was a withdrawal of Bank of America's Objection to Debtor's Motion to Approve Settlement Agreements Related to Mortgage Pools Held by 12 Separate Mortgage Backed Securities Trust with Respect to Which the Debtor, Taylor Bean & Whitaker Mortgage Corp., Served as Servicer and Wells Fargo Bank, N.A. Served as Master Servicer, filed December 23, 2010 [Docket No. 2356].

### Response of Sovereign Bank

Sovereign Bank filed a response which focuses on the proceeds payable to TBW under the REMIC Settlement Agreements. Specifically, on December 16, 2010, Sovereign Bank filed its Response of Sovereign Bank to Motion to Approve Settlement Agreement Related to Mortgage Pools Held by 12 Separate Mortgage Backed Securities Trusts with Respect to Which the Debtor, Taylor Bean & Whitaker Mortgage Corp., Served as Servicer and Wells Fargo Bank, N.A. Served as Master Servicer [Docket No. 2293] (the "**Sovereign Response**").

As set forth in the Sovereign Response, Sovereign Bank seeks the inclusion in this Order of a provision requiring that TBW segregate the funds paid to it until Sovereign Bank's claim to these funds can be resolved by litigation or settlement. The REMIC Settlement parties are agreeable to inclusion of such a provision in this order.

### Merits of the Settlement

The Court having reviewed and considered the Motion and exhibits thereto and having considered the objections and response thereto, the evidence, arguments and announcements of counsel presented in open court and having reviewed the record in support of the Motion; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and finding that this is a core proceeding pursuant to 28 U.S.C. § 157(b); notice of the Motion and notice of the hearing to consider the Motion was adequate, and all persons with standing have been afforded the opportunity to present evidence and argument of counsel at the hearing; and the Debtor having demonstrated at the hearing and by the Motion that the REMIC Settlement Agreements satisfy the standards established by the Eleventh Circuit for the approval of a compromise and settlement and is fair and reasonable to all interested parties including, but not limited to, the REMIC Settlement Parties and Certificateholders (collectively, the "**Interested Parties**"), and that the approval of the Settlement Agreement is in the best interests of the Debtor's estate; and good cause having been shown, IT IS HEREBY **FOUND AND ORDERED** that,

1. The Motion is **GRANTED**;

2. The REMIC Settlement Agreements are **APPROVED**;

3. TBW shall segregate the proceeds paid it under the REMIC Settlement Agreements until the claims thereto of Sovereign Bank can be resolved.

4. The Parties are authorized and directed to take such actions as may be necessary to effectuate the terms of the REMIC Settlement Agreements;

5. Subject only to the occurrence of the Effective Date, all Interested Parties will be bound by the terms of the REMIC Settlement Agreement, including, without limitation, the releases contained therein.

DATED: July 21, 2011 in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge

Debtor's counsel shall serve a copy of this Order upon the creditors and parties in interest on the Local Rule 1007 list.

2294526v1

6