## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **TAYLOR, BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC and HOME AMERICA MORTGAGE, INC.,** | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors. | Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |
| **TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,** | |
| Applicable Debtor. | |

## ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG TAYLOR, BEAN & WHITAKER MORTGAGE CORP., FEDERAL HOME LOAN MORTGAGE CORPORATION AND THE OFFICIAL COMMITEEE OF UNSECURED CREDITORS

This matter came before the Court for hearing on July 13, 2011 upon the Motion to Approve Settlement Agreement By and Among Taylor Bean & Whitaker Mortgage Corp., Federal Home Loan Mortgage Corporation and the Official Committee of Unsecured Creditors filed on June 22, 2011 [Docket No. 3237] (the "**Motion**"). The Motion seeks to approve a Settlement Agreement (the "**Freddie Mac Settlement Agreement**") among Federal Home Loan Mortgage Corporation ("**Freddie Mac**"), Taylor Bean & Whitaker Mortgage Corp. ("**TBW**"), and the Official Committee of Unsecured Creditors of TBW (the "**Creditors' Committee**").

### Overview

As set forth more fully in the Settlement Agreement and the Motion, the Settlement Agreement seeks to resolve wide-ranging and complex disputes, to distribute funds in excess of $250 million, to provide for Freddie Mac's sale of mortgage servicing rights and the distribution

2294896v1

of the proceeds thereof, to provide for the amount and priority of Freddie Mac's claim against the estate, and to provide for a mutual release of claims.  There are two groups of objections. One group is comprised of objections ("**Borrower Objections**") filed pro se by borrowers ("**Borrowers**") under residential mortgage loans originated or acquired by TBW and thereafter sold to investors and currently serviced by servicers other than TBW. The Borrower Objections are unclear as to the grounds of their objections and particularly as to the harm that the Borrowers fear will result to them from approval of the Settlement Agreement.

The other group of objections is comprised of objections ("**Ocala Objections**") by financial institutions with alleged claims against TBW's affiliate, Ocala Funding LLC ("**Ocala**"). The Ocala Objections have been withdrawn and resolved on the basis of clarifying language that is set forth below.

For the reasons set forth herein, the Court will overrule the Borrower Objections, resolve the Ocala Objections and approve the Freddie Mac Settlement Agreement.

## The Borrower Objections

Each of the Borrower Objections has the same title and raises similar points.  On July 5, 2011, Borrowers Michael R. Elliott and Dianna L. Elliott filed their *(i) Objection to Approve Settlement Agreement By and Among Taylor Bean & Whitaker Mortgage Corp. Federal home Loan Mortgage Corporation and the Official Committee of Unsecured Creditors Docket 3237; (ii) Objection to the Confirmation of the Second Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors 2143* [Docket No. 3298].  On July 5, 2011, another Borrower, Sandy Smith filed her objection, which was docketed on July 6, 2011 [Docket No. 3299].  On July 7, 2011, Borrowers Joni Cox-Tanner and Charles Tanner filed

their objection [Docket 3306]. Finally, on July 11, Borrower Jay D. Oyler filed his objection [Docket No. 3324].

As an initial matter, each of the Borrower Objections is untimely. Nevertheless, the Court will address the merits of the objections. To the extent that the Borrowers are objecting on the ground that the approval of the Freddie Mac Settlement Agreement would result in particular harm to them, the Court cannot discern any particular harm to them. To the extent that the Borrowers are objecting on the ground that approval of the Freddie Mac Settlement Agreement is not in the best interest of the Debtors' estates, the Court disagrees and concludes that approval of the Freddie Mac Settlement Agreement is in the best interest of the Debtors' estates.

### The Ocala Objections

The parties ("**Ocala Objectors**") filing the Ocala Objections are Bank of America ("**BofA**", Deutsche Bank AG ("**Deutsche Bank**"), BNP Paribas, and the Federal Deposit Insurance Corporation ("**FDIC**") in its capacity as receiver of Colonial Bank. On July 7, 2011, BofA filed *Bank of America's Limited Objection to Third Amended Joint Plan of Liquidation and Settlement Agreement Among Debtor, The Official Committee of Unsecured Creditors and Federal Home Loan Mortgage Corporation* [Docket No. 3313] (the "**BofA Limited Objection**"). On July 8, 2011, the FDIC joined in the BofA Objection by filing on July 8, 2011, *Joinder of The Federal Deposit Insurance Corporation, as Receiver of Colonial Bank, to Bank of America's Limited Objection to Third Amended Joint Plan of Liquidation and Settlement Agreement Among Debtor, The Official Committee of Unsecured Creditors and Federal Home Loan Mortgage Corporation* [Docket 3320] (the "**FDIC Joinder**"). Similarly, on July 8, 2011, Deutsche Bank joined in the BofA Objection by filing its *Joinder of Deutsche Bank AG to Bank of America's Limited Objection to Third Amended Joint Plan of Liquidation and Settlement*

*Agreement Among Debtor, The Official Committee of Unsecured Creditors and Federal Home Loan Mortgage Corporation* [Docket 3321] (the "**Deutsche Bank Joinder**"). Finally, on July 11, 2011, BNP Paribas joined on July 11, 2011 by filing its *Joinder of BNP Paribas to Bank of America's Limited Objection to Third Amended Joint Plan of Liquidation and Settlement Agreement Among Debtor, The Official Committee of Unsecured Creditors and Federal Home Loan Mortgage Corporation* [Docket 3323] (the "**BNP Paribas Joinder**").

The Court was advised at the hearing on the Motion that the Ocala Objections have been withdrawn and resolved on the basis a clarification of the Freddie Mac Settlement Agreement that has been agreed to by the Debtor, the Committee, the Ocala Objectors and Freddie Mac, as follows: Nothing in the Freddie Mac Settlement Agreement is intended to or shall be interpreted to limit, waive or release any claim of Ocala or its creditors, except (i) to the extent that Ocala could bring claims belonging to TBW that are specifically described as the "Debtor's Claims" in recital K of the Freddie Mac Settlement Agreement (i.e., TBW's claims based on tax and insurance servicing advances for the benefit of Freddie Mac; TBW's claims based on unpaid servicing fees owed to TBW; and TBW's claims based on repurchase payments made to Freddie Mac) and (ii) claims arising from the allocation of loans described in Section 1.6 of the Freddie Mac Settlement Agreement.

### The Merits of the Settlement

For the reasons stated in the Motion and presented at the hearing, and based upon the evidence adduced by TBW through the unopposed proffer of the testimony of TBW's Chief Restructuring Officer Neil F. Luria of Navigant Capital Advisors, which was admitted without objection, and for the reasons stated on the record, which shall constitute the decision of the

Court, the Court finds that adequate and sufficient notice of the Motion has been given, that the evidence adduced by TBW and the record before the Court in these cases clearly satisfy factors set forth in <u>Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks)</u>, 898 F.2d 1544 (11th Cir. 1990), and that the granting of the motion and the approval of the Freddie Mac Settlement Agreement are in the best interests of TBW's bankruptcy estate.  Accordingly, it is hereby **ORDERED** that

1.      The Motion is Granted;

2.      The Freddie Mac Settlement Agreement (with the clarification set forth in this Order) is approved;

3.      The Borrower Objections are overruled; and

4.      The Ocala Objections are withdrawn and resolved by agreement on the basis set forth above.

5.      The objections to compromise filed by Michael and Dianne Elliott and Charles Tanner and Joni Cox-Tanner [Docket Nos. 3298 and 3306] are overruled.  Nothing herein is intended to affect defenses, if any, that the foregoing claimants may have with respect to their mortgages.

DATED: July 21, 2011 at Jacksonville, Florida

Jerry A. Funk
United States Bankruptcy Judge

Debtor's counsel is hereby directed to serve a copy of this order on the creditors and parties in interest on the Local Rule 1007 list.

2294896v1