IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC, and HOME AMERICA MORTGAGE, INC.,<br><br>Debtors. | Chapter 11<br><br>Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF<br><br>Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,<br><br>Applicable Debtor. | |

ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BY AND BETWEEN DEBTOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP., U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, MAGNOLIA STREET FUNDING, INC., MAGNOLIA STREET FUNDING II, INC., TBW FUNDING COMPANY II, LLC, BAYVIEW FINANCIAL L.P., BAYVIEW LOAN SERVICING, LLC, TRUSTS, MANUFACTURERS AND TRADERS TRUST CO., AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR REGARDING CERTAIN MORTGAGE-BACKED SECURITIES TRANSACTIONS

This matter came before the Court for hearing on July 13, 2011, on the Motion to Approve Settlement Agreement by and between Debtor Taylor Bean & Whitaker Mortgage Corp., U.S. Bank National Association as Trustee, Magnolia Street Funding, Inc., Magnolia Street Funding II, Inc., TBW Funding Company II, LLC, Bayview Financial, L.P., Bayview Loan Servicing, LLC, Trusts, Manufacturers and Traders Trust Co., and the Official Committee of Unsecured Creditors of the Debtor Regarding Certain Mortgage-Backed Securities Transactions, filed on April 15, 2011 [Docket No. 2962] (the "**Motion**"). The Motion seeks

approval of a Settlement Agreement (the "**Bayview Settlement Agreement**") among the parties (the "**Bayview Settlement Parties**") named above.

The only objection thereto is the Limited Objection of Sovereign Bank to Motion to Approve Settlement Agreement by and between Taylor Bean & Whitaker Mortgage Corp., U.S. Bank National Association as Trustee, Magnolia Street Funding, Inc., Magnolia Street Funding II, Inc., TBW Funding Company II, LLC, Bayview Financial, L.P., Bayview Loan Servicing, LLC, Trusts, Manufacturers and Traders Trust Co., and the Official Committee of Unsecured Creditors of the Debtor regarding Certain Mortgage-Backed Securities Transactions, filed April 19, 2011 [Docket No. 2973] (the "**Sovereign Limited Objection**").

The Sovereign Limited Objection focuses on the proceeds payable to Taylor Bean & Whitaker Mortgage Corp. ("**TBW**") under the Bayview Settlement. The Court is advised that this objection can be resolved by the Court's ordering that TBW segregate the funds paid to it until Sovereign's claim to these funds can be resolved by litigation or settlement. The Bayview Settlement Parties are agreeable to this resolution.

The Court is advised that the United States Securities and Exchange Commission ("**SEC**") requested that this order specify that no provision of the Bayview Settlement Agreement or this Order operates to release, discharge or enjoin any SEC claim or investigation. The SEC has proposed a specific provision to be incorporated in this order, and the Bayview Settlement Parties agree to that incorporation.

The Court having reviewed and considered the Motion and exhibits thereto and having considered the objection thereto, the evidence and arguments of counsel presented in open court and having reviewed the record in support of the Motion; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and finding that this is a core proceeding pursuant

to 28 U.S.C. § 157(b); notice of the Motion and notice of the hearing to consider the Motion was adequate, and all persons with standing have been afforded the opportunity to present evidence and argument of counsel at the hearing; and the Debtor having demonstrated at the hearing and by the Motion that the Settlement Agreement satisfies the standards established by the Eleventh Circuit for the approval of a compromise and settlement and is fair and reasonable to all interested parties including, but not limited to, the Bayview Settlement Parties and Certificateholders (collectively, the "**Interested Parties**"), and that the approval of the Settlement Agreement is in the best interests of the Debtor's estate ; and good cause having been shown, IT IS HEREBY FOUND AND ORDERED that,

1. The Motion is GRANTED.

2. The Bayview Settlement Agreement is APPROVED;

3. TBW shall segregate the proceeds paid it under the Bayview Settlement Agreement until the claims thereto of Sovereign Bank can be resolved;

4. By virtue of the foregoing decretal paragraph, the Sovereign Limited Objection is **MOOT**;

5. The Parties are authorized and directed to take such actions as may be necessary to effectuate the terms of the Settlement Agreement; and

6. Subject only to the occurrence of the Effective Date, all Interested Parties will be bound by the terms of the Settlement Agreement, including, without limitation, the releases contained therein.

7. Notwithstanding any provision herein to the contrary, no provision of the Bayview Settlement Agreement or this Order shall (i) discharge or release TBW or any other person from any right, claim, cause of action, or power or interest held or assertable by the United States Securities and Exchange Commission or (ii) enjoin, impair or delay the United States Securities and Exchange Commission from commencing or continuing any claims, causes of action, proceedings, or investigations against TBW or any other person in any bankruptcy forum.

DATED: July 21, 2011 in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge

Debtor's counsel shall serve a copy of this Order upon the creditors and parties in interest on the Local Rule 1007 list.