UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| REO SPECIALISTS, LLC, and | Case No. 3:09-bk-1022-JAF |
| HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-10023-JAF |
| Debtors. _____/ | Jointly Administered Under Case No. 3:09-bk-07047-JAF |
| In re: | |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| Applicable Debtor. _____/ | |

**MOTION TO APPROVE COMPROMISE BETWEEN
THE TAYLOR, BEAN & WHITAKER PLAN TRUST AND
<u>U.S. BANK NATIONAL ASSOCIATION, AS CERTIFICATE TRUSTEE</u>**

> **PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION, OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE SET FORTH ON THE PROOF OF SERVICE ATTACHED TO THIS PAPER PLUS AN ADDITIONAL THREE DAYS FOR SERVICE. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE COURT AT 300 N. HOGAN ST., SUITE 3-150, JACKSONVILLE, FLORIDA 32202, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, EDWARD J. PETERSON, III, ESQUIRE, STICHTER, RIEDEL, BLAIN & POSTLER, P.A., 110 E. MADISON STREET, SUITE 200, TAMPA, FLORIDA 33602 AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED.**
>
> **IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE AND NOTIFY YOU OF A HEARING, OR THE COURT MAY CONSIDER THE RESPONSE AND MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

THE TAYLOR BEAN & WHITAKER PLAN TRUST (the "**Plan Trust**") hereby files this *Motion to Approve Compromise Between the Taylor, Bean & Whitaker Plan Trust and U.S. Bank National Association, as Certificate Trustee* (the "**Motion**"). In support of this Motion, the Plan Trust states the following:

## Jurisdiction And Venue

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Case Background

2.  On August 24, 2009 ("**Petition Date**"), Taylor, Bean & Whitaker Mortgage Corp. (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.  On July 21, 2011, the Court entered its Order Confirming Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (the "**Confirmation Order**"), pursuant to which it confirmed the Joint Plan of Liquidation (the "**Plan**").

4.  Pursuant to the Plan and the Confirmation Order, most of the assets of the Debtor and the claims against the Debtor were channeled to the Plan Trust. The effective date of the Plan was August 10, 2011.

5.  U.S. Bank National Association, as Successor Trustee for Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association as Trustee for First Franklin Mortgage Loan Certificate Trust 2007-1, Mortgage Loan Asset-Backed Certificates, Series 2007-1 (the "**Certificate Trustee**") filed its Renewed Motion for Allowance and Payment of Administrative Expense (Doc. No. 8261) (the "**Admin Motion**") based on a loan

4825-0300-6521.2                                    2

made in 2007 allegedly secured by property located at 41009 Knoll Drive in Los Angeles, California (the "**Property**").

**Sale Background**

6.      After the Petition Date, the Debtor filed a motion to sell the Property in a bulk sale to Selene Finance (Doc. No. 495). Notice of the sale was provided to, among others, counsel who had made appearances in the case on behalf of Bank of America, N.A. and U.S. Bank National Association, as Trustee.

7.      The Property was sold in a bulk sale pursuant to an Order Approving Sale of Certain REO Assets and Granting Related Relief, entered by the Court on December 17, 2009. (Doc. No. 802) (the "**Sale Order**"). By prior agreement, the amount of $272,000.00 (representing the amount of the net sale proceeds received from the sale of the Property) was placed in escrow pending resolution of the Admin Motion (the "**Escrow Funds**").

8.      In the Admin Motion, the Certificate Trustee sought an administrative expense claim in the amount of the greater of (1) the Escrow Funds, or (2) $811,539.14. The Certificate Trustee argued that it is entitled to an administrative expense claim because, at the time of the bulk sale, it had an interest in the Property superior to that of the Debtor. In addition, the Certificate Trustee argued that it did not receive proper notice of the proposed sale of the Property.

9.      The Plan Trust filed its Response in Opposition to the Admin Motion (Doc. No. 8294) (the "**Response**"). In the Response, the Plan Trust argued, among other things, that: (i) the Debtor's interest in the Property at the time of the sale was superior to that of the Certificate Trustee; (ii) there was proper notice of the sale to the Certificate Trustee; and (iii) at best, the Certificate Trustee has a prepetition unsecured Class 8 claim.

10.     Under these facts, the original loan secured by the Property was made by the Certificate Trustee's predecessor. After that loan went into default, a trustee's deed of trust sale

occurred. Prior to the deed of trust sale, an individual named Yosef Cohen executed a substitution of trustee and reconveyance that falsely claimed that the original deed of trust had been satisfied in full. The Property was then remortgaged to the Debtor's predecessor and ultimately that loan went into default, prompting another deed of trust sale that vested title to the Property in the Debtor.

11. The issue of whether the Certificate Trustee had a superior interest in the Property turns on an unsettled interpretation of California law regarding whether the reconveyance executed by Yosef Cohen was void *ab initio* or whether it was voidable. Whether such document was void or voidable turns on whether it was a forgery. Under California law, a forged reconveyance is completely void and ineffective to transfer title. The Plan Trust takes the position that the reconveyance was not a forgery because Yosef Cohen signed his own name. The Certificate Trustee takes the position that such an unauthorized signature can still be considered a forgery.

12. With respect to the notice issue, the Certificate Trustee argued that it was acting in the capacity as a trustee for certain certificate holders and that only notice provided to the Certificate Trustee in that specific capacity would constitute sufficient notice.

13. In order to resolve this dispute and avoid protracted, costly litigation, with an uncertain outcome, the parties have reached the terms of the settlement described herein.

### Summary of Compromise

14. Pursuant to the proposed compromise, the parties stipulate to the entry of a proposed order (the "**Order**") in the form attached hereto as **Exhibit A** granting this Motion and awarding the Certificate Trustee an administrative expense claim in the amount of $145,000.00,

in full satisfaction of any and all claims that the Certificate Trustee may have against the Debtor's estate and the Plan Trust arising out of the facts set forth in the Admin Motion.

15. Payment to the Certificate Trustee will be made within ten (10) days after the date that the Order becomes final. The Certificate Trustee shall have no other claim in these cases.

16. The balance of the Escrow Funds shall be released to the Plan Trust free of any interest or claim of the Certificate Trustee.

17. The settlement is without prejudice to Samek's rights to, or interest in, the Property.

## Standards for Court Approval

18. It is generally recognized that the law favors compromise of disputes over litigation. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.). In *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, (1990), the court enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*.

19. The Plan Trust asserts that the terms of the proposed compromise satisfy the test set forth in the *Justice Oaks* case. Indeed, the dispute involves complex issues of California law and will be costly to litigate.

20. Moreover, the terms of the compromise will allow the dispute between the parties to be resolved expeditiously, and, given the costs of continuing litigation, the compromise is in the best interest of all creditors.

WHEREFORE, the Plan Trust respectfully requests that the Court enter the Order approving the compromise in the form attached as **Exhibit A**; authorize the parties to take all steps necessary to effectuate the terms of the compromise as set forth herein; and grant such further relief as is just.

*/s/ Edward J. Peterson, III*
Edward J. Peterson, III (FBN 0014612)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
(813) 229-0144 – Phone
epeterson@srbp.com
Attorneys for the Plan Trust

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the *Motion to Approve Compromise Between The Taylor, Bean & Whitaker Plan Trust and U.S. Bank National Association, as Certificate Trustee* has been furnished on this 19th day of October, 2016, by the Court's CM/ECF system to all parties receiving CM/ECF electronic noticing.

>  */s/ Edward J. Peterson, III*
>  Edward J. Peterson, III

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC and HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors._____/ | Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |
| In re: | |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| Applicable Debtor._____/ | |

**ORDER GRANTING MOTION TO APPROVE
COMPROMISE BETWEEN THE TAYLOR, BEAN & WHITAKER PLAN
TRUST AND U.S. BANK NATIONAL ASSOCIATION, AS CERTIFICATE TRUSTEE**

THIS CASE came on for consideration upon the Motion to Approve Compromise Between

The Taylor, Bean & Whitaker Plan Trust and U.S. Bank National Association, As Certificate

Trustee (Doc. No. _____) (the "**Motion**")[1]. The Court finds that the Motion was served with negative notice and no objection was filed. Accordingly, it is

**ORDERED** that:

1. The Motion is granted.

2. The Certificate Trustee shall have an allowed administrative expense claim in the amount of $145,000.00, in full and final satisfaction of any and all claims that the Certificate Trustee may have against the Debtor's estate and the Plan Trust arising out of the facts set forth in the Admin Motion.

3. Payment to the Certificate Trustee shall be made within ten (10) days after the date this Order becomes final and non-appealable. The Certificate Trustee shall have no other claim in these cases.

4. The balance of the Escrow Funds shall be released to the Plan Trust free of any interest or claim of the Certificate Trustee.

5. The settlement is without prejudice to Samek's rights to, or interest in, the Property.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

*Attorney Edward J. Peterson is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.*

---

[1] All capitalized terms not otherwise defined have the meanings ascribed to them in the Motion.