UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 Case |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| REO SPECIALISTS, LLC, and | Case No. 3:09-bk-10022-JAF |
| HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-10023-JAF |
| Debtors. | Jointly Administered Under Case No. 3:09-bk-07047-JAF |
| _____/ | |
| In re: | Chapter 11 Case |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| Applicable Debtor | |
| _____/ | |

**PLAN TRUSTEE'S MOTION FOR APPROVAL OF A FOURTH INTERIM DISTRIBUTION TO ALLOWED TBW CLASS 8 GENERAL UNSECURED CLAIMS**

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files a response within **21 days** from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 and serve a copy on the movant's attorney, James D. Gassenheimer, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Ste. 1900, Miami, FL 33131, within the time allowed.
>
> If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

7336294-6

Neil F. Luria, Plan Trustee (the "Plan Trustee") for the Taylor, Bean & Whitaker Plan Trust (the "Plan Trust"), pursuant to the *Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") [ECF No. 3240] and 11 U.S.C. §§105 and 502(c), files this Motion seeking the Court's approval to make a fourth interim Distribution to holders of Allowed TBW Class 8[1] general unsecured claims ("Fourth Interim Class 8 Distribution"). In support thereof, the Plan Trustee states:

**Factual Background**

1.  On August 24, 2009, Taylor, Bean & Whitaker Mortgage Corp. ("TBW") filed a petition for relief under Chapter 11 of the Bankruptcy Code (Case No. 3:09-bk-07047-JAF) in the Jacksonville Division of the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2.  On November 24, 2009, REO Specialists, LLC ("REO") and Home America Mortgage, Inc. ("HAM") (collectively, and together with TBW, the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code, also with the Bankruptcy Court. The bankruptcy cases of TBW, HAM and REO are jointly administered under Case No. 3:09-bk-07047-JAF.

3.  The deadline to file a proof of claim against the TBW estate, unless otherwise extended for subsequently identified creditors, was June 15, 2010 (the "Claims Bar Date").

4.  Pursuant to an order entered by the Bankruptcy Court on July 21, 2011 (the "Confirmation Order") [ECF No. 3420], the Bankruptcy Court confirmed the Plan. The Plan became effective on August 10, 2011 (the "Effective Date").

---

[1] Capitalized terms not otherwise defined in this Motion shall have the same meaning as set forth in the Plan.

2

7336294-6

5. The Plan created a liquidating trust for the Debtors' assets, the Plan Trust, in respect of which Neil F. Luria was appointed as Plan Trustee. Article 6(B) of the Plan provides that the Plan Trustee shall be deemed the sole director and officer of each of the Debtors for all purposes. Article 6(G) of the Plan also provides that the "[t]he Plan Trustee shall be deemed the Estates' representative in accordance with § 1123(b) of the Bankruptcy Code and shall have all powers, authority and responsibilities specified in this Plan and the Plan Trust Agreement, including, without limitation, the powers of a trustee under §§ 704, 1106 and 108 of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules (including commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting defenses, offsets and privileges)...."

6. On November 26, 2014, the Plan Trustee filed his *Motion for Approval of an Interim Distribution to Allowed TBW Class 8 General Unsecured Claims* [ECF No. 8141], by which the Plan Trustee sought authorization to make an interim Distribution in the total amount of $40,000,000.00 to holders of Allowed TBW Class 8 general unsecured claims ("First Interim Class 8 Distribution"). On January 5, 2015, the Court entered its *Order Granting Plan Trustee's Motion for Approval of an Interim Distribution to Allowed TBW Class 8 General Unsecured Claims* [ECF No. 8179]. Subsequently, the Plan Trustee made the First Interim Class 8 Distribution to the TBW Class 8 creditors.

7. On April 22, 2015, the Plan Trustee filed his *Motion for Approval of a Second Interim Distribution to Allowed TBW Class 8 General Unsecured Claims* [ECF No. 8242], by which the Plan Trustee sought authorization to make a second interim Distribution in the total amount of $100,000,000.00 to holders of Allowed TBW Class 8 general unsecured claims ("Second Interim Class 8 Distribution"). On May 19, 2015, the Court entered its *Order Granting*

3

*Plan Trustee's Motion for Approval of a Second Interim Distribution to Allowed TBW Class 8 General Unsecured Claims* [ECF No. 8251]. Subsequently, the Plan Trustee made the Second Interim Class 8 Distribution to the TBW Class 8 creditors.

8.  On October 15, 2015, the Plan Trustee filed his *Motion for Approval of a Third Interim Distribution to Allowed TBW Class 8 General Unsecured Claims* [ECF No. 8300], by which the Plan Trustee sought authorization to make a third interim Distribution in the total amount of $60,000,000.00 to holders of Allowed TBW Class 8 general unsecured claims ("Third Interim Class 8 Distribution"). On December 2, 2015, the Court entered its *Order Granting Plan Trustee's Motion for Approval of a Third Interim Distribution to Allowed TBW Class 8 General Unsecured Claims* [ECF No. 8333]. Subsequently, the Plan Trustee made the Third Interim Class 8 Distribution to the TBW Class 8 creditors.

9.  There are currently 125 Allowed Claims classified as TBW Class 8 general unsecured claims. There are three (3) creditors who have filed proofs of claim or who have scheduled claims to which the Plan Trustee has filed or intends to file objections, all of which remain unresolved and may, subject to rulings on the outstanding objections, be entitled to some amount of an Allowed TBW Class 8 general unsecured claim. The Plan Trustee reserves the right to object to claims of subsequently identified creditors, if any.

10. Progress continues on resolving the substantial majority of TBW Class 8 Claims. The Plan Trustee is now in a position to make a fourth interim Distribution to holders of Allowed TBW Class 8 general unsecured claims. In order to make this Fourth Interim Class 8 Distribution, the Plan Trustee has estimated, in his best business judgment, the maximum exposure to the Plan Trust with regard to the remaining TBW Class 8 general unsecured claims.

As to the Disputed Claims, the Plan Trustee has reserved the pro-rata distribution of their filed claims, as reflected on **Exhibit "A"** hereto, without prejudice to the pending objections.

11.     Therefore, in connection with the calculation and payment of the Fourth Interim Class 8 Distribution proposed by this Motion for holders of Allowed TBW Class 8 general unsecured claims, the Plan Trustee has reserved $172,458.40 for the Disputed Claims, without prejudice to the Plan Trustee's right to bring additional claim objections.

### Fourth Interim Distribution to TBW Class 8

12.     According to Article 7 of the Plan, "[t]he Plan Trustee shall make all Distributions provided for in the Plan from the Plan Trust Assets, including those to be paid on the Effective Date." Section B.3 of Article 7 of the Plan provides for interim Distributions to holders of Allowed Unsecured Claims.

13.     Section E. of Article 7 prescribes a Distribution scheme by which the Plan Trustee must first pay "all outstanding Plan Trust Operating Expenses" before making a Distribution. Following the payment of all outstanding Plan Trust Operating Expenses, the Plan Trustee must "pay all Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims and Allowed Priority Claims." After the payment of the aforementioned claims, the Trustee may then "pay Net Distributable Assets to all Holders of Allowed Unsecured Claims against such Debtor's Estate in accordance with the Distribution Calculation in Article 7.D.2 above." As of this date, the Plan Trustee has paid all expenses and claims required by Section E. of Article 7 as a condition precedent to making a fourth interim Distribution to holders of TBW Allowed Unsecured Class 8 Claims, and has sufficient funds on hand to pay current and future forecasted and budgeted trust operating expense obligations after making this proposed Fourth Interim Class 8 Distribution.

14. The Plan Trustee seeks approval from the Court to make the Fourth Interim Class 8 Distribution to holders of Allowed TBW Class 8 general unsecured claims. Specifically, the Plan Trustee seeks approval to make an interim Distribution in the aggregate amount of $125,000,000 to holders of Allowed TBW Class 8 general unsecured claims, as set forth in the column titled "Proposed Fourth Interim Distribution Amount" on **Exhibit "A"** to this Motion.[2] A schedule of holders of presently Allowed TBW Class 8 general unsecured claims in respect of which the Plan Trustee proposes to make a Distribution, together with the amounts reserved for the remaining Disputed Claims, is set forth on **Exhibit "A".**

15. Section X of the Plan Trust Agreement specifies that "the Beneficial Interests [in the Allowed Claims] are non-transferable. Any purported assignment, pledge, mortgage, sale, transfer or other disposition other than as permitted by Section X.C [of the Plan Trust Agreement] shall be void and will not be registered on the register maintained by the Trustee." After the Effective Date of the Plan, it came to the attention of the Plan Trustee that certain post-Effective Date transfers had occurred. The Plan Trustee filed a *Plan Trustee's Notice of Prohibition of Transfers and Intention to Disregard Future Prohibited Transfers* (the "Notice") [ECF No. 7066] advising that future transfers, assignments, pledges, mortgages or other dispositions of Claims would be deemed void.

16. As to those TBW Class 8 general unsecured claims assigned, pledged, mortgaged, sold, transferred or the subject of any other disposition to a third party by the original filing claimant prior to the Effective Date of the Plan, the attached **Exhibit "A"** reflects a proposed Distribution to those transferees who properly filed notices of transfers pursuant to Rule 3001 of

---

[2] Upon resolution of any presently Disputed Claims, to the extent any becomes an Allowed TBW Class 8 general unsecured claim after the filing of this Motion, the Plan Trustee also seeks authorization to distribute from the reserve currently set aside for this purpose.

the Federal Rules of Bankruptcy Procedure for which no objections were raised by the original claimant and for which the Plan Trustee had actual knowledge. Rule 3001(e)(2) provides that "evidence of the transfer must be filed by the transferee." Rule 3001(e)(2) further provides that "[i]f a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor." Based on a review of the facts and docket entries, no objection was filed to any transfer listed on **Exhibit "A",** and the Plan Trustee will therefore make an interim Distribution to transferees as set forth on Exhibit "A" to the Motion.

17. As to those TBW Class 8 general unsecured claims that were assigned, pledged, mortgaged, sold, transferred or the subject of any other disposition to a third party after the Effective Date of the Plan, the Plan Trustee submits that Section X of the Plan Trust Agreement prohibits such transfers and allows the Plan Trustee to treat such transfers as void. To the Plan Trustee's knowledge, no post-Effective Date assignments, pledges, mortgages, sales, transfers or other dispositions of TBW Class 8 general unsecured claims were done in accordance with Section X.C. of the Plan Trust Agreement. No objection was raised to Section X's prohibition on post-Effective Date claims trading. In light of the foregoing, the Plan Trustee seeks an order from this Court finding that the Plan Trustee has complied with his fiduciary obligations and the terms of the Plan and Plan Trust Agreement by making the Fourth Interim Class 8 Distribution set forth on **Exhibit "A"** to the Motion.

18. The Plan Trustee proposes to make a fourth interim Distribution in accordance with the procedural requirements of Article 7 of the Plan. Specifically, Section G of Article 7 provides that "at the option of the Plan Trustee, any Distributions under this Plan may be made either in Cash, by check drawn on a domestic bank, by wire transfer, or by ACH." Section I provides that:

7336294-6

> Except as otherwise provided in this Plan, Distributions to Holders of Allowed Claims shall be made by the Debtors, if before the Effective Date, or the Plan Trustee, if on or after the Effective Date, (i) at the addresses set forth on any Proof of Claim Filed by such Holder (or at the last known addresses of such Holder if no motion requesting payment or Proof of Claim is Filed or the Debtors or the Plan Trustee have been notified in writing of a change of address), (ii) at the addresses set forth in any written notices of address changes Filed with the Bankruptcy Court and served on the Plan Trustee by such Holder after the date of any related Proof of Claim, or (iii) at the addresses reflected in the Schedules if no Proof of Claim has been Filed and no written notice of address change has been Filed by such Holder with the Bankruptcy Court and served on the Plan Trustee.

19. Further, section C.3 of Article 7 requires the Plan Trustee to establish a Disputed Claims Reserve for each Debtor's Estate. Specifically, the Plan requires that

> With respect to any interim Distribution made to Holders of Allowed Unsecured Claims, the amount reserved for each such Disputed Claim against any Debtor shall be the amount that would be distributed on account of such Claim if it were an Allowed Unsecured Claim in the lower of (a) the amount set forth in the Proof of Claim Filed by the Holder of such Claim, or if no Proof of Claim has been Filed, the Scheduled amount set forth for such Claim if it is shown on the Schedules as being noncontingent, liquidated, and undisputed, and (b) the estimated amount of such Claim for Distribution purposes, as determined by the Bankruptcy Court pursuant to Article 8.F of this Plan.

20. In addition to the terms of the Plan that provide the requisite authority and power for the Plan Trustee to make an interim Distribution from the Plan Trust, section 105 of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Court's approval of the Plan Trustee's proposed Fourth Interim Class 8 Distribution is necessary for the Plan Trustee to carry out the provisions of this title. Importantly, and in accordance with the terms of the Plan Trust Agreement, the Plan Advisory Committee has approved the filing of this Motion and the relief requested herein.

**WHEREFORE**, the Plan Trustee respectfully requests that the Court enter an order, in

the form attached hereto as **Exhibit "B"** (i) granting this Motion, (ii) authorizing the Distributions identified on **Exhibit "A"** to the Motion, (iii) approving the interim Distribution as set forth on **Exhibit "A"** as to the transferees of Allowed TBW Class 8 general unsecured claims properly assigned, pledged, mortgaged, sold, transferred or the subject of any other disposition prior to the Effective Date to transferees who filed valid notices under Rule 3001 of the Federal Rules of Bankruptcy Procedure for which no objections were raised by the original claimants and for which the Plan Trustee had actual knowledge, (iv) finding that the Plan Trustee has complied with his fiduciary obligations and the terms of the Plan and Plan Trust Agreement in general as to this Fourth Interim Class 8 Distribution and specifically in the treatment of certain pre-Effective Date assignments, pledges, mortgages, sales, transfers or any other dispositions of TBW Class 8 general unsecured claims, and (v) granting such other and further relief as is just and appropriate.

Dated:  October 20, 2016                                Respectfully submitted,

                                                        BERGER SINGERMAN LLP
                                                        *Counsel to Neil F. Luria, Plan Trustee of the*
                                                        *Taylor, Bean & Whitaker Plan Trust*
                                                        125 South Gadsden Street, Suite 300
                                                        Tallahassee, FL 32301
                                                        Telephone:  (850) 561-3010

                                                        By: */s/ Debi Galler*
                                                            Debi Galler
                                                            Florida Bar No. 985236
                                                            dgaller@bergersingerman.com
                                                            Paul Steven Singerman
                                                            Florida Bar No. 378860
                                                            singerman@bergersingerman.com

# EXHIBIT "A"
# Distribution Schedule

7336294-6

## Exhibit A
### Proposed 4th Interim Class 8 Distribution
*Allowed Claims*

| Creditor | Claim Number | Filed / Allowed Claim Amount [A] | Prorata % of Claims Pool [B] | 1st Interim Distribution Amt [C] | 2nd Interim Distribution Amt [C] | 3rd Interim Distribution Amt [C] | Proposed 4th Interim Distribution Amt [C] | Total Cumulative Paid 1st, 2nd, 3rd, & Proposed 4th Interim Distribution Amt [C] |
|---|---|---|---|---|---|---|---|---|
| Interim Distribution Amount --> | | | | $40,000,000 | $100,000,000 | $60,000,000 | $125,000,000 | $325,000,000 |
| **Section I) Allowed Claims:** | | | | | | | | |
| FDIC-R For Colonial Bank | 3020 | $2,215,095,998.00 | 36.78% | $14,707,079.80 | $36,767,700.26 | $22,060,620.15 | $45,980,304.17 | $119,515,704.38 |
| Ocala Funding, LLC (Ocala Litigation Trust) | 3442 | $1,750,000,000.00 | 29.06% | $11,619,085.43 | $29,047,714.19 | $17,428,628.51 | $36,325,979.72 | $94,421,407.85 |
| Ocala Funding, LLC (Ocala Litigation Trust) [D] | 2629 | $1,022,000,000.00 | 16.97% | $6,785,545.89 | $16,963,865.09 | $10,178,319.05 | $21,214,372.15 | $55,142,102.18 |
| Government National Mortgage Association | 3524 | $610,000,000.00 | 10.13% | $4,050,081.21 | $10,125,203.23 | $6,075,121.94 | $12,662,198.64 | $32,912,605.02 |
| Sovereign Bank | 1362 | $136,781,302.17 | 2.27% | $908,156.36 | $2,270,390.95 | $1,362,234.57 | $2,839,265.60 | $7,380,047.48 |
| The US Department of Justice | 3307 | $89,914,335.00 | 1.49% | $596,984.19 | $1,492,460.52 | $895,476.31 | $1,866,415.03 | $4,851,336.05 |
| FDIC-R For Platinum Bank | 3026 | $30,800,000.00 | 0.51% | $204,495.90 | $511,239.77 | $306,743.86 | $639,337.24 | $1,661,816.77 |
| Wells Fargo Bank | 1724 | $19,877,602.00 | 0.33% | $131,976.89 | $329,942.23 | $197,965.34 | $412,613.35 | $1,072,497.81 |
| US Department of HUD | 3518 | $18,690,992.09 | 0.31% | $124,098.42 | $310,246.05 | $186,147.63 | $387,982.06 | $1,008,474.16 |
| US Bank / Bayview (1 of 8) | 2647 | $13,606,769.40 | 0.23% | $90,341.84 | $225,854.60 | $135,512.76 | $282,445.27 | $734,154.47 |
| US Bank / Bayview (2 of 8) | 2646 | $13,146,364.91 | 0.22% | $87,284.99 | $218,212.49 | $130,927.49 | $272,888.33 | $709,313.30 |
| US Bank / Bayview (3 of 8) | 2644 | $11,815,470.61 | 0.20% | $78,448.55 | $196,121.38 | $117,672.83 | $245,262.03 | $637,504.79 |
| US Bank / Bayview (4 of 8) | 2649 | $10,022,562.24 | 0.17% | $66,544.58 | $166,361.44 | $99,816.86 | $208,045.37 | $540,768.25 |
| US Bank / Bayview (5 of 8) | 2645 | $9,733,280.58 | 0.16% | $64,623.90 | $161,559.74 | $96,935.85 | $202,040.54 | $525,160.03 |
| US Bank / Bayview (6 of 8) | 2650 | $7,711,511.96 | 0.13% | $51,200.41 | $128,001.03 | $76,800.62 | $160,073.27 | $416,075.33 |
| US Bank / Bayview (7 of 8) | 2651 | $6,552,048.92 | 0.11% | $43,502.18 | $108,755.45 | $65,253.27 | $136,005.48 | $353,516.38 |
| US Bank / Bayview (8 of 8) | 2648 | $5,963,699.00 | 0.10% | $39,595.84 | $98,989.61 | $59,393.77 | $123,792.69 | $321,771.91 |
| Natixis Real Estate Capital Inc. | 1360 | $9,185,801.85 | 0.15% | $60,988.92 | $152,472.31 | $91,483.39 | $190,676.14 | $495,620.76 |
| Seaside National Bank & Trust | 3418 | $8,437,214.21 | 0.14% | $56,018.69 | $140,046.74 | $84,028.04 | $175,137.18 | $455,230.65 |
| FDIC-R IndyMac Bank | 3525 | $6,315,371.12 | 0.10% | $41,930.76 | $104,826.91 | $62,896.15 | $131,092.60 | $340,746.42 |
| RBC Capital Market Corporation | 379 | $2,238,750.00 | 0.04% | $14,864.13 | $37,160.33 | $22,296.19 | $46,471.31 | $120,791.96 |
| 315 NE 14th Street Ocala LLC [E] | 3456 | $1,750,000.00 | 0.03% | $11,619.09 | $29,047.71 | $17,428.63 | $36,325.98 | $94,421.41 |
| Lehman Brothers Inc. | 3051 | $1,601,003.92 | 0.03% | $10,629.83 | $26,574.57 | $15,944.74 | $33,233.16 | $86,382.30 |
| Liberty Mutual Insurance | 3526 | $1,455,407.09 | 0.02% | $9,663.65 | $24,159.13 | $14,495.48 | $30,210.91 | $78,529.16 |
| Cole Taylor Bank | 3037 | $1,440,734.11 | 0.02% | $9,565.72 | $23,914.30 | $14,348.58 | $29,906.33 | $77,734.93 |
| Stephens Inc. | 2563 | $1,244,687.50 | 0.02% | $8,264.07 | $20,660.19 | $12,396.11 | $25,836.85 | $67,157.22 |
| Shannon Welch | 3478 | $1,000,000.00 | 0.02% | $6,639.48 | $16,598.69 | $9,959.22 | $20,757.70 | $53,955.09 |
| Wells Fargo Funding Inc. | 1157 | $709,800.55 | 0.01% | $4,712.70 | $11,781.76 | $7,069.06 | $14,733.83 | $38,297.35 |
| Zurich American Insurance | 3508 | $620,200.00 | 0.01% | $4,119.66 | $10,299.14 | $6,179.49 | $12,873.93 | $33,472.21 |
| Jeffrey Cavender | 3479 | $425,000.00 | 0.01% | $2,821.78 | $7,054.44 | $4,232.67 | $8,822.02 | $22,930.91 |
| J.P. Morgan Chase Bank | 2565 | $403,320.91 | 0.01% | $2,677.84 | $6,694.60 | $4,016.76 | $8,372.02 | $21,761.22 |
| Premier Corporate Centre LLC | 3426 | $397,135.48 | 0.01% | $2,636.77 | $6,591.93 | $3,955.16 | $8,243.62 | $21,427.48 |
| Credit Suisse Securities USA LLC | 2575 | $393,339.84 | 0.01% | $2,611.57 | $6,528.93 | $3,917.36 | $8,164.83 | $21,222.69 |
| Mesirow Financial, Inc. | 1343 | $335,429.59 | 0.01% | $2,227.08 | $5,567.69 | $3,340.62 | $6,962.75 | $18,098.14 |
| Colfax Koehler LLC [E] | 341 | $301,760.00 | 0.01% | $2,003.53 | $5,008.82 | $3,005.29 | $6,263.84 | $16,281.48 |
| Centurion Asset Partners [F] | 3229 | $250,000.00 | 0.00% | $1,659.87 | $4,149.67 | $2,489.80 | $5,189.43 | $13,488.77 |
| Braintree Hill Office Park LLC | 1711 | $230,547.64 | 0.00% | $1,530.72 | $3,826.79 | $2,296.07 | $4,785.64 | $12,439.22 |
| LPP Mortgage Ltd & Lnv Corporation | 1448 | $225,374.75 | 0.00% | $1,496.37 | $3,740.93 | $2,244.56 | $4,678.26 | $12,160.12 |
| First American Corelogic | 2637 | $210,138.00 | 0.00% | $1,395.21 | $3,488.02 | $2,092.81 | $4,361.98 | $11,338.02 |
| Pitney Bowes Global Financial Services (1 of 2) [E] | 3343 | $166,221.59 | 0.00% | $1,103.62 | $2,759.06 | $1,655.44 | $3,450.38 | $8,968.50 |
| Pitney Bowes Global Financial Services (2 of 2) [E] | 3344 | $16,841.86 | 0.00% | $111.82 | $279.55 | $167.73 | $349.60 | $908.70 |
| First American Real Estate Tax Service, LLC | 320 | $156,297.00 | 0.00% | $1,037.73 | $2,594.33 | $1,556.60 | $3,244.37 | $8,433.03 |
| Internal Revenue Service | 297 | $150,000.00 | 0.00% | $995.92 | $2,489.80 | $1,493.88 | $3,113.66 | $8,093.26 |
| Great America Leasing Corporation | 54 | $150,000.00 | 0.00% | $995.92 | $2,489.80 | $1,493.88 | $3,113.66 | $8,093.26 |
| Stephanie Kennedy | 3314 | $138,421.49 | 0.00% | $919.05 | $2,297.62 | $1,378.57 | $2,873.31 | $7,468.55 |
| Deltacom Inc. | 623 | $138,226.91 | 0.00% | $917.75 | $2,294.39 | $1,376.60 | $2,869.27 | $7,458.04 |
| Robert And Phyllis Terry | 3454 | $129,190.00 | 0.00% | $857.75 | $2,144.38 | $1,286.63 | $2,681.69 | $6,970.45 |
| Hawthorne Capital LLC | 87 | $116,800.00 | 0.00% | $775.49 | $1,938.73 | $1,163.24 | $2,424.50 | $6,301.96 |
| Fox Rothschild | 1590 | $107,109.37 | 0.00% | $711.15 | $1,777.88 | $1,066.72 | $2,223.34 | $5,779.09 |
| Douglas Emmett 2000 LLC | 294 | $100,026.20 | 0.00% | $664.12 | $1,660.30 | $996.18 | $2,076.31 | $5,396.91 |

# Exhibit A
## Proposed 4th Interim Class 8 Distribution
*Allowed Claims*

| Creditor | Claim Number | Filed / Allowed Claim Amount [A] | Prorata % of Claims Pool [B] | 1st Interim Distribution Amt [C] | 2nd Interim Distribution Amt [C] | 3rd Interim Distribution Amt [C] | Proposed 4th Interim Distribution Amt [C] | Total Cumulative Paid 1st, 2nd, 3rd, & Proposed 4th Interim Distribution Amt [C] |
|---|---|---|---|---|---|---|---|---|
| Interim Distribution Amount --> | | | | $40,000,000 | $100,000,000 | $60,000,000 | $125,000,000 | $325,000,000 |
| **Section I) Allowed Claims:** | | | | | | | | |
| Sun Life Assurance Company Of Canada | 301 | $99,880.50 | 0.00% | $663.15 | $1,657.89 | $994.73 | $2,073.29 | $5,389.06 |
| Successfactors | 1053 | $92,000.00 | 0.00% | $610.83 | $1,527.08 | $916.25 | $1,909.71 | $4,963.87 |
| Wells Fargo Bank | 1156 | $91,924.74 | 0.00% | $610.33 | $1,525.83 | $915.50 | $1,908.15 | $4,959.81 |
| Selene Finance LP | 2568 | $89,530.55 | 0.00% | $594.44 | $1,486.09 | $891.65 | $1,858.45 | $4,830.63 |
| Narcisco Rodas | 461 | $70,000.00 | 0.00% | $464.76 | $1,161.91 | $697.14 | $1,453.04 | $3,776.85 |
| Bothwell Bracker | 3491 | $66,643.35 | 0.00% | $442.48 | $1,106.19 | $663.72 | $1,383.36 | $3,595.75 |
| Bank of Herrin | 3270 | $63,801.51 | 0.00% | $423.61 | $1,059.02 | $635.41 | $1,324.37 | $3,442.41 |
| Scott Allan Schledwitz | 994 | $60,000.00 | 0.00% | $398.37 | $995.92 | $597.55 | $1,245.46 | $3,237.30 |
| Lakehills Center At Laguna, LLC | 1576 | $57,406.20 | 0.00% | $381.15 | $952.87 | $571.72 | $1,191.62 | $3,097.36 |
| Mskp Ramblewood Square LLC | 1377 | $54,309.30 | 0.00% | $360.59 | $901.46 | $540.88 | $1,127.34 | $2,930.27 |
| Canon Financial Services Inc. | 3461 | $53,763.82 | 0.00% | $356.96 | $892.41 | $535.45 | $1,116.01 | $2,900.83 |
| Washington State Treasurer | s26638 | $49,925.28 | 0.00% | $331.48 | $828.69 | $497.22 | $1,036.33 | $2,693.72 |
| G&I VI 655/755 Business Center LLC | 1337 | $41,000.00 | 0.00% | $272.22 | $680.55 | $408.33 | $851.07 | $2,212.17 |
| Thomas Canterbury | 3522 | $40,000.00 | 0.00% | $265.58 | $663.95 | $398.37 | $830.31 | $2,158.21 |
| First American Flood Data Services | 62 | $37,857.00 | 0.00% | $251.35 | $628.38 | $377.03 | $785.82 | $2,042.58 |
| Billmatrix | 1505 | $35,750.00 | 0.00% | $237.36 | $593.40 | $356.04 | $742.09 | $1,928.89 |
| Oconee Capital Management LLC | 1627 | $34,333.03 | 0.00% | $227.95 | $569.88 | $341.93 | $712.67 | $1,852.43 |
| Al Hofeld Jr | 3031 | $32,000.00 | 0.00% | $212.46 | $531.16 | $318.69 | $664.25 | $1,726.56 |
| US Bancorp Business Equipment Finance Group | 291 | $17,347.65 | 0.00% | $115.18 | $287.95 | $172.77 | $360.10 | $936.00 |
| Benefit Express LLC | 53 | $15,400.00 | 0.00% | $102.25 | $255.62 | $153.37 | $319.67 | $830.91 |
| Sharon Woodford | 1595 | $15,000.00 | 0.00% | $99.59 | $248.98 | $149.39 | $311.37 | $809.33 |
| MMS Mortgage Services | 3049 | $14,490.65 | 0.00% | $96.21 | $240.53 | $144.32 | $300.79 | $781.85 |
| Quietwater Ltd Partnership | 101 | $13,804.00 | 0.00% | $91.65 | $229.13 | $137.48 | $286.54 | $744.80 |
| Mary Puckett & Allene Whaley | 1071 | $12,000.00 | 0.00% | $79.67 | $199.18 | $119.51 | $249.09 | $647.45 |
| Georgia Department of Revenue [G] | 1230 | $0.00 | 0.00% | $76.07 | $190.18 | $0.00 | $0.00 | $266.25 |
| First American CREDCO, Inc. | 1271 | $11,310.00 | 0.00% | $75.09 | $187.73 | $112.64 | $234.77 | $610.23 |
| Magnolia Bank | 1075 | $9,910.62 | 0.00% | $65.80 | $164.50 | $98.70 | $205.72 | $534.72 |
| Konica Minolta Imaging | s6002 | $9,714.68 | 0.00% | $64.50 | $161.25 | $96.75 | $201.65 | $524.15 |
| CIT Technology Financing Services Inc. | 184 | $9,700.62 | 0.00% | $64.41 | $161.02 | $96.61 | $201.36 | $523.40 |
| Hope Community Credit Union | 1485 | $7,324.00 | 0.00% | $48.63 | $121.57 | $72.94 | $152.03 | $395.17 |
| Credstar | s6149 | $7,128.00 | 0.00% | $47.33 | $118.32 | $70.99 | $147.96 | $384.60 |
| Ace Mortgage Corporation | 1643 | $7,073.90 | 0.00% | $46.97 | $117.42 | $70.45 | $146.84 | $381.68 |
| Global Unity Trust LLC Dba Global Unity Mortgage | 2549 | $7,043.56 | 0.00% | $46.77 | $116.91 | $70.15 | $146.21 | $380.04 |
| Hallmark Home Mortgage LLC | 2566 | $5,983.34 | 0.00% | $39.73 | $99.32 | $59.59 | $124.20 | $322.84 |
| Community First Bank A/D/O First Savings Bank Fsb | 905 | $5,234.33 | 0.00% | $34.75 | $86.88 | $52.13 | $108.65 | $282.41 |
| American Chartered Bank | 1674 | $4,673.66 | 0.00% | $31.03 | $77.58 | $46.55 | $97.01 | $252.17 |
| Corporate Office Centers | 1658 | $4,180.32 | 0.00% | $27.76 | $69.39 | $41.63 | $86.77 | $225.55 |
| Citizens State Bank Norwood Young America | 790 | $4,000.00 | 0.00% | $26.56 | $66.39 | $39.84 | $83.03 | $215.82 |
| River Valley Bancorp | 1015 | $3,642.46 | 0.00% | $24.18 | $60.46 | $36.28 | $75.61 | $196.53 |
| Pine Country Bank | 3261 | $3,557.48 | 0.00% | $23.62 | $59.05 | $35.43 | $73.85 | $191.95 |
| Visalia Community Bank | 209 | $3,293.48 | 0.00% | $21.87 | $54.67 | $32.80 | $68.37 | $177.71 |
| Guaranty Bond Bank | 1446 | $2,964.84 | 0.00% | $19.68 | $49.21 | $29.53 | $61.54 | $159.96 |
| First National Bank of Pulaski | 1671 | $2,787.34 | 0.00% | $18.51 | $46.27 | $27.76 | $57.86 | $150.40 |
| Highlands Independent Bank | 1135 | $2,533.12 | 0.00% | $16.82 | $42.05 | $25.23 | $52.58 | $136.68 |
| Wells Fargo Financial Leasing Inc. | 1 | $2,477.22 | 0.00% | $16.45 | $41.12 | $24.67 | $51.42 | $133.66 |
| East Cambridge Savings Bank | 3033 | $2,324.25 | 0.00% | $15.43 | $38.58 | $23.15 | $48.25 | $125.41 |
| CoreLogic Appraisal Services | 1191 | $2,270.00 | 0.00% | $15.07 | $37.68 | $22.61 | $47.12 | $122.48 |
| First Community Bank of Hillsboro | 1553 | $2,080.54 | 0.00% | $13.81 | $34.53 | $20.72 | $43.19 | $112.25 |
| Trisummit Bank | 1326 | $2,040.35 | 0.00% | $13.55 | $33.87 | $20.32 | $42.35 | $110.09 |
| Metairie Bank & Trust Co. | 2638 | $2,015.70 | 0.00% | $13.38 | $33.46 | $20.07 | $41.84 | $108.75 |

# Exhibit A
## Proposed 4th Interim Class 8 Distribution
*Allowed Claims*

| Creditor | Claim Number | Filed / Allowed Claim Amount [A] | Prorata % of Claims Pool [B] | 1st Interim Distribution Amt [C] | 2nd Interim Distribution Amt [C] | 3rd Interim Distribution Amt [C] | Proposed 4th Interim Distribution Amt [C] | Total Cumulative Paid 1st, 2nd, 3rd, & Proposed 4th Interim Distribution Amt [C] |
|---|---|---|---|---|---|---|---|---|
| Interim Distribution Amount --> | | | | $40,000,000 | $100,000,000 | $60,000,000 | $125,000,000 | $325,000,000 |
| **Section I) Allowed Claims:** | | | | | | | | |
| Summit Mortgage Bankers | s26695 | $1,902.65 | 0.00% | $12.63 | $31.58 | $18.95 | $39.49 | $102.65 |
| Greenbank | 3025 | $1,809.55 | 0.00% | $12.01 | $30.04 | $18.02 | $37.56 | $97.63 |
| CFbank | 1262 | $1,727.24 | 0.00% | $11.47 | $28.67 | $17.20 | $35.85 | $93.19 |
| City of Crystal River | s26511 | $1,710.21 | 0.00% | $11.35 | $28.39 | $17.03 | $35.50 | $92.27 |
| Mortgage Achievers, Corp | 1927 | $1,530.00 | 0.00% | $10.16 | $25.40 | $15.24 | $31.76 | $82.56 |
| Insight Bank | 1464 | $1,322.26 | 0.00% | $8.78 | $21.95 | $13.17 | $27.45 | $71.35 |
| Canon Financial Services | s6193 | $1,259.54 | 0.00% | $8.36 | $20.91 | $12.54 | $26.15 | $67.96 |
| Summit Community Bank | 1923 | $1,103.07 | 0.00% | $7.32 | $18.31 | $10.99 | $22.90 | $59.52 |
| Commonwealth of Massachusetts | s26493 | $889.00 | 0.00% | $5.90 | $14.76 | $8.85 | $18.45 | $47.96 |
| Missouri Department of Revenue | 5 | $613.55 | 0.00% | $4.07 | $10.18 | $6.11 | $12.74 | $33.10 |
| Simmons First National Bank | 1451 | $604.17 | 0.00% | $4.01 | $10.03 | $6.02 | $12.54 | $32.60 |
| State Bank Commissioner | s26708 | $500.00 | 0.00% | $3.32 | $8.30 | $4.98 | $10.38 | $26.98 |
| Southwest National Bank | 1020 | $440.75 | 0.00% | $2.93 | $7.32 | $4.39 | $9.15 | $23.79 |
| Kansas Income Tax | s6010 | $337.69 | 0.00% | $2.24 | $5.60 | $3.36 | $7.01 | $18.21 |
| Oklahoma Tax Commission | 132 | $267.63 | 0.00% | $1.78 | $4.44 | $2.66 | $5.56 | $14.44 |
| Bankwest, Inc. | 1331 | $223.55 | 0.00% | $1.48 | $3.71 | $2.23 | $4.64 | $12.06 |
| City of Casselberry | s26514 | $210.38 | 0.00% | $1.40 | $3.49 | $2.09 | $4.37 | $11.35 |
| Department of Veterans Affairs | s6127 | $200.00 | 0.00% | $1.33 | $3.32 | $1.99 | $4.15 | $10.79 |
| The Samuels Group, Inc. | 1370 | $175.00 | 0.00% | $1.16 | $2.90 | $1.74 | $3.63 | $9.43 |
| Security First Bank of ND | 1050 | $150.57 | 0.00% | $1.00 | $2.50 | $1.50 | $3.13 | $8.13 |
| Alabama Secretary of State | s26611 | $105.00 | 0.00% | $0.70 | $1.74 | $1.05 | $2.18 | $5.67 |
| Department of Finance | s26453 | $72.00 | 0.00% | $0.48 | $1.19 | $0.72 | $1.49 | $3.88 |
| Comanche County Treasurer | 1500 | $53.30 | 0.00% | $0.35 | $0.88 | $0.53 | $1.11 | $2.87 |
| Alabama Department of Revenue | 59 | $50.00 | 0.00% | $0.33 | $0.83 | $0.50 | $1.04 | $2.70 |
| City of Savannah | s26504 | $42.58 | 0.00% | $0.28 | $0.71 | $0.42 | $0.88 | $2.29 |
| Texas Secretary of State | s26685 | $2.00 | 0.00% | $0.01 | $0.03 | $0.02 | $0.04 | $0.10 |
| **Total - Allowed Claims (125)** | | **$6,013,552,820.94** | **99.86%** | **$39,926,927.26** | **$99,817,318.13** | **$59,890,276.77** | **$124,827,541.60** | **$324,462,063.76** |

# Exhibit A
## Proposed 4th Interim Class 8 Distribution
*Allowed Claims*

| Creditor | Claim Number | Filed / Allowed Claim Amount [A] | Prorata % of Claims Pool [B] | 1st Interim Distribution Amt [C] | 2nd Interim Distribution Amt [C] | 3rd Interim Distribution Amt [C] | Proposed 4th Interim Distribution Amt [C] | Total Cumulative Paid 1st, 2nd, 3rd, & Proposed 4th Interim Distribution Amt [C] |
|---|---|---|---|---|---|---|---|---|
| Interim Distribution Amount --> | | | | $40,000,000 | $100,000,000 | $60,000,000 | $125,000,000 | $325,000,000 |

**Section I) Allowed Claims:**

Notes:

[A] Filed Allowed Claim amounts are based on a report provided by TBW's claims agent, BMC Group, as of 9/30/16.

[B] Pro-rata % has been displayed to the nearest hundredth place. As a result, some Creditors % may reflect 0.00% due to rounding.

[C] In accordance with TBW's Settlement Agreement (Dkt. 1878) with the Federal Deposit Insurance Corporation - Receiver for Colonial Bank ("FDIC-R"), the FDIC-R agreed to assign 10% of distributable proceeds up to $100 MM, and 5% thereafter, related to its unsecured Class 8 claim to Class 9. As such, the proposed Fourth Interim Class 8 Distribution results in the assignment by the FDIC-R of $3,622,240.27 to Class 9, resulting in the net Interim Distribution amount of $42,357,965.31, bringing FDIC-R's aggregate net Interim Distributions amount to $108,539,825.50. In accordance with TBW's settlement agreement (Dkt. 3237) with Federal Home Loan Mortgage Corporation ("Freddie Mac"), Freddie Mac agreed to assign the first $6,250,000.00 of distributable proceeds related to its unsecured Class 8 Claim to Class 9 and the balance to the Ocala Funding Litigation Trust ("Ocala") by virtue of Freddie Mac's Settlement Agreement with Ocala (Dkt. 398 in the Ocala Funding Bankruptcy Case). The $6,250,000.00 assignment occurred, in its entirety, in the First Interim Class 8 Distribution. In accordance with TBW's Settlement Agreement (Dkt. 2962) with Bayview, Bayview agreed to assign all of its right, title and interest in its proofs of claim to Class 9. As such, the proposed Fourth Interim Class 8 Distribution results in the assignment by Bayview of $1,630,549.50 to Class 9, resulting in a net Interim Distribution of $0.00.

[D] In accordance with Ocala's Settlement Agreement (Dkt. 398) with Freddie Mac, as approved by the Court in In Re: Ocala Funding, LLC (Case No. 3:12-bk-04524-JAF), Freddie Mac assigned to Ocala its allowed claim in the TBW bankruptcy case. As such, Freddie Mac's Distribution with respect to its allowed claim is to be paid directly to Ocala. The First, Second, and Third Interim Distributions yielded $27,677,730.03 to Ocala with respect to the Freddie Mac claim. The proposed Fourth Interim Distribution amount on behalf of Claim No. 2629 to Ocala will be $21,214,326.67, which will be transferred directly to Ocala Funding, for a cumulative total Distribution to Ocala of $48,892,056.70. (Note: The difference between the $55,142,056.70 of the Total Cumulative Paid for Ocala Funding on behalf of Claim No. 2629 and the $48,892,056.70 Distributed to Ocala Funding is $6,250,000.00, which is the Class 9 assignment noted in footnote C).

[E] Relates to claims that have been purchased by a third party. Specifically, the 315 NE 14th Street Ocala LLC Claim No. 3456 has been purchased by RBC Bank; Colfax Koehler, LLC Claim No. 341 has been purchased by ASM Capital; and Pitney Bowes Global Financial Services Claims No's. 3343 and 3344 have been purchased by Southpaw Koufax, LLC.

[F] On or about September 22, 2014, a Notice of Charging Lien (Dkt. 8117) was filed by Nicholas V. Pulignano and the law firm of Marks Gray, P.A. ("Marks Gray"), which asserts a charging lien based upon "unpaid professional legal services performed" in the amount of $34,969.50 against "any proceeds to be obtained by Centurion Asset Partners, Inc." As set forth above, Centurion holds a claim (Claim No. 3229) in the amount of $250,000.00. The Plan Trustee has no interest in or responsibility for any dispute between Centurion and Marks Gray as to unpaid professional legal services. Accordingly, by the Order entered on the First Interim Class 8 distribution (Dkt. 8179), the Court granted (a) approval to make this Interim Class 8 Distribution and any subsequent Distributions on Claim No. 3229 jointly to Centurion and Marks Gray at the address indicated on Claim No. 3229, and (b) that the Plan Trustee and Plan Trust shall be relieved of any and all responsibility and liability as to the charging lien, except as ordered by the Court.

[G] Georgia Department of Revenue has withdrawn their claim (#1230) in the amount of $11,457.60 stating TBW's liability has been satisfied from the first two distributions, therefore no additional distributions are required. Given Distributions #1 and #2 were cashed, Distribution #3 and subsequent Distributions will be set to $0.

# Exhibit A
## Proposed 4th Interim Class 8 Distribution
*Disputed Claims / Summary of Class 8 Interim Distributions*

| Creditor | Claim Number | Filed / Disputed Claim Amount [A] | Prorata % of Claims Pool [B] | 1st Interim Reserved Amount | 2nd Interim Reserved Amount | 3rd Interim Reserved Amount | Proposed 4th Interim Reserved Amount | Total 1st, 2nd, 3rd & Proposed 4th Interim Reserved Amount |
|---|---|---|---|---|---|---|---|---|
| **Section II) Disputed Claims:** | | | | | | | | |
| *Disputed Claims* | | | | | | | | |
| James Hicks | 900 | $8,010,981.99 | 0.13% | $53,188.73 | $132,971.84 | $79,783.10 | $166,289.58 | $432,233.25 |
| US Bank | 3022 | $272,182.05 | 0.00% | $1,807.15 | $4,517.87 | $2,710.72 | $5,649.87 | $14,685.61 |
| Thunderflower | s26671 | $25,000.00 | 0.00% | $165.99 | $414.97 | $248.98 | $518.94 | $1,348.88 |
| **Total - Disputed Claims (3)** | | **$8,308,164.04** | **0.14%** | **$55,161.87** | **$137,904.68** | **$82,742.80** | **$172,458.40** | **$448,267.75** |

| Grand Totals | | Total Allowed / Disputed | Total Prorata % Claims Pool [B] | Total 1st Distributed / Reserved Amount | Total 2nd Distributed / Reserved Amount | Total 3rd Distributed / Reserved Amount | Total Proposed 4th Distr. & Reserved Amount | Total 1st, 2nd, 3rd & Proposed 4th Interim Distributed Amount |
|---|---|---|---|---|---|---|---|---|
| Total Allowed Claims (125) | | $6,013,552,820.94 | 99.86% | $39,926,927.26 | $99,817,318.13 | $59,890,276.77 | $124,827,541.60 | $324,462,063.76 |
| Total Disputed Claims (3) | | $8,308,164.04 | 0.14% | $55,161.87 | $137,904.68 | $82,742.80 | $172,458.40 | $448,267.75 |
| Total $'s from withdrawn claims to be re-distributed | | | | $17,910.87 | $44,777.19 | $26,980.43 | $0.00 | $89,668.49 |
| **Total Claims (128)** | | **$6,021,860,984.98** | **100.00%** | **$40,000,000.00** | **$100,000,000.00** | **$60,000,000.00** | **$125,000,000.00** | **$325,000,000.00** |

Notes:
[A] Disputed Claim amounts are based on a report provided by TBW's claims agent, BMC Group, as of 9/30/16.
[B] Pro-rata % has been displayed to the nearest hundredth place. As a result, some Creditors % may reflect 0.00% due to rounding.

# EXHIBIT "B"
# Proposed form of order

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 Case |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| REO SPECIALISTS, LLC, and | Case No. 3:09-bk-10022-JAF |
| HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-10023-JAF |
| Debtors. | Jointly Administered Under Case No. 3:09-bk-07047-JAF |
| _____/ | |
| In re: | Chapter 11 Case |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., | Case No. 3:09-bk-07047-JAF |
| Applicable Debtor. | |
| _____/ | |

**ORDER GRANTING PLAN TRUSTEE'S MOTION FOR
APPROVAL OF A FOURTH INTERIM DISTRIBUTION TO
<u>ALLOWED TBW CLASS 8 GENERAL UNSECURED CLAIMS</u>**

THIS MATTER came before the Court, without a hearing, on the *Plan Trustee's Motion*

*for Approval of a Fourth Interim Distribution to Allowed TBW Class 8 General Unsecured*

11

7336294-6

*Claims* (the "Motion") [ECF No. _____] filed by Neil F. Luria, Plan Trustee for the Taylor, Bean & Whitaker Plan Trust (the "Plan Trust") and pursuant to this Court's *Order Granting Plan Trustee's Motion for Order Authorizing Filing of Motion for Approval of A Fourth Interim Distribution to Allowed TBW Class 8 General Unsecured Claims Using Negative Notice* entered on October ____, 2016 [ECF No. ____].  The Court (i) having considered the Motion, (ii) having noted that no objections were filed to the Motion, and (iii) being otherwise fully advised in the premises, does thereupon

**FIND** as follows:

A. The reserve amounts set forth in Section (II) of Exhibit "A" to the Motion are consistent with the terms of the Plan.

B. Pursuant to Article 7 of the Plan, the Plan Trustee is authorized to make a fourth interim distribution to holders of Allowed TBW Class 8 general unsecured claims set forth on Exhibit "A" to the Motion.

C. The Plan Trustee has complied with all of his fiduciary obligations and the terms of the Plan and the Plan Trust agreement in connection with seeking approval for the interim Distribution described in the Motion and Exhibit "A" to the Motion in all respects, including but not limited to interim Distributions to the transferees of Allowed TBW Class 8 general unsecured claims properly assigned, pledged, mortgaged, sold, transferred or the subject of any other disposition prior to the Effective Date to transferees who filed valid notices under Rule 3001 of the Federal Rules of Bankruptcy Procedure for which no objections were raised by the original claimants and for which the Plan Trustee had actual knowledge.

Therefore, the Court **ORDERS** as follows:

1. The Motion is GRANTED.

12

2. The Plan Trustee is authorized to make a fourth interim distribution to holders of Allowed TBW Class 8 general unsecured claims in accordance with the terms of the Motion and pursuant to Exhibit "A" to the Motion, without prejudice to the Plan Trustee's rights under the Plan.

3. Following the entry of this Order, the Plan Trustee is authorized to make interim Distributions on account of the "Disputed Claims" set forth in Exhibit "A" to the Motion if and when such Disputed Claims are later Allowed as TBW Class 8 general unsecured claims. The Plan Trustee remains authorized to take any and all actions necessary pursuant to the Plan.

4. The Plan Trustee has provided good and adequate notice of the Motion, and due process was afforded all parties in interest, including but not limited to those holders of Allowed TBW Class 8 general unsecured claims identified on Exhibit "A" to the Motion.

5. The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 21 days of the date of service.

6. No party filed an objection within the time permitted.

7. The Court therefore considers the matter to be unopposed.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

*(Attorney Galler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.)*