UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                           Chapter 11 Case

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,                                  Case No. 3:09-bk-07047-JAF
REO SPECIALISTS, LLC, and                        Case No. 3:09-bk-10022-JAF
HOME AMERICA MORTGAGE, INC.,                     Case No. 3:09-bk-10023-JAF

                Debtors.                         Jointly Administered Under
                                                 Case No. 3:09-bk-07047-JAF

_____/

**PLAN TRUSTEE'S VERIFIED MOTION FOR ENTRY OF AN ORDER
(I) ESTABLISHING CASE CLOSING PROCEDURES, (II) ISSUING A FINAL DECREE
CLOSING THESE CHAPTER 11 CASES AND (III) GRANTING RELATED RELIEF**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within fourteen (14) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 N. Hogan St., Suite 3-150, Jacksonville, Florida 32202, and serve a copy on the movant's attorney, BERGER SINGERMAN LLP, Attn: Paul Steven Singerman, Esq., 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Neil F. Luria, the Bankruptcy Court appointed Plan Trustee (the "Plan Trustee") of the

Taylor, Bean & Whitaker Mortgage Corp. Plan Trust (the "Trust"), files this motion (the

"Motion")[1] seeking entry of an order, substantially in the form annexed hereto as **Exhibit A** (the

"Proposed Order"):

> (a)   issuing a final decree closing the above-captioned chapter 11 cases (the "Cases") pursuant to section 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and Rule 3022-1 of the Local Rules for the United States Bankruptcy Court, Middle District of Florida (the "Local Rules");

> (b)   terminating the engagement of BMC Group, Inc., the claims and noticing agent appointed in the Cases;

> (c)   authorizing and approving the Plan Trustee's proposed treatment of Disputed Claims Reserves, Unclaimed Distributions, and Residual Funds (each as defined herein);

> (d)   authorizing the abandonment of assets that the Plan Trustee has determined or may hereafter determine to be burdensome, or of inconsequential value to the Debtors' estates or the Trust;

> (e)   authorizing the reallocation of funds held on behalf of certain Debtors;

> (f)   extending the termination date of the Trust through February 10, 2022, without prejudice to additional requests, (unless terminated earlier in accordance with an Order of this Court granting the relief sought by this Motion) so that the Trust may, in the Trustee's sole and absolute discretion, subject only to approval by the PAC (as defined below), continue providing the Public Interest Services (as defined below); and

> (g)   granting all other relief that is appropriate under the circumstances.

The Plan Trustee submits that the relief requested in this Motion is appropriate because the

Plan Trustee has: (a) substantially consummated the Plan; (b) completed his claims review and

claim reconciliation process, including filing, prosecuting, and resolving numerous omnibus and

other claims objections; (c) complied with his financial reporting obligations, including the

---

[1] All capitalized terms used but not defined in this Motion shall have the meaning given to them in the Plan (as defined herein).

payment of United States Trustee fees related thereto; (d) substantially completed the liquidation of the estates' assets; (e) completed distributions to holders of allowed secured, administrative, and priority claims and made 13 distributions (eight for Class 8 and five for Class 9) to holders of allowed general unsecured claims of TBW (as defined below); and (f) sought and obtained entry of an order authorizing the destruction of the Debtors' and the Trust's records.  Accordingly, the only matters that remain to be completed are the final payment of United States Trustee fees, the disposition of any Residual Funds, and the closing of these Cases, as well as certain post-distribution administrative tasks necessary to complete the wind down of the Debtors' estates and administration of the Trust.  The Plan Trustee's Verification and Certificate of Substantial Consummation in support of the Motion is attached hereto as **Exhibit B**.

In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.       The Bankruptcy Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  As set forth in Article 13 of the Plan, this Bankruptcy Court has retained jurisdiction to, among other things, enter a final decree closing the Cases.  Venue is also proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested in this Motion are sections 105(a), 350, 363(b)(1) and 554(a) of the Bankruptcy Code, as supplemented by Rules 3022 and 6007 and Local Rule 3022-1.

## FACTUAL BACKGROUND

3.       On August 24, 2009, Taylor, Bean & Whitaker Mortgage Corp. ("TBW") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States

4852-8903-6693.21

Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "<u>Bankruptcy Court</u>").

4.      On September 3, 2009, the Bankruptcy Court entered the Order Granting Debtor's Application for Approval of Agreement with BMC Group, Inc. and Appointment of BMC Group, Inc. as Claims, Noticing and Balloting Agent for the Debtor (the "<u>Claims Agent Order</u>") (Doc. No. 130).  Among other things, the Claims Agent Order approved the Agreement for Services between TBW and BMC Group, Inc. (the "<u>Claims Agent</u>").

5.      On November 25, 2009, REO Specialists, LLC ("<u>REO</u>") and Home America Mortgage, Inc. ("<u>HAM</u>" and, collectively, with TBW and REO, the "<u>Debtors</u>") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

6.      REO and HAM were wholly owned subsidiaries of TBW.

7.      The Debtors' Cases were consolidated for procedural purposes only and are being jointly administered under Case No. 3:09-bk-07047-JAF pursuant to Rule 1015(b).  The Debtors were authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      Pursuant to an order entered by the Bankruptcy Court on July 21, 2011 (the "<u>Confirmation Order</u>") (Doc. No. 3420), the Bankruptcy Court confirmed the Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (the "<u>Plan</u>").

9.      The effective date (the "<u>Effective Date</u>") of the Plan occurred on August 10, 2011.

**A.      <u>The Trust, Plan Trustee and Plan Advisory Committee</u>**

10.      On the Effective Date, in accordance with Article 6 of the Plan, the Trust was established.  The Trust is governed by the Plan and the Plan Trust Agreement, dated as of August

10, 2011, as amended.  Pursuant to Article 6.G.1 of the Plan, the Trust was "established for the primary purpose of liquidating and distributing the Plan Trust Assets."

11.    The Trust was vested with certain of the Debtors' assets (the "Plan Trust Assets"). Certain rights and obligations of the Debtors, including rights and obligations with respect to Administrative Expense Claims, Priority Tax Claims, Priority Claims, and Secured Claims, were assumed by the Trust.  *See* Plan at Article 6.F.

12.    The Plan Trustee[2] was appointed pursuant to Article 6.G of the Plan and Section I of the Plan Trust Agreement in order to implement the Plan Trust Agreement.  Article 6.B of the Plan provides that the Plan Trustee shall be deemed the sole director and officer of each of the Debtors for all purposes.  Article 6.G.3.b of the Plan provides that:

> [t]he Plan Trustee shall be deemed the Estates' representative in accordance with § 1123(b) of the Bankruptcy Code and shall have all powers, authority and responsibilities specified in this Plan and the Plan Trust Agreement, including, without limitation, the powers of a trustee under §§ 704, 1106 and 108 of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules (including commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting defenses, offsets and privileges)….

13.    Article 6.G.5.b of the Plan also provides that:

> The Plan Trustee, in his reasonable business judgment and in an expeditious but orderly manner, shall liquidate and convert to Cash the Plan Trust Assets, make timely Distributions and not unduly prolong the duration of the Plan Trust.  The liquidation of the Plan Trust Assets may be accomplished, either in whole or in combination, by the prosecution, settlement, or sale of Plan Trust Assets, including Causes of Action, or any other means permitted by law.  The Plan Trustee shall distribute the proceeds of liquidation of the Plan Trust Assets among the Estates in accordance with this Plan.

---

[2] The full rights, powers and duties of the Plan Trustee and Plan Advisory Committee are described in greater detail in the Plan and Plan Trust Agreement.

4852-8903-6693.21

14.     Pursuant to Article 7.A of the Plan, "[t]he Plan Trustee shall make all Distributions provided for in the Plan from the Plan Trust Assets, including those to be paid on the Effective Date."  Section B.3 of Article 7 of the Plan provides for Interim Distributions to Holders of Allowed Unsecured Claims.

15.     Article 7.C of the Plan provided for the establishment of disputed claims reserves (the "Disputed Claims Reserves"), including reserves for administrative and priority claims, and unsecured claims.  The reserve for administrative and priority claims was terminated on or about August 18, 2014, pursuant to the Order Granting Motion to Approve Elimination of Administrative and Priority Claims Reserve as Set Forth in the Plan (Doc. No. 8101).

16.     On the Effective Date, in accordance with the Plan, a three (3) member Plan Advisory Committee ("PAC") was created in order to oversee, and to a certain degree, direct the activities of the Plan Trustee.  The Plan Trustee has regularly consulted with the Plan Advisory Committee as required under the Plan.

17.     Since his appointment, the Plan Trustee has been in the process of winding up the affairs of the Trust, including using proceeds from the activities of the Trust for distribution to creditors in accordance with the Plan and the Plan Trust Agreement.  On August 27, 2019, the Plan Trustee made a distribution to the Holders of Allowed General Unsecured Claims in TBW Class 9, which, with all prior Interim Distributions resulted in the payment of 100% of the amounts of all such Claims, except for the Claim of ADP, as described below.  The Plan Trustee may prepare to make a final distribution to creditors holding Class 8 Claims based upon remaining assets, if any and if appropriate.

18.     The Trust termination date is presently February 10, 2021 (Doc. No. 8871).

**B.**    **Recoveries by the Plan Trustee**

19.    Among other things, the Plan Trustee was charged with pursuing Causes of Action as defined in the Plan and resolving certain Claims against the Estates.

20.    Since the Effective Date, the Plan Trustee has engaged in litigation and negotiations resulting in significant recoveries and Distributions to creditors.  Attached hereto as **Exhibit D** is the Plan Trustee's Final Report (the "Final Report"), which is being filed simultaneously herewith and outlines the Distributions to date by claimant.

**C.**    **Claims Litigation and Distributions**

21.    Since the Effective Date, the Plan Trustee, and professionals working on behalf of the Plan Trustee and Trust, have diligently analyzed thousands of claims.  As a result, the Plan Trustee filed more than forty objections addressing more than 1,000 claims, and reduced claims in the Cases from over $12 billion to approximately $6.2 billion.

22.    In accordance with the Plan, the Plan Trustee made distributions to Creditors holding Allowed Administrative Expense Claims, Priority Tax Claims and Priority Claims on either the Effective Date or after the date upon which the Claims became Allowed Claims.  As a result, there are no unsatisfied Allowed Administrative Expense Claims, Priority Tax Claims or Priority Claims.

23.    All outstanding issues regarding Secured Claims have also been resolved in accordance with the terms of the Plan.

24.    Allowed non-trade General Unsecured Claims filed against the Debtors totaled $6,013,552,597 as of June 30, 2019.  The Plan Trustee made distributions on account of the Class 8 General Unsecured Claims in January 2015, June 2015, December 2015, December 2016, November 2017, August 2018, November 2018, and June 2019.  The Plan Trustee distributed a

total of $372 million to holders of Allowed General Unsecured Claims in satisfaction of such Claims.

25.     Allowed General Unsecured Claims of Trade Creditors totaled $12,819,589.37 as of June 30, 2019.  As of this date, the Plan Trustee has made distributions on account of these Trade Creditors' General Unsecured Claims in April 2014, April 2015, January 2017, November 2017, and August 2019.  The Plan Trustee has distributed a total of $12.8 million to these claimants in full satisfaction of such Claims.

26.     As of this date, the Plan Trustee has distributed a total of $384.8 million to Holders of Allowed General Unsecured Claims.  The Plan Trustee, in his sole and absolute discretion, shall determine whether to maintain any additional reserves.

27.     There are currently two unresolved claims for which the Plan Trustee is reserving $9,442.00: (1) ADP, Inc.'s claim in the amount of $6,732.96 (s6257); and (2) ADP Screen Selection Svcs.'s claim in the amount of $2,709.12 (s6258) (ADP, Inc. and ADP Screen Selection Svcs. are collectively referred to as "ADP").  On November 1, 2018, the Court (J. Colton) entered its Memorandum Decision and the companion Final Judgment granting Defendant ADP, Inc. summary judgment in Adv. Pro. No. 3:11-ap-657-RCT (Doc. Nos. 192, 194 in Adv. Pro. No 3:11-ap-657-RCT) (collectively, the "Memorandum Decision and Judgment").  Presently before the United States District Court (No. 5:18-cv-00592-MMH) is Mr. Luria's appeal of the Memorandum Decision and Judgment (the "Appeal").

28.     In connection with the Memorandum Decision and Judgment, ADP filed a *Motion for Costs and Attorneys' Fees* (Doc. No. 197 in Adv. Pro. No. 3:11-ap-657-RCT) and a *Motion for Sanctions for the Filing and Prosecution of Frivolous Fraudulent Transfer Claims* (Doc. No. 217 in Adv. Pro. No. 3:11-ap-657-RCT) ("Fees and Costs Motions").  Judge Colton entered an order

staying the prosecution of these motions until final resolution of all issues raised in the appeal (Doc. No. 226 in Adv. Pro. No. 3:11-ap-657-RCT).  On June 4, 2019, the Plan Trustee filed his *Motion to Terminate Agreed Orders Staying Litigation of ADP's Attorneys' Fees Motions* (Doc. No. 229 in Adv. Pro. No 3:11-ap-657-RCT), in which he requested the Court dispose of the Fees and Costs Motions.  In response, ADP withdrew the Fees and Costs Motions.  With ADP's withdrawal, the Fees and Costs Motions are no longer pending.  The Plan Trustee does not hold any funds in reserve in respect of the Fees and Costs Motions because he believes that ADP's motions were not well founded and baseless in law and fact.

**D.**     **United States Trustee Fees**

29.     All requisite United States Trustee fees have been paid in these Cases through the quarter ending June 2019.  The next quarterly payment for the period ending September 2019 will be due on or before October 31, 2019.  The Plan Trustee estimates that the United States Trustee fees for such quarter will be approximately $18,043.  The Plan Trustee seeks to close the Cases on or before September 30, 2019 to avoid incurring further unnecessary and burdensome fees.

## RELIEF REQUESTED

By this Motion, the Plan Trustee respectfully requests, pursuant to Bankruptcy Code sections 105(a), 350(a), 363(b)(1) and 554(a), Rules 3022 and 6007 and Local Rule 3022-1, the entry of an order substantially in the form of the Proposed Order: (a) issuing a final decree closing these Cases; (b) terminating the engagement of the Claims Agent; (c) authorizing and approving the Plan Trustee's proposed treatment of Disputed Claims Reserves, Unclaimed Distributions, and Residual Funds (each as defined herein); (d) authorizing the abandonment of assets that the Plan Trustee has determined or may hereafter determine to be burdensome, or of inconsequential value to the Debtors' estates or the Trust; (e) reallocating funds held on behalf of certain Debtors; (f) extending the termination date for the Trust through February 10, 2022 (unless terminated earlier

9

in accordance with an Order of this Court granting the relief sought by this Motion), without prejudice to the Plan Trustee's right to request further extensions by special procedures; and (g) granting all other relief that is appropriate under the circumstances.

## BASIS FOR RELIEF REQUESTED

### A.    Final Decree Closing the Chapter 11 Cases

30.    Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Further, Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

31.    Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Further, Local Rule 3022-1(a) states that:

> Unless extended by the Court, on or before the later of 30 days after the order of confirmation in a case under Chapter 11, or 30 days after the disposition of all adversary proceedings, contested matters, and objections to claims, the debtor's attorney shall file a certificate of substantial consummation together with a motion for final decree.[3]

32.    While the term "fully administered" is not defined in the Bankruptcy Code, the Advisory Committee Notes on Bankruptcy Rule 3022 (the "Notes") indicate that courts should take a flexible approach to determining whether a case should be closed. The Notes promulgate the following non-exclusive list of factors to be considered when determining whether a bankruptcy estate has been fully administered:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3)

---

[3] A Certificate of Substantial Consummation is attached hereto as Exhibit B.

> whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 advisory committee's note to 1991 amendment.  The Notes further provide that cases should not remain open simply because "the court's jurisdiction may be invoked in the future."  *Id.*  "A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code."  *Id.*

33.    Not all of the factors cited in the Notes need to be present for a court to enter a final decree closing a case.  *In re SLI, Inc.*, No. 02-12608, 2005 Bankr. LEXIS 1322, at * 5 (Bankr. D. Del. June 24, 2005); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).  Instead, "[d]ebtors who are successful in consummating their plans are entitled to entry of a final decree and an order closing the case."  *In re Central Florida Electric, Inc.*, 194 B.R. 280, 283 n. 2 (Bankr. M.D. Fl. 1996); *see also In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) ("Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered.") (internal citation and quotation marks omitted); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994).

34.    A plan may be consummated and an estate fully administered even when activities involving the debtor are still occurring. *See, e.g., In re Gould*, 437 B.R. 34, 38-39 (Bankr. D. Conn 2010) ("'Rule 3022 allows the court flexibility.  It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees here involved [*i.e.*, the UST's quarterly fees] have been paid.'") (quoting *In re Jay Bee Enterprises, Inc. a/k/a Bass Master Boats*, 207 B.R. 536 (Bankr. E.D. Ky.

1997)); *Wells Fargo Bank, N.A. v. D & L Nicolaysen (In re D & L Nicolaysen)*, 228 B.R. 252, 261 (Bankr. E.D. Cal 1998) ("A bankruptcy case need not remain open while the debtor is performing a plan.").

35.     Moreover, the entry of a final decree is considered to be "merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties of interest involved in a Chapter 11 case." *Greater Jacksonville Transportation Co. v. Willis (In re Greater Jacksonville Transportation Co.)*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994); *In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (stating final decree "may be merely administrative in nature"); *In re Taylor*, 216 B.R. 515, 521-22 (Bankr. E.D. Pa. 1998) ("However, the fact that a case is or is not closed merely relates to its administrative status, which does not affect a bankruptcy court's jurisdiction to determine matters relevant to the case"); *In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr. S.D. Ohio 1996) (explaining that decree is "viewed as an administrative step").

36.     Application of the factors set forth in the Notes demonstrates the appropriateness of the Bankruptcy Court entering a final decree closing these Cases, as each factor has been completely or substantially satisfied.  The Confirmation Order was entered on July 21, 2011, and, as discussed below, the Plan has been substantially consummated.  Among other things:

- The Confirmation Order is final and non-appealable;

- The transactions contemplated by the Plan have been consummated, including but not limited to, the establishment of the Plan Trust and appointment of the Plan Trustee;

- All assets proposed to be transferred pursuant to the Plan have been transferred;

- The Plan Trustee has assumed the management and distribution of the Trust Assets pursuant to the terms of the Plan and the Plan Trust Agreement;

12

- The Plan Trustee has made payments pursuant to the Plan and the Plan Trust Agreement, including making interim distributions to both trade and non-trade General Unsecured Creditors;

- Thousands of documents and numerous hard drives have been properly destroyed leaving only the critical servers storing data needed to respond to borrower and other inquiries;[4] and

- There are no pending motions, contested matters or adversary proceedings.[5]

37.     In addition to the factors set forth in the Notes, courts have also considered whether the plan of reorganization has been substantially consummated. *In re Gates Comm. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997); *Walnut Assocs.*, 164 B.R. at 493. In these cases, it is undisputed that the Plan was substantially consummated on or about the August 10, 2011, Effective Date, so this factor also weighs in favor of entering a final decree. *See, e.g.*, 11 U.S.C. § 1101(2) (defining substantial consummation).

38.     The Plan Trustee has filed all post-confirmation reports and is current on all payments to the United States Trustee.

39.     Accordingly, because the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code, and the Cases have been fully administered pursuant to section 350 of the Bankruptcy Code and Rule 3022, entry of a final decree and order closing the Cases is appropriate. Moreover, because the entry of a final decree is largely administrative, closing the Cases will not have any substantive impact on creditors in the Cases.

---

[4] No assurance can be provided that the servers will continue to operate or that the Trust can maintain the expense of the servers in the event it can no longer be justified.

[5] The ADP appeal will not affect the closing of these cases, as discussed above.

**B.      Termination of Engagement of Claims Agent**

40.      As noted above, the Bankruptcy Court entered the Claims Agent Order on September 3, 2009.  The Claims Agent was retained to, among other things, create and maintain the official claims databases.  All claims against the Debtors have been resolved, and pursuant to the Trust, all payments and distributions have been made, or will be made pursuant to the terms of the Proposed Order.

41.      Accordingly, the Plan Trustee submits that the termination of the Claims Agent's engagement as claims and noticing agent is appropriate.  The Plan Trustee requests that the Claims Agent be directed to prepare a final claims register.

**C.      Release of the Disputed Claim Reserves**

42.      The Disputed Claim Reserves were established pursuant to Article 7.C of the Plan in order to provide for the payment of certain unsecured claims against each of the Debtors' estates. As of the date of this Motion, there are two unsecured claims remaining.  Given that the disputed claims for which the Disputed Claim Reserves were established have been resolved, the Plan Trustee submits that it is appropriate for the approximately $9,442 of Disputed Claim Reserves to be released with such funds to immediately revert to Liquidating Trust Assets and be available for administration of the Trust and distribution in accordance with the terms of the Plan, the Trust Agreement, and the Proposed Order.[6]  *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 150 (Bankr. E.D. Va. 1998) (stating that the pendency of claims matters does not preclude closing a debtor's chapter 11 case).

---

[6] As set forth *supra*, the ADP claim amounts to a *de minimus* amount of $9,442 if allowed in full.

**D.      Treatment of Unclaimed Distributions**

43.      Article 7.J of the Plan provides as follows with respect to undeliverable distributions:

> If any Distribution or other payment to the Holder of an Allowed Claim under this Plan is returned for lack of a current address for the Holder or otherwise, the Plan Trustee shall file with the Bankruptcy Court the name, if known, and last known address of the Holder and the reason for its inability to make payment. If, after the passage of 90 days, the Distribution or payment still cannot be made, the Plan Advisory Committee may elect either (i) that any further Distribution or payment to the Holder shall be distributed to the Holders of Allowed Claims in the appropriate Class or Classes or (ii) donated to a not-for-profit, non-religious organization approved by the Plan Advisory Committee. In either event, the Allowed Claim shall be deemed satisfied and released, with no recourse to the Plan Trust, the Plan Trustee or the Plan Trust Assets, to the same extent as if the Distribution or payment has been made to the Holder of the Allowed Claim.

44.      Although the Plan is self-executing with respect to Distributions which are undeliverable, the Plan does not address the treatment of Distribution checks which are not negotiated or are not returned as undeliverable (the "Unclaimed Distributions"). Absent entry of the Proposed Order or similar order providing for a procedure to address Unclaimed Distributions, the Trust will have to incur additional administrative expense and delay in maintaining a reserve for Unclaimed Distributions arising from the final distribution[7] and reopening of these Cases to seek to initiate a contested matter to have the underlying claims expunged.

45.      To avoid this potential administrative burden and delay in connection with the final Distributions to be made under the Plan, and given that the face of each Distribution check states that the check is "VOID AFTER 60 DAYS," the Plan Trustee requests entry of an order in the form of the Proposed Order which provides that the claim of any Holder of an Allowed Claim who

---

[7] Unclaimed Distribution checks from interim distributions have become stale through the passage of time.

fails to negotiate his/her/its Distribution check within ninety (90) days of the initial Distribution date of such check shall be disallowed and expunged and the funds reserved for such Distribution shall immediately revert to the Plan Trust Assets and be made available for Distribution according to the terms of the Plan, and Plan Trust Agreement, and for the administration of the Trust.

### E.    Disposition of Residual Funds

46.    Sections 554, 363(b) and 105(a) of the Bankruptcy Code govern the disposition of residual funds.[8] Section 554(a) provides in part that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Section 363(b)(1) permits the trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Section 105(a) states in part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

47.    The decision to abandon property is generally left to the trustee's discretion.  *In re Dilley*, 378 B.R. 1, 7 (Bankr. D. Me. 2007) ("A decision to abandon falls within a trustee's discretion under the business judgment test"); *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003); *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Il. 1997).

48.    During these cases, the Plan Trustee has administered thousands of service requests that can be appropriately described as public interest services.  These public interest services have taken the form of mortgage assignments, deeds of trust assignments, responses to document requests related to former borrowers, requests for title clearing releases, among others (the "<u>Public Interest Services</u>").  While these have decreased over time, they remain numerous.  The Plan Trust provides these Public Interest Services and recovers fees when appropriate so that they nearly self-

---

[8] Rule 6007 governs the notice requirements for a proposed disposition or abandonment of property.

4852-8903-6693.21

fund.  To terminate these Public Interest Services immediately (almost all of which benefit borrowers) would be devastating to the borrowers and likely lead to extraordinary expenses for the borrowers.  Accordingly, to minimize impact on those requesting the Public Interest Services, the Plan Trustee proposes funding these Public Interest Services through the Residual Funds and collections during the wind down consistent with Internal Revenue requirements, so that the Plan Trust will not be subject to tax consequences.  The Plan Trustee reserves the right to terminate the Pubic Interest Services at his discretion upon approval of the PAC.

49.    The Plan Trustee believes that there will be limited assets remaining in the Trust after the final distribution and the post-distribution wind down of the Trust, including Unclaimed Distributions, undeliverable distributions, and subsequently located assets (collectively the "Residual Funds").[9]  The Plan Trustee does not anticipate that the Residual Funds will be in an amount sufficient to warrant making an additional distribution to Holders of Allowed Claims following the final distribution.  If any Residual Funds remain with the Trust in an amount which the Plan Trustee, in his sole and absolute discretion, determines to be economically burdensome to the Trust, the Plan Trustee seeks authority to make a charitable donation and dispose of any such Residual Funds to charity or charities as the Plan Trustee may choose, or to utilize the Residual Funds for the Public Interest Services (as defined below), without the need to re-open these Cases or further order of the Bankruptcy Court.

50.    If, however, a sufficient amount of Residual Funds remain such that the Plan Trustee, in his sole and absolute discretion, determines that it makes economic sense for the Trust to distribute to Holders of Allowed Claims, the Plan Trustee seeks authority to distribute such Residual Funds pursuant to the Plan and Trust Agreement, without the need to re-open the Cases

---

[9] The Plan Trustee anticipates that an administrative reserve will be maintained by the Trust to cover the costs associated with the closing of the Cases and Trust.  To the extent sufficient funds remain, they will be distributed.

or further order of the Bankruptcy Court.  Further, the Plan Trustee seeks authority not to make

any distribution of Residual Funds on account of an Allowed Claim if the pro rata distribution with

respect to such claim would be in an amount less than five hundred ($500) dollars.

51.     Given that, at this point, 124 holders of Allowed Claims exist in these Cases, the

Plan Trustee has determined that distributing Residual Funds in individual check amounts of less

than five hundred ($500) dollars would be of inconsequential value and benefit to the holders of

such claims and any benefit would be outweighed by the administrative burden to the Trust.

Accordingly, the Plan Trustee submits that the proposed disposition of any Residual Funds is

reasonable and just.

**F.      REO/HAM Reallocation**

52.     During the cases, the Plan Trust conducted activities in respect of REO and HAM.

These activities included claims analysis, claim objections, avoidance actions, mediations, and, for

example, reduction of the DOJ claim from $131.1 million to $77.0 million.  The Plan Trust

expended no less than $286,750 in carrying out these duties on behalf of REO and $1,392,717 in

carrying out these duties on behalf of HAM.  REO currently has cash on hand in the amount of

$820,938, and HAM currently has cash on hand in the amount of $1,257,679.

53.     The Plan Trustee seeks approval to reallocate 90% of the amounts currently held

by each of REO and HAM, or $1,870,755 in the aggregate, to the Residual Funds for the purposes

of winding down the Plan Trust including abandonment of assets in and closing of REO and HAM

("REO/HAM Reallocation").

**G.      Abandonment of Assets that Are Burdensome or of Inconsequential Value**

54.     The abandonment of assets that are burdensome or of inconsequential value to the

Trust and its beneficiaries is also governed by sections 554(a), 363(b) and 105(a) of the Bankruptcy

Code. *See* ¶ 46-47 *supra*.  The Plan Trustee anticipates that there will be certain unknown or unliquidated *de minimis* assets that will be discovered or remain in the Trust after the final distribution and wind down of the Trust which are of inconsequential value or burdensome to the Trust (the "Residual Assets").  To the extent the Plan Trustee is able to liquidate the Residual Assets during the wind down, those funds will be combined with the Residual Funds.

55.     To complete the wind down of the Trust, the Plan Trustee seeks authority to abandon any Residual Assets which the Plan Trustee, in the exercise of his business judgment, determines to be of inconsequential value or burdensome to the Trust and its beneficiaries, without the need to re-open these Cases or for further order of the Bankruptcy Court, provided that such abandonment is accomplished in accordance with the provisions of the Trust Agreement and approved by the PAC.  The Plan Trustee respectfully submits that such relief is appropriate under sections 105(a), 363(b) and 554(a) of the Bankruptcy Code.

**H      Extension of the Trust Term and Related Provisions**

56.     The Bankruptcy Court previously entered orders extending the term of the Trust on February 11, 2016, October 12, 2017, and April 18, 2019 (Doc. Nos. 8390, 8779, and 8871) (the "Extension Orders").  The Extension Orders were entered "without prejudice to the Plan Trustee's right to seek further extensions" of the Trust's term. Currently, absent a further extension of the Trust's term, the Trust will terminate on February 10, 2021.

57.     By this Motion, the Plan Trustee seeks an additional extension of the term of the Trust though February 10, 2022 (unless terminated earlier in accordance with the terms of an Order of this Court in substantially the form of the Proposed Order).  To the extent required by applicable non-bankruptcy law, the Trust may seek additional extensions from this Court by filing a notice of extension as set forth on **Exhibit C** attached hereto.

58.    The Trustee also requests the extension of the Trust's term in order to permit the Trustee the time he needs to execute his Public Interest Services and complete certain post-distribution administrative tasks necessary to complete the wind down of the Debtors' estates and administration of the Trust, including filing tax returns, disposing of remaining assets, carrying out the Pubic Interest Services, and related acts.

59.    As both the Plan and Extension Orders contemplate further extensions of the Trust's term to facilitate the complete administration of the Trust, the Plan Trustee submits that a further extension of the Trust's term is appropriate notwithstanding the closing of the Cases.

60.    The Plan Trustee also seeks entry of an Order as to the provisions of Section VIII of the Plan Trust Agreement and approving the continuing applicability of the exculpation, release, and indemnification provisions approved in the Plan and granted in the Confirmation Order.

a.    <u>Exculpation and Indemnification; Limitation of Liability</u>.    Neither the Trustee nor any member of the Advisory Committee, nor their respective employees, counsel, other professionals, agents, representatives or designees, including any Trust Administrator, nor any director, officer or manager of TBW or any of its subsidiaries who held such position on or after the Effective Date (each, a "<u>Plan Trust Exculpated Party</u>" and collectively, the "<u>Plan Trust Exculpated Parties</u>"), shall be liable for any Claims, causes of action, liabilities, obligations, losses, damages, costs and expenses (including attorneys' fees and expenses), and other assertions of liability (collectively "<u>Plan Trust Released Claims</u>") arising out of the discharge of the powers and duties conferred upon the Trustee or the Advisory Committee by the Plan Trust Agreement, the Plan or any Order of the Bankruptcy Court, or requested to be performed by the Trustee or any member of the Advisory Committee, other than for Plan Trust Released Claims determined by a Final Order to have arisen or resulted solely from such Plan Trust Exculpated Party's gross

4852-8903-6693.21

negligence or willful misconduct.  Any action taken or omitted to be taken with the approval of the Bankruptcy Court or the Advisory Committee will conclusively be deemed not to constitute gross negligence or willful misconduct.  With regard to the investment of Trust Assets, no Plan Trust Exculpated Party shall have any liability for any decision regarding the investment of Trust Assets if that investment decision was or is approved by either the Advisory Committee or the Bankruptcy Court.  No Holder of a Claim or other Person will have or be permitted to pursue any Claim or cause of action against any Plan Trust Exculpated Party for making or approving, or not making or approving, payments or Distributions in accordance with the Plan or for implementing the provisions of the Plan.  The Trustee and the members of the Advisory Committee shall have absolute discretion to pursue or not to pursue or continue to pursue any and all Claims, Causes of Action, or other matters, activities or things as it determines is in the best interests of the Beneficiaries using their reasonable business judgment and consistent with the purposes of the Plan Trust, and shall have no liability for the outcome of their decisions, except as provided in this paragraph.  The Trustee shall be entitled to enjoy all of the rights powers, immunities and privileges applicable to a chapter 7 trustee under the Bankruptcy Code and each member of the Advisory Committee shall be entitled to enjoy all of the rights, powers, immunities and privileges of an official committee of unsecured creditors under the Bankruptcy Code.  Each of the Trustee and the members of the Advisory Committee, may, in connection with the performance of its respective functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, not taken, or suffered to be done in accordance with the advice or opinions rendered by such persons, regardless of whether such advice or opinions are provided in writing.  Notwithstanding such authority, neither the Trustee nor any member of the Advisory Committee shall be under any obligation to consult with its

attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the Trustee or such member of any other Plan Trust Exculpated Party, unless such determination is determined by a Final Order to be solely due to such Plan Trust Exculpated Party's gross negligence or willful misconduct.  In an abundance of caution, to the fullest extent permitted by applicable law, the Plan Trust Exculpated Parties shall not be subject to personal liability, and shall be exculpated and indemnified, and shall have the right to obtain advances to cover reasonable expenses of defense, pursuant to the terms of the Plan Trust Agreement.  In no event will the Trust Exculpated Parties be liable for punitive, exemplary, consequential, special or other damages for a breach of, or otherwise, for acts taken in connection with the Plan, Confirmation Order, or the Trust Agreement under any circumstances, including but not limited to actions against third parties.  For the avoidance of doubt, this provision is intended to and shall be an absolute bar to claims against the Plan Trustee, the Advisory Committee, and their professionals for actions taken consistent with the Plan, Confirmation Order, the Plan Trust Agreement, and the provisions of this paragraph 60.

b.      Indemnification.  To the fullest extent permitted by applicable law, the Plan Trust shall indemnify, defend and hold harmless each Plan Trust Exculpated Party from and against any and all Plan Trust Released Claims arising out of or resulting from such Plan Trust Exculpated Party's acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Plan Trust or the Plan or the discharge of its duties hereunder or thereunder, or at the request of the Trustee or any member of the Advisory Committee, including without limitation, relating to any action, suit, proceeding or investigation brought by or threatened against such Plan Trust Exculpated Party; provided, however, that no such indemnification will be made to such Plan Trust Exculpated Party for Plan Trust Released

4852-8903-6693.21

Claims determined by a Final Order to have arisen or resulted solely from such Plan Trust Exculpated Party's gross negligence or willful misconduct. Any action taken or omitted to be taken with the approval of the Bankruptcy Court or the Advisory Committee will conclusively be deemed not to constitute gross negligence or willful misconduct. All Plan Trust Released Claims for which indemnity is provided under this Agreement to any Plan Trust Exculpated Party shall be payable on demand from Trust Assets prior to payment to Beneficiaries from Trust Assets. The Trustee may commit the Plan Trust to indemnify any Plan Trust Exculpated Party in accordance with the terms of this Section in any engagement letter or contract that the Trustee may enter into in connection with hiring or retaining such third parties pursuant to this Agreement.

61.    <u>No Personal Financial Liability</u>. No provision of the Plan, Confirmation Order or the Plan Trust Agreement shall be construed as requiring the Plan Trustee and/or the Advisory Committee to expend or risk its own funds or otherwise to incur any personal financial liability (x) in the performance of any of its duties thereunder or hereunder, including any situation where the Trust Assets are insufficient to permit the administration of the Trust or distributions as contemplated herein or the payment of fees and expenses of the Trust Professionals, or (y) in the exercise of any of its rights or powers afforded hereunder or thereunder.

**PAYMENT OF UNITED STATES TRUSTEE FEES AND FINAL REPORT**

62.    The Plan Trustee will pay all statutory fees of the United States Trustee accruing up to the date of the final decree for these Cases within ten (10) business days of the Court's entry of an Order in substantially the form of the Proposed Order becoming a final and non-appealable order.

63.    The Plan Trustee will file the final report for the Debtors on a consolidated basis from the Petition Date through case closing under separate cover, consistent with the forms in

**Exhibit D** attached hereto. Upon final dissolution and wind-up of the Trust, the Plan Trustee shall file a certificate of cancellation for the Trust with the Secretary of State.

## NOTICE

64. Notice of the Motion has been given to (i) the Office of the United States Trustee for the Middle District of Florida, Jacksonville Division, (ii) all parties who requested notice in these Cases pursuant to Rule 2002 prior to the Effective Date, (iii) all claimants affected by a pending claim objection or motion to disallow claims, and (iv) all creditors on the matrix.

## CONCLUSION

**WHEREFORE**, the Plan Trustee respectfully requests that the Bankruptcy Court: (a) enter an order substantially in the form of the Proposed Order (i) issuing a final decree closing the Cases, (ii) terminating the engagement of the Claims Agent, (iii) authorizing and approving of the Plan Trustee's proposed treatment of Disputed Claims Reserves, Unclaimed Distributions, and Residual Funds (each as defined herein); (iv) authorizing the abandonment of the Residual Assets as set forth herein, (v) reallocating funds from certain Debtors; (vi) extending the termination date for the Trust to February 10, 2022 (unless terminated earlier in accordance with the Court's order in substantially the form of the Proposed Order), without prejudice to Plan Trustee's right to request further extensions by special procedure; and (b) granting such other and further relief as is just and appropriate.

24

Date:  September 13, 2019                Respectfully submitted,

                                                BERGER SINGERMAN LLP
*Counsel to Neil F. Luria, Plan Trustee of the*
*Taylor, Bean & Whitaker Plan Trust*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340


By:  *Paul Steven Singerman*
          Paul Steven Singerman
          Florida Bar No. 378860
          singerman@bergersingerman.com


## CERTIFICATE OF SERVICE

I  HEREBY  CERTIFY  that  a  true  and  correct  copy  of  the  foregoing  was  served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as indicated on the attached Electronic Mail Notice List on this 13th day of September, 2019.

                                              *Paul Steven Singerman*
                                              Paul Steven Singerman

4852-8903-6693.21

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11 Case

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,                                 Case No. 3:09-bk-07047-JAF
REO SPECIALISTS, LLC, and                       Case No. 3:09-bk-10022-JAF
HOME AMERICA MORTGAGE, INC.,                    Case No. 3:09-bk-10023-JAF

                    Debtors.                     Jointly Administered Under
                                                Case No. 3:09-bk-07047-JAF

_____/


**ORDER GRANTING *PLAN TRUSTEE'S VERIFIED MOTION FOR ENTRY
OF AN ORDER (I) ESTABLISHING CASE CLOSING PROCEDURES,
(II) ISSUING A FINAL DECREE CLOSING THESE
CHAPTER 11 CASES AND (III) GRANTING RELATED RELIEF***

These cases came before the Court for consideration without a hearing of the *Plan
Trustee's Verified Motion for Entry of an Order (I) Establishing Case Closing Procedures, (II)
Issuing a Final Decree Closing These Chapter 11 Cases and (III) Granting Related Relief* (Doc.
No. _____) (the "Motion")[1], which was filed pursuant to the negative notice procedures set forth in
Local Rule 2002-4.  After considering the record in these cases, the Motion, the *Verification and*

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

*Certificate of Substantial Consummation* filed as Exhibit "B" to the Motion, and noting that no objections were filed to the Motion, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, made applicable to this matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

## Findings of Fact and Conclusions of Law

1. On July 21, 2011, the Court entered an order (Doc. No. 3420) (the "Confirmation Order") confirming the Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors (the "Plan").

2. The effective date of the Plan occurred on August 10, 2011 (the "Effective Date").

3. On the Effective Date, in accordance with Article 6 of the Plan, the Trust was established. The Trust is governed by the Plan and the Plan Trust Agreement, dated as of August 10, 2011, as amended.

4. As of the date of this Order:

   a. The Confirmation Order is final and non-appealable;

   b. The transactions contemplated by the Plan have been consummated, including but not limited to, the establishment of the Plan Trust and appointment of the Plan Trustee;

   c. All assets proposed to be transferred pursuant to the Plan have been transferred;

   d. The Plan Trustee has assumed the management and distribution of the Trust Assets pursuant to the terms of the Plan and the Plan Trust Agreement;

   e. The Plan Trustee has made payments pursuant to the Plan and the Plan Trust Agreement, including making interim distributions to both trade and non-trade General Unsecured Creditors.

   f. There are no pending motions, contested matters, or adversary proceedings that will impact case closing.

4852-8903-6693.21

5.      The Plan Trustee has filed all post-confirmation reports, and is current on all payments to the United States Trustee.

6.      The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

7.      These cases are fully administered within the meaning of Rule 3022 of the Federal Rules of Bankruptcy Procedure.

For the foregoing reasons, the Court determines that the Debtors and/or Trust have substantially consummated the Plan and that these cases are fully administered.

Accordingly, it is ORDERED:

1.      The Motion is granted.  Subject to the terms and conditions of this Order, these jointly administered cases are hereby closed as of the date of this Order (the "Closing Date") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 provided, however, that the Court shall retain jurisdiction as is provided in Article 13 of the Plan and as set forth herein.

2.      With respect to the Disputed Claim Reserves, the Trust is hereby authorized to release the Disputed Claim Reserves with such funds to immediately revert to Liquidating Trust Assets to be available for administration of the Trust and distribution in accordance with the terms of the Plan, the Plan Trust Agreement and this Order.

3.      With respect to the Unclaimed Distributions, to the extent that the face of each distribution check from the Trust to a creditor states that the check is "Void After 60 Days," the Allowed Claim of any Holder who fails to negotiate his, her, or its distribution check within ninety (90) days of the initial distribution date of such check shall be disallowed and expunged and the funds reserved for such distribution shall immediately revert to the Plan Trust Assets and be made

available for distribution according to the terms of the Plan, the Plan Trust Agreement, and this Order.

4.      With respect to the Residual Funds, if any Residual Funds remain with the Trust in an amount which the Plan Trustee, in his sole and absolute discretion, determines to be unnecessary for the administration of the Trust and economically burdensome to the Trust, the Plan Trustee is hereby granted authority to make a charitable donation and dispose of any such Residual Funds to such charity or charities as the Plan Trustee may choose or to utilize the Residual Funds for the Public Interest Services, without the need to re-open these Cases or further order of the Court.

5.      With respect to the Public Interest Services, the Court finds that the Trust's responding to the Public Interest Services serves a valid and significant purpose and that the Trust's failure to provide the Public Interest Services would cause significant harm to borrowers and parties in interest in these Cases.  The Court further finds that the Trust's providing the Public Interest Services is a valid exercise of the Plan Trustee's authority under the Plan Trust Agreement and a proper exercise of the Plan Trustee's business judgment.  The Trust is authorized, but not directed, to continue Public Interest Services through and after this Order is entered and the Bankruptcy Cases are closed.   The Plan Trustee is hereby authorized, in the Plan Trustee's sole and absolute discretion, to use any Disputed Claims Reserves or Residual Funds to fund the Trust's ongoing Public Interest Services, regardless of whether such Public Interest Services are performed before or after the date of this Order.  The Plan Trustee may cease Public Interest Services at his discretion upon approval by the PAC.

6.      For the avoidance of doubt, the exculpation, release, and indemnification provisions contained in Section VIII of the Plan Trust Agreement apply to all actions the Plan Trustee, the Plan Advisory Committee, and their respective professionals have taken or will take

4

with respect to the Public Interest Services and other actions in these Bankruptcy Cases and adversary proceedings notwithstanding the closure of the Bankruptcy Cases.

7.     The exculpation, indemnification, and release provisions contained in Section VIII of the Trust Agreement are hereby reaffirmed and approved and shall continue in full force and effect until and after termination of the Trust notwithstanding the closure of the Bankruptcy Cases.

a.     <u>Exculpation and Indemnification; Limitation of Liability</u>.    Neither the Trustee nor any member of the Advisory Committee, nor their respective employees, counsel, other professionals, agents, representatives or designees, including any Trust Administrator, nor any director, officer or manager of TBW or any of its subsidiaries who held such position on or after the Effective Date (each, a "<u>Plan Trust Exculpated Party</u>" and collectively, the "<u>Plan Trust Exculpated Parties</u>"), shall be liable for any Claims, causes of action, liabilities, obligations, losses, damages, costs and expenses (including attorneys' fees and expenses) and other assertions of liability (collectively "<u>Plan Trust Released Claims</u>") arising out of the discharge of the powers and duties conferred upon the Trustee or the Advisory Committee by the Plan Trust Agreement, the Plan or any Order of the Bankruptcy Court, or requested to be performed by the Trustee or any member of the Advisory Committee, other than for Plan Trust Released Claims determined by a Final Order to have arisen or resulted solely from such Plan Trust Exculpated Party's gross negligence or willful misconduct.  Any action taken or omitted to be taken with the approval of the Bankruptcy Court or the Advisory Committee will conclusively be deemed not to constitute gross negligence or willful misconduct.  With regard to the investment of Trust Assets, no Plan Trust Exculpated Party shall have any liability for any decision regarding the investment of Trust Assets if that investment decision was or is approved by either the Advisory Committee or the Bankruptcy Court.  No Holder of a Claim or other Person will have or be permitted to pursue any

4852-8903-6693.21

Claim or cause of action against any Plan Trust Exculpated Party for making or approving, or not making or approving, payments or Distributions in accordance with the Plan or for implementing the provisions of the Plan.  The Trustee and the members of the Advisory Committee shall have absolute discretion to pursue or not to pursue or continue to pursue any and all Claims, Causes of Action, or other matters, activities or things as it determines is in the best interests of the Beneficiaries using their reasonable business judgment and consistent with the purposes of the Plan Trust, and shall have no liability for the outcome of their decisions, except as provided in this paragraph.  The Trustee shall be entitled to enjoy all of the rights powers, immunities and privileges applicable to a chapter 7 trustee under the Bankruptcy Code and each member of the Advisory Committee shall be entitled to enjoy all of the rights, powers, immunities and privileges of an official committee of unsecured creditors under the Bankruptcy Code.  Each of the Trustee and the members of the Advisory Committee, may, in connection with the performance of its respective functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, not taken, or suffered to be done in accordance with the advice or opinions rendered by such persons, regardless of whether such advice or opinions are provided in writing.  Notwithstanding such authority, neither the Trustee nor any member of the Advisory Committee shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the Trustee or such member of any other Plan Trust Exculpated Party, unless such determination is determined by a Final Order to be solely due to such Plan Trust Exculpated Party's gross negligence or willful misconduct.  In an abundance of caution, to the fullest extent permitted by applicable law, the Plan Trust Exculpated Parties shall not be subject to personal liability, and shall be exculpated and indemnified, and shall have the

6

right to obtain advances to cover reasonable expenses of defense, pursuant to the terms of the Plan Trust Agreement.  In no event will the Trust Exculpated Parties be liable for punitive, exemplary, consequential, special or other damages for a breach of, or otherwise, for acts taken in connection with the Plan, Confirmation Order, or the Trust Agreement under any circumstances, including but not limited to actions against third parties.  For the avoidance of doubt, this provision is intended to and shall be an absolute bar to claims against the Plan Trustee, the Advisory Committee, and their professionals for actions taken consistent with the Plan, Confirmation Order, the Plan Trust Agreement, and the provisions of this paragraph 7.

      b.     <u>Indemnification</u>.  To the fullest extent permitted by applicable law, the Plan Trust shall indemnify, defend and hold harmless each Plan Trust Exculpated Party from and against any and all Plan Trust Released Claims arising out of or resulting from such Plan Trust Exculpated Party's acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Plan Trust or the Plan or the discharge of its duties hereunder or thereunder, or at the request of the Trustee or any member of the Advisory Committee, including without limitation, relating to any action, suit, proceeding or investigation brought by or threatened against such Plan Trust Exculpated Party; <u>provided</u>, <u>however</u>, that no such indemnification will be made to such Plan Trust Exculpated Party for Plan Trust Released Claims determined by a Final Order to have arisen or resulted solely from such Plan Trust Exculpated Party's gross negligence or willful misconduct.  Any action taken or omitted to be taken with the approval of the Bankruptcy Court or the Advisory Committee will conclusively be deemed not to constitute gross negligence or willful misconduct.  All Plan Trust Released Claims for which indemnity is provided under this Agreement to any Plan Trust Exculpated Party shall be payable on demand from Trust Assets prior to payment to Beneficiaries from Trust Assets. The

4852-8903-6693.21

Trustee may commit the Plan Trust to indemnify any Plan Trust Exculpated Party in accordance with the terms of this Section in any engagement letter or contract that the Trustee may enter into in connection with hiring or retaining such third parties pursuant to this Agreement.

8.      No provision of the Plan, Confirmation Order or the Plan Trust Agreement shall be construed as requiring the Plan Trustee and/or Advisory Committee to expend or risk its own funds or otherwise to incur any personal financial liability (x) in the performance of any of its duties thereunder or hereunder, including any situation where the Avoidance Action Trust Assets are insufficient to permit the administration of the Trust or distributions as contemplated herein or the payment of fees and expenses of the Trust Professionals, or (y) in the exercise of any of its rights or powers afforded hereunder or thereunder

9.      With respect to the REO/HAM Reallocation, the Plan Trustee's proposed reallocation is approved, and the Trust is hereby authorized to reallocate the sum of $1,870,755 to Residual Funds.

10.     The Plan Trustee is hereby authorized to abandon any Residual Assets which the Plan Trustee, in the exercise of his business judgment, determines to be of inconsequential value or burdensome to the Trust and its beneficiaries, without the need to re-open these Cases or further order of the Court, provided that such abandonment is accomplished in accordance with the provisions of the Trust Agreement.

11.     The Trust termination date is hereby extended to February 10, 2022 (unless terminated earlier in accordance with this Order), without prejudice to the Plan Trustee's right to seek further extensions of the Trust termination date.  To the extent required by applicable non-bankruptcy law, pursuant to Section II.G. of the Plan Trust Agreement and Bankruptcy Code § 105, the Plan Trustee is hereby authorized to seek additional extensions if approved by the PAC

4852-8903-6693.21

by filing with this Court a notice of extension in the form as set forth in **Exhibit C** attached hereto. The Cases need not be reopened to effect the extension. The Court finds such notice of extension of Trust termination complies with the Plan, Plan Trust Agreement, and applicable non-bankruptcy law.

12.     To the extent that the Plan Trustee determines it is appropriate to terminate the Trust prior to the termination date of February 10, 2022, the Plan Trustee may file a "Notice of Termination" stating the effective date of termination, and upon such filing, the Trust shall be terminated automatically without the need for any further action by the Trust, Plan Trustee, or the Court, and without further notice.

13.     Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, these jointly administered cases are hereby closed as of the date of this Order (the "Closing Date"), provided however, that the Court shall retain such jurisdiction as is provided in Article 13 of the Plan.

14.     For the avoidance of any doubt, the closing of these Cases shall not affect the authority granted to the Trust, Plan Trustee, and the Plan Advisory Committee, pursuant to the Plan, the Confirmation Order, and Plan Trust Agreement. The members and duties of the PAC shall continue until the Trust termination.

15.     For purposes of calculating U.S. Trustee fees pursuant to 28 U.S.C. § 1930(A)(6), disbursements made by the Trust up to the Closing Date will be included in the calculation, and the Trust will provide the necessary post-confirmation reporting of total disbursements and pay the appropriate quarterly fee with respect to these cases no later than thirty (30) days after the Closing Date. No quarterly fees will be payable with respect to these Cases for periods after the Closing Date.

4852-8903-6693.21

16.    The Claims Agent is directed to prepare a final claims register and file it with the Court within thirty (30) days after entry of this Order.  Thereafter, the engagement of the Claims Agent shall automatically be deemed terminated, and the Claims Agent shall be discharged and released from all further duties, obligations, and liabilities related to the Cases.

17.    The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

18.    To the extent of a conflict between the Plan, Confirmation Order, or Trust Agreement and this Order, this Order shall control.

19.    The Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

20.    Pursuant to Local Rule 9070-1(c)(3), the Clerk shall, without further notice, dispose of any exhibits in these jointly administered cases unless they are reclaimed by the appropriate party within 30 days.

21.    The Trust shall mail copies of this Order to all creditors and parties-in-interest.

###

4852-8903-6693.21

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,
REO SPECIALISTS, LLC, and
HOME AMERICA MORTGAGE, INC.,

               Debtors.

_____/

Chapter 11 Case

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF
Case No. 3:09-bk-10023-JAF

Jointly Administered Under
Case No. 3:09-bk-07047-JAF

## VERIFICATION AND CERTIFICATE OF SUBSTANTIAL CONSUMMATION

    1.    I, Neil F. Luria, am the Bankruptcy Court appointed Plan Trustee ("Plan Trustee"), of the Taylor, Bean & Whitaker Mortgage Corp. Plan Trust (the "Trust"), and make this verification in support of the *Plan Trustee's Verified Motion for Entry of an Order (I) Establishing Case Closing Procedures, (II) Issuing a Final Decree Closing These Chapter 11 Cases and (III) Granting Related Relief* (the "Motion").[1]

    2.    All of the factual statements in the Motion are true and correct to the best of my knowledge, information, and belief.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4852-8903-6693.21

3.    Pursuant to Local Bankruptcy Rule 3022-1, I hereby certify that property has been distributed pursuant to the provisions of the Plan and the Confirmation Order and that the Plan has been substantially consummated.

_____/s/ Neil F. Luria_____
By:   Neil F. Luria, as Plan Trustee
Dated:   September 13, 2019

4852-8903-6693.21

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 11 Case

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,                                 Case No. 3:09-bk-07047-JAF
REO SPECIALISTS, LLC, and                       Case No. 3:09-bk-10022-JAF
HOME AMERICA MORTGAGE, INC.,                     Case No. 3:09-bk-10023-JAF

          Debtors.                              Jointly Administered Under
                                                Case No. 3:09-bk-07047-JAF

_____/

## NOTICE OF EXTENSION OF PLAN TRUST PURSUANT TO COURT ORDER ENTERED _____ AUTHORIZING FURTHER EXTENSION OF PLAN TRUST

NOTICE IS HEREBY GIVEN OF EXTENSION OF PLAN TRUST PURSUANT TO

COURT ORDER ENTERED [_____] AUTHORIZING FURTHER EXTENSION OF PLAN

TRUST ("Notice"), effective as of _____, 2019,  made by the Plan Trustee of the Plan

Trust and among Taylor, Bean & Whitaker Mortgage Corp., a Florida corporation ("TBW"), and

its wholly-owned subsidiaries Home America Mortgage, Inc., a Florida corporation ("HAM"), and

REO Specialist, LLC, a Florida limited liability company ("REO Specialists").  TBW, HAM and

REO Specialists (individually, a "Debtor" and collectively the "Debtors"), and Neil F. Luria in his

capacity as Plan Trustee under the Plan (in such capacity, the "Trustee") and approved by the Plan

Trust Advisory Committee ("PAC") for the purpose of extending the termination date of that

certain Plan Trust Agreement dated August 10, 2011, by and among the Trustee and the Debtors (the "Plan Trust Agreement").[1]

WHEREAS, the Plan Trust Agreement provides for the establishment of the Plan Trust for federal income tax purposes and to appoint a trustee to liquidate the Assets;

WHEREAS, the Plan Trust Agreement provides for the termination of the Plan Trust unless extended by the Bankruptcy Court;

WHEREAS, the Court entered an Order Granting Plan Trustee's Verified Motion for Entry of an Order (I) Establishing Case Closing Procedures, (II) Issuing a Final Decree Closing These Chapter 11 Cases and (III) Granting Related Relief ("Final Decree Order") as a final decree that closed the bankruptcy cases and extended the Trust termination date of the Trust;

WHEREAS, the Order provided that the Court authorized extension of the Trust by Notice filed by the Plan Trustee in the form attached as Exhibit "C" to the Motion; and

WHEREAS, the Plan Trustee has determined that the Trust Termination Date shall be extended until _____.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, in the Trust Agreement and in the Plan, and to otherwise further the intention of the Plan, the Debtors, the PAC and the Trustee agree, and Court authorizes as follows:

1.    <u>Amendment to Section II, paragraph G of the Trust Agreement</u>:    Section II, paragraph G of the Trust Agreement is hereby amended to provide that any extension shall be

---

[1] Capitalized terms used herein without definition shall have the respective meaning assigned to such terms in the Trust Agreement and Plan.

granted by Notice in this form being filed with the Court and that no action shall be needed by the Court.

2.    Approval of the Advisory Committee:  As required by Section XI.A of the Trust Agreement, the Amendment has been approved unanimously by the PAC.

3.    Parties Bound:  The Amendment shall be binding upon and inure to the benefit of the Debtors and the Trustee.

DEBTORS:

TAYLOR, BEAN & WHITAKER MORTGAGE CORP., HOME AMERICA MORTAGE, INC., AND REO SPECIALISTS, LLC

By:_____
            Neil F. Luria, solely in his capacity as
            Chief Restructuring Officer

TRUSTEE:

_____
Neil F. Luria, as Trustee

PLAN TRUST ADVISORY COMMITTEE:

_____
Donald A. Workman, on behalf of Lender
Processing Services, Inc. and successors, as Chair

3

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,
REO SPECIALISTS, LLC, and
HOME AMERICA MORTGAGE, INC.,

Debtors.

_____/

Chapter 11 Case

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF
Case No. 3:09-bk-10023-JAF

Jointly Administered Under
Case No. 3:09-bk-07047-JAF

## VERIFIED FINAL REPORT AND ACCOUNTING OF
## PAYMENT OF CLAIMS AND SUBSTANTIAL CONSUMMATION

Under penalty of perjury, I declare that:

1.      I am Chief Restructuring Officer of the Debtor(s) and Plan Trustee of the TBW Plan Trust. I have possession and custody of books and records of the Debtor(s) relating to the payment of claims and distribution of property under the Debtor(s) Plan of Reorganization (Doc. No. 3240).

2.      Attached hereto as composite exhibits are lists of the total Distributions made to date to holders of Claims against the Debtors.

3.      Property has been distributed pursuant to the provisions of the Plan and the Order Confirming Plan (Doc. No. 3420). As more fully set forth on the attached summaries of claims paid, the Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

Dated: September 13, 2019

_____/s/ Neil F. Luria_____
Taylor Bean & Whitaker Mortgage Corp.
By: Neil F. Luria
Chief Restructuring Officer and Plan Trustee

4852-8903-6693.21

**Summary of TBW, REO, and HAM Claim Payments**

| Class | Class Description | Paid Claims 2011 Number of Claims | Paid Claim Amount | Paid Claims 2012 Number of Claims | Paid Claim Amount | Paid Claims 2013 Number of Claims | Paid Claim Amount | Paid Claims 2014 Number of Claims | Paid Claim Amount | Paid Claims 2015 Number of Claims | Paid Claim Amount | Paid Claims 2016 Number of Claims | Paid Claim Amount | Paid Claims 2017 Number of Claims | Paid Claim Amount | Paid Claims 2018 Number of Claims | Paid Claim Amount | Paid Claims 2019 Number of Claims | Paid Claim Amount | Total Claims Payments Number of Claims | Total Payments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **TBW** | | | | | | | | | | | | | | | | | | | | | |
| Admin | Administrative Claims | 5 | $2,864,837 | 11 | $198,245 | 0 | $0 | 2 | $649,808 | 0 | $0 | 1 | $145,000 | 0 | $0 | 0 | $0 | 0 | $0 | 19 | $3,857,891 |
| PriTax | Priority Tax Claims | 0 | $0 | 7 | $256,874 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 7 | $256,874 |
| WARN | WARN ACT | 0 | $0 | 1,298 | $16,145,281 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 1,298 | $16,145,281 |
| TBW 1 | TBW Priority Non-Tax Claims | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 |
| TBW 1 | TBW Priority Unpaid Vacation Claims | 0 | $0 | 1,264 | $1,862,383 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 1,264 | $1,862,382 |
| TBW 2 | FDIC Secured Claim - AOT | 1 | $9,326,873 | 1 | $49,695,114 | 1 | $34,132,274 | 1 | $20,420,595 | 1 | $62,468,252 | 1 | $6,597,249 | 1 | $9,924,309 | 1 | $3,533,962 | 1 | $149,947 | 1 | $196,248,574 |
| TBW 3 | FDIC Secured Claim - Overline Facility | 0 | $0 | 1 | $2,979,773 | 1 | $4,854,120 | 1 | $7,353,010 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 1 | $15,186,904 |
| TBW 4 | Sovereign Secured Claim | 1 | $13,345,000 | 0 | $15,750,000 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 1 | $29,095,000 |
| TBW 5 | Natixis Secured Claim | 1 | $32,155,000 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 1 | $32,155,000 |
| TBW 7 | TBW Other Secured Claims | 0 | $0 | 2 | $1,242 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 2 | $1,242 |
| TBW 8 | TBW GUC Claims (Non Trade Creditors) | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 125 | $200,000,000 | 125 | $125,000,000 | 125 | $15,000,000 | 125 | $20,000,000 | 125 | $12,000,000 | 125 | $372,000,000 |
| TBW 9 | TBW GUC Claims (Trade Creditors) | 0 | $0 | 0 | $0 | 0 | $0 | 574 | $4,486,856 | 574 | $4,324,715 | 1 | $162,141 | 574 | $3,204,897 | 0 | $0 | 1 | $640,979 | 576 | $12,819,589 |
| TBW 10 | TBW Subordinated Claims - ESOP | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 |
| **Total:** | | **8** | **$57,691,709** | **2,584** | **$86,888,913** | **2** | **$38,986,394** | **578** | **$32,910,268** | **700** | **$266,792,967** | **128** | **$131,904,390** | **700** | **$28,129,206** | **126** | **$23,533,962** | **127** | **$12,790,926** | **3,295** | **$679,628,737** |
| | | | | | | | | | | | | | | | | | | | | | |
| **HAM** | Administrative Claims | 0 | $0 | 1 | $7,158 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 1 | $7,158 |
| | Priority Tax Claims | 0 | $0 | 3 | $7,428 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 3 | $7,428 |
| | HAM General Unsecured Claims | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 |
| | **Subtotal HAM** | **0** | **$0** | **4** | **$14,586** | **0** | **$0** | **0** | **$0** | **0** | **$0** | **0** | **$0** | **0** | **$0** | **0** | **$0** | **0** | **$0** | **4** | **$14,586** |
| **REO** | REO General Unsecured Claims | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 | 0 | $0 |

## Claim Distributions to Class 8 Creditors

|  | | | Amount of Interim Distributions To-Date --> | $372,000,000 |
|---|---|---|---|---|

| Creditor | Claim Number | FINAL Allowed Claim Amount | FINAL Prorata % of Claims Pool [A] | Total Cumulative Paid 1st - 8th Interim Distr Amt [A] |
|---|---|---|---|---|
| FDIC-R For Colonial Bank | 3020 | $2,215,095,998.00 | 36.84% | $136,828,340.17 |
| Ocala Funding, LLC (Ocala Litigation Trust) | 3442 | $1,750,000,000.00 | 29.10% | $108,098,969.76 |
| Ocala Funding, LLC (Ocala Litigation Trust) [B] | 2629 | $1,022,000,000.00 | 16.99% | $63,129,798.34 |
| Government National Mortgage Association | 3524 | $610,000,000.00 | 10.14% | $37,680,212.32 |
| Sovereign Bank | 1362 | $136,781,302.17 | 2.27% | $8,449,095.91 |
| The US Department of Justice | 3307 | $89,914,335.00 | 1.50% | $5,554,083.99 |
| FDIC-R For Platinum Bank | 3026 | $30,800,000.00 | 0.51% | $1,902,541.87 |
| Wells Fargo Bank | 1724 | $19,877,602.00 | 0.33% | $1,227,856.17 |
| US Department of HUD | 3518 | $18,690,992.09 | 0.31% | $1,154,558.28 |
| US Bank / Bayview (1 of 8) | 2647 | $13,606,769.40 | 0.23% | $840,501.57 |
| US Bank / Bayview (2 of 8) | 2646 | $13,146,364.91 | 0.22% | $812,062.00 |
| US Bank / Bayview (3 of 8) | 2644 | $11,815,470.61 | 0.20% | $729,851.54 |
| US Bank / Bayview (4 of 8) | 2649 | $10,022,562.24 | 0.17% | $619,102.09 |
| US Bank / Bayview (5 of 8) | 2645 | $9,733,280.58 | 0.16% | $601,232.92 |
| US Bank / Bayview (6 of 8) | 2650 | $7,711,511.96 | 0.13% | $476,346.57 |
| US Bank / Bayview (7 of 8) | 2651 | $6,552,048.92 | 0.11% | $404,725.56 |
| US Bank / Bayview (8 of 8) | 2648 | $5,963,699.00 | 0.10% | $368,382.70 |
| Natixis Real Estate Capital Inc. | 1360 | $9,185,801.85 | 0.15% | $567,414.70 |
| Seaside National Bank & Trust | 3418 | $8,437,214.21 | 0.14% | $521,173.81 |
| FDIC-R IndyMac Bank | 3525 | $6,315,371.12 | 0.11% | $390,105.78 |
| RBC Capital Market Corporation | 379 | $2,238,750.00 | 0.04% | $138,289.47 |
| 315 NE 14th Street Ocala LLC | 3456 | $1,750,000.00 | 0.03% | $108,098.97 |
| Lehman Brothers Inc. | 3051 | $1,601,003.92 | 0.03% | $98,895.36 |
| Liberty Mutual Insurance | 3526 | $1,455,407.09 | 0.02% | $89,901.72 |
| Cole Taylor Bank | 3037 | $1,440,734.11 | 0.02% | $88,995.36 |
| Stephens Inc. | 2563 | $1,244,687.50 | 0.02% | $76,885.39 |
| Shannon Welch | 3478 | $1,000,000.00 | 0.02% | $61,770.84 |
| Wells Fargo Funding Inc. | 1157 | $709,800.55 | 0.01% | $43,844.98 |
| Zurich American Insurance | 3508 | $620,200.00 | 0.01% | $38,310.27 |
| Jeffrey Cavender | 3479 | $425,000.00 | 0.01% | $26,252.61 |
| J.P. Morgan Chase Bank | 2565 | $403,320.91 | 0.01% | $24,913.47 |
| Premier Corporate Centre LLC | 3426 | $397,135.48 | 0.01% | $24,531.39 |
| Credit Suisse Securities USA LLC | 2575 | $393,339.84 | 0.01% | $24,296.93 |
| Mesirow Financial, Inc. | 1343 | $335,429.59 | 0.01% | $20,719.77 |
| Colfax Koehler LLC | 341 | $301,760.00 | 0.01% | $18,639.97 |
| Centurion Asset Partners | 3229 | $250,000.00 | 0.00% | $15,442.71 |
| Braintree Hill Office Park LLC | 1711 | $230,547.64 | 0.00% | $14,241.12 |
| LPP Mortgage Ltd & Lnv Corporation | 1448 | $225,374.75 | 0.00% | $13,921.59 |
| First American Corelogic | 2637 | $210,138.00 | 0.00% | $12,980.40 |
| Pitney Bowes Global Financial Services (1 of 2) | 3343 | $166,221.59 | 0.00% | $10,267.65 |
| Pitney Bowes Global Financial Services (2 of 2) | 3344 | $16,841.86 | 0.00% | $1,040.34 |
| First American Real Estate Tax Service, LLC | 320 | $156,297.00 | 0.00% | $9,654.60 |
| Internal Revenue Service | 297 | $150,000.00 | 0.00% | $9,265.63 |
| Great America Leasing Corporation | 54 | $150,000.00 | 0.00% | $9,265.63 |
| Stephanie Kennedy | 3314 | $138,421.49 | 0.00% | $8,550.41 |
| Deltacom Inc. | 623 | $138,226.91 | 0.00% | $8,538.39 |
| Robert And Phyllis Terry | 3454 | $129,190.00 | 0.00% | $7,980.17 |
| Hawthorne Capital LLC | 87 | $116,800.00 | 0.00% | $7,214.83 |
| Fox Rothschild | 1590 | $107,109.37 | 0.00% | $6,616.24 |
| Douglas Emmett 2000 LLC | 294 | $100,026.20 | 0.00% | $6,178.70 |
| Sun Life Assurance Company Of Canada | 301 | $99,880.50 | 0.00% | $6,169.70 |
| Successfactors | 1053 | $92,000.00 | 0.00% | $5,682.92 |
| Wells Fargo Bank | 1156 | $91,924.74 | 0.00% | $5,678.27 |
| Selene Finance LP | 2568 | $89,530.55 | 0.00% | $5,530.38 |
| Narcisco Rodas | 461 | $70,000.00 | 0.00% | $4,323.96 |
| Bothwell Bracker | 3491 | $66,643.35 | 0.00% | $4,116.62 |
| Bank of Herrin | 3270 | $63,801.51 | 0.00% | $3,941.07 |

## Claim Distributions to Class 8 Creditors

| | | | Amount of Interim Distributions To-Date --> | $372,000,000 |
|---|---|---|---|---|
| **Creditor** | **Claim Number** | **FINAL Allowed Claim Amount** | **FINAL Prorata % of Claims Pool [A]** | **Total Cumulative Paid 1st - 8th Interim Distr Amt [A]** |
| Scott Allan Schledwitz | 994 | $60,000.00 | 0.00% | $3,706.25 |
| Lakehills Center At Laguna, LLC | 1576 | $57,406.20 | 0.00% | $3,546.03 |
| Mskp Ramblewood Square LLC | 1377 | $54,309.30 | 0.00% | $3,354.73 |
| Canon Financial Services Inc. | 3461 | $53,763.82 | 0.00% | $3,321.04 |
| Washington State Treasurer | s26638 | $49,925.28 | 0.00% | $3,083.93 |
| G&I VI 655/755 Business Center LLC | 1337 | $41,000.00 | 0.00% | $2,532.60 |
| Thomas Canterbury | 3522 | $40,000.00 | 0.00% | $2,470.83 |
| First American Flood Data Services | 62 | $37,857.00 | 0.00% | $2,338.46 |
| Billmatrix | 1505 | $35,750.00 | 0.00% | $2,208.31 |
| Oconee Capital Management LLC | 1627 | $34,333.03 | 0.00% | $2,120.78 |
| Al Hofeld Jr | 3031 | $32,000.00 | 0.00% | $1,976.67 |
| US Bancorp Business Equipment Finance Group | 291 | $17,347.65 | 0.00% | $1,071.58 |
| Benefit Express LLC | 53 | $15,400.00 | 0.00% | $951.27 |
| Sharon Woodford | 1595 | $15,000.00 | 0.00% | $926.56 |
| MMS Mortgage Services | 3049 | $14,490.65 | 0.00% | $895.10 |
| Quietwater Ltd Partnership | 101 | $13,804.00 | 0.00% | $852.68 |
| Mary Puckett & Allene Whaley | 1071 | $12,000.00 | 0.00% | $741.25 |
| First American CREDCO, Inc. | 1271 | $11,310.00 | 0.00% | $698.63 |
| Magnolia Bank | 1075 | $9,910.62 | 0.00% | $612.19 |
| Konica Minolta Imaging | s6002 | $9,714.68 | 0.00% | $600.08 |
| CIT Technology Financing Services Inc. | 184 | $9,700.62 | 0.00% | $599.22 |
| Hope Community Credit Union | 1485 | $7,324.00 | 0.00% | $452.41 |
| Credstar | s6149 | $7,128.00 | 0.00% | $440.30 |
| Ace Mortgage Corporation | 1643 | $7,073.90 | 0.00% | $436.96 |
| Global Unity Trust LLC Dba Global Unity Mortgage | 2549 | $7,043.56 | 0.00% | $435.09 |
| Hallmark Home Mortgage LLC | 2566 | $5,983.34 | 0.00% | $369.60 |
| Community First Bank A/D/O First Savings Bank Fsb | 905 | $5,234.33 | 0.00% | $323.33 |
| American Chartered Bank | 1674 | $4,673.66 | 0.00% | $288.70 |
| Corporate Office Centers | 1658 | $4,180.32 | 0.00% | $258.22 |
| Citizens State Bank Norwood Young America | 790 | $4,000.00 | 0.00% | $247.08 |
| River Valley Bancorp | 1015 | $3,642.46 | 0.00% | $225.00 |
| Pine Country Bank | 3261 | $3,557.48 | 0.00% | $219.75 |
| Visalia Community Bank | 209 | $3,293.48 | 0.00% | $203.44 |
| Guaranty Bond Bank | 1446 | $2,964.84 | 0.00% | $183.14 |
| First National Bank of Pulaski | 1671 | $2,787.34 | 0.00% | $172.18 |
| Highlands Independent Bank | 1135 | $2,533.12 | 0.00% | $156.47 |
| Wells Fargo Financial Leasing Inc. | 1 | $2,477.22 | 0.00% | $153.02 |
| East Cambridge Savings Bank | 3033 | $2,324.25 | 0.00% | $143.57 |
| CoreLogic Appraisal Services | 1191 | $2,270.00 | 0.00% | $140.22 |
| First Community Bank of Hillsboro | 1553 | $2,080.54 | 0.00% | $128.52 |
| Trisummit Bank | 1326 | $2,040.35 | 0.00% | $126.03 |
| Metairie Bank & Trust Co. | 2638 | $2,015.70 | 0.00% | $124.51 |
| Summit Mortgage Bankers | s26695 | $1,902.65 | 0.00% | $117.53 |
| Greenbank | 3025 | $1,809.55 | 0.00% | $111.78 |
| CFbank | 1262 | $1,727.24 | 0.00% | $106.69 |
| City of Crystal River | s26511 | $1,710.21 | 0.00% | $105.64 |
| Mortgage Achievers, Corp | 1927 | $1,530.00 | 0.00% | $94.51 |
| Insight Bank | 1464 | $1,322.26 | 0.00% | $81.68 |
| Canon Financial Services | s6193 | $1,259.54 | 0.00% | $77.80 |
| Summit Community Bank | 1923 | $1,103.07 | 0.00% | $68.14 |
| Commonwealth of Massachusetts | s26493 | $889.00 | 0.00% | $54.91 |
| Missouri Department of Revenue | 5 | $613.55 | 0.00% | $37.90 |
| Simmons First National Bank | 1451 | $604.17 | 0.00% | $37.32 |
| State Bank Commissioner | s26708 | $500.00 | 0.00% | $30.89 |
| Southwest National Bank | 1020 | $440.75 | 0.00% | $27.23 |
| Kansas Income Tax | s6010 | $337.69 | 0.00% | $20.86 |
| Oklahoma Tax Commission | 132 | $267.63 | 0.00% | $16.53 |

## Claim Distributions to Class 8 Creditors

|  |  |  | Amount of Interim Distributions To-Date --> | $372,000,000 |
|---|---|---|---|---|
| **Creditor** | **Claim Number** | **FINAL Allowed Claim Amount** | **FINAL Prorata % of Claims Pool [A]** | **Total Cumulative Paid 1st - 8th Interim Distr Amt [A]** |
| City of Casselberry | s26514 | $210.38 | 0.00% | $13.00 |
| Department of Veterans Affairs | s6127 | $200.00 | 0.00% | $12.35 |
| The Samuels Group, Inc. | 1370 | $175.00 | 0.00% | $10.81 |
| Security First Bank of ND | 1050 | $150.57 | 0.00% | $9.30 |
| Alabama Secretary of State | s26611 | $105.00 | 0.00% | $6.49 |
| Department of Finance | s26453 | $72.00 | 0.00% | $4.45 |
| Comanche County Treasurer | 1500 | $53.30 | 0.00% | $3.29 |
| Alabama Department of Revenue | 59 | $50.00 | 0.00% | $3.09 |
| City of Savannah | s26504 | $42.58 | 0.00% | $2.63 |
| Texas Secretary of State | s26685 | $2.00 | 0.00% | $0.12 |
| Class 9 Creditors | N/A | $0.00 | 0.00% | $42,709.23 |
| Georgia Department of Revenue | 1230 | $0.00 | 0.00% | $266.25 |
| Bankwest, Inc. | 1331 | $0.00 | 0.00% | $12.62 |
| **Total - Allowed Claims (124)** | | **$6,013,552,597.39** | **100.00%** | **$371,505,182.60** |
| **Total - Outstanding $'s to be re-allocated at final distribution** | | | | **$494,817.41** |
| **Total - Distributed (Actual + $'s To be Reallocated)** | | | | **$372,000,000.00** |

**Notes:**

[A] Creditor pro-rata claim %'s have changed/increased over time as a result of the resolution of various disputed claims. And, as a result, the total distributions to-date, as shown above by Creditor, will not reconcile by virtue of a calculation of $371.5 MM distributed x Creditor's Final Claim %. For example, the FDIC-R has received distributions of $136.8 MM of the $371.5 MM distributions to-date which equates to a pro-rata claim percentage of 36.831%. With the resolution of the last disputed claim, the FDIC-R's pro-rata claim % has increased from 36.831% to 36.835%, a difference of .0043% or $15,834.69. To-date, the Trust has performed two claim % true-ups (Interim distribution #5 and #8), however the Trust recently resolved its last and final disputed claim. As such, when the Trust releases disputed claim funds ($495k) along with an interim and/or final distribution, if any, a reconciliation/true-up will need to occur to ensure all Creditors receive their appropriate pro-rata % of the Trust's distributable proceeds.

[B] In accordance with Ocala's Settlement Agreement (Dkt. 398) with Freddie Mac, as approved by the Court in In Re: Ocala Funding, LLC (Case No. 3:12-bk-04524-JAF), Freddie Mac assigned to Ocala its allowed claim in the TBW bankruptcy case. As such, Freddie Mac's Distribution with respect to its allowed claim is to be paid directly to Ocala. The First through Eighth Interim Distributions yielded a gross amount of $63,129,798.34 or a net amount of $56,879,798.34 (after the $6.250 MM assignment to Class 9) to Ocala with respect to the Freddie Mac claim.

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| A-2-Z PEST CONTROL | | s6268 | $150.00 | $150.00 |
| AA COMPUTER SERVICES, INC. | | s26621 | $25.00 | $25.00 |
| AAA APPRAISAL SERVICE | | s6267 | $100.00 | $100.00 |
| AAA APPRAISALS LLC | RESTORATION HOLDINGS LTD | s6266 | $100.00 | $100.00 |
| AAA POP-A-LOCK INC. | | s6265 | $418.70 | $418.70 |
| ABAKUKS & ASSOCIATES | | s6264 | $100.00 | $100.00 |
| ABC SEPTIC TANK SVC. OF OCALA | | 1563 | $100.00 | $100.00 |
| ABRAHAM APPRAISAL | | 1340 | $1,072.00 | $1,072.00 |
| ABSOLUTE APPRAISALS INC | | s26620 | $225.00 | $225.00 |
| ABSOLUTE EQUITY APPRAISALS LLC | | 290 | $325.00 | $325.00 |
| ACCENT TITLE LLC | | 1670 | $1,650.60 | $1,650.60 |
| ACCURATE PEST MANAGEMENT | | s6260 | $52.00 | $52.00 |
| ACCURATE RE APPRAISALS INC | | 1455 | $325.00 | $325.00 |
| ACCURATE REAL ESTATE APPRAISER | | s26618 | $100.00 | $100.00 |
| ACE AMERICA`S CASH EXPR | | 310 | $1,442.70 | $1,442.70 |
| ACE AMERICAN INSURANCE COMPANY | | 3048 | $51,500.00 | $51,500.00 |
| ADT SECURITY SERVICES INC | | 251 | $8,785.99 | $8,785.99 |
| ADVANCED APPRAISAL SERVICES | | s26616 | $100.00 | $100.00 |
| ADVANCED EDUCATION SYSTEMS | | s26615 | $485.00 | $485.00 |
| ADVANTAGE LASER PRODUCTS | | s6255 | $411.71 | $411.71 |
| AEROTEK INC | | 237 | $6,478.97 | $6,478.97 |
| AISLING APPRAISALS, LLC | | s26613 | $265.00 | $265.00 |
| AK CONTRACTING GEN CONTRACTORS PROPERTY MGMT LLC | | 269 | $495,000.00 | $495,000.00 |
| ALAN F MAY APPRAISAL SERVICE | | 19 | $100.00 | $100.00 |
| ALEXANDER B SWIECZKOWSKI | RESTORATION HOLDINGS LTD | s26610 | $150.00 | $150.00 |
| ALLIED WASTE SERVICES #800 | | s26607 | $376.77 | $376.77 |
| ALPHA APPRAISAL LLC | | 1468 | $700.00 | $700.00 |
| ALPHA CARD SYSTEMS, LLC | RESTORATION HOLDINGS LTD | 1192 | $959.64 | $959.64 |
| ALPINE APPRAISALS LLC | | 21 | $105.00 | $105.00 |
| ALTMAN`S FAMILY PEST CONTROL | | s6245 | $379.13 | $379.13 |
| ALVERSON TAYLOR MORTENSEN & SANDERS | CAPITAL INVESTORS | 3068 | $25,378.24 | $25,378.24 |
| ALVERSON TAYLOR MORTENSEN & SANDERS | CAPITAL INVESTORS | 3067 | $9,857.00 | $9,857.00 |
| AMBIUS INC | | s6244 | $265.24 | $265.24 |
| AMCAPPRAISALSINC.COM | | 1323 | $325.00 | $325.00 |
| AMERICAN FIRE & SAFETY SUPPLY | | s26601 | $1,097.16 | $1,097.16 |
| AMERICAN MORTGAGE & EQUITY | RESTORATION HOLDINGS LTD | s26599 | $150.00 | $150.00 |
| AMERICAN MORTGAGE LAW GROUP | LIQUIDITY SOLUTIONS INC | s6240 | $9,644.98 | $9,644.98 |
| AMES APPRAISAL INC | | 957 | $1,480.00 | $1,480.00 |
| ANCHOR APPRAISALS | | 1657 | $350.00 | $350.00 |
| ANTHONY COMBS APPRAISALS | | s26594 | $75.00 | $75.00 |
| APL APPRAISAL CO | | s6237 | $100.00 | $100.00 |
| APPRAISAL ASSOCIATES GROUP | | s26592 | $150.00 | $150.00 |
| APPRAISAL HOUSE | | s26591 | $100.00 | $100.00 |
| APPRAISAL SPECIALISTS OF TAMPA BAY | | 1683 | $331.00 | $331.00 |
| APPRAISALONE | | s26590 | $400.00 | $400.00 |
| APPRAISALS BY LARRY WASHINGTON | | s6236 | $75.00 | $75.00 |
| APPRAISERS INC | | 988 | $650.00 | $650.00 |
| APPRECIATING HOMES | | s26589 | $100.00 | $100.00 |
| ARAMARK | | s6235 | $734.45 | $734.45 |
| ARAMARK | | s6233 | $237.78 | $237.78 |
| ARAMARK | | s6234 | $68.90 | $68.90 |
| ARIAL SOFTWARE LLC | | s26588 | $575.00 | $575.00 |
| ARNOLD SERVICES INC DBA ARNOLD APPRAISAL SERVICES | | 646 | $2,400.00 | $2,400.00 |
| ARSENAL APPRAISAL | | 1079 | $700.00 | $700.00 |
| ASSOCIATED MONITORING SERVICE | | s6227 | $111.67 | $111.67 |
| AT&T CORP | | 1632 | $900,000.00 | $900,000.00 |
| ATLANTIC APPRAISAL GROUP, LLC | | s26586 | $200.00 | $200.00 |
| ATLANTIC LAW GROUP LLC | | 3042 | $4,630.02 | $4,630.02 |
| AURORA LOAN SERVICES | | s26585 | $1,920.52 | $1,920.52 |
| AUSSPRUNG & ASSOCIATES APPRAIS | | s26583 | $290.00 | $290.00 |
| BAIRD & ASSOCIATES | | s26579 | $75.00 | $75.00 |
| BAKER VALUATION INC | | 802 | $350.00 | $350.00 |
| BANC OF AMERICA LEASING | | s6222 | $421.88 | $421.88 |
| BARFIELD & ASSOCIATES | ARGO PARTNERS | s6220 | $15,250.00 | $15,250.00 |
| BARLOW REAL ESTATE APPRAISAL | | s26572 | $75.00 | $75.00 |
| BARNHORN INC. | | s26571 | $300.00 | $300.00 |
| BARTHI, BARBARA | | s6218 | $269.12 | $269.12 |
| BARU, AYLON | | s6217 | $326.00 | $326.00 |
| BAUDENDISTEL, TRISHA L | | s6216 | $822.72 | $822.72 |
| BAY DOCS, INC | | s6215 | $1,375.00 | $1,375.00 |
| BAYSIDE APPRAISALS | | s26569 | $125.00 | $125.00 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| BEAIRD ORGANIZATION, LLC | | 151 | $1,750.00 | $1,750.00 |
| BENEFIT EXPRESS LLC | | 53 | $24,805.00 | $24,805.00 |
| BERNARD BARNETT LLC | | s26566 | $125.00 | $125.00 |
| BILL KAPURA BUILDING CONTRACTORS INC | | 1228 | $13,222.90 | $13,222.90 |
| BILLING SOLUTIONS | | s6213 | $261.65 | $261.65 |
| BILLMATRIX CORPORATION | | 1505 | $3,729.00 | $3,729.00 |
| B-J TROPHIES | | 1163 | $349.85 | $349.85 |
| BLACK BOX NETWORK SERVICES | | s6212 | $525.18 | $525.18 |
| BLACK, SIMS, AND BIRCH, LLP | | s26561 | $156.00 | $156.00 |
| BLUE OAK APPRAISALS | | s26560 | $100.00 | $100.00 |
| BOB WOYTOVICH APPRAISALS | | s26559 | $100.00 | $100.00 |
| BODELL-VAN DRIMMELEN & ASSOC | | s6209 | $200.00 | $200.00 |
| BO-KAY FLORIST | | s6210 | $426.00 | $426.00 |
| BOSTONBEAN COFFEE CO INC | | 211 | $1,815.12 | $1,815.12 |
| BOYER COFFEE COMPANY, INC. | | s6206 | $284.88 | $284.88 |
| BOZEMAN APPRAISAL SERVICES INC | | 1354 | $325.00 | $325.00 |
| BRADY APPRAISAL SERVICE INC | | 499 | $425.00 | $425.00 |
| BRAINTREE ELECTRIC LIGHT DEPT | | s6205 | $1,753.57 | $1,753.57 |
| BRAND MORTGAGE GROUP | LIQUIDITY SOLUTIONS INC | s26554 | $3,579.88 | $3,579.88 |
| BRASHEAR, MARSH, & MCCARTY PL | CLAIMS RECOVERY GROUP LLC | s26553 | $7,165.52 | $7,165.52 |
| BRIGHTHOUSE-30765 | | s26547 | $104.21 | $104.21 |
| BROCK & SCOTT PLLC | | 2317 | $14,385.64 | $14,385.64 |
| BROOKS SYSTEMS, LLC | | s6203 | $874.50 | $874.50 |
| BRUCE BASTING | RESTORATION HOLDINGS LTD | s26543 | $410.00 | $410.00 |
| BURCH & CRACCHIOLO P A | | 1031 | $2,391.15 | $2,391.15 |
| BURGESS - EXP, NANCY | | 2574 | $1,600.17 | $1,600.17 |
| BURNS APPRAISAL INC | | s26541 | $100.00 | $100.00 |
| BUSH ROSS, P A | | s6199 | $175.00 | $175.00 |
| BUSY BEE | CLAIMS RECOVERY GROUP LLC | s26540 | $1,875.00 | $1,875.00 |
| CAPITAL PROPERTY CONSULTANTS | | s26537 | $150.00 | $150.00 |
| CAPITAL VALLEY RE CONSULTANTS - WESTERN | | 1081 | $100.00 | $100.00 |
| CAROLYN DAVIS REAL ESTATE APPRAISALS | RESTORATION HOLDINGS LTD | s26535 | $100.00 | $100.00 |
| CARTOON STOCK LTD | | s6192 | $120.00 | $120.00 |
| CATHRO, JOHN | | s6389 | $2,791.08 | $2,791.08 |
| CBM ATLANTA INC | | 108 | $7,542.15 | $7,542.15 |
| CCS MODULAR MANUFACTURED HMS | | s26532 | $481.57 | $481.57 |
| CENTERSTATE APPRAISALS, INC | RESTORATION HOLDINGS LTD | s6188 | $125.00 | $125.00 |
| CENTRAL TELEPHONE COMPANY - NEVADA, CENTURY LINK | | 675 | $486.01 | $486.01 |
| CERTIFIED APPRAISALS & RESEARCH-WILLIA | | s26530 | $100.00 | $100.00 |
| CHAPTER 7 BANKRUPTCY ESTATE OF GENE JORGENSEN | | 3503 | $350.00 | $350.00 |
| CHASE STAFFING SERVICES | | s6185 | $470.15 | $470.15 |
| CHEETAH APPRAISAL NETWORK | | s26526 | $75.00 | $75.00 |
| CHEWNING INSPECTION SERV | | s26525 | $200.00 | $200.00 |
| CHEWNING INSPECTION SERVICE | | s26524 | $200.00 | $200.00 |
| CINCINNATI BELL TELEPHONE | | 284 | $251.63 | $251.63 |
| CINTAS CORPORATION | | s6180 | $501.77 | $501.77 |
| CINTAS CORPORATION NO. 2 | | s6179 | $150.22 | $150.22 |
| CITRUS PUBLISHING | | s26515 | $472.23 | $472.23 |
| CLASSIC APPRAISAL ASSOC INC | | s26502 | $100.00 | $100.00 |
| CLEANING CONCEPTS, INC. | | s6174 | $1,096.96 | $1,096.96 |
| CLEANING WITH MARY K BAKER | | s26501 | $325.00 | $325.00 |
| CLERK OF THE CIRCUIT COURT SEMINOLE COUNTY, FL | | 125 | $67.54 | $67.54 |
| COASTAL APPRAISAL SERVICE LLC | | s26500 | $75.00 | $75.00 |
| COASTLINE DISTRIBUTION | | s6172 | $285.50 | $285.50 |
| COATS APRAISAL SERVICE INC | | 1394 | $500.00 | $500.00 |
| COBB EMC | | s6170 | $26.48 | $26.48 |
| COBB, ASHLEY K | | s6169 | $1,439.00 | $1,439.00 |
| CODILIS & STAWIARSKI PC | CLAIMS RECOVERY GROUP LLC | 919 | $73,122.92 | $73,122.92 |
| COLORADO MORTGAGE LENDERS ASSC | | s26498 | $369.00 | $369.00 |
| COLUMBUS APPRAISAL &CONSULTING | RESTORATION HOLDINGS LTD | s26497 | $100.00 | $100.00 |
| COMCAST 9579 | | s26496 | $104.90 | $104.90 |
| COMCAST COMMUNICATIONS | | s26495 | $277.25 | $277.25 |
| COMED CO | | 961 | $770.80 | $770.80 |
| COMMERCIAL AIR SYSTEMS, INC. | | s6163 | $1,087.50 | $1,087.50 |
| COMPLYSHARE, LLC | | s26492 | $875.00 | $875.00 |
| COMPU-LINK CORPORATION DBA CELINK | | 328 | $38,751.90 | $38,751.90 |
| CONEXIS BENEFIT ADMINISTRATORS | | s26489 | $30.00 | $30.00 |
| CONSOLIDATED ELECTRICAL DIST. | | 1184 | $528.88 | $528.88 |
| CONSOLIDATED ELECTRICAL DISTRIBUTORS INC | | 73 | $521.07 | $521.07 |
| CONSTRUCTION CONTROL DYNAMICS, INC. | | s26488 | $2,306.25 | $2,306.25 |
| CONTEMPORARY APPRAISALS | | s26487 | $100.00 | $100.00 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| COOK COUNTY RECORDER OF DEEDS | | 3258 | $193.00 | $193.00 |
| COOSA VALLEY APPRAISAL | | 1574 | $700.00 | $700.00 |
| COPY GRAPHICS INC. | | s6156 | $48.15 | $48.15 |
| CORELOGIC APPRAISAL SERVICES | | 1191 | $3,205.00 | $3,205.00 |
| CORELOGIC, INC (FKA THE FIRST AMERICAN CORP) | | 1271 | $15,962.50 | $15,962.50 |
| CORELOGIC,INC (FKA THE FIRST AMERICAN CORPORATION) | | 2637 | $296,590.01 | $296,590.01 |
| CORNEAL APPRAISAL SERVICES | | s26484 | $375.00 | $375.00 |
| CORNERSTONE APPRAISAL GROUP | | s6154 | $175.00 | $175.00 |
| CORNERSTONE FIRST FINANCIAL LLC | RIVERSIDE CLAIMS LLC | 1059 | $7,500.00 | $7,500.00 |
| CORPORATE OFFICE CENTERS | | 1658 | $779.78 | $779.78 |
| COUCH APPRAISALS | | s26480 | $75.00 | $75.00 |
| COUNTRY CLUB OF OCALA | | s6152 | $604.18 | $604.18 |
| COUNTRY HOMES APPRAISAL SERVICES LLC | | 1460 | $375.00 | $375.00 |
| CRAWFORD B MACKETHAN | | s26475 | $380.00 | $380.00 |
| CREASER APPRAISAL SERVICE | | s26474 | $100.00 | $100.00 |
| CREDSTAR | | s6149 | $10,061.69 | $10,061.69 |
| CRESCENT RIDGE DAIRY INC. | | s26473 | $118.83 | $118.83 |
| CROWE, JACQUELINE LYNN | | 887 | $712.00 | $712.00 |
| CRYSTAL SPRINGS WATER | | s26471 | $143.48 | $143.48 |
| CSC APPRAISALS | | s26469 | $100.00 | $100.00 |
| CULLIGAN WATER SERVICES-GUM | | s26468 | $105.11 | $105.11 |
| CULLIGAN WATER SERVICES-GUM | | s6145 | $16.43 | $16.43 |
| CUNNINGHAM, JEFF | | 935 | $350.00 | $350.00 |
| CURB SERVICE VENDING | | s6144 | $1,427.92 | $1,427.92 |
| D GARDNER APPRAISALS | | 1294 | $750.00 | $750.00 |
| D S MURPHY & ASSOCIATES | RESTORATION HOLDINGS LTD | 1183 | $475.00 | $475.00 |
| DANDRIDGE, BERNARD E | | s6142 | $3,241.17 | $3,241.17 |
| DANNA MCKITRICK PC | | 3310 | $2,617.45 | $2,617.45 |
| DANRICH INSPECTION SERVICES | | 1108 | $200.00 | $200.00 |
| DAVINCI INTERNATIONAL, INC | LIQUIDITY SOLUTIONS INC | 1164 | $2,634.26 | $2,634.26 |
| DAVIS DINKINS ENGINEERING PA | | s6136 | $15,817.16 | $15,817.16 |
| DE CARLO, DEAN J | | 1181 | $2,388.99 | $2,388.99 |
| DEBOW MAILING MACHINE-STONE MT | | s26454 | $374.50 | $374.50 |
| DELTACOM INC | | 162 | $70,959.77 | $70,959.77 |
| DESERT STATE APPRAISING | | s26450 | $395.00 | $395.00 |
| DEVLIN APPRAISAL SERVICE | | s26448 | $125.00 | $125.00 |
| DICKINSON, SHERRY D | | s6122 | $986.97 | $986.97 |
| DIRECTV | | s26447 | $300.09 | $300.09 |
| DON J PAPINEAU & ASSOCIATES LTD | | s6118 | $125.00 | $125.00 |
| DOUGLAS COUNTY CLERK OF SUPERIOR COURTS OFFICE | | 1477 | $7.00 | $7.00 |
| DOUGLAS KLINGENSMITH INC | | s26440 | $75.00 | $75.00 |
| DUNCAN & ASSOCIATES PA | | 1707 | $12,496.00 | $12,496.00 |
| E HESEMAN APPRAISAL GROUP | | s26436 | $150.00 | $150.00 |
| EASTERWOOD APPRAISALS | | 298 | $325.00 | $325.00 |
| ECLARK GROUP APPRAISALS, INC. | | s26430 | $100.00 | $100.00 |
| ELSEROAD SR, DAVID B | | 318 | $880.00 | $880.00 |
| EMBARQ FLORIDA INC | | 676 | $26,500.00 | $26,500.00 |
| EMDEON BUSINESS SERVICES | RIVERSIDE CLAIMS LLC | 1154 | $1,139.10 | $1,139.10 |
| EMERALD COAST UTILITIES AUTHORITY | | s26423 | $24.79 | $24.79 |
| ENGELMANN APPRAISAL SERVICES | | s26421 | $150.00 | $150.00 |
| ENGINEERED BLDG SYSTEMS,INC. | RIVERSIDE CLAIMS LLC | s26420 | $29,938.13 | $29,938.13 |
| E-OSCAR | | 1481 | $444.22 | $444.22 |
| EQUIFAX | | 1329 | $2,734.64 | $2,734.64 |
| ERIK POWELL | | s26418 | $350.00 | $350.00 |
| ESTATE OF SCOTT W SELLMAN | | 1174 | $375.00 | $375.00 |
| EVALUATION SERVICES INC | | 934 | $1,075.00 | $1,075.00 |
| EVENSON, GERALD A | | s6104 | $739.46 | $739.46 |
| EWERT APPRAISAL SERVICES INC | | 696 | $650.00 | $650.00 |
| EXECUTIVE SEARCH PARTNERS LLC | | 134 | $40,500.00 | $40,500.00 |
| EXPEDIENT REAL ESTATE SERVICES LLC | | s26415 | $300.00 | $300.00 |
| EXPERIAN | | s26414 | $54.07 | $54.07 |
| EXPRESS EMPLOYMENT PROFESSIONALS | | 80 | $7,331.72 | $7,331.72 |
| FAULKNER/LOSSING & ASSOCIATES INC | | 1473 | $2,175.00 | $2,175.00 |
| FBT MORTGAGE LLC | RIVERSIDE CLAIMS LLC | 3043 | $12,093.14 | $12,093.14 |
| FEDERAL TITLE INC | | s26412 | $100.00 | $100.00 |
| FEDEX | | s6100 | $3,701.06 | $3,701.06 |
| FEDEX CUSTOM CRITICAL | | 149 | $3,223.83 | $3,223.83 |
| FEDEX OFFICE | | 346 | $202.36 | $202.36 |
| FENLEY & BATE, L L P | | s26411 | $397.50 | $397.50 |
| FICS-FINANCIAL IND.COMPUTER | | s6097 | $1,615.00 | $1,615.00 |
| FIDELITY NATIONAL TITLE | | s6095 | $2,000.00 | $2,000.00 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| FILTERFRESH CHICAGO | | s26409 | $274.71 | $274.71 |
| FINAL VALUE INC | | s26408 | $450.00 | $450.00 |
| FIRST AMERICAN FLOOD DATA SERVICES | | 62 | $53,431.50 | $53,431.50 |
| FIRST AMERICAN HERITAGE TITLE | | s26407 | $35.00 | $35.00 |
| FIRST AMERICAN REAL ESTATE TAX SERVICE LLC | | 320 | $220,599.04 | $220,599.04 |
| FIRST COMMERCE TITLE, INC | | s26403 | $56.00 | $56.00 |
| FIRST INVESTORS MORTGAGE CO., LLC | | 3079 | $4,882.06 | $4,882.06 |
| FIRST LIBERTY BANK | | 1111 | $4,275.00 | $4,275.00 |
| FISCHER APPRAISAL & ASSOCIATES | | s6087 | $100.00 | $100.00 |
| FISHER & SHAPIRO LLC | | 1709 | $21,140.00 | $21,140.00 |
| FIVE BROTHERS MORTGAGE CO SERVICES & SECURING INC | | 940 | $55,000.00 | $55,000.00 |
| FIVE STAR MORTGAGE CORP | | 1432 | $6,181.97 | $6,181.97 |
| FLORIDA AIR COOLERS INC | | 110 | $7,274.00 | $7,274.00 |
| FOLIAGE DESIGN SYSTEMS | | s6079 | $1,412.98 | $1,412.98 |
| FORD & HARRISON | | s26396 | $336.00 | $336.00 |
| FORTESSA | ARGO PARTNERS | s6078 | $2,587.16 | $2,587.16 |
| FRAEDRICH, GLORIA | | 760 | $450.00 | $450.00 |
| FREEBORN & PETERS | | s6076 | $2,335.00 | $2,335.00 |
| FULL MEASURE APPRAISAL LLC | | 794 | $2,475.00 | $2,475.00 |
| GALZERANO, CHERYL A | | s6072 | $966.88 | $966.88 |
| GARTEN, JOHN P | | 1352 | $807.41 | $807.41 |
| GARY'S SEAFOOD SPECIALTIES | | s6068 | $1,956.22 | $1,956.22 |
| GEE APPRAISERS INC. | | s26391 | $100.00 | $100.00 |
| GEOFFROY, MARLEEN | | 1620 | $646.49 | $646.49 |
| GEORGIA SECURITY SYSTEMS, INC. | | s6060 | $48.00 | $48.00 |
| GEORGIA UNION MORTGAGE CO SAVANNAH | | 660 | $2,758.24 | $2,758.24 |
| GILKEY ELECTRIC INC. | LIQUIDITY SOLUTIONS INC | s6059 | $2,340.00 | $2,340.00 |
| GLEASON PERSONNEL INC | | 1548 | $10,500.00 | $10,500.00 |
| GOOD FAITH APPRAISALS LLC | | s26380 | $300.00 | $300.00 |
| GOUGH, BRIAN J | | 1130 | $66.23 | $66.23 |
| GRANT APPRAISAL SERVICES INC | | s26379 | $100.00 | $100.00 |
| GRAY, ACKERMAN, & HAINES, P A | | s26377 | $46.56 | $46.56 |
| GREAT ATLANTIC REALTY INC | RIVERSIDE CLAIMS LLC | 268 | $35,000.00 | $35,000.00 |
| GREENWOOD, CHRISTOPHER N | | s6053 | $202.58 | $202.58 |
| GRIMES APPRAISAL SERVICES | | 891 | $975.00 | $975.00 |
| HAMMER, HEWITT, JACOBS & FLOCH | | 2611 | $1,918.90 | $1,918.90 |
| HART, ELINOR | | s6046 | $1,124.88 | $1,124.88 |
| HAUS APPRAISALS LLC | | 2553 | $675.00 | $675.00 |
| HAYS, CYNTHIA L | | 3071 | $70.26 | $70.26 |
| HD SUPPLY ELECTRICAL, LTD | | s6041 | $342.34 | $342.34 |
| HENSCHEL PA, BENJAMIN L | | 1098 | $318,000.00 | $318,000.00 |
| HEPWORTH AND ASSOCIATES | | s26371 | $125.00 | $125.00 |
| HICKMAN, BROOKE D | | s6040 | $99.95 | $99.95 |
| HIGH TECH OFFICE SYSTEMS-LPDBA | | s26368 | $83.30 | $83.30 |
| HILEMAN APPRAISAL GROUP | RESTORATION HOLDINGS LTD | s26367 | $75.00 | $75.00 |
| HOLLIS APPRAISALS INC | | 1151 | $662.00 | $662.00 |
| HOOKER, STEPHANIE R | | s6038 | $102.52 | $102.52 |
| HORTON INDUSTRIES INC. | | s26364 | $50.00 | $50.00 |
| ICBA | | 35 | $20,170.54 | $20,170.54 |
| ICBA MORTGAGE CORPORATION | | 36 | $77,633.71 | $77,633.71 |
| IKON OFFICE SOLUTIONS | | 1188 | $183.13 | $183.13 |
| IMAGIK | LIQUIDITY SOLUTIONS INC | s26357 | $1,255.63 | $1,255.63 |
| IMORTGAGE SERVICES | CLAIMS RECOVERY GROUP LLC | 41 | $38,595.00 | $38,595.00 |
| INTEGRATED APPRAISAL SERVICES | | s26356 | $100.00 | $100.00 |
| INTERTHINX | | s6024 | $4,959.80 | $4,959.80 |
| INTOWN APPRAISALS | | s26355 | $400.00 | $400.00 |
| J & J APPRAISAL SERVICES, INC | RESTORATION HOLDINGS LTD | s26354 | $115.00 | $115.00 |
| J LASKY REAL ESTATE APPRAISER, INC. | | s6021 | $100.00 | $100.00 |
| JAMES H SISUNG III | | s26350 | $799.92 | $799.92 |
| JAY I SOLOMON DBA LAW OFFICE OF JAY I SOLOMON | | 947 | $243.83 | $243.83 |
| JEFF GUINN APPRAISALS, INC. | | s26345 | $280.00 | $280.00 |
| JEFF TREADWAY APPRAISAL SVC. | | s26344 | $400.00 | $400.00 |
| JEFFREY B SLADKUS, LLC | RIVERSIDE CLAIMS LLC | s26341 | $6,761.47 | $6,761.47 |
| JENKS APPRAISAL SERVICES INC | | s26339 | $100.00 | $100.00 |
| JERRY E KIMBROUGH | | s26336 | $180.00 | $180.00 |
| JESSICA SHULTS CLEANING SVCS | | 1519 | $500.00 | $500.00 |
| JOHN FOSTER & SON PLUMBING INC | | s6014 | $1,232.75 | $1,232.75 |
| JOHN J GLYNN JR | | s6013 | $375.00 | $375.00 |
| JOHN LANGMAACK | | s26331 | $1,094.86 | $1,094.86 |
| JOLLEY URGA WIRTH WOODBURY & STANDISH | | 1694 | $4,846.18 | $4,846.18 |
| JOLLEY URGA WIRTH WOODBURY & STANDISH | | s26327 | $3,339.50 | $3,339.50 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| JP APPRAISAL SERVICES | | s26324 | $100.00 | $100.00 |
| JP MORGAN CHASE BANK N A | | s26323 | $250.00 | $250.00 |
| JUPITERIMAGES CORPORATION | | s26322 | $1,249.75 | $1,249.75 |
| KAMLET REICHERT, LLP | RIVERSIDE CLAIMS LLC | 3081 | $3,339.32 | $3,339.32 |
| KERN APPRAISAL INC. | | s26318 | $85.00 | $85.00 |
| KING, MARK L | | s6005 | $350.00 | $350.00 |
| KJH CO INC | | 3345 | $850.00 | $850.00 |
| KNOTT EBELINI HART SWETT & HAAK, PA | | 1116 | $36,622.07 | $36,622.07 |
| KOENIG, MARK | | s6003 | $1,600.00 | $1,600.00 |
| KORN LAW FIRM | | s26315 | $1,647.00 | $1,647.00 |
| KUNKEL MILLER & HAMENT | RESTORATION HOLDINGS LTD | s26314 | $270.95 | $270.95 |
| LAKESHORE APPRAISALS INC | | 1333 | $325.00 | $325.00 |
| LAND SETTLEMENT SERVICES INC | | 3024 | $147,938.71 | $147,938.71 |
| LANDAMERICA TAX AND FLOOD | LERETA LLC | s5994 | $385,469.50 | $385,469.50 |
| LANDSAFE INC | | s26308 | $168.75 | $168.75 |
| LANDSEL TITLE AGENCY | | s26307 | $200.00 | $200.00 |
| LAROCCA, ROBERT J | | s5992 | $101.51 | $101.51 |
| LAW OFFICES OF DANIEL C CONSUEGRA | | 1933 | $540,108.52 | $540,108.52 |
| LAWYERS TITLE OF ARIZONA, INC. | | s26297 | $50.00 | $50.00 |
| LEE WOODS CONST.OF FL.INC. | | 1382 | $1,945.00 | $1,945.00 |
| LENZER APPRAISALS | | s5984 | $75.00 | $75.00 |
| LEWIS, TERRANCE L | | s5982 | $40.91 | $40.91 |
| LEX INC. | SONAR CREDIT PARTNERS LLC | s26291 | $5,000.00 | $5,000.00 |
| LINDA J BUHRMAN | | s26289 | $350.00 | $350.00 |
| LINDA ZADACH | | s26287 | $1,122.00 | $1,122.00 |
| LISA MILLER C/O TBW | | s26286 | $268.99 | $268.99 |
| LITTLER MENDELSON PC | | 912 | $33,988.54 | $33,988.54 |
| LIVINGSTON, PATTERSON, STRICKLAND & SIEG | | s26284 | $785.04 | $785.04 |
| LOBE & FORTIN, PLC | | s26283 | $3,469.89 | $3,469.89 |
| LOCKE LORD BISSELL & LIDDELL LLP | ARGO PARTNERS | 1605 | $739,732.44 | $739,732.44 |
| LONESOURCE INC | | s26282 | $1,745.32 | $1,745.32 |
| LPS DEFAULT TITLE & CLOSING | | 2923 | $772,127.35 | $772,127.35 |
| LRT RECORD SERVICES DBA LAND RECORDS OF TEXAS | | 2924 | $366,050.00 | $366,050.00 |
| LSB APPRAISAL SERVICES, LLC | | s5976 | $125.00 | $125.00 |
| LUNAR APPRAISAL GROUP | | s26281 | $100.00 | $100.00 |
| M & M LOCK & SAFE LTD INC | | s5974 | $201.98 | $201.98 |
| MAKO JANITORIAL INC. | | s5970 | $42.40 | $42.40 |
| MALCOLM CISNEROS | ASM CAPITAL | 841 | $80,553.08 | $80,553.08 |
| MANPOWER INC | | 345 | $12,600.00 | $12,600.00 |
| MARRS, BRIAN S | | s5966 | $180.27 | $180.27 |
| MASON, BARBARA V | | s5963 | $800.00 | $800.00 |
| MBA- OF PENNSYLVANIA | | s26265 | $215.00 | $215.00 |
| MC SQUARED, INC | | s26264 | $500.00 | $500.00 |
| MCCLURE APPRAISAL SERVICE | ARCHON BAY CAPITAL LLC | s26263 | $100.00 | $100.00 |
| MCDASH ANALYTICS LLC | | 2925 | $27,000.00 | $27,000.00 |
| MCEWEN GISVOLD LLP | | 2616 | $275.32 | $275.32 |
| MCGRAW RESIDENTIAL APPRAISAL | | s5960 | $100.00 | $100.00 |
| MCHALE, GERARD A | | 1614 | $7,470.39 | $7,470.39 |
| MCKENNA LONG & ALDRIDGE LLP | | 933 | $345,000.00 | $345,000.00 |
| MEDERO MEDICAL-MARION | | s5957 | $60.00 | $60.00 |
| MERRILL APPRAISAL SERVICES | | s26258 | $100.00 | $100.00 |
| MERRIMACK APPRAISAL SERVICES | | s26257 | $85.00 | $85.00 |
| MERRY MAIDS | | s5955 | $130.00 | $130.00 |
| METROCAST CABLEVISION | | s26255 | $199.95 | $199.95 |
| MGIC INVESTOR SERVICES CORPORATION | LIQUIDITY SOLUTIONS INC | 321 | $2,470.00 | $2,470.00 |
| MICHAEL LARSON DBA CARMICHAEL & ASSOCIATES | | 743 | $960.00 | $960.00 |
| MICHAEL THOMAS GROUP INC | | 842 | $975.00 | $975.00 |
| MI-CONNECTION | | s26254 | $252.99 | $252.99 |
| MID-POINTE APPRAISING LLC | | 1011 | $775.00 | $775.00 |
| MILLER APPRAISAL ASSOCIATES | | 1583 | $350.00 | $350.00 |
| MILLER, DOUGLAS R | | s4225 | $4,434.61 | $4,434.61 |
| MILLER, DOUGLAS R | | 22 | $3,322.91 | $3,322.91 |
| MILLER, DOUGLAS R | | s5950 | $1,298.03 | $1,298.03 |
| MILLIRON APPRAISAL SERVICES LLC | | 200 | $666.00 | $666.00 |
| MITCHELL & COMPANY | RESTORATION HOLDINGS LTD | s26246 | $525.00 | $525.00 |
| MONICA FLECK | | s26245 | $100.00 | $100.00 |
| MONITRONICS INTERNATIONAL INC | | s26244 | $63.50 | $63.50 |
| MORRIS SULLIVAN & LEMKUL, LLP | | s5941 | $438.16 | $438.16 |
| MORTGAGE BANKERS ASSOC OF FL | | s5940 | $215.00 | $215.00 |
| MORTGAGE SUPPORT SERVICES INC | ASM CAPITAL | 1282 | $3,454.50 | $3,454.50 |
| MOSCATELLO, JOHN | | 3351 | $975.00 | $975.00 |

# Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| MRP REAL ESTATE SERVICES, INC | | 1024 | $350.00 | $350.00 |
| MUNOZ, GABRIEL M | | s5932 | $504.23 | $504.23 |
| MUNROE PATHOLOGY ASSOCIATES | | s26240 | $144.00 | $144.00 |
| NANCY VALLANCE | | s26237 | $150.00 | $150.00 |
| NASHVILLE MORTGAGE BANKERS ASSOC | | s26236 | $250.00 | $250.00 |
| NATIONAL CORPORATE RESEARCH | | s26235 | $158.00 | $158.00 |
| NELSON`S HEAT & A/C INC | RESTORATION HOLDINGS LTD | s5926 | $405.00 | $405.00 |
| NESMITH REAL ESTATE SERVICES, INC. | | s5923 | $225.00 | $225.00 |
| NEW ENGLAND COPY SPECIALISTS, INC | | s26234 | $340.03 | $340.03 |
| NEW JERSEY BANKERS ASSOC | | s5919 | $1,350.00 | $1,350.00 |
| NIEHAUS, JOANNA B | | 3016 | $464.68 | $464.68 |
| NITZA BAEZ | | s26232 | $325.00 | $325.00 |
| NJ-PA APPRAISAL GROUP | | 686 | $325.00 | $325.00 |
| NL VENTURES VII MAGNOLIA LLC | HAIN CAPITAL HOLDINGS LTD | 3293 | $3,278,250.91 | $3,278,250.91 |
| NYSE GROUP | | s5909 | $254.50 | $254.50 |
| O`HARA APPRAISAL GROUP | | s5908 | $100.00 | $100.00 |
| OCALA RECYCLING | | s26229 | $100.00 | $100.00 |
| OCE NORTH AMERICA | | s26228 | $55.93 | $55.93 |
| OCEAN STATE APPRAISALS | | s26227 | $50.00 | $50.00 |
| OLDE CITY LENDING SOLUTIONS | | s5901 | $900.00 | $900.00 |
| ON THE LEVEL CONTRACTORS,INC. | | 1502 | $550.00 | $550.00 |
| ON-TIME APPRAISALS | | s5900 | $100.00 | $100.00 |
| OVATION HOME APPRAISALS LLC | | 1538 | $750.00 | $750.00 |
| P V GIBSON & ASSOCIATES | | s5898 | $75.00 | $75.00 |
| PACIFIC APPRAISAL CONSULTANTS INC | | s5897 | $800.00 | $800.00 |
| PARKS, LON | | 46 | $19,482.66 | $19,482.66 |
| PARODY, CHRISTY | | s6317 | $108.07 | $108.07 |
| PARSONS BEHLE & LATIMER | RIVERSIDE CLAIMS LLC | s26220 | $11,890.67 | $11,890.67 |
| PATTERSON, JAMIE A | | s5892 | $413.19 | $413.19 |
| PEACHTREE PEST CONTROL,INC. | | s26214 | $49.74 | $49.74 |
| PEAK APPRAISALS, LLC | | s26213 | $100.00 | $100.00 |
| PEARSON, LINDA J | | 1483 | $990.73 | $990.73 |
| PEE DEE FOOD SERVICE | | 1112 | $155.84 | $155.84 |
| PETERSEN APPRAISALS | | s26210 | $100.00 | $100.00 |
| PETERSON, WAYNE | | 725 | $475.00 | $475.00 |
| PHELAN HALLINAN & SCHMIEG LLP | | 3510 | $56,919.63 | $56,919.63 |
| PHELAN HALLINAN & SCHMIEG PC | | 1499 | $24,841.86 | $24,841.86 |
| PHILABAUM APPRAISAL SERVICES, LLC | | s26209 | $250.00 | $250.00 |
| PIASA APPRAISAL SERVICE | | 872 | $650.00 | $650.00 |
| PICK`S SALES & LEASING, LLC | | s5887 | $63.90 | $63.90 |
| PINNACLE APPRAISALS, INC. | | s5885 | $75.00 | $75.00 |
| PIP PRINTING & DOCUMENT | | s26207 | $358.91 | $358.91 |
| PITNEY BOWES CREDIT CORPORATION | | 749 | $4,181.56 | $4,181.56 |
| PITNEY BOWES CREDIT CORPORATION | | 814 | $1,996.78 | $1,996.78 |
| PITNEY BOWES CREDIT CORPORATION | | 97 | $1,196.32 | $1,196.32 |
| PLUNKETT COONEY | RIVERSIDE CLAIMS LLC | 157 | $19,716.19 | $19,716.19 |
| POSEY APPRAISAL SERVICES | | s26204 | $100.00 | $100.00 |
| POSTMASTER-JACKSONVILLE | | s5874 | $90.10 | $90.10 |
| POWERS APPRAISING, LLC | RESTORATION HOLDINGS LTD | s26203 | $100.00 | $100.00 |
| PREMIER OFFICE SOLUTIONS, INC. | | s5872 | $2,226.00 | $2,226.00 |
| PRIORITY APPRAISAL USA | | s26202 | $125.00 | $125.00 |
| PROFESSIONAL APPRAISAL GROUP | | s26201 | $100.00 | $100.00 |
| PROGRESSIVE BUSINESS PUBLICATIONS | | s26199 | $94.56 | $94.56 |
| PROGRESSIVE SYSTEM SOLUTIONS | | s5868 | $237.80 | $237.80 |
| PRONTO LIMOUSINE SERVICE INC | | s5867 | $192.00 | $192.00 |
| PROPERTIES OF NORTH CAROLINA INC | | 753 | $1,075.00 | $1,075.00 |
| PROSPECT APPRAISAL SERVICES | | s26198 | $100.00 | $100.00 |
| PUBLIC STORAGE | | s26197 | $212.00 | $212.00 |
| QCERA, INC. | | s5866 | $5,000.00 | $5,000.00 |
| QUALIFIED APPRAISERS, INC | RESTORATION HOLDINGS LTD | s26195 | $200.00 | $200.00 |
| QUEST AVIONICS, INC. | | s26194 | $59.09 | $59.09 |
| QUICKCONFIRM.COM, INC | | s26193 | $10.00 | $10.00 |
| QWEST COMMUNICATIONS COMPANY LLC | | 42 | $7,000.00 | $7,000.00 |
| QWEST CORPORATION | | 43 | $849.27 | $849.27 |
| R J VATALARO INC. | | 1347 | $135.00 | $135.00 |
| R L TOOLE AND COMPANY | | s26190 | $350.00 | $350.00 |
| R TODD ACTON, INC | | s26192 | $75.00 | $75.00 |
| RAINBOW TELECOMMUNICATIONS | RESTORATION HOLDINGS LTD | s5862 | $61.80 | $61.80 |
| RAY & SHERMAN LLC | | 1667 | $7,600.00 | $7,600.00 |
| RAY & SHERMAN LLC | | 1666 | $12,922.76 | $12,922.76 |
| RAY & SHERMAN LLC | | 1664 | $6,678.20 | $6,678.20 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| RAY & SHERMAN LLC | | 1665 | $3,866.70 | $3,866.70 |
| RAY & SHERMAN LLC | | s5860 | $6,426.00 | $6,426.00 |
| REACHABLE APPRAISAL SERVICES | | s26183 | $250.00 | $250.00 |
| REED APPRAISAL, INC. | | s26180 | $150.00 | $150.00 |
| REM APPRAISALS | | s5855 | $100.00 | $100.00 |
| RENTAL UNIFORM SERVICE | | 1056 | $188.10 | $188.10 |
| RESEARCH IN MOTION CORPORATION | | s26178 | $15,365.34 | $15,365.34 |
| RESIDENTIAL APPRAISALS, LLC | | s26177 | $200.00 | $200.00 |
| RETROFIT TECHNOLOGIES | | 1318 | $268.00 | $268.00 |
| REUTERS AMERICA INC. | | 1289 | $1,846.00 | $1,846.00 |
| RICHARD REID APPRAISAL | | s26174 | $100.00 | $100.00 |
| RIGGS, JEFFERSON | | s6307 | $214.75 | $214.75 |
| RIVERSIDE CLAIMS LLC | | 3462 | $7,890.00 | $7,890.00 |
| RIVERSIDE CLAIMS LLC | | 3460 | $197,036.85 | $197,036.85 |
| RN INC DBA PIP PRINTING & MARKETING SERVICES | | 135 | $358.91 | $358.91 |
| ROBERT GREENE | | s26170 | $350.00 | $350.00 |
| ROBERT HIXSON | | s26169 | $75.00 | $75.00 |
| ROBERT W BILLINGTON, SRA | | s26167 | $350.00 | $350.00 |
| ROCKY MOUNTAIN BOTTLED WATER | | s26166 | $287.66 | $287.66 |
| ROMACO INC | | s26164 | $315.00 | $315.00 |
| ROSE APPRAISALS | | 1249 | $110.00 | $110.00 |
| ROTH /ULTIMATE STAFFING CO. | | s5846 | $10,000.00 | $10,000.00 |
| ROWLAND APPRAISAL SERVICES | RESTORATION HOLDINGS LTD | s26159 | $75.00 | $75.00 |
| ROYSTON, RAYZOR, VICKERY & WILLIAMS, L L P | ARGO PARTNERS | 1608 | $8,167.42 | $8,167.42 |
| RS MECHANICAL SERVICES LLC | | 532 | $4,709.35 | $4,709.35 |
| RUANO, JORGE J | | s3831 | $796.15 | $796.15 |
| SABA | HAIN CAPITAL HOLDINGS LTD | s5843 | $77,555.00 | $77,555.00 |
| SABRE TECHNOLOGIES-GUM | | s5842 | $59.00 | $59.00 |
| SAM SOLUTIONS USA INC | HAIN CAPITAL HOLDINGS LTD | 1480 | $536,208.00 | $536,208.00 |
| SARAH & STEPHEN HANKINS | | s26156 | $75.00 | $75.00 |
| SCHWANDER III, HAROLD & CLAIRE | | 1458 | $3,750.00 | $3,750.00 |
| SCOTT, STUART | | s6299 | $20,250.71 | $20,250.71 |
| SCOTT, STUART L | | s3765 | $8,280.77 | $8,280.77 |
| SEATON & ASSOCIATES, INC | RESTORATION HOLDINGS LTD | s5838 | $145.00 | $145.00 |
| SHAPIRO & CEJDA LLC | | 2572 | $4,564.10 | $4,564.10 |
| SHAPIRO & DENARDO LLC | | 2313 | $2,795.38 | $2,795.38 |
| SHAPIRO & DIAGREPONT LLC | | 2312 | $9,921.60 | $9,921.60 |
| SHAPIRO & INGLE LLP | | 1932 | $36,096.81 | $36,096.81 |
| SHAPIRO & INGLE LLP | | 1723 | $7,044.52 | $7,044.52 |
| SHAPIRO & KIRSCH LLP | | 1717 | $52,110.35 | $52,110.35 |
| SHAPIRO & MASSEY LLC | | 1719 | $7,088.00 | $7,088.00 |
| SHAPIRO & MOCK LLC | | 2607 | $5,637.09 | $5,637.09 |
| SHAPIRO & MORLEY LLC | | 1720 | $2,450.00 | $2,450.00 |
| SHAPIRO & SUTHERLAND LLP | | 1721 | $9,596.43 | $9,596.43 |
| SHAPIRO & SWERTFEGER LLP | | 2569 | $123,469.22 | $123,469.22 |
| SHAPIRO & WEISMAN LC | | 1714 | $17,546.88 | $17,546.88 |
| SHAPIRO & ZIELKE, LLP | | 1722 | $950.00 | $950.00 |
| SHAPIRO BROWN & ALT LLP | | 2922 | $60,509.99 | $60,509.99 |
| SHAPIRO FISHMAN & GACHE LLP | | 1935 | $123,935.60 | $123,935.60 |
| SHAPIRO VAN ESS PHILLIPS & BARRAGATE LLP | | 1710 | $33,441.96 | $33,441.96 |
| SHAPIRO, VAN ESS & SHERMAN LLP | | 1718 | $27,488.72 | $27,488.72 |
| SHATTO APPRAISAL | | s26150 | $150.00 | $150.00 |
| SHELL | | s5835 | $621.33 | $621.33 |
| SHENANDOAH APPRAISAL SERVICES | | 1093 | $975.00 | $975.00 |
| SHUTTLELINER OF OCALA | | s26147 | $273.00 | $273.00 |
| SIGNS UNLIMITED | | s5833 | $20.50 | $20.50 |
| SIR APPRAISALS, INC. | | s26720 | $250.00 | $250.00 |
| SIROTE & PERMUTT PC | CAPITAL INVESTORS | 3230 | $40,467.85 | $40,467.85 |
| SKYHAWK APPRAISAL INC. | | s26718 | $100.00 | $100.00 |
| SKYWAY-A | | s5829 | $266.12 | $266.12 |
| SMITH, PAUL M | | 769 | $750.00 | $750.00 |
| SONDI EDEN DBA APPRAISAL SERVICES | | 1042 | $650.00 | $650.00 |
| SOURCE MEDIA REPRINT SVCS | | s26714 | $1,343.75 | $1,343.75 |
| SOUTHERN CROSS SYSTEMS LLC | | 3443 | $898.04 | $898.04 |
| SOUTHERN STATES TOYOTALIFT | | 954 | $119.39 | $119.39 |
| SPARKLETTS | | s5822 | $640.39 | $640.39 |
| SPRINT NEXTEL - CORRESPONDENCE | | 98 | $29,540.66 | $29,540.66 |
| STANDARD & POOR`S | | s5818 | $10,000.00 | $10,000.00 |
| STATE HOME MORTGAGE | | s5817 | $150.00 | $150.00 |
| STAY ONLINE CORP | LIQUIDITY SOLUTIONS INC | 1132 | $1,142.88 | $1,142.88 |
| STEPTOE & JOHNSON PLLC, ATTN ERIN VAUGHN | ARGO PARTNERS | 1074 | $25,000.00 | $25,000.00 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|
| STEVENS APPRAISAL SERVICE | | 1054 | $350.00 | $350.00 |
| STEWART TITLE OF THE COASTAL BEND | | s26699 | $110.00 | $110.00 |
| STOUT RISIUS ROSS, INC. | | s5814 | $18,081.51 | $18,081.51 |
| STUART SCOTT | | s26698 | $5,729.17 | $5,729.17 |
| STUEWE APPRAISAL SERVICES INC | | s26697 | $100.00 | $100.00 |
| SUGARMAN, ROGERS, BARSHAK & COHEN, P C | | s26696 | $552.50 | $552.50 |
| SUN POINT APPRAISALS INC | | 1673 | $1,900.00 | $1,900.00 |
| SUNBELT APPRAISALS, INC. | | s26694 | $100.00 | $100.00 |
| SWAIM APPRAISAL SERVICES, INC | | s26689 | $375.00 | $375.00 |
| TECO PEOPLES GAS | | 30 | $292.47 | $292.47 |
| TECO PEOPLES GAS | | 119 | $181.77 | $181.77 |
| TERESA MIDDLETON | | s26687 | $346.55 | $346.55 |
| TEXAN APPRAISAL SERVICES | | 658 | $750.00 | $750.00 |
| THE APPRAISAL HOUSE, INC. | | s26684 | $125.00 | $125.00 |
| THE APPRAISER GUY | | s26683 | $150.00 | $150.00 |
| THE CALDWELL GROUP INC | | s26680 | $192.00 | $192.00 |
| THE COSTANZO APPRAISAL GROUP | | s26679 | $125.00 | $125.00 |
| THE PLATT GROUP, PLLC | | s26677 | $125.00 | $125.00 |
| THOMPSON IV, ROBERT E | | s5797 | $66.78 | $66.78 |
| THOMPSON PUBLISHING GROUP, INC | | s5798 | $299.00 | $299.00 |
| THOMSON WEST | | s26673 | $1,026.93 | $1,026.93 |
| THOROUGHBRED ALARM SYSTEMS,INC | | s26672 | $113.96 | $113.96 |
| TICE APPRAISAL, INC | | s26670 | $100.00 | $100.00 |
| TOPETE, JAIME | | 1001 | $950.00 | $950.00 |
| TOWN SQUARE APPRAISALS INC | | 1070 | $350.00 | $350.00 |
| TRACEY SALES INC | | s26665 | $665.33 | $665.33 |
| TRACY, MICHAEL H | | s5791 | $137.17 | $137.17 |
| TRI-CO COMMUNICATIONS | | s26663 | $1,108.67 | $1,108.67 |
| TRINITY PROPERTY APPRAISALS | | s26662 | $100.00 | $100.00 |
| TROPICAL NATURE INC | | s26660 | $217.15 | $217.15 |
| TRUE NORTH APPRAISAL LLC | | 852 | $700.00 | $700.00 |
| TRUSTWORTHY LAND TITLE CO INC | | s26657 | $375.00 | $375.00 |
| UNITED MAINTENANCE INC | | s26653 | $433.00 | $433.00 |
| UNITED PARCEL SERVICE | | 306 | $22,596.89 | $22,596.89 |
| UNITED PARCEL SERVICE (FREIGHT) | | 131 | $687.26 | $687.26 |
| UNITED WAY | | s26652 | $1,136.00 | $1,136.00 |
| UNITY COURIER SERVICE, INC | | 1202 | $731.91 | $731.91 |
| UPSTATE APPRAISAL, INC | | s5788 | $75.00 | $75.00 |
| USF APPRAISALS, LLC | | s26650 | $100.00 | $100.00 |
| USPS DISBURSING OFFICER | | s5785 | $7,500.00 | $7,500.00 |
| VALLEY VIEW APPRAISAL LLC | | 497 | $700.00 | $700.00 |
| VALUE APPRAISAL FIRM | | s26649 | $100.00 | $100.00 |
| VALUE SOLUTIONS INC | | s26648 | $350.00 | $350.00 |
| VAN SANT-CHAPMAN, JENNIFER M | | s6187 | $154.96 | $154.96 |
| VARSITY CONTRACTORS INC | RESTORATION HOLDINGS LTD | s26647 | $249.14 | $249.14 |
| VERI-TAX INC | CORRE OPPORTUNITIES FUND LP | 44 | $132,965.00 | $132,965.00 |
| WALDROP RESIDENTIAL APPRAISING | | s26641 | $100.00 | $100.00 |
| WALSH, LINDA | RIVERSIDE CLAIMS LLC | s5776 | $8,249.43 | $8,249.43 |
| WASHINGTON APPRAISAL GROUP INC | | s26639 | $150.00 | $150.00 |
| WATER BOY, INC. - CRYSTAL FRESH WATER | | 1091 | $28.70 | $28.70 |
| WAWRZYNIAK, KAILI C | | s5773 | $93.32 | $93.32 |
| WEBSTER, TODD | ARGO PARTNERS | 109 | $2,400.00 | $2,400.00 |
| WEGSCHEID APPRAISAL & REAL ESTATE INC | | 734 | $650.00 | $650.00 |
| WEISKE, ANDREW | | s5771 | $810.42 | $810.42 |
| WEISS SEROTA HELFMAN, PASTORIZA, ETAL. | | s26636 | $2,877.50 | $2,877.50 |
| WENDY EUBANK | | s26634 | $585.00 | $585.00 |
| WEST PENN FINANCIAL | RESTORATION HOLDINGS LTD | s26633 | $935.00 | $935.00 |
| WHITE, LADONNA K | | 64 | $18,807.70 | $18,807.70 |
| WHITESIDE, CAROL | | 1610 | $3,328.40 | $3,328.40 |
| WHITESIDE, CAROL | | 1611 | $3,030.00 | $3,030.00 |
| WHITESIDE, CAROL | | 1609 | $828.38 | $828.38 |
| WHITHILL 4 | | s26631 | $1,065.00 | $1,065.00 |
| WICHMAN, CHRIS | | 890 | $325.00 | $325.00 |
| WILENTZ GOLDMAN & SPITZER PA | LIQUIDITY SOLUTIONS INC | 1229 | $10,607.08 | $10,607.08 |
| WILL'S APPRAISAL SERVICES INC | | 314 | $3,850.00 | $3,850.00 |
| WINDSTREAM | | s26629 | $368.96 | $368.96 |
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ | CLAIMS RECOVERY GROUP LLC | s26628 | $1,735.52 | $1,735.52 |
| WOLFE & WYMAN, LLP | | s26627 | $3,171.25 | $3,171.25 |
| WOLTERS KLUWER FINANCIAL SERVICES | | s5757 | $70,130.33 | $70,130.33 |
| XM SATELLITE RADIO | | s26625 | $28.66 | $28.66 |
| XPRESS APPRAISALS | | s26624 | $50.00 | $50.00 |

## Claim Distributions to Class 9 Creditors

| Creditor | Claim Purchaser (If Applicable) | Claim Number | Allowed Claim Amount | | Total Cumulative Paid 1st, 2nd, 3rd, 4th, and 5th Distribution Amt (100%) |
|---|---|---|---|---|---|
| ZENITH APPRAISALS | | 1443 | $525.00 | | $525.00 |
| ZEPHYRHILLS | | s5749 | $47.61 | | $47.61 |
| INTEGRITY FIELD SERVICES | | 1593 | $344,178.35 | | $344,178.35 |
| ZURICH AMERICAN INSURANCE CO | | 3508 | $265,800.00 | | $265,800.00 |
| ZURICH AMERICAN INSURANCE CO ET AL | | 1525 | $11,551.98 | | $11,551.98 |
| Total - Allowed Claims (573) | | | $12,819,589.37 | | $12,819,589.37 |

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Alberta L Adams      aadams@mpdlegal.com, lpeterson@mpdlegal.com
- Stephanie L. Adams      stephanie.adams@dlapiper.com
- Sean M Affleck      ecf@butlerandhosch.com
- Jeffrey Ainsworth      jeff@bransonlaw.com,
  shelly@bransonlaw.com;tammy@bransonlaw.com;amanda@bransonlaw.com;bob@bransonlaw.com;robert@bransonlaw.com;blunt@bransonlaw.com
- Todd B Allen      todd@naples.law, Talons4racin@gmail.com
- Stephen Andrews      sandrews@wc.com
- Eric N Assouline      ena@assoulineberlowe.com
- Paul A Avron      pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;mday@bergersingerman.com
- BMC Group      ecf@bmcgroup.com
- B Michael Bachman      mbachman.ecf@srbp.com,
  mbachman@srbp.com;srbpecf@srbp.com
- David W Barrett      heidi.stembridge@fowlerwhite.com, nada.frazier@fowlerwhite.com
- Leonora K Baughman      lbaughman@kaalaw.com
- Eyal Berger      eyal.berger@akerman.com, jeanette.martinez@akerman.com
- Lawrence J Bernard      courtmail@schuylaw.com, courtmail@schuylaw.com
- Stefan Noah Beuge      FLMD.bankruptcy@phelanhallinan.com,
  Stefan.Beuge@phelanhallinan.com
- Jonathan L Blackmore      FLMD.bankruptcy@phelanhallinan.com,
  Stefan.Beuge@phelanhallinan.com
- Russell M Blain      rblain.ecf@srbp.com, rblain@srbp.com;srbpecf@srbp.com
- Dock A Blanchard      dblanchard@bmaklaw.com
- Rashad L Blossom      rblossom@babc.com
- Nancy E Brandt      nancyb@boginmunns.com, kwhite@boginmunns.com
- Gregg J Breitbart      gbreitbart@kdvlaw.com,
  sdandelles@kdvlaw.com;dbrown@kdvlaw.com;rbuoscio@kdvlaw.com
- Kay D Brock      kay.brock@co.travis.tx.us
- Jacob A. Brown      jacob.brown@akerman.com,
  jennifer.meehan@akerman.com;katherine.fackler@akerman.com;matthew.drawdy@akerman.com;raye.elliott@akerman.com
- Jacqueline J Brown      jbrown@ffapllc.com, dgoulet@ffapllc.com
- L Todd Budgen      tbudgen@mybankruptcyfirm.com,
  ltbudgen@ecf.courtdrive.com;bnc@mybankruptcyfirm.com
- Jason A Burgess      jason@jasonaburgess.com,
  jasonanthonyburgess@gmail.com;angela@jasonaburgess.com;keefer@jasonaburgess.com
- Jason B. Burnett      jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com;ashlea.edwards@gray-robinson.com
- David D Burns      david.burns@fowlerwhite.com, dburns@ferrelleburnslaw.com

- David D Burns    david.burns@fowlerwhite.com;dburns@ferrelleburns.com, dburns@ferrelleburnslaw.com
- Daniel A Caldwell    dan.caldwell@usdoj.gov
- Brigham Cannon    brigham.cannon@usdoj.gov
- James W Carpenter    jwc@angelolaw.com, kec@angelolaw.com
- Anthony J Carriuolo    acarriuolo@bergersingerman.com, mnewland@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Francis L Carter    flc@katzbarron.com, lcf@katzbarron.com
- Francis L Carter    flc@katzbarron.com, lcf@katzbarron.com
- Thomas W Cartwright    tcartwrightlaw@yahoo.com
- George B Cauthen    george.cauthen@nelsonmullins.com, joan.kishline@nelsonmullins.com;jody.bedenbaugh@nelsonmullins.com;linnea.hann@nelsonmullins.com
- Brooke Bornick Chadeayne    bchadeayne@lockelord.com, dsmith@lockelord.com
- Robert P Charbonneau    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com
- Suann D Cochran    cochrans@michigan.gov
- Aaron R. Cohen    acohen60@bellsouth.net, vnhemingway@outlook.com
- Ezra H Cohen    ezra.cohen@troutmansanders.com
- Jules S Cohen    jules.cohen@akerman.com, jann.austin@akerman.com
- Lance Paul Cohen    cohenthurston@cs.com
- Daniel C Consuegra    bkfiling@consuegralaw.com
- Robert A Cooper    racooper@hahnlaw.com, cmbeitel@hahnlaw.com;dademarco@hahnlaw.com;MJennings@hahnlaw.com
- Betsy C Cox    bcox@rtlaw.com, klewis@rtlaw.com
- James C Cunningham    jcunningham@bergersingerman.com, mferguson@bergersingerman.com;efile@bergersingerman.com;DRT@ecf.inforuptcy.com;efile@ecf.inforuptcy.com
- James C Cunningham    jcunningham@bergersingerman.com, mferguson@bergersingerman.com;efile@bergersingerman.com;DRT@ecf.inforuptcy.com;efile@ecf.inforuptcy.com
- Rodrigo S Da Silva    rdasilva@astidavis.com
- James D Dantzler    david.dantzler@troutmansanders.com, kelley.wade@troutmansanders.com
- Martin Jefferson Davis    martin.davis@occ.treas.gov
- Allison R Day    aday@gjb-law.com, gjbecf@gjb-law.com;hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com
- Robert A DeMarco    rdemarco@swflalaw.com, rstoeva@swflalaw.com
- Adam A Diaz    adiaz@SHDLegalGroup.com
- John P Dillman    houston_bankruptcy@publicans.com
- R Christopher Dix    cdix@smithhulsey.com, jhigginbotham@smithhulsey.com
- Audrey J Dixon    audreyjdixon@gmail.com
- Robert M Dombroff    robert.dombroff@bingham.com
- Mariane L Dorris    bknotice@lseblaw.com, mdorris@shukerdorris.com;vbernal@shukerdorris.com

- Robert L Doty    robert.doty@ohioattorneygeneral.gov
- Stephen P Drobny    sdrobny@joneswalker.com, jmaddox@joneswalker.com;mvelapoldi@joneswalker.com
- Lynn Drysdale    lynn.drysdale@jaxlegalaid.org
- Kevin M Eckhardt    kevin.eckhardt@gmail.com, keckhardt@hunton.com
- Elizabeth Eckhart    eeckhart@logs.com, electronicbankruptcynotices@logs.com
- Robert C Edmundson    redmundson@attorneygeneral.gov
- Jonathan T Edwards    jonathan.edwards@alston.com
- Raye Curry Elliott    raye.elliott@akerman.com, jennifer.meehan@akerman.com
- Christopher J Emden    christopher.emden@usdoj.gov, renee.erhardt@usdoj.gov;Beverly.lanier@usdoj.gov;CaseView.ecf@usdoj.gov
- John D Emmanuel    John.Emmanuel@bipc.com, Sabrina.storno@bipc.com
- Elena L Escamilla    elena.l.escamilla@usdoj.gov
- Suly M Espinoza    sespinoza@flwlaw.com, nmendoza@flwlaw.com
- Oscar B Fears    bfears@law.ga.gov
- A Richard Feldman    rfeldman@bazless.com, nkelly@bazless.com;hbennett@bazless.com
- W Keith Fendrick    keith.fendrick@hklaw.com, andrea.olson@hklaw.com
- Linda S Finley    lfinley@bakerdonelson.com, kstine@bakerdonelson.com;crochester@bakerdonelson.com;kfurr@bakerdonelson.com; ksdavis@bakerdonelson.com
- Joseph D Foley    jfoley@josephfoleylaw.com
- Marcy Ford    dstefaniak@trottlaw.com
- Hollyn J Foster    hollynf@bellsouth.net
- Albert T. Franson    afranson@fi-law.com, atanner@fi-law.com
- Debi Evans Galler    dgaller@bergersingerman.com, bwalter@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Neisi I Garcia Ramirez    neisi.garciaramirez@brockandscott.com, FLBKECF@brockandscott.com;WBECF@brockandscott.com
- James D. Gassenheimer    jgassenheimer@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Gavin C Gaukroger    ggaukroger@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Gill R Geldreich    agbankflorida@ag.tn.gov
- Christian P George    christian.george@akerman.com, susan.scott@akerman.com;jennifer.meehan@akerman.com
- Robert Bruce George    rgeorge@thelilesfirm.com, pwilson@thelilesfirm.com
- Leonard H Gilbert    leonard.gilbert@hklaw.com, brooke.tanner@hklaw.com
- Leonard H Gilbert    leonard.gilbert@hklaw.com, brooke.tanner@hklaw.com
- Robert N Gilbert    rgilbert@carltonfields.com, kdemar@carltonfields.com;wpbecf@cfdom.net
- Matthew A Gold    courts@argopartners.net
- Eric S Golden    egolden@burr.com, jmorgan@burr.com;ccrumrine@burr.com
- Douglas R Gonzales    dgonzales@wsh-law.com
- W James Gooding    jgooding@ocalalaw.com

- Marc G Granger    mgranger@kahaneandassociates.com,
  bkecf@kahaneandassociates.com;tforeman@kahaneandassociates.com
- Michael A Graziano    mgraziano@eckertseamans.com
- Amir Ali Patrick Guerami    amir@gueramilaw.com
- Aaron A Haak    ahaak@knott-law.com, njayne@knott-law.com
- Patti W Halloran    phalloran@gibblaw.com
- John C Hanson    jhanson@barthet.com, mmasi@barthet.com
- April G Harriott    aharriott@rasflaw.com
- Amy Denton Harris    aharris.ecf@srbp.com, srbpecf@srbp.com;aharris@srbp.com
- Trevor Hawes    trevor.hawes@csklegal.com,
  kimberly.dodgen@csklegal.com;tammy.lewis@csklegal.com;amanda.brandi@csklegal.c
  om
- Trevor Hawes    trevor.hawes@csklegal.com,
  kimberly.dodgen@csklegal.com;tammy.lewis@csklegal.com;amanda.brandi@csklegal.c
  om
- Robert A Heekin    rah@tmhlaw.net, sad@tmhlaw.net;rrt@tmhlaw.net;saj@tmhlaw.net
- Bart T Heffernan    MLGFL-BK@mlg-defaultlaw.com
- Judy Simmons Henry    jhenry@wlj.com
- Kenneth M Hesser    khesser@schatthesser.com, julie@schatthesser.com
- David E Hicks    tbyington@kelleykronenberg.com
- Todd M Hoepker    toddhoepker@hoepkerlaw.com
- Sara F Holladay-Tobias    sfhollad@mcguirewoods.com,
  sdye@mcguirewoods.com;dblanks@mcguirewoods.com;jmaddock@mcguirewoods.com
  ;dblanks@mcguirewoods.com;rfblair@mcguirewoods.com
- Sara F Holladay-Tobias    sfhollad@mcguirewoods.com,
  sdye@mcguirewoods.com;dblanks@mcguirewoods.com;jmaddock@mcguirewoods.com
  ;dblanks@mcguirewoods.com;rfblair@mcguirewoods.com
- Ilyse M Homer    ihomer@bergersingerman.com,
  efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- Michael J Hooi    mhooi.ecf@srbp.com, srbpecf@srbp.com
- Alicia M Hunt    Alicia.M.Hunt@usdoj.gov
- Kimberly H Israel    kisrael@mcglinchey.com, lwhite@mcglinchey.com
- Camille J Iurillo    ciurillo@iurillolaw.com,
  nhawk@iurillolaw.com;azesch@iurillolaw.com
- Kenneth B Jacobs    kjacobs@gray-robinson.com, kim.miller@gray-
  robinson.com;jburnett@gray-robinson.com
- Elaine Johnson James    ejames@bergersingerman.com,
  cphillips@bergersingerman.com;efile@bergersingerman.com
- Elaine Johnson James    ejames@bergersingerman.com,
  cphillips@bergersingerman.com;efile@bergersingerman.com
- M Lee Johnsey    ljohnsey@balch.com
- Matthew S Johnshoy    matthew.s.johnshoy@usdoj.gov, southern.taxcivil@usdoj.gov
- Jason Ward Johnson    jason.johnson@lowndes-law.com, litcontrol@lowndes-
  law.com;carole.moore@lowndes-law.com;robin.martin@lowndes-law.com
- Raymond B Joseph    rjoseph@josephandmarees.com, rjosephlaw@gmail.com

- Mychal J Katz    mkatz@ralaw.com, gjensen@ralaw.com;afrustaci@ralaw.com;ewerrenrath@ralaw.com
- Mychal J Katz    mkatz@ralaw.com, gjensen@ralaw.com;afrustaci@ralaw.com;ewerrenrath@ralaw.com
- Sharon L Kegerreis    skegerreis@bergersingerman.com, efile@bergersingerman.com;DRT@ecf.inforuptcy.com;mferguson@bergersingerman.com
- Craig I Kelley    craig@kelleylawoffice.com, dana@kelleylawoffice.com,tina@kelleylawoffice.com,cassandra@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;Debbie@kelleylawoffice.com
- Jeffrey W Kelley    jeffrey.kelley@troutmansanders.com, bonnie.feuer@troutmansanders.com;stephen.roach@troutmansanders.com
- Danielle S Kemp    kempd@gtlaw.com, muehlfeldern@gtlaw.com;tpalitdock@gtlaw.com
- Mark S. Kessler    apksm@aol.com
- Rehan N. Khawaja    khawaja@fla-bankruptcy.com, john@fla-bankruptcy.com
- Taylor J King    tjking@planlaw.com, bkmickler@planlaw.com,cmickler@planlaw.com,mmiller@planlaw.com,court@planlaw.com
- Robert M Klein    kleinr@kgplp.com, montanem@kgplp.com,piersonj@kgplp.com,jonesr@kgplp.com
- John W Kozyak    jk@kttlaw.com, ypaz@kttlaw.com,la@kttlaw.com
- Mindy Y Kubs    mkubs@maynardcooper.com
- Jeffrey T Kucera    jeffrey.kucera@klgates.com, etna.medina@klgates.com;docketing.east@klgates.com
- Nina M LaFleur    nina@lafleurlaw.com, tracy@lafleurlaw.com
- Darryl S Laddin    bkrfilings@agg.com
- Robert D. W. Landon    rlandon@knpa.com, llopez@knpa.com;rastiazarain@knpa.com
- Alan L Landsberg    alan.landsberg@kellerlandsberg.com
- Melissa Lawton    melissalawton@tafsattorneys.com, ssorensen@tafsattorneys.com
- Dennis J LeVine    tbyington@kelleykronenberg.com
- Lee County Tax Collector (TM)    bankruptcyecfdocs@leetc.com
- Patrick T Lennon    ptl@macfar.com, vac@macfar.com;ash@macfar.com
- Hywel Leonard    hleonard@carltonfields.com, dlester@carltonfields.com;tpaecf@cfdom.net
- David A Lerner    dlerner@plunkettcooney.com
- Arnold D Levine    alevine@lhsblaw.com, tsouthworth@lhsblaw.com
- Scott C Lewis    bkfl@albertellilaw.com, anhsalaw@infoex.com
- Jeffrey P Lieser    jeff@lieserskaff.com, efile@lieserskaff.com
- Angelina E Lim    angelinal@jpfirm.com, minervag@jpfirm.com;katherines@jpfirm.com;andrenaw@jpfirm.com
- Glen M Lindsay    glindsay@shdlegalgroup.com
- James M Liston    jml@bostonbusinesslaw.com, sas@bostonbusinesslaw.com
- Kyle Lonergan    klonergan@mckoolsmith.com, jsmith@mckoolsmith.com;dlopez@mckoolsmith.com
- Helena Gutierrez Malchow    hgmalchow@wmlo.com

- Kevin E Mangum     kmangum@mateerharbert.com, eluciano@mateerharbert.com
- Isaac Marcushamer     imarcushamer@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Michael J Marees     mmarees@josephandmarees.com
- Bradley R Markey     brm@tmhlaw.net, rrt@tmhlaw.net;blm@tmhlaw.net;sad@tmhlaw.net
- Richard M Maseles     mdfl@dor.mo.gov
- Alisa Paige Mason     efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Alisa Paige Mason     efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Edsel F Matthews     efmlaw@bellsouth.net
- Karena Joy Mattingly     kmattingly@beckerlawyers.com, cofoservicemail@beckerlawyers.com
- Erin K Mautner     erin.mautner@bingham.com
- Karen A Maxcy     km5@mccallaraymer.com, BankruptcyECFMail@mccallaraymer.com;ecf_fl@rcolegal.com
- Charles W. McBurney     cmcburney@mcburneylaw.net, gberry@mcburneylaw.net
- John H McCorvey     john@mccorveylegal.com
- Marsha A McCoy     mmccoy@gunster.com, braiford@gunster.com
- William B McDaniel     court@lansingroy.com, wmcdaniel@lansingroy.com
- Frank F McGinn     ffm@bostonbusinesslaw.com
- Esther A McKean     esther.mckean@akerman.com
- Conor J McLaughlin     cmclaughlinesq@gmail.com
- Charles J Meltz     enotice@growerketcham.com, cjmeltz@growerketcham.com
- Bryan K. Mickler     court@planlaw.com, tjking@planlaw.com,bkmickler@planlaw.com;cmickler@planlaw.com;mmiller@planlaw.com
- David J. Miller     dmiller@albertellilaw.com
- Missouri Department of Revenue     mdfl@dor.mo.gov
- Mark S Mitchell     MMitchell@rtlaw.com, SPeirpoint@rtlaw.com;jbates@rtlaw.com
- Barry S Mittelberg     Barry@Mittelberglaw.com, Stacey@Mittelberglaw.com;Steve@mittelberglaw.com
- Paul D Moak     pmoak@mckoolsmith.com, ajohns@mckoolsmith.com,jcharles@mckoolsmith.com
- Stephen Joseph Modric     smodric@butlerandhosch.com, ecf@butlerandhosch.com
- James C Moon     jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Clive N. Morgan     cmorgan@clivemorgan.com
- Tricia Morra     tmorra@rasflaw.com, bkyecf@rasflaw.com
- Rachel A Morris     rmorris@sessions.legal, ksantana@sessions.legal
- Wanda D Murray     ecfflmb@aldridgepite.com, WMurray@ecf.courtdrive.com
- Clay Naughton     cnaughton@moore-and-co.com
- CS Office of Schuyler S Smith     courtmail@schuylaw.com
- David E. Otero     david.otero@akerman.com, kim.crenier@akerman.com;jennifer.meehan@akerman.com;cindy.laquidara@akerman.com
- Bradley Pack     bdp@engelmanberger.com

- Michael M Parker    michael.parker@nortonrosefulbright.com
- Kevin B Paysinger    court@lansingroy.com
- Paul R Pearcy    paul@pearcylawyer.com
- Kristopher E. Pearson    kpearson@stearnsweaver.com,
  rross@stearnsweaver.com;cgraver@stearnsweaver.com;larrazola@stearnsweaver.com
- Alan J Perlman    aperlman@dickinsonwright.com, mferguson@dickinson-wright.com
- Richard A. Perry    richard@rapocala.com,
  staff@rapocala.com,rapocala@yahoo.com,staff2@rapocala.com
- Geoffrey J Peters    gpeters@weltman.com, colnationalecf@weltman.com
- David E. Peterson    david.peterson@lowndes-law.com, litcontrol@lowndes-
  law.com;carole.moore@lowndes-law.com
- Edward J. Peterson    epeterson@srbp.com, epeterson.ecf@srbp.com;srbpecf@srbp.com
- Bradford Petrino    bpetrino@korshaklaw.com
- Dana S Plon    dplon@sirlinlaw.com
- Ashley Prager Popowitz    Ashley.popowitz@mrpllc.com, FLBKECF@mrpllc.com
- Steven G Powrozek    spowrozek@logs.com, electronicbankrupcynotices@logs.com
- Leanne McKnight Prendergast    Leanne.Prendergast@fisherbroyles.com,
  l3annemp@gmail.com;patricia.fugee@fisherbroyles.com
- Laura A Price    laura.a.price@irscounsel.treas.gov
- Nicholas V. Pulignano    npulignano@marksgray.com, slw@marksgray.com
- Harold F X Purnell    harry@reuphlaw.com
- Robert M Quinn    rquinn@carltonfields.com,
  dlester@carltonfields.com;tpaecf@cfdom.net
- Lincoln B Quintana    lincoln.quintana@QMSLaw.com
- Craig A Raby    craig.raby@azag.gov
- Kevin A Reck    kreck@foley.com, khall@foley.com
- Patricia Redmond    predmond@stearnsweaver.com,
  rross@stearnsweaver.com;jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;mruark@saul.com
- Peter M Reed    othercourts@mvbalaw.com
- Bethany R Reichard    breichard@hacsr.com
- Brian G. Rich    brich@bergersingerman.com,
  efile@bergersingerman.com;jdiaz@bergersingerman.com;kbeck@bergersingerman.com;jbullock@bergersingerman.com;efile@ecf.inforuptcy.com;Sfulghum@bergersingerman.com
- Jeffrey N Rich    jeff.rich@klgates.com
- Carolyn P Richter    carolyn.richter@troutmansanders.com
- Joseph George Riopelle    jriopelle@boydlawgroup.com
- Kevin Patrick Robinson    krobinson@zkslawfirm.com,
  jwenhold@zkslawfirm.com;service@zkslawfirm.com
- Richard A Robinson    rrobinson@burr.com, debankruptcy@burr.com
- John T Rogerson    john.rogerson@arlaw.com,
  megan.farmer@arlaw.com;richene.oliver@arlaw.com
- John B Rosenquest    pmartinez@morganlewis.com
- Raymond J Rotella    rrotella@kostoandrotella.com, dmeyer@kostoandrotella.com

- Rene S Roupinian    rsr@outtengolden.com,
  jar@outtengolden.com;jxh@outtengolden.com;cbrann@outtengolden.com;kcarter@outtengolden.com
- Amelia Toy Rudolph    amelia.rudolph@sutherland.com,
  michelle.williams@sutherland.com;daniel.kent@sutherland.com;amy-rudolph-1418@ecf.pacerpro.com
- Peter D. Russin    prussin@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Marsha G Rydberg    mrydberg@rydberglaw.com, thrydberg@gmail.com
- R Travis Santos    tsantos@hwhlaw.com, telam@hwhlaw.com
- John S Sarrett    cmb@hahnlaw.com
- Bradley M Saxton    bsaxton@whww.com,
  scolgan@whww.com;scolgan@ecf.courtdrive.com;csmith@whww.com;csmith@ecf.courtdrive.com
- Scott A Schechter    sschechter@kbrlaw.com
- David E Schillinger    davidschillinger@tafsattorneys.com,
  robertastriplin@tafsattorneys.com,jessicavanzura@tafsattorneys.com,ssorensen@tafsattorneys.com
- Michael L Schuster    gjbecf@gjb-law.com;mchang@gjb-law.com
- S Cortney Sedighi    csedighi@hinshawlaw.com, ssalsbury@hinshawlaw.com
- Robyn Marie Severs    rsevers@beckerlawyers.com,
  cofoservicemail@beckerlawyers.com
- Steven E Seward    sseward@seeselaw.com
- Steven E Seward    steven.seward@gmail.com
- R Scott Shuker    bankruptcy@shukerdorris.com,
  rshuker@shukerdorris.com;crivello@shukerdorris.com;vbernal@shukerdorris.com
- Sharon L Simmons    simmonslaw580@gmail.com
- Jacqueline A Simms-Petredis    jsimms-petredis@burr.com,
  mguerra@burr.com;anolting@burr.com;dmorales@burr.com
- Paul Steven Singerman    singerman@bergersingerman.com,
  efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- Schuyler S Smith    courtmail@schuylaw.com
- Owen M. Sonik    osonik@pbfcm.com,
  osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com;tpope@pbfcm.com
- Stephen Sorensen    ssorensen@wc.com
- James E Sorenson    bk@svllaw.com
- Robert A Soriano    rsoriano@robsorianolaw.com
- Southpaw Asset Management LP (JC)    jc@southpawasset.com
- Spencer K Stephens    spencer@stephensassociates.net
- ReShaundra M Suggs    BKECF@clegalgroup.com,
  bankruptcyattorneys@clegalgroup.com
- Jonathan Sykes    jsykes@burr.com, ccrumrine@burr.com;lloving@burr.com
- Deborah Talenfeld    dtalenfeld@bergersingerman.com,
  efile@bergersingerman.com,fsellers@bergersingerman.com;efile@ecf.inforuptcy.com
- Michael A Tessitore    mtessitore@morankidd.com

- Richard R Thames    rrt@tmhlaw.net,
  sad@tmhlaw.net;brm@tmhlaw.net;rah@tmhlaw.net;rjs@tmhlaw.net;rth@tmhlaw.net
- E. Colin Thompson    colin.thompson@dlapiper.com,
  docketingchicago@dlapiper.com;arlene.vice@dlapiper.com;deborah.boyle@dlapiper.co
  m;evelyn.rodriguez@dlapiper.com
- Charles W. Throckmorton    cwt@kttlaw.com, lf@kttlaw.com
- James A Timko    jtimko@shutts.com, kgranofsky@shutts.com
- Jonathan Tolentino    jtolentinopa@yahoo.com,
  jtolentinoecf@gmail.com;tolentinojr68320@notify.bestcase.com
- Matthew S Toll    matt@matthewtoll.com
- Vanessa D Torres    bkyecf@rasflaw.com,
  vdtorres@rasflaw.com;Ras@ecf.courtdrive.com
- Dean J Trantalis    brian@trantalis.com
- Chester J. Trow    chester@ocalalawfirm.com
- United States Trustee - JAX 11    USTP.Region21.OR.ECF@usdoj.gov
- Laura L Walker    lwalker@flaforeclosureattorneys.com,
  debbieg@flaforeclosureattorneys.com
- Scott L Walker    scott_walker@freddiemac.com
- Richard B Webber    rwebber@zkslawfirm.com,
  rschohl@zkslawfirm.com;service@zkslawfirm.com
- Lawrence Weisberg    bankruptcy@lmwlegal.com
- Alan M. Weiss    alan.weiss@hklaw.com, lynette.mattison@hklaw.com
- Elizabeth R Wellborn    ewellborn@erwlaw.com,
  BankruptcyECF@erwlaw.com;adixon@erwlaw.com
- Richard E Whitaker    whitakerlaw@att.net
- Robert D Wilcox    rw@wlflaw.com, cd@wlflaw.com
- Gregory M. Wilson    GMWNANCY@BELLSOUTH.NET
- Stuart Wilson-Patton    Stuart.Wilson-Patton@ag.tn.gov
- George E Wise    gwise@sterneisenberg.com
- Mark J. Wolfson    mwolfson@foley.com, jhayes@foley.com;crowell@foley.com
- Mark J. Wolfson    mwolfson@foley.com, jhayes@foley.com;crowell@foley.com
- Daniel C Wolters    dwolters@cavitch.com
- Donald A Workman    dworkman@bakerlaw.com
- Donald A Workman    dworkman@bakerlaw.com
- Douglas C Zahm    bk@dczahm.com
- Joseph R Zapata    jrzapata@nmmlaw.com
- P Benjamin Zuckerman    bzuckerman@bergersingerman.com,
  cphillips@bergersingerman.com;efile@bergersingerman.com

9