ORDERED.

**Dated:  February 21, 2020**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP.,
REO SPECIALISTS, LLC, and
HOME AMERICA MORTGAGE, INC.,
Debtors.

Chapter 11 Case

Case No. 3:09-bk-07047-JAF
Case No. 3:09~bk-10022-JAF
Case No. 3:09-bk-10023-JAF
(Jointly Administered Under
Case No. 3:09-bk-07047-JAF)

_____/

**ORDER GRANTING PLAN TRUSTEE'S VERIFIED MOTION FOR
ENTRY OF AN ORDER (I) ESTABLISHING CASE CLOSING
PROCEDURES, (II) ISSUING A FINAL DECREE CLOSING THESE
CHAPTER 11 CASES, AND (III) GRANTING RELATED RELIEF**

These cases came before the Court for hearing on November 20, 2019 on the Plan Trustee's

Verified Motion for Entry of an Order (I) Establishing Case Closing Procedures, (II) Issuing a

Final Decree Closing These Chapter II Cases and (III) Granting Related Relief (Doc. No. 8923)

(the ''Motion'')[1], which was filed pursuant to the negative notice procedures set forth in Local

Rule  2002-4. After considering the record in these cases, argument of counsel, the Motion, the

verification and Certificate of Substantial Consummation filed as Exhibit "B" to the Motion, the

Objection of Santander Bank, N.A. to Plan Trustee's Verified Motion for Entry of an Order (I)

_____

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

Establishing Case Close Procedures, (II) Issuing a Final Decree Closing These Chapter 11 Cases

and (III) Granting Related Relief ("Santander Objection") (Doc. No. 8929) and of ADP's Limited

Objection to and Reservation of Rights in Connection with the Plan Trustee's Verified Motion for

Entry of an Order (I) Establishing Case Closing Procedures, (II) Issuing a Final Decree Closing

These Chapter 11 Cases and (III) Granting Related Relief ("ADP Objection") (Doc. No 8930), the

Court makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the

Federal Rules of Bankruptcy Procedure, made applicable to this matter by Rule 9016 of the Federal

Rules of Bankruptcy Procedure.

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

1.    On July 21, 2011, the Court entered an order (Doc. No. 3420) (the "<u>Confirmation</u>

<u>Order</u>") confirming the Third Amended and Restated Joint Plan of Liquidation of the Debtors

and the Official Committee of Unsecured Creditors (the "Plan").

2.    The effective date of the Plan occurred on August 10, 2011 (the "<u>Effective Date</u>").

3.    On the Effective Date, in accordance with Article 6 of the Plan, the Trust was

established. The Trust is governed by the Plan and the Plan Trust Agreement, dated as of August

10, 2011, as amended.

4.    As of the date of this Order:

    a.    The Confirmation Order is final and non-appealable;

    b.    The transactions contemplated by the Plan have been consummated, including but not limited to, the establishment of the Plan Trust and appointment of the Plan Trustee;

    c.    All assets proposed to be transferred pursuant to the Plan have been transferred;

    d.    The Plan Trustee has assumed the management and distribution of the Trust Assets pursuant to the terms of the Plan and the Plan Trust Agreement;

      e.     The Plan Trustee has made payments pursuant to the Plan and the Plan Trust Agreement, including making interim distributions to both trade and non- trade General Unsecured Creditors; and

      f.     There are no pending motions, contested matters, or adversary proceedings that will impact case closing.

5.     The Plan Trustee has filed all post-confirmation reports and is current on all payments to the United States Trustee.

6.     The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

7.     These cases are fully administered within the meaning of Rule 3022 of the Federal Rules of Bankruptcy Procedure.

For the foregoing reasons, the Court determines that the Debtors and/or Trust have substantially consummated the Plan and that these cases are fully administered.

Accordingly, it is ORDERED:

1.     The Motion is GRANTED to the extent set forth herein.

2.     The Santander Objection was resolved and is hereby withdrawn.

3.     The ADP Objection is hereby overruled except to the extent that, in recognizing that the exculpation provisions of the Plan, the Plan Trust Agreement and the Confirmation Order remain in effect following the closing of the cases, the Court is not modifying or expanding those provisions, except as to Public Interest Services as set forth herein.

4.     Subject to the terms and conditions of this Order, these jointly administered cases are hereby closed as of the date of this Order (the "Closing Date") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, provided, however, that the Court shall retain jurisdiction as is provided in Article 13 of the Plan and as set forth herein. The Clerk's office is hereby directed to enter the Final Decree pursuant to Bankruptcy Rule 3022.

3

5.      With respect to the Disputed Claim Reserves, the Trust is hereby authorized to release the Disputed Claim Reserves with such funds to immediately revert to Liquidating Trust Assets to be available for administration of the Trust and distribution in accordance with the terms of the Plan, the Plan Trust Agreement and this Order.

6.      With respect to the Unclaimed Distributions, to the extent that the face of each distribution check from the Trust to a creditor states that the check is "Void After 60 Days," the Allowed Claim of any Holder who fails to negotiate his, her, or its distribution check within ninety (90) days of the initial distribution date of such check shall be disallowed and expunged and the funds reserved for such distribution shall immediately revert to the Plan Trust Assets and be made available for distribution according to the terms of the Plan, the Plan Trust Agreement, and this Order.

7.      With respect to the Residual Funds, if any Residual Funds remain with the Trust in an amount which the Plan Trustee, in his sole and absolute discretion, determines to be unnecessary for the administration of the Trust and economically burdensome to the Trust, the Plan Trustee is hereby granted authority to make a charitable donation and dispose of any such Residual Funds to such charity or charities as the Plan Trustee may choose or to utilize the Residual Funds for the Public Interest Services, without the need to re-open these Cases or further order of the Court.

8.      With respect to the Public Interest Services, the Court finds that the Trust's responding to the Public Interest Services serves a valid and significant purpose and that the Trust's failure to provide the Public Interest Services would cause significant harm to borrowers and parties in interest in these Cases. The Court further finds that the Trust's providing the Public Interest Services is a valid exercise of the Plan Trustee's authority under the Plan Trust Agreement and a proper exercise of the Plan Trustee's business judgment. The Trust is authorized, but not

4

directed, to continue Public Interest Services through and after this Order is entered and the Bankruptcy Cases are closed. The Plan Trustee is hereby authorized, in the Plan Trustee's sole and absolute discretion, to use any Disputed Claims Reserves or Residual Funds to fund the Trust's ongoing Public Interest Services, regardless of whether such Public Interest Services are performed before or after the date of this Order. The Plan Trustee may cease Public Interest Services at his discretion upon approval by the PAC.

9.      For the avoidance of doubt, the exculpation, release, and indemnification provisions contained in Section VIII of the Plan Trust Agreement apply to all actions the Plan Trustee, the Plan Advisory Committee, and their respective professionals have taken or will take with respect to the Public Interest Services and other actions in these Bankruptcy Cases and adversary proceedings notwithstanding the closure of the Bankruptcy Cases.

10.      The exculpation, indemnification, and release provisions contained in Section VIII of the Trust Agreement shall continue in full force and effect until and after termination of the Trust notwithstanding the closure of the Bankruptcy Cases.

a.      Exculpation and Indemnification; Limitation of Liability. Neither the Trustee nor any member of the Advisory Committee, nor their respective employees, counsel, other professionals, agents, representatives or designees, including any Trust Administrator, nor any director, officer or manager of TBW or any of its subsidiaries who held such position on or after the Effective Date (each, a "Plan Trust Exculpated Party" and collectively, the "Plan Trust Exculpated Parties"), shall be liable for any Claims, causes of action, liabilities, obligations, losses, damages, costs and expenses (including attorneys' fees and expenses) and other assertions of liability (collectively "Plan Trust Released Claims") arising out of the discharge of the powers and duties conferred

5

upon the Trustee or the Advisory Committee by the Plan Trust Agreement, the Plan or any Order of the Bankruptcy Court, or requested to be performed by the Trustee or any member of the Advisory Committee, other than for Plan Trust Released Claims determined by Final Order to have arisen or resulted solely from such Plan Trust Exculpated Party's gross negligence or willful misconduct. Any action taken or omitted to be taken with the approval of the Bankruptcy Court or the Advisory Committee will conclusively be deemed not to constitute gross negligence or willful misconduct. With regard to the investment of Trust Assets, no Plan Trust Exculpated Party shall have any liability for any decision regarding the investment of Trust Assets if that investment decision was or is approved by either the Advisory Committee or the Bankruptcy Court. No Holder of a Claim or other Person will have or be permitted to pursue any Claim or cause of action against any Plan Trust Exculpated Party for making or approving, or not making or approving, payments or Distributions in accordance with the Plan or for implementing the provisions of the Plan. The Trustee and the members of the Advisory Committee shall have absolute discretion to pursue or not to pursue or continue to pursue any and all Claims, Causes of Action, or other matters, activities or things as it determines is in the best interests of the Beneficiaries using their reasonable business judgment and consistent with the purposes of the Plan Trust, and shall have no liability for the outcome of their decisions, except as provided in this paragraph. The Trustee shall be entitled to enjoy all of the rights powers, immunities and privileges applicable to a chapter 7 trustee under the Bankruptcy Code and each member of the Advisory Committee shall be entitled to enjoy all of the rights, powers, immunities and privileges of an official committee of unsecured creditors under the Bankruptcy Code. Each of the Trustee and the members of the Advisory Committee may, in connection with

6

the performance of its respective functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, not taken, or suffered to be done in accordance with the advice or opinions rendered by such persons, regardless of whether such advice or opinions are provided in writing. Notwithstanding such authority, neither the Trustee nor any member of the Advisory Committee shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the Trustee or such member of any other Plan Trust Exculpated Party, unless such determination is determined by a Final Order to be solely due to such Plan Trust Exculpated Party's gross negligence or willful misconduct.

b.      Indemnification. To the fullest extent permitted by applicable law, the Plan Trust shall indemnify, defend and hold harmless each Plan Trust Exculpated Party from and against any and all Plan Trust Released Claims arising out of or resulting from such Plan Trust Exculpated Party's acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Plan Trust or the Plan or the discharge of its duties hereunder or thereunder, or at the request of the Trustee or any member of the Advisory Committee, including without limitation, relating to any action, suit, proceeding or investigation brought by or threatened against such Plan Trust Exculpated Party; provided, however, that no such indemnification will be made to such Plan Trust Exculpated Party for Plan Trust Released Claims determined by a Final Order to have arisen or resulted solely from such Plan Trust Exculpated Party's gross negligence or willful misconduct. Any action taken or omitted to be taken with the approval of the Bankruptcy Court or the Advisory Committee will conclusively be deemed not to

7

constitute gross negligence or willful misconduct. All Plan Trust Released Claims for which indemnity is provided under this Agreement to any Plan Trust Exculpated Party shall be payable on demand from Trust Assets prior to payment to Beneficiaries from Trust Assets. The Trustee may commit the Plan Trust to indemnify any Plan Trust Exculpated Party in accordance with the terms of this Section in any engagement letter or contract that the Trustee may enter into in connection with hiring or retaining such third parties pursuant to this Agreement.

11.     No provision of the Plan, Confirmation Order or the Plan Trust Agreement shall be construed as requiring the Plan Trustee and/or Advisory Committee to expend or risk its own funds or otherwise to incur any personal financial liability (x) in the performance of any of its duties thereunder or hereunder, including any situation where the Avoidance Action Trust Assets are insufficient to permit the administration of the Trust or distributions as contemplated herein or the payment of fees and expenses of the Trust Professionals, or (y) in the exercise of any of its rights or powers afforded hereunder or thereunder.

12.     With respect to the REO/HAM Reallocation, the Plan Trustee's proposed reallocation is approved, and the Trust is hereby authorized to reallocate the sum of $1,870,755 to Residual Funds.

13.     The Plan Trustee is hereby authorized to abandon any Residual Assets which the Plan Trustee, in the exercise of his business judgment, determines to be of inconsequential value or burdensome to the Trust and its beneficiaries, without the need to re-open these Cases or further order of the Court, provided that such abandonment is accomplished in accordance with the provisions of the Trust Agreement.

14.     The Trust termination date is hereby extended to February 10, 2022 (unless terminated earlier in accordance with this Order), without prejudice to the Plan Trustee's right to seek further extensions of the Trust termination date. To the extent required by applicable non-bankruptcy law, pursuant to Section II.G. of the Plan Trust Agreement and Bankruptcy Code § 105, the Plan Trustee is hereby authorized to seek additional extensions if approved by the PAC by filing with this Court a notice of extension in the form as set forth in Exhibit "C" attached to the Motion. The Cases need not be reopened to affect the extension. The Court finds such notice of extension of Trust termination complies with the Plan, Plan Trust Agreement, and applicable non-bankruptcy law.

15.     To the extent that the Plan Trustee determines it is appropriate to terminate the Trust prior to the termination date of February 10, 2022, the Plan Trustee may file a "Notice of Termination" stating the effective date of termination, and upon such filing, the Trust shall be terminated automatically without the need for any further action by the Trust, Plan Trustee, or the Court, and without further notice.

16.     For the avoidance of any doubt, the closing of these Cases shall not affect the authority granted to the Trust, Plan Trustee, and the Plan Advisory Committee, pursuant to the Plan, the Confirmation Order, and Plan Trust Agreement. The members and duties of the PAC shall continue until the Trust termination.

17.     For purposes of calculating U.S. Trustee fees pursuant to 28 U.S.C. § 1930(A)(6), disbursements made by the Trust up to the Closing Date will be included in the calculation, and the Trust will provide the necessary post-confirmation reporting of total disbursements and pay the appropriate quarterly fee with respect to these cases no later than thirty (30) days after the Closing Date. No quarterly fees will be payable with respect to these Cases for periods after the Closing Date.

18.    The Claims Agent is directed to prepare a final claims register and file it with the Court within thirty (30) days after entry of this Order. Thereafter, the engagement of the Claims Agent shall automatically be deemed terminated, and the Claims Agent shall be discharged and released from all further duties, obligations, and liabilities related to the Cases.

19.    The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

20.    To the extent of a conflict between the Plan, Confirmation Order, or Trust Agreement and this Order, this Order shall control.

21.    The Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

22.    Pursuant to Local Rule 9070-1(c)(3), the Clerk shall, without further notice, dispose of any exhibits in these jointly administered cases unless they are reclaimed by the appropriate party within 30 days.

23.    The Trust shall mail copies of this Order to all creditors and parties-in-interest.


*(Paul Steven Singerman, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.)*